COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

E-filing

ORIGINAL
FILED

JUN - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEL MAR SEAFOODS, INC.

Plaintiff,

vs.

BARRY COHEN, CHRIS COHEN (aka
CHRISTENE COHEN), *in personam* and
F/V POINT LOMA, Official Number
515298, a 1968 steel-hulled, 126-gross ton,
70.8- foot long fishing vessel, her engines,
tackle, furniture, apparel, etc., *in rem*, and
Does 1-10,

Defendants.

Case No.: C 07 2952 WHA

VERIFIED ADMIRALTY AND
MARITIME COMPLAINT (*In
Personam* and *In Rem*)

1)  Breach of Promissory Note and
    Preferred Ship's Mortgage
2)  Foreclosure Of Preferred Ship's
    Mortgage (46 U.S.C. Section
    31325)

Plaintiff, DEL MAR SEAFOODS, INC. ("DEL MAR"), alleges as follows:

## I.    PARTIES AND JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.    The admiralty jurisdiction of this Court over the instant action is properly exercised – both *in personam* and *in rem* -- under 28 U.S.C. section 1333; federal question jurisdiction under 28 U.S.C. section 1331; and the Ship Mortgage Act, 46 U.S.C. sections 30101, and 31301-31343.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-1-                                                                                      Case No.:

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

3.      Venue is proper in this Court because the Defendant Vessel is physically located within the Northern District of California, the *in personam* Defendants, the COHENS, currently reside within the state of California, and both the Promissory Note and the Ship Mortgage which are the subject of this action were entered into by Defendants in the state of California.

4.      Plaintiff DEL MAR is a California corporation, duly organized and existing according to law and doing business within this District.

5.      Defendant BARRY COHEN is an individual and, upon information and belief, was at all relevant times a resident within this District.

6.      Defendant CHRIS COHEN (aka CHRISTENE COHEN, referred to hereinafter as "CHRIS COHEN") is an individual and, upon information and belief, was at all relevant times a resident within this District.

7.      At all relevant times, Defendants represented that they were the owners of the Defendant Vessel, the F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture and all appurtenances and necessaries thereto appertaining (the "Vessel").

8.      Does 1 through 10 inclusive, are unknown to DEL MAR, which therefore sues said defendants by such fictitious names. DEL MAR will request leave of Court to amend this complaint to allege their true names and capacities when ascertained. DEL MAR is informed and believes that some or all of Defendants are the agents, servants, employees, partners, alter egos, or representatives of other Defendants and performed the acts mentioned in this Complaint during the course and scope of their agency, servitude, employment, partnership, alter ego, or representative relationship or under the direction or with knowledge and approval of their principals, masters, employers and partners.

9.      On or about October 31, 2003, Defendants, BARRY COHEN and CHRIS COHEN (hereinafter collectively referred to as "the COHENS") agreed to and executed a Promissory Note in favor of DEL MAR (which Promissory Note is hereinafter referred to as

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1    "the Note"). A copy of the Note is attached hereto as **Exhibit A** and is hereby fully

2    incorporated herein by this reference.

3        10.    Under the terms of the Note, the COHENS initially owed DEL MAR the

4    sum of TWO HUNDRED AND FIFTEEN THOUSAND DOLLARS ($215,000.00). The

5    COHENS also agreed that the amount they owed DEL MAR would accrue interest on the

6    unpaid balance at seven (7) percent. The COHENS also agreed to make monthly payments

7    on the Note to DEL MAR in the amount of THREE THOUSAND DOLLARS ($3,000.00)

8    or fifteen (15) percent of the gross landing receipts of each and every seafood product

9    caught by the Vessel, whichever is greater. The COHENS also agreed that all such

10   payments made would be applied to interest first, then to principal. *See* Exhibit A, page 1

11       11.    On or about October 31, 2003, in order to secure payment of the

12   indebtedness of the Note, the COHENS executed and delivered to Plaintiff, in accordance

13   with and pursuant to the laws of the United States, a Preferred Ship Mortgage covering the

14   Vessel (the "Mortgage"), and by the terms of the Mortgage, assigned and mortgaged the

15   Vessel to Plaintiff DEL MAR to secure payment of the indebtedness of the Note. A true

16   and correct copy of the Mortgage is attached to this Complaint as **Exhibit B** and by

17   reference is incorporated herein as though fully set forth.

18       12.    The Note specifically referred to and incorporated by reference the terms of

19   the Mortgage. *See* Exhibit A, page 1.

20       13.    The Note also provided that "If suit is commenced on this note, maker shall

21   pay to holder a reasonable attorney's fee and all costs." *See* Exhibit A, page 2.

22       14.    The Mortgage provides for recovery of attorney's fees and costs upon

23   default, as well as interest of ten (10) percent upon default. *See* Exhibit B, page 6.

24       15.    As of May 1, 2007, the total amount due and owing under the Agreement

25   was $180,653.98, no portion of which has been paid.

26       16.    Interest continues to accrue under the Note and the Mortgage at the rate of

27   $49.49 per day, at the rate of ten (10) per cent interest since default.

28       17.    The Vessel is afloat upon the navigable waters of these United States, and

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-3-                                                      Case No.:
VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

within this Judicial District and the Court's Jurisdiction.

### FIRST CLAIM FOR RELIEF – BREACH OF PROMISSORY NOTE AND PREFERRED SHIP'S MORTGAGE IN *PERSONAM* AGAINST DEFENDANTS BARRY COHEN, CHRIS COHEN, AND DOES 1-10

18.     Plaintiff DEL MAR hereby realleges and incorporates by this reference paragraphs 1-17 of this Complaint.

19.     On or about April 20, 2004, Plaintiff DEL MAR caused the Mortgage to be duly recorded with the National Vessel Documentation Center, U.S. Coast Guard.  Plaintiff DEL MAR has not waived its status as a mortgagee under the Mortgage.  All other requirements of the laws of the United States relating to preferred ship mortgages were duly met or were caused to be met by DEL MAR.  The indebtedness of the Note, as secured by the Mortgage on the Vessel, is a valid preferred ship mortgage lien on the Vessel.

20.     Prior to, and as of, May 1, 2007, the COHENS repeatedly failed to make the proper monthly payments as required under the Note and Mortgage.  As of the last payment on April 25, 2007, the COHENS were still in arrears on the required payments. Since April 25, 2007, the COHENS have not made any subsequent payments, as required under the Note and Mortgage. Consequently, under the terms of the Note and the Mortgage, the COHENS are in default under the terms of the Note and the Mortgage, and have been since at least May 1, 2007.

21.     Under the terms of the Note and the Mortgage, the total principal balance is $180,653.98 as of May 1, 2007.

22.     Interest continues to accrue on the amounts presently owed to DEL MAR under the Note and the Mortgage at the rate of ten (10) percent per annum from the date of default at the rate of $49.49 per day.

23.·     Plaintiff DEL MAR has a maritime lien upon and against the Vessel, pursuant to 46 U.S.C. Section 31341, for the full amount it is owed under the Note and Mortgage, plus interest thereon at the rate of $49.49 per day from the date of default through the date of judgment.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2534

-4-

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

Case No.:

1    24.    Plaintiff DEL MAR is also entitled to attorney's fees and costs based on the

2    Note.

3

### SECOND CLAIM FOR RELIEF -- FORECLOSURE OF PREFERRRED SHIP'S MORTGAGE PURSUANT TO 46 U.S.C. SECTION 31325 AGAINST ALL DEFENDANTS, *IN PERSONAM*, AND THE VESSEL *IN REM*

4

5

6    25.    Plaintiff DEL MAR hereby realleges and incorporates by this reference

7    paragraphs 1-24 of this Complaint

8    26.    Plaintiff DEL MAR has a maritime lien against the Vessel, *in rem*, for any

9    and all amounts that are or will be due and owing under the Note and Mortgage, including

10    prejudgment interest at the agreed rate in the Mortgage of ten (10) percent (see Exhibit B at

11    pages 5 and 6); and Plaintiff DEL MAR is entitled to foreclose its maritime lien and satisfy

12    any and all obligations arising under the Note and Mortgage and during the course of the

13    instant action, including the attorney's fees and costs based on the Note and Mortgage,

14    including the costs of bringing this action, and arresting, preserving and selling the Vessel,

15    against the Vessel *in rem*.

16    27.    In view of the foregoing, Plaintiff DEL MAR is entitled to foreclose its

17    maritime lien and the Mortgage satisfy any and all obligations arising under the maritime

18    lien and Mortgage during the course of the instant action; and the costs of bringing this

19    action, and arresting, preserving and selling the Vessel, against the Vessel *in rem*.

20    **WHEREFORE, Plaintiff DEL MAR prays as To All Claims For Relief Against**

21    **All Defendants:**

22    1.    That process in due form of law pursuant to this Court's Admiralty and

23    Maritime Jurisdiction, *i.e.* a Warrant of Arrest,  issue against the F/V POINT LOMA

24    (Official No. 515298), her rigging, tackle apparel, furniture, engines, bunkers, and all other

25    necessaries thereunto appertaining and belonging (the "Vessel"), that all persons claiming

26    any interest in the Vessel be cited to appear and answer this Verified *in rem* Complaint; and

27    that Defendants, the COHENS, be cited to appear and answer this Verified Complaint *in*

28    *personam;*

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMar/Seafoods/2504

Case No.:

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

1      2.      That the Vessel be arrested and preserved pursuant to the practice of this

2  Court in cases involving maritime liens and Preferred Ships Mortgages against vessels in

3  navigation, as provided by the Supplemental Admiralty Rules of the Federal Rules of Civil

4  Procedure and the Rules of this Court;

5      3.      That the Court direct and prescribe the manner in which actual notice of the

6  commencement of this suit shall be given by Plaintiff DEL MAR pursuant to 46 U.S.C.

7  Section 31301 *et seq.* and the Rules of this Court;

8      4.      That the Mortgage and the statutory lien arising therefrom be declared valid

9  against the Vessel in the sum of $180,653.98 in principal, plus all unpaid accrued interest

10  and late charges owing on the Promissory Note, together with all other amounts which have

11  been or are required to be disbursed by or on behalf of Plaintiff for the care, insuring,

12  preservation, movement, and storage of the Vessel while in *custodia legis* herein, plus all

13  other advances, expenses, attorneys' fees, costs and disbursements by Plaintiff, together

14  with post-judgment interest at the maximum statutory rate, with such liens to be prior and

15  superior to the interest, of maritime and non-maritime liens or claims of any and all persons,

16  firms or corporations whatsoever;

17      5.      That the Court enter judgment in Plaintiff's favor for the full amount of

18  Defendant's breach of Note and Preferred Ship Mortgage claims and maritime lien claims,

19  in the amount of $180,653.98, plus interest accrued since May 1, 2007 of $1,831.13 for a

20  total of $182,485.11, plus other interest as allowed by law, attorney's fees, and costs against

21  Defendants BARRY COHEN, CHRIS COHEN and all other defendants who may appear,

22  and the Vessel;

23      6.      That the Vessel be condemned and sold pursuant to the practices of this

24  Court sitting in admiralty and that Plaintiff DEL MAR's claims be paid from the funds

25  realized at such sale;

26      7.      That all attorney's fees and costs based on the Note and Mortgage for

27  arresting, preserving, and selling the Vessel be included in the funds to be paid Plaintiff

28  DEL MAR realized at the sale of the Vessel;

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-6-                                    Case No.:

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

8.      That a judgment against BARRY COHEN, CHRIS COHEN and DOES 1-10, *in personam* be entered for any deficiency resulting after the judicial sale of the vessel;

9.      That it be decreed that any and all persons, firms or corporations claiming any interest in the Vessel are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the mortgaged Vessel and every part thereof;

10.     That the Court provide such other and further relief in Plaintiff DEL MAR's favor as the Court deems just and proper.

**As To Plaintiff DEL MAR's Claims For Relief Against All *Defendants in personam* and *in rem*:**

1.      That the Court award Plaintiff DEL MAR its reasonable attorney's fees and costs pursuant to the Note and Mortgage.

Dated:  June 7, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By:  _____
              Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

Case No.:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, JOE ROGGIO, hereby state:

1. I am an officer of DEL MAR SEAFOODS, INC., Plaintiff in the instant action.

2. I have read the contents of the above Complaint and hereby verify the facts contained therein are true and correct to the best of my knowledge, information and belief.

4. I am authorized on behalf of DEL MAR SEAFOODS, INC. to verify this Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct and that this verification was executed at Watsonville, California on May 16, 2007.

JOE ROGGIO

-8-

**EXHIBIT A**

COPY

PROMISSORY NOTE

N⁻⁻⁻IONAL VESSEL DOCUMENTATION CE
USCG
RECEIVED / FILED

20 APR '04    10 : 08

RECORDED: BOOK _____ PAGE ____
DOCUMENTATION OFFICER

For the value received, BARRY COHEN and CHRIS COHEN, an individual of 2028 Draydon Avenue, Cambria, California 93428, hereinafter referred to as maker, promises to pay to the order of DEL MAR SEAFOODS, INC., 331 Ford Street, Watsonville, California 95076, its successors and assigns, hereinafter referred to as holder, the sum of two hundred fifteen thousand ($215,000.00) dollars at the rate of seven (7) percent per annum, as follows:

Monthly payments of $3,000.00 or fifteen (15) percent of the gross landing receipts of each and every landing of seafood product made by the fishing vessel POINT LOMA, whichever is greater, commencing on _JANUARY '04_ and on the 15th day of each succeeding month until principal and interest are fully paid. Payments are to be applied to interest first.

.1.    This promissory note is secured by a First Preferred Ship Mortgage on the vessel POINT LOMA, Official No. _C.L.A.575298 P.d._ dated _10/31/03_.

2.    Incorporation of Terms of First Preferred Mortgage.

This note is secured by a continuing security interest in the vessel described in a Preferred Mortgage, dated _10/31/03_, executed by maker in favor of holder. The terms of that Preferred Mortgage are incorporated into this note by reference to the same effect as if set forth in this note in their entirety. On default, under Preferred Mortgage or under this note, holder may exercise any of the remedies granted by the Preferred Mortgage. Maker acknowledges that holder rights are cumulative.

3.    Acceleration of Maturity.

In the event of default, in the payment of any of the installments or interest due as provided in this

note, time being of the essence, holder may, without notice or demand, declare the entire principal sum then unpaid immediately due and payable. Further, if maker should at any time fail in business or become insolvent, or commit an act of bankruptcy, or if any writ of execution, garnishment, attachment, or other legal process is issued against any deposit account or other property of maker, or if any assessment for taxes against maker, other than taxes on real property, is made by the federal or state government, or any department or agency of the federal or state government, or if maker fails to notify holder of any material change in their financial condition, all of the obligations of maker shall, at option of holder, become due and payable immediately without demand or notice.

### 4.  Modification of Terms.

Holder may, with or without notice to maker, cause additional parties to be added to this note, or release any party, or revise, extend, or renew the note, or extend the time for making any installment provided for in this note, or accept any installment in advance, all without affecting the liability of maker.

### 5.  Attorney's Fees.

If suit is commenced on this note, maker shall pay to holder a reasonable attorney's fee and all costs.

### 6.  Waiver of Rights by Maker.

Maker hereby waivers (a) presentment, demand, protest, notice of dishonor and/or protest, and notice of non-payment; (b) the right, if any, to the benefit of, or to direct the application of, any security hypothecated to holder until all indebtedness of maker to holder, however arising, shall have been paid; and (c) the right to require holder to proceed against any party to this note, or to pursue any other remedy in holder power. Holder may proceed against maker directly and independently of any other party to this note, and the cessation of the liability of any other party or

any reason other than full payment, or any revision, renewal, extension, forbearance, change of rate of interest, or acceptance, release, or substitution of security, or any impairment or suspension of holder's remedies or rights against any other party, shall not in any way affect the liability of maker.

DATED: _10/31/03_

_____
Barry Cohen

_____
Chris Cohen

**EXHIBIT B**



# FIRST PREFERRED MORTGAGE

NATIONAL VESSEL DOCUMENTATION CENTER
RECEIVED/FILED

Official No: _515 298_

20 APR '04    ' 1 0 s 08 AM

On the vessel:
POINT LOMA

RECORDED: BOOK _04:70_ PAGE _497_

Dated: _10/31/03_

DOCUMENTATION OFFICER

Amount of Mortgage $215,000.000

and made by BARRY COHEN And CHRIS COHEN a married couple

(Hereinafter called "Owner")

## WITNESSETH

Whereas, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term vessel means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by the promissory note dated _10/31/03_ in the principal amount of $215,000.00, payable to the order of Mortgagee as follows:

Per the Attached Promissory Note which shall become a part of this mortgage.

THE TOTAL AMOUNT OF THIS MORTGAGE IS TWO HUNDRED FIFTEEN THOUSAND DOLLARS AND PERFORMANCE OF MORTGAGE COVENANTS.

And has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof.

NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof. Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Vessel named below and further described in her (their) last marine document(s) issued and identified as follows:

Name:    POINT LOMA

Home Port: Avila Beach, California _____

Official Number: _575 298_

Together, with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and fishing and all other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed there from, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

       TO HAVE AND TO HOLD all singular the above described vessel unto Mortgagee, it's successors and assigns, forever;

       PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

     . Nothing herein shall be deemed or construed to subject the lien hereof any property other than a vessel as the term issued in Title 46, Chapter 313, and Section 31322 of the United States Code. Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE I - PARTICULAR COVENANTS OF OWNER

       Owner Covenants as follows:

1.        Owner is and shall continue to be a citizen of the United States entitled to own and operate said vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of the

From    361471    Page: 6/14    Date: 6/5/2007 6:5    PM
05/15/2007    11:55    56221b2J50    RICHARD P WAGNER    PAGE    10/20

good faith affidavit filed herewith and of said note has been taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of NOT APPLICABLE and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2.    Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may herein below be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee of this mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3.    Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, towers liability risks if the vessel performs towage, employees compensation and other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgage for account of Mortgage and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach or warranty or otherwise.

4.    Owner shall comply with and not permit the vessel to be operated contrary to any provision of the law, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof,

nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to, establish and maintain this Mortgage as First Preferred Mortgage on said vessel.

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep proper copy hereof with the ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes, assessments, government charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel there from and in any event within fifteen (15) days after such attachment, detention, seizure, levy or taking into custody.

9. Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owners related accounts and records; and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10. Owner shall not, without prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor,

if a corporation, to merge or consolidate with any other person, firm or corporation, or dissolve.

11.      From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject to vessel more effectual to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section 1 of Article 11.

### ARTICLE II - DEFAULT

1.      In any one or more of the following events, herein termed events of default:

      (a) Default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8 and 10 or Article I hereof, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in performance of any other covenant herein; or

      (b) Commission of any act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or to appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earning, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any part thereof, by delaying collecting thereof until the time above limited for the payment thereof, then, and in every such case, Mortgagee may:

From: (      361471    Page: 9/14    Date: 6/5/2007 6:53  PM
05/15/2007  11:55    5622162560    RICHARD P WAGNER    PAGE  13/20

(a)    Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith, after which they shall bear interest at the rate of 10% per annum;

(b)    Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder; and/or collect all earned charter hire and freight monies relating to services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and/or

(c)    Retake the vessel without legal process at any time wherever the same may be, and, without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at the Owner's premises or elsewhere at Owner's expense; and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by the law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2.    In the event that the vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of the Owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and/or discharge any lien.

3.     Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power, or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4.     The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST:     To the payment of all attorneys fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby, with interest on all such amounts at the rate of 10% per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND:     To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment of next of any or all matured installments of principal and then of any or all un-matured installments of principal in the inverse order of this maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5.        All advances and expenditures which Mortgagee in its discretion may make any repairs, insurance, payment of liens or other claims, defense of suit, or for any other purpose whatsoever related hereto or said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at 10% per annum, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien thereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

## ARTICLE III - POSSESSION UNTIL DEFAULT

Until one or more of the events of default hereinbefore described, Owner shall be permitted to obtain actual possession and use of the vessel.

## ARTICLE IV - SUNDRY PROVISIONS

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignments hereof, any reference herein of "Mortgagee" shall be deemed to refer to the assignee. If one or more person is the Owner herein, "his" shall mean "their".

FUTURE ADVANCES. This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extensions of the above described note.

IN WITHNESS WHEREOF, on the day and year above written, Owner has executed this Mortgage, or if a corporation, has caused this Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized or as required by State law.



# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of San Luis Obispo

On 10-31-03 before me, Nancy E. Martin, Notary Public, personally appeared Christene Layne Cohen and Barry A. Cohen,

☐ personally known to me - **OR** - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Nancy E. Martin*

_____
Signature of Notary

NANCY E. MARTIN
COMM. #1428420
NOTARY PUBLIC-CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires August 8, 2007

---

OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ Individual
☐ Corporate Officer

Title _____

☐ Partner(s)    ☐ Limited
                ☐ General

☐ Attorney-in-Fact
☐ Trustee(s)
☐ Guardian/Conservator
☐ Other:

Absent Signer (Principal) is Representing:

DESCRIPTION OF ATTACHED DOCUMENT

First Preferred Mortgage

*Title or Type of Document*

11 plus attached acknowledgment

*Number of Pages*

10-31-03

*Date of Document*

None

*Signer(s) Other Than Name(s) Above*

ADM-005 (07/01)

1 | **VERIFICATION**

2 | I, JOE ROGGIO, hereby state:

3 | 1. I am an officer of DEL MAR SEAFOODS, INC., Plaintiff in the instant action.

4 | 2. I have read the contents of the above Complaint and hereby verify the facts

5 | contained therein are true and correct to the best of my knowledge, information and

6 | belief.

7 | 4. I am authorized on behalf of DEL MAR SEAFOODS, INC. to verify this

8 | Complaint.

9 | I declare under penalty of perjury under the laws of the State of California and

10 | the United States that the forgoing is true and correct and that this verification was

11 | executed at Watsonville, California on May 16, 2007.

12 |

13 |

14 | JOE ROGGIO

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-8-



ECF-CAND@cand.usco
urts.gov

06/07/2007 09:58 AM

To: efiling@cand.uscourts.gov
Subject: Activity in Case 3:07-cv-02952-WHA Del Mar Seafoods,Inc v. Cohen et
al Complaint

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please
email the Help Desk by replying to this message; include your question or comment along with
the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs,
regardless of whether the case is designated for e-filing or not, or whether the activity is the filing
of an electronic document or not.
If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an
e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no
hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 6/7/2007 9:58 AM and filed on 6/7/2007

| | |
|---|---|
| **Case Name:** | Del Mar Seafoods,Inc v. Cohen et al |
| **Case Number:** | 3:07-cv-2952 |
| **Filer:** | Del Mar Seafoods,Inc |
| **Document Number:** | 1(No document attached) |

**Docket Text:**
VERIFIED ADMIRALTY AND MARITIME COMPLAINT; summons issued against Barry
Cohen, Chris Cohen, F/V Point Loma (Filing fee $ 350, receipt number 34611007119). Filed by
Del Mar Seafoods,Inc. (slh, COURT STAFF) (Filed on 6/7/2007)

**3:07-cv-2952 Notice has been electronically mailed to:**

Max L. Kelley    mkelley@cwghp.com, jwilkinson@cwghp.com

Gregory William Poulos    gpoulos@cwghp.com, amuzingo@cwghp.com

**3:07-cv-2952 Notice has been delivered by other means to:**