COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

ORIGINAL
FILED

JUN - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEL MAR SEAFOODS, INC.

    Plaintiff,

vs.

BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,

    Defendants.

Case No. C 07 2952 WHA

EX PARTE APPLICATION FOR ARREST OF THE VESSEL F/V POINT LOMA PURSUANT TO RULE C OF THE SUPPLEMENTAL ADMIRALTY RULES AND U.S.D.C. NORTHERN CALIFORNIA ADMIRALTY RULE 3

Pursuant to Rule C of the Supplemental Admiralty Rules and Rules 3-1 and 3-2 of the Admiralty Rules of this Court, Plaintiff, DEL MAR SEAFOODS, INC. ("DEL MAR"), hereby applies *ex parte* for the arrest of the vessel F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, appurtenances, etc. (the "Vessel").

Plaintiff DEL MAR makes this ex parte application because delay in hearing this matter, and notice to the *in personam* defendants, the COHENS, before the Court issues a warrant for arrest of the Vessel, would cause severe hardship to Plaintiff DEL MAR. This is because commercial fishing vessels, such as the Vessel that is the subject of this action,

are highly mobile and unless arrested as requested in this application, the owners and operators of such vessels when notified of the threat of such an arrest (the COHENS in this case) could easily avoid arrest of the Vessel by leaving the jurisdiction of this Court in a few hours, and leaving the jurisdiction of the United States in less than twenty-four hours. Therefore, delay and notice to the *in personam* Defendants that Plaintiff requests the arrest of the Vessel will likely deprive DEL MAR of the only collateral that might satisfy all or part of the debt the *in personam* Defendants owe. See Verified Complaint, filed herewith.

Therefore, good cause exists for the *ex parte* relief sought by Plaintiff DEL MAR.

## I. INTRODUCTION AND FACTUAL BACKGROUND

This case arises out a promissory note and Preferred Ship's Mortgage entered into by and between Plaintiff, DEL MAR and *in personam* Defendants, BARRY COHEN and CHRIS COHEN (aka CHRISTENE COHEN) (hereinafter referred to as the "COHENS"). See Verified Complaint, pars. 9 and 10, filed concurrently herewith.

On or about October 31, 2003, the COHENS agreed to and executed a promissory note in favor of DEL MAR (which promissory note is hereinafter referred to as "the Note"). Verified Complaint, par. 9. A copy of the Note is attached to and fully incorporated into the Verified Complaint as Exhibit A.

Under the terms of the Note, the COHENS initially owed DELMAR the sum of TWO HUNDRED AND FIFTEEN THOUSAND DOLLARS ($215,000.00). The COHENS also agreed that the amount they owed DEL MAR would accrue interest on the unpaid balance at seven (7) percent interest. The COHENS also agreed to make monthly payments to DEL MAR in the amount of THREE THOUSAND DOLLARS ($3,000) or fifteen (15) percent of the gross landing receipts of each and every seafood product caught by the fishing vessel POINT LOMA, whichever is greater. The COHENS also agreed that payments made would be applied to interest first, then principal. Verified Complaint, par. 10 and Exhibit A to the Verified Complaint, page 1.

The Note specifically referred to and incorporated by reference the terms of a First Preferred Ship Mortgage favor of DEL MAR (hereinafter referred to as "the Mortgage").

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601
DelMarSeafoods/2504

1  Verified Complaint, par. 12 and Exhibit A thereto, page 1. A copy of the Mortgage is
2  attached to the Verified Complaint as Exhibit B.
3      The Note also provided "If suit is commenced on this note, maker shall pay to holder a
4  reasonable attorney's fee and all costs." Verified Complaint, par. 13 and Exhibit A, page 2.
5      The Mortgage provides for recovery of attorney's fees and costs upon default, as well as
6  interest of ten (10) percent upon default. See Verified Complaint, par. 14 and Exhibit B,
7  page 6.
8      As of May 1, 2007, the total amount due and owing under the Agreement was
9  $180,653.98, no portion of which has been paid. Verified Complaint, par. 15.
10      Interest continues to accrue under the Note and the Preferred Ship Mortgage at the rate
11  of $49.49 per day at the rate of ten (10) per cent interest since default. *Id.* at par. 16.

### II. The Court Has Jurisdiction Over Plaintiff's Claims

    The breach of the Preferred Ship's Mortgage alleged in the Verified Complaint is a maritime contract over which the district courts of the United States have original jurisdiction. *Maryland National Bank v. THE MADAM CHAPEL*, 46 F.3d 895, 898 (9th Cir. 1995) ("In 1920 Congress created the preferred ship mortgage, a new security device enforceable in admiralty, with priority over most maritime liens arising after perfection of the mortgage. It was intended to encourage investment in the shipping industry by providing greater security to mortgagees."); *see also*, Thomas J. Schoenbaum, Admiralty & Maritime Law, Vol. 2, Section 21-3, page 406 (4th ed. 2002) ("The *in rem* process may be used to foreclose a maritime lien arising under a statute such as the Ship Mortgage Act or the Federal Maritime Lien Act"); *see also*, 46 U.S.C. § 31325(c), which provides that with respect to an action for foreclosure of a Preferred Ship's Mortgage: "The district courts have original jurisdiction of a civil action brought under subsection (b)(1) or (2) of this section."

    An *in rem* action against a vessel to foreclose a maritime lien, such as foreclosure of a Preferred Ship's Mortgage, is only cognizable in a federal district court. Thomas J. Schoenbaum, Admiralty & Maritime Law, Vol. 2, Section 21-3, page 401 (4th ed. 2002) citing at footnote 2 *inter alia Madruga v. Superior Court* (1954) 346 U.S. 556.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Consequently, the Court has exclusive admiralty jurisdiction over this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplementary Admiralty Rules; 46 U.S.C. Section 31325(c) and the general maritime law.

### III. This Is The Proper Court For This Suit and The Court Has Jurisdiction To Order The Arrest Of The Vessel

A prerequisite to *in rem* jurisdiction is that the vessel to be arrested must be present in the district when the suit in filed or during the pendency of the action. See Schoenbaum, *supra*, Vol. 2, Section 21-3, pages 402 and 406.

Venue and jurisdiction are proper in this case because the Vessel is a federally documented commercial fishing vessel in navigation upon the navigable waters of these United States, and is now and/or will be during the pendency of this action afloat upon navigable waters of the United States and within this Judicial District. See Verified Complaint at par. 17.

### IV. Plaintiff Is Entitled To The Arrest Of The Vessel Under Rule C of the Supplemental Admiralty Rules

Plaintiff DEL MAR has brought an action for foreclosure of a Preferred Ship's Mortgage under Rule C of the Supplemental Admiralty Rules and 46 U.S.C Section 31325, asserting a right to arrest and foreclose its the Vessel.

Under Rule C of the Supplemental Admiralty Rules: "The plaintiff must file a complaint and an affidavit asserting the validity of the lien in the federal district court where the vessel is or will be located during the pendency of the action". Schoenbaum, Vol II, Section 21-3, pages 402-403 citing Rule C(2); *see also*, page 408: "The first step in an action under Rule C is the preparation and filing a verified complaint. The complaint should describe the property which the subject of the action; alleged that a maritime lien exists and the grounds therefore; state the circumstances giving rise to the claim with such particularity that a prima facie case of liability is evident; and state that the property is within the jurisdiction of the court."

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-4-   Case No.: C 01 4356 CW
EX PARTE APPLICATION FOR ARREST OF THE VESSEL F/V POINT LOMA

A Rule C action, therefore, is commenced by a complaint, *ex parte* review by a judge or magistrate and, upon finding that the circumstances exist for arrest of a vessel, the judge or magistrate issues an order directing the clerk to issue a warrant of arrest for the vessel by the U.S. Marshal and order that after arrest of the vessel, notice be provided of the action and the arrest to adverse parties. Schoenbaum, Vol II, Section 21-3, pages 403-404 citing Rule C(3)(a)(ii) and (b).

After Rule C has been utilized to bring the vessel into the custody of the Court. Release of the vessel may be authorized only by order of the Court upon giving such security as the Court may require. Schoenbaum, Vol II, Section 21-5, pages 414- 416 citing Rule E(4)(f) and E (5)..

In the present case, Plaintiff has filed a Verified Complaint with an affidavit from one of its officers, Joe Roggio, asserting that DEL MAR has a Preferred Ship's Mortgage -- a maritime lien -- against the Vessel, and has provided evidence demonstrating that it has a Preferred Ship's Mortgage against the Vessel; and that the COHENS have defaulted on their obligations to make payments under both the Note and the Mortgage. *See* Verified Complaint on file herein.

### V. Plaintiff Requests An Order For A Warrant Of Arrest Issue Against The Vessel

Based on the above, Plaintiff DEL MAR respectfully requests that the Court authorize the Clerk to issue a Warrant for arrest of the Vessel.

///

///

///

///

///

///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601
DelMarSeafoods/2504

-5-    Case No.: C 01 4356 CW
EX PARTE APPLICATION FOR ARREST OF THE VESSEL F/V POINT LOMA

1    Based on Plaintiff's familiarity with the Vessel and its fishing patterns, Plaintiff has
2  reason to believe that the Vessel is now berthed in the port of San Francisco. Because of the
3  mobile nature of the Vessel and the nature of the property that is to be arrested – a
4  commercial fishing vessel -- there is a very great danger that the Vessel may evade in rem
5  process unless the Order and Warrant For Arrest of the Vessel are issued forthwith.

Dated: June 6, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
       Max L. Kelley



ECF-CAND@cand.uscourts.gov
06/07/2007 09:59 AM

To: efiling@cand.uscourts.gov
Subject: Activity in Case 3:07-cv-02952-WHA Del Mar Seafoods,Inc v. Cohen et al Ex Parte Application

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.
If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 6/7/2007 9:59 AM and filed on 6/7/2007

| | |
|---|---|
| **Case Name:** | Del Mar Seafoods,Inc v. Cohen et al |
| **Case Number:** | 3:07-cv-2952 |
| **Filer:** | Del Mar Seafoods,Inc |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
Ex Parte Application for Arrest of the Vessel F/V Point Loma pursuant to Rule C of the Supplemental Admiralty Rules and U.S.D.C. Northern California Admiralty Rule 3 filed by Del Mar Seafoods,Inc. (slh, COURT STAFF) (Filed on 6/7/2007)

**3:07-cv-2952 Notice has been electronically mailed to:**

Max L. Kelley     mkelley@cwghp.com, jwilkinson@cwghp.com

Gregory William Poulos     gpoulos@cwghp.com, amuzingo@cwghp.com

**3:07-cv-2952 Notice has been delivered by other means to:**