COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

E-filing

ORIGINAL FILED
JUN - 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants. | Case No.: 07 2952 WHA<br><br>IN ADMIRALTY<br><br>EX PARTE APPLICATION TO APPOINT SUBSTITUTE CUSTODIAN |

Pursuant to Rule C(3) of the Supplemental Rules for Admiralty of the Federal Rules of Civil Procedure and Rule 9-1(a) of the Admiralty Rules of this Court, Plaintiff, DEL MAR SEAFOODS, INC. ("DEL MAR"), hereby requests *ex parte* that the Court appoint a substitute custodian in lieu of the United States Marshal for the Northern District of California for the vessel F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, (the "Vessel").

1.  An introduction and factual summary of this matter is included in Plaintiff's concurrently filed Ex Parte Application for an Order for Arrest, as well as Plaintiff's

-1-
EX PARTE APPLICATION TO APPOINT SUBSTITUTE CUSTODIAN                    Case No.:

1. Verified Complaint, also filed herewith. Those papers are hereby incorporated into this application by this reference as though fully set forth herein.

2. It is contemplated that the U.S. Marshal will seize Defendant Vessel F/V POINT LOMA (Official No. 515298) forthwith pursuant to a warrant of arrest authorized by Order of this Court and issued by the Clerk.

3. The Vessel will need to be safely stored and maintained during the period of arrest, with 24-hour security provided.

4. The proposed Substitute Custodian, National Maritime Services Inc., has the ability, experience, expertise and the resources within the District to provide all services required for the preservation, storage, and safekeeping of the Vessel during the pendency of this action.

5. In consideration for of the U.S. Marshal's consent to the substitution of custody, Plaintiff DEL MAR SEAFOODS, INC. will agree to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel after it has been released to the substitute custodian. As shown in the attached affidavit of Mark Brown, Vice President of National Maritime Services, Inc., the proposed Substitute Custodian, National Maritime Services, Inc., agrees to hold harmless and indemnify the United States and the U.S. Marshal's Service from any and all claims whatsoever arising out of the Substitute Custodian's negligence in possession and safekeeping of the Vessel.

6. Pursuant to Rule 9-1 (a) of the Admiralty Rules of this Court, after a vessel has been arrested and brought into the custody of the United States Marshal, the Court may appoint a substitute custodian in place of the Marshal by order of the Court.

7. The proposed Substitute Custodian is able and willing to perform custodial services at a rate **substantially lower** than the Marshal. The appointment of the proposed Substitute Custodian would therefore avoid economic waste to the detriment of Plaintiff, Defendants, the Vessel, and any other creditors who may have a claim against the Vessel.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

8. Plaintiff further requests that the expenses of the substitute custodian in keeping the vessel in *custodia legis* be taxed as costs in this action. See *New York Dock Co. v. S.S. Poznan,* 274 U.S. 117 (1927); *Boeing Co. v. M/V Spirit of Discovery,* 654 F. Supp. 740, 742 (W.D. Wash. 1986); and S.D. Cal Rule. E.1(e)(2) (Marshal's fees taxable as costs).

## CONCLUSION

Plaintiff DEL MAR SEAFOODS, INC. respectfully requests that the Court issue an Order appointing National Maritime Services, Inc. as substitute custodian of the Vessel until further order of this Court. Plaintiff further requests that the Court order that all expenses incurred in safekeeping and maintaining the Vessel while under arrest be taxed as costs in this action.

Respectfully submitted,

Dated: June 7, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-3-                                                                                    Case No.:
EX PARTE APPLICATION TO APPOINT SUBSTITUTE CUSTODIAN



ECF-CAND@cand.uscourts.gov

06/07/2007 10:02 AM

To: efiling@cand.uscourts.gov
Subject: Activity in Case 3:07-cv-02952-WHA Del Mar Seafoods,Inc v. Cohen et al Motion to Appoint Custodian

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.
If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 6/7/2007 10:02 AM and filed on 6/7/2007

| | |
|---|---|
| **Case Name:** | Del Mar Seafoods,Inc v. Cohen et al |
| **Case Number:** | 3:07-cv-2952 |
| **Filer:** | Del Mar Seafoods,Inc |
| **Document Number:** | 4(No document attached) |

**Docket Text:**
Exparte Application to Appoint Substitute Custodian filed by Del Mar Seafoods,Inc. (slh, COURT STAFF) (Filed on 6/7/2007)

**3:07-cv-2952 Notice has been electronically mailed to:**

Max L. Kelley    mkelley@cwghp.com, jwilkinson@cwghp.com

Gregory William Poulos    gpoulos@cwghp.com, amuzingo@cwghp.com

**3:07-cv-2952 Notice has been delivered by other means to:**