**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants. | Case No.: CV 07-02952 WHA<br><br>**IN ADMIRALTY**<br><br>**EX PARTE APPLICATION TO APPOINT NEW SUBSTITUTE CUSTODIAN AND TO MOVE THE VESSEL TO SUGARDOCK** |

Pursuant to Rule C(3) of the Supplemental Rules for Admiralty of the Federal Rules of Civil Procedure and Rule 9-1(c) of the Admiralty Rules of this Court, Plaintiff, DEL MAR SEAFOODS, INC. ("DEL MAR"),hereby requests *ex parte* that the Court appoint a new substitute custodian in lieu of the present substitute custodian, National Maritime Services, Inc., for the Defendant Vessel F/V POINT LOMA,.

1. An introduction and factual summary of this matter was included in Plaintiff's previously filed Ex Parte Application for an Order for Arrest, as well as Plaintiff's Verified Complaint, also filed previously. Those papers are hereby incorporated into this application by this reference as though fully set forth herein.

2.     The U.S. Marshal arrested the Defendant Vessel F/V POINT LOMA (Official No. 515298) on June 7, 2007 pursuant to a warrant of arrest authorized by Order of this Court and duly issued by the Clerk.

3.     Once the Vessel was arrested, it was turned over to the Substitute Custodian, National Maritime Services, Inc., pursuant to this Court's Order.

4.     The Vessel is currently berthed at the public docks at the Hyde Street Piers in San Francisco, California and is under the custodianship of National Maritime Services, Inc. The Court has already issued an Order allowing National Maritime Services, Inc. to move the Vessel to Svendsen's Boatyard in Alameda, California. Instead, upon approval of this *ex parte* application, National Maritime Services, Inc. will move the Vessel to SugarDock, LLC, ("SugarDock") where SugarDock will take over as the new Substitute Custodian.

5.     The proposed new Substitute Custodian, SugarDock, has the ability, experience, expertise and the resources within the District to provide all services required for the preservation, storage, and safekeeping of the Vessel during the pendency of this action. *See,* the Declaration of William Bodle ("Bodle Dec."), filed herewith.

6.     Plaintiff DEL MAR SEAFOODS, INC. has already agreed to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel since it has been released to the substitute custodian, National Maritime Services, Inc. As shown in the attached affidavit of William Bodle, owner and operator of SugarDock, the proposed new Substitute Custodian, SugarDock agrees to hold harmless and indemnify the United States and the U.S. Marshal's Service from any and all claims whatsoever arising out of its negligence in possession and safekeeping of the Vessel.

7.     Pursuant to Rule 9-1 (a) of the Admiralty Rules of this Court, after a vessel has been arrested and brought into the custody of the United States Marshal, the Court may appoint a substitute custodian in place of the Marshal by order of the Court.

8.     The proposed new substitute custodian is able and willing to perform custodial services at a rate **substantially lower** than the current Substitute Custodian (less

than $100/day at SugarDock compared to over $600/day at Svendsen's). Bodle Decl., ¶ 5. The appointment of SugarDock as the new Substitute Custodian would therefore avoid economic waste to the detriment of Plaintiff, Defendants, the Vessel, and any other creditors who may have a claim against the Vessel.

9. Plaintiff further requests that the expenses of the substitute custodian in keeping the vessel in *custodia legis* be taxed as costs in this action. *See, New York Dock Co. v. S.S. Poznan,* 274 U.S. 117 (1927); *Boeing Co. v. M/V Spirit of Discovery,* 654 F. Supp. 740, 742 (W.D. Wash. 1986); and S.D. Cal Rule. E.1(e)(2) (Marshal's fees taxable as costs).

## CONCLUSION

Plaintiff DEL MAR SEAFOODS, INC. respectfully requests that the Court issue an Order appointing SugarDock as the new substitute custodian of the Vessel until further order of this Court, and permitting the Vessel to be moved by the current Substitute Custodian, National Maritime Services, Inc., to SugarDock where SugarDock will take over as the new Substitute Custodian.

Respectfully submitted,

Dated: June 14, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley