James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10,<br><br>　　　　　　　Defendants. | No. C-07-2952-WHA<br><br>**ANSWER TO VERIFIED ADMIRALTY AND MARITIME COMPLAINT (In Personam and In Rem); VERIFIED COUNTERCLAIM** |

BARRY COHEN and CHRIS COHEN (aka CHRISTENE COHEN), sued *in personam*, the F/V POINT LOMA, sued *in rem*, and the F/V POINT LOMA FISHING COMPANY, INC., as Claimant (hereinafter "Defendants"), hereby Answer the Verified Admiralty and Maritime Complaint of DEL MAR SEAFOODS, INC. (hereinafter "Plaintiff") and allege their Verified Counterclaim, as follows:

**ANSWER TO COMPLAINT**

1.　Paragraph 1 of the Complaint describes the action and contains legal conclusions to which no response is required.

2.　Paragraph 2 of the Complaint contains legal conclusions to which no response is

Case No. C-07-2952-WHA ANSWER/COUNTERCLAIMS　　1

SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

required.

3. Defendants aver that CHRIS COHEN resides in Scotsdale, Arizona. Defendants admit the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 4 of the Complaint, and therefore deny them.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants admit that, at the time the Promissory Note and Ship Mortgage were signed in 2003, Defendants BARRY COHEN and CHRIS COHEN were the owners of the F/V POINT LOMA. The ownership of the F/V POINT LOMA has since been transferred to the F/V POINT LOMA FISHING COMPANY, INC., subject to the Ship Mortgage. Defendants deny all other allegations in Paragraph 7 of the Complaint.

8. No response to Paragraph 8 of the Complaint is required.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants aver that the terms of the Promissory Note speak for themselves. Defendants deny all other allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants aver that the terms of the Promissory Note speak for themselves. Defendants deny all other allegations in Paragraph 12 of the Complaint.

13. Defendants aver that the terms of the Promissory Note speak for themselves. Defendants deny all other allegations in Paragraph 13 of the Complaint.

14. Defendants aver that the terms of the Promissory Note speak for themselves. Defendants deny all other allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint. Defendants aver that they have paid $188,000 on the note, including an advance payment of $175,000 made at the request of Plaintiff on November 10, 2005.

16. Defendants deny the allegations in Paragraph 16 of the Complaint. Defendants aver that there is no default on the terms of the Promissory Note because of the advance payment of $175,000 in

Case No. C-07-2952-WHA ANSWER/COUNTERCLAIMS   2
SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

2005 and additional payments of $13,000, which covers the required $3,000 monthly payments under the Promissory Note through at least February 2009.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. No response to Paragraph 18 of the Complaint is required.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff has a maritime lien on the F/V POINT LOMA but deny that Plaintiff has any right to foreclose that lien because Defendants are not in default under the Promissory Note due to the advance payment of $188,000. Defendants deny that any fishing permit or fishing history is subject to such lien because fishing permits and fishing history are intangibles and must be specifically listed in the Promissory Note and Ship Mortgage in order to be subject to a maritime lien. Defendants deny all other allegations in Paragraph 23 of the Complaint.

24. Defendants deny that Plaintiff is entitled to attorneys fees and costs because Defendants are not in default under the Promissory Note. Defendants aver that Plaintiff owes Defendants attorneys fees and costs under the Promissory Note for seizing the F/V POINT LOMA without legal cause.

25. No response to Paragraph 25 of the Complaint is required.

26. Defendants admit that Plaintiff has a maritime lien on the F/V POINT LOMA but deny that Plaintiff has any right to foreclose that lien because Defendants are not in default under the Promissory Note due to the advance payment of $188,000. Defendants deny that any fishing permit or fishing history is subject to such lien because fishing permits and fishing history are intangibles and must be specifically listed in the Promissory Note and Ship Mortgage in order to be subject to a maritime lien. Defendants deny all other allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. The remainder of the Complaint contains a prayer for relief. Defendants deny that Plaintiff is entitled to any relief.

29. Defendants deny each and every allegation in the Complaint, whether express or implied,

Case No. C-07-2952-WHA  ANSWER/COUNTERCLAIMS    3
SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

that Defendants have not previously or expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

30. Plaintiff has failed to state a claim for which relief may be granted.

31. The Court lacks subject matter jurisdiction over Plaintiff's claim.

32. Plaintiff lacks standing to bring its claim.

33. Plaintiff's claims are barred by estoppel.

34. Plaintiff's claims are barred by accord and satisfaction.

35. Plaintiff has consented to the acts of Defendants complained of in the Complaint.

36. Plaintiff does not come into Court with clean hands.

37. Plaintiff has failed to obtain affirmative consent to make any alleged advances under the Promissory Note for debts completely unrelated to the operation and use of the F/V POINT LOMA.

38. Plaintiff has failed to document in writing any alleged advances under the Promissory Note.

## COUNTERCLAIM

For their Counterclaim against Plaintiff, Defendants allege as follows:

39. The arrest of the F/V POINT LOMA by Plaintiff was wrongful in that (a) Plaintiff has refused, without cause, to admit that Defendants have paid $188,000 on the Promissory Note, including an advance payment of $175,000; (b) Defendants were therefore not in default under the Promissory Note; (c) Plaintiff improperly alleges that the total amount of the loan was greater than $215,000 because of advances under the Promissory Note that Defendants never agreed were subject to the Promissory Note and Ship Mortgage; and (d) none of these relevant, material facts were disclosed to the Court when Plaintiff sought the arrest warrant in this case.

40. Because Defendants paid in November 2005 an amount equivalent to 37 monthly payments in advance, Defendants are not in default and the arrest of the vessel is in breach of the Promissory Note and the Ship Mortgage.

41. The wrongful arrest of the F/V POINT LOMA has disrupted the fishing activities of the Vessel and prevents it from earning income for the benefit of Defendants, including as a source of income to pay off the remaining amount due to Plaintiff under the Promissory Note. Plaintiff has

Case No. C-07-2952-WHA  ANSWER/COUNTERCLAIMS    4
SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

1  therefore intentionally and/or negligently interfered with Defendants prospective economic advantage.

2      42.    In taking the action it did, Plaintiff has breached the implied Covenant of Good Faith and

3  Fair Dealing incorporated into the Promissory Note and Ship Mortgage.

### REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

    a.    Enter an order quashing the arrest of the F/V POINT LOMA as wrongful and not authorized under the terms of the Promissory Note and Ship Mortgage;

    b.    Enter an order finding Plaintiff in breach of the Promissory Note and the Ship Mortgage;

    c.    Enter an order finding that Plaintiff has intentionally and/or negligently interfered with the prospective economic advantage of Defendants;

    d.    Enter an order awarding Defendants damages for wrongful or improper arrest, for breach of the Promissory Note and Ship Mortgage, and for intentional and/or negligent interference with Defendants' prospective economic advantage;

    e.    Enter an order awarding Defendants their attorney's fees and costs; and

    f.    Grant Defendants such further relief as may be appropriate and fair.

DATED this 25th day of June, 2007.

Respectfully submitted,

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)
Gwen Fanger (CSB No. 191161)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-3834
Telephone:  (415) 276-6556
Facsimile:   (415) 276-6599

Attorneys for Defendants

Case No. C-07-2952-WHA  ANSWER/COUNTERCLAIMS    5
SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

# VERIFICATION

I, Barry Cohen, hereby state the follows:

1. I am a resident of the State of California and a defendant in this case and an officer in F/V POINT LOMA Fishing Company, Inc., a company organized under the laws of the State of California.

2. I have read the above Answer to Admiralty and Maritime Complaint and Verified Counterclaim and hereby verify the facts set forth therein to the best of my knowledge and belief.

3. I am authorized on behalf of all Defendants to verify the Counterclaim to Plaintiff's Complaint.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this verification was entered into at Avila Beach, California.

Dated this 25 day of June, 2007.

BY: _____
Barry Cohen

Case No. C-07-2952-WHA  ANSWER/COUNTERCLAIMS        6
SFO 363973v1 0084289-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-361
(415) 276-6500 · Fax: (415) 276-6599

Received    Jun-25-07   12:40pm     From-                    To-Davis Wright Tremain    Page 001