James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME FOR HEARING DEFENDANTS' MOTION TO VACATE ORDER OF ARREST** <br><br> **Date: August 16, 2007** <br> **Time: 8:00 a.m.** <br> **Place: Courtroom 9, 19th Floor** |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants, Barry A. Cohen and Chris Cohen, the vessel F/V POINT LOMA and its owner, the F/V Point Loma Fishing Company, Inc. ("Defendants"), hereby apply for an Order Shortening Time for hearing their Motion to Vacate Order of Arrest ("Motion to Vacate"). Defendants seek an order vacating the June 7, 2007 arrest of their fishing vessel by Plaintiff, Del Mar Seafoods, Inc.

As set forth more fully in Defendants' Motion to Vacate, Defendants request a hearing under Rule E(4)(f) of the Supplemental Admiralty Rules ("Rule E(4)(f)") to challenge the arrest

1

of their fishing vessel by Plaintiff.  On June 7, 2007, the Court entered an Order of Arrest for the Defendant F/V POINT LOMA.  The Order was based on Plaintiff's ex parte application for a warrant of arrest, brought under Rule C (3)(a)(ii)(B) of the Supplemental Admiralty Rules, and Plaintiff's Complaint for alleging failure to make required payments under a Promissory Note and Ship Mortgage securing the Note.  However, contrary to Plaintiff's allegations, the $215,000 Promissory Note is not in default because Defendants made a $175,000 advance payment on November 11, 2005 that makes their monthly $3,000 Note payments current through early 2009.  Because the Promissory Note is not in default, Plaintiff has no basis in admiralty to foreclose the lien of the Ship Mortgage on the Vessel.  Consequently, this Court lacks subject matter jurisdiction *in rem* with respect to the F/V POINT LOMA and *in personam* with respect to Barry and Chris Cohen.  Thus, Defendants request a hearing under Rule E(4)(f) for the Plaintiff to show why the arrest should not be vacated.

Rule E(4)(f) provides that, whenever property is arrested or attached under Rule C (as applies in this case), any person claiming an interest in the property is entitled to a "prompt hearing" at which the plaintiff shall be required to show why the arrest should not be vacated or other relief granted consistent with the Rules.  The earliest available date for a hearing, under Local Rule 7-2, on Defendants' Motion to Vacate is August 16, 2007, for which Defendants have noticed the hearing, concurrent with this Notice and Motion.  However, this hearing date is almost six weeks away and during this time Defendants have no fishing vessel with which to operate their fishing business.

Defendants seek the proposed Order Shortening Time to mitigate some of the damages are being incurred on a daily basis by Defendants as a result of the unjustified arrest of their fishing vessel. With every day that passes that the Defendants' fishing operations are suspended without the use of their fishing vessel, the amount of loss they sustain continues to accumulate.  The arrest prevents Defendants from continuing to operate their business and has already resulted in the loss of approximately $20,000 per month in gross income from fishing operations in California since the arrest.  Moreover, Defendant Barry Cohen relies on the operation of the

Vessel as his only source of income, other than his Social Security payments. See Declaration of Barry A. Cohen, attached to Motion to Vacate, ¶ 16. Mr. Cohen has been paying his captain and crew about $2,000 a week in hopes of getting the vessel released. Id. As a consequence, the unjustified arrest has been damaging to Mr. Cohen and has cost him additional expenses and resulted in, and will continue to result in, the loss of income to him and to the owner of the Vessel.

Defendants have repeatedly tried to negotiate the release of the fishing vessel with Plaintiff so that Defendants could continue to operate their business during the pendency of this action. However, each request by Defendants results in additional delays and harm to Defendants' business because Plaintiff takes about four to five days to respond to every request and refuses to stipulate to a release. Each day that the Defendants' fishing vessel continues under arrest, Defendants incur harm to their fishing operations and their livelihood.

The attached Declaration explains that Defendants have exhausted their administrative remedies and attempts to stipulate to the release of the fishing vessel pending the resolution of the alleged payment dispute. If the Court declines to hear Defendants' Motion to Vacate on an expedited basis, Defendants, their business, and their remaining crew will continue to be harmed and lose their source of income. Defendants therefore request that the Court hear Defendants' Motion to Vacate on the earliest available date, August 2, 2007. Because the issues raised in Defendants' Motion to Vacate have been previously discussed in detail by counsel for the parties, Defendants believe that 21 days or two and a half weeks is a reasonable period to permit Plaintiff to prepare its Opposition to Defendants' Motion to Vacate. A proposed order shortening time is filed herewith.

DATED this 9th day of July, 2007.

Respectfully submitted,

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

3

DEF'S MOTION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME              SFO 368889v1 0084289-000001
Case No. C-07-2952-WHA