James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DECLARATION OF JAMES P. WALSH IN SUPPORT OF MOTION TO SHORTEN TIME** <br><br> **Date: August 16, 2007** <br> **Time: 8:00 a.m.** <br> **Place: Courtroom 9, 19th Floor** |

I, James P. Walsh, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP and our firm serves as counsel to Defendants in this lawsuit. I make this declaration to support Defendants' Motion to Shorten Time for conduct of a Supplemental Admiralty Rule E(4)(f) hearing and a hearing on Defendants' Motion to Vacate Order of Arrest that led to the seizure of the fishing vessel F/V POINT LOMA. The facts set forth in this declaration are personally known to me to be true and correct and, if called as a witness, I would and would testify to the following:

2.     On June 18, 2007, I sent a letter by email to Mr. Max Kelley, counsel for Plaintiff, seeking a stipulation for release of the vessel. However, Mr. Kelley did not respond to me. Rather, Mr. Mark Harmon, another attorney representing Plaintiff, responded to my letter on June 21, 2007 and indicated that his client refused to stipulate to the release of the vessel.

3.     By letter dated June 27, 2007, also sent by email, I advised Mr. Harmon that Defendants could not raise the money for the bond, which required either a cash payment or a letter of credit in the amount of $180,000, plus 2-4% for the bonding company. I requested again that Plaintiff stipulate to the release of the vessel during pendency of this action. Again, by letter dated July 2, 2007, Mr. Harmon indicated his client's unwillingness to stipulate to the release of the vessel.

4.     Today, at 3:20 p.m., I called counsel for Plaintiff, Mr. Greg Poulos, and, after being told that he was unavailable, left a message on his answering service telling him of the date of the hearing and our request to shorten time. Mr. Poulos said it was not convenient for him to attend a hearing on August 2, 2007 because of a vacation. He said Mr. Harmon was not available on that date as well.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED this 9th day of July, 2007.

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.