James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' MOTION TO VACATE ORDER OF ARREST** <br><br> **Date: August 16, 2007** <br> **Time: 8:00 a.m.** <br> **Place: Courtroom 9, 19th Floor** |

**NOTICE OF MOTION AND MOTION
TO VACATE ORDER OF ARREST**

Pursuant to Rule E(4)(f) of the Supplementary Admiralty Rules, Defendants, Barry A. Cohen and Chris Cohen, the vessel F/V POINT LOMA and its owner, the F/V Point Loma Fishing Company, Inc., hereby give notice that on August 16, 2007, in Courtroom 9, Nineteenth Floor, Federal District Court, San Francisco, California, they will move for an order vacating the June 7, 2007, Order of Arrest in this matter.

1.  The basis for the motion is as follows:

1

On June 7, 2007, the Court entered an Order of Arrest for the Defendant F/V POINT LOMA. The Order was based on Plaintiff's ex parte application for a warrant of arrest, brought under Rule C (3)(a)(ii)(B), and Plaintiff's Complaint for alleging failure to make required payments under a Promissory Note and Ship Mortgage securing the Note. However, contrary to Plaintiff's allegations, the $215,000 Promissory Note is not in default because Defendants made a $175,000 advance payment on November 11, 2005, plus $8,000 in additional payments in 2007, that makes their monthly $3,000 Note payments current through early 2009. Because the Promissory Note is not in default, Plaintiff has no basis in admiralty to foreclose the lien of the Ship Mortgage on the Vessel. Consequently, this Court lacks subject matter jurisdiction *in rem* with respect to the F/V POINT LOMA and *in personam* with respect to Barry and Chris Cohen.

2. This Motion is based on this Notice of Motion and Motion to Dissolve Order of Arrest, the attached Memorandum of Points and Authorities, the Declaration of Barry A. Cohen in Support of Defendants' Motion and the attached exhibits, and the pleadings and all files and materials that form a part of the record in this matter.

3. In addition, under Rule E(4)(f), Plaintiff in this case must demonstrate, in a hearing to be promptly held, as to why the arrest should not be vacated.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Del Mar Seafoods, Inc. initiated this action on June 7, 2007 against the vessel F/V POINT LOMA (the "Vessel") and Barry and Chris Cohen, husband and wife (the "Cohens"), the makers of a Promissory Note that is secured by a Ship Mortgage on the Vessel. Plaintiff's Complaint alleges that the Cohens are in default under the terms of a Promissory Note entered into by them on October 31, 2003, which in turn is secured by a Ship Mortgage on the Vessel. Complaint ("Comp.") ¶ 20; Exhibit A to the Comp. Because of this alleged failure, Plaintiff claims it is entitled to foreclose its maritime lien under the Ship Mortgage by arresting the Vessel. Comp. ¶ 26. As a consequence of these allegations, the Court issued a warrant of arrest on June 7, 2007. The Vessel, which had been in the process of preparing for a fishing trip, was then

1  arrested by the U.S. Marshal and has been turned over to a substitute custodian and is being held
2  at the SugarDock in Port Richmond, California.

3        The Defendants Barry and Chris Cohen, together with the current owner of the Vessel, F/V
4  Point Loma Fishing Company, Inc., filed an Answer and Verified Counterclaim ("Answer") on
5  June 25, 2007. In that Answer, Defendants averred that they had made $188,000 in payments
6  pursuant to the Promissory Note, including an advance payment of $175,000 on November 10,
7  2005. Answer ¶¶ 15, 16. Because of this advance payment, and additional payments of $13,000,
8  the required $3,000 monthly payments under the Promissory Note have been made through at
9  least the beginning of February 2009. Answer ¶ 16. Consequently, the Promissory Note is not in
10 default and Plaintiff had no legal right to seek foreclosure of the Ship Mortgage or request that
11 this Court authorize the ex parte, pre-judgment arrest of the Vessel. Answer ¶ 23.

12       Defendant Barry Cohen relies on the operation of the Vessel as his only source of income,
13 other than his Social Security payments. Declaration of Barry A. Cohen ("Cohen Decl.") ¶ 16.
14 Mr. Cohen has been paying his captain and crew $2,000 a week in hopes of getting the vessel
15 released. Id. As a consequence, the arrest has been damaging to Mr. Cohen and has cost him
16 additional expenses and resulted in, and will continue to result in, the loss of income to him and
17 to the owner of the Vessel. Because of the arrest, the vessel is losing about $20,000 per month in
18 gross income. Id.

19       The arrest of the Vessel is not authorized by the terms of the Promissory Note because of
20 advance payments made by Defendants, at the request of Plaintiff. Therefore, because no event
21 of default has occurred, no arrest is authorized and this Court lacks subject matter jurisdiction
22 over this case.

23           **II.   RELEVANT FACTUAL BACKGROUND**

24   **A.   The Plaintiff**

25       The Plaintiff is alleged to be a California corporation doing business as Del Mar Seafoods,
26 Inc. The Plaintiff entered into a Promissory Note with Barry and Chris Cohen dated October 31,
27 2003. Comp. Ex. A. The original amount of the Note was $215,000. The Note is secured by a
28

3

DEF'S MOTION TO DISSOLVE ORDER OF ARREST                                                    SFO 365270v1 0084289-000001
Case No. C-05-3927-CW

*(left margin: DAVIS WRIGHT TREMAINE LLP)*

Ship Mortgage.  Comp. Ex. A, B.  Plaintiff in this case has alleged breach of the "proper monthly payments" under the Note and Ship Mortgage.  Comp. ¶ 20.  The purpose of the transaction was to secure payment of a loan associated with the F/V POINT LOMA, a fishing vessel.  Plaintiff is in the fish processing business.

### B. The Defendants

The Cohens, a marital community, entered into the Promissory Note for the purpose of providing collateral for the prior oral loan from Plaintiff to upgrade the Vessel, F/V POINT LOMA.  The Cohens also gave a Ship Mortgage on the Vessel to Plaintiff, to secure the loan of $215,000.  The Cohens are still legally married.  Cohen Decl. ¶ 5, 6.

The Vessel was later transferred to the F/V Point Loma Fishing Company, Inc., subject to the Ship Mortgage.  Cohen Decl. ¶ 7.   The Vessel is currently documented under the laws of the United States, Official No. 515298, and engages in the Pacific Groundfish Fisheries in the U.S. Exclusive Economic Zone ("EEZ"), among other fisheries, which are regulated by the U.S. Government, specifically, the National Oceanic and Atmospheric Administration ("NOAA"). *See* 50 C.F.R. Part 660.  Cohen Decl. ¶ 8, 9. The Pacific Groundfish Fisheries are governed by rules that limit entry in those particular fisheries to specific permit holders.  A NOAA-issued Pacific Groundfish Permit is owned by the F/V Point Loma Fishing Company, Inc. and may be used on the F/V POINT LOMA or transferred at any time to another vessel of comparable size. 50 C.F.R. § 660.333.  This permit is not issued to the Vessel itself.  The Promissory Note and Ship Mortgage do not specifically include any fishing permits.  Moreover, NOAA does not allow this particular permit to be the subject of a lien.  Cohen Decl. ¶ 10 (Exhibit C, Letter from Kevin Ford, NOAA).  The F/V Point Loma Fishing Company, Inc. has filed a claim in this case to protect its interest in the Vessel and its permit.  Mr. Barry Cohen is the President of the company. Cohen Decl. ¶ 7.

The final Defendant is the fishing vessel itself, *in rem*.

### C. The Note and Mortgage

The Note and Mortgage were entered into in the State of California and were drafted by

4

counsel for Plaintiff. Cohen Decl. ¶ 5. The Cohens were not represented by counsel. Id. The amount of the Note is $215,000. Under the Note, the Cohens are required to make one of two types of payments, commencing in January 2004: (1) monthly payments of $3,000; or (2) fifteen (15) percent of the gross landing receipts of each and every landing of seafood product made by the fishing vessel POINT LOMA, whichever is greater. The Note is secured by the Ship Mortgage and foreclosure of the maritime lien of the Mortgage is available in the event of default. Comp. Ex. B (Art. II.1.a). The only default alleged in the Complaint is the failure to make monthly payments.

### D.      Payments by Defendants

Defendants have made $188,000 in payments since January 2004. Cohen Decl. ¶ 11. The first payment of $5,000 was made by check dated December 22, 2004. In late 2005, Joe Cappuccio, the Plaintiff's President, and Joe Roggio, an officer with the Plaintiff and its controller, asked the Cohens to reduce the size of the debt on the Vessel because of concern's expressed by Plaintiff's bank. Id. The Cohens complied with the request, borrowed $175,000 from the equity in their home, and provided a check for that amount to Joe Cappuccio dated November 10, 2005, to settle all outstanding payments due in the past and in the future. Mr. Cohen, because he had borrowed equity from his home and in light of his discussions with Mr. Cappuccio and Mr. Roggio, understood that he would not have to pay interest on the Note and could pay the remainder of the Note off whenever he liked. Id. He made additional payments in January ($2,000), February ($3,000), and March ($3,000) of this year. Thus, the Note payments are current through early February 2009.

Furthermore, Plaintiff has never demanded monthly payments based on the gross landing receipts provision of the Note, even though the F/V POINT LOMA delivered fish to Plaintiff's fish processing plant from 1995 to 2006. Prior to the arrest of the Vessel on June 7, 2007, Plaintiff never sent a written notice to Defendants alleging default or seeking to determine, in good faith, that the Vessel's operation was financially impaired in any way. Cohen Decl. ¶ 15.

It is Defendants' understanding, based on the course of dealings with Plaintiff, that the

$175,000 advance payment, which was not required under the Note, settled the issue of payments that were in arrears as of November 2005 and constituted prepayment of the $3,000 monthly payments due under the Note. Cohen Decl. ¶ 11. Until the Vessel was seized on June 7, 2007, Defendants believed that Plaintiff had the same understanding not only because of agreements at the time the advance payment was made but by the course of dealing since that time.

### E. Advances

Defendants anticipate that Plaintiff will assert that the amount claimed to be due and owing under the Note (alleged to be just over $180,000 in ¶ 5 of the Prayer) and is due to additional "advances" unrelated to the operation of the Vessel that Defendants agreed should be added to the Note and the security of the Ship Mortgage. Cohen Decl. ¶ 12, 13. However, Defendants did not agree, orally or in writing, to add any additional debts to the Note and Mortgage. Id.

The provisions of the Note and Mortgage require a minimum monthly payment to be made, regardless of the size of the debt to be paid off. If such payments are made, either on a regular basis or, as in this case, a lump sum, then no default has occurred. Thus, the issue of advances is not directly relevant to the issue of whether a breach of the terms of the Note and Mortgage has occurred.

### F. Damages Because of the Arrest

With the arrest of the Vessel, Defendants have been deprived of their regular income from its operations. Cohen Decl. ¶ 16. The Vessel has been regularly involved in fishing operations in the EEZ off California and typically grosses about $20,000 a month. Defendants have been trying to keep the Vessel's regular captain and its crew by making payments to them of $2,000 a month. Each month that goes by costs Defendants additional opportunities for income from using the Vessel in the local fisheries. For Mr. Barry Cohen, the Vessel represents his only income other than Social Security. Id.

### G. Prompt Hearing Required Under Rule E

The Supplemental Admiralty Rules, Rule E(4)(f), provides that, whenever property is arrested or attached under Rule C (as applies in this case), any person claiming an interest in the

property is entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest should not be vacated or other relief granted consistent with the Rules.  Defendants request that the Court schedule such a hearing and consider this Motion to Vacate Arrest at that hearing.

### III.   ARGUMENT

#### A.   Subject Matter Jurisdiction May Be Raised At Any Time

Subject matter jurisdiction may be raised at any stage of litigation proceedings.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).   Federal Courts normally determine issues of subject matter jurisdiction before considering a case on the merits.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Northeast Erectors Ass'n v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir. 1995).   When subject matter jurisdiction does not exist, a court must dismiss the underlying case.

#### B.   The Arrest Must be Vacated Because Plaintiff Has No Claims in Admiralty.

The Supplemental Rules govern "the procedure in admiralty and maritime claims within the meaning of Rule 9(h) with respect to the following remedies … (ii) actions in rem."  Rule A(1)(A).  Here, the order of arrest of the Vessel was issued pursuant to Rule C, which governs in rem actions.  *See* June 7, 2007 Order of Arrest.  A prerequisite to arrest under Rule C is an admiralty or maritime claim:

> It is well-settled that although arrest of maritime property is a remedy available within the maritime jurisdiction, it requires an underlying maritime cause of action supporting a maritime lien in the property arrested.  Thus, the only basis for the arrest of a vessel *in rem* is the enforcement of a maritime lien in favor of the party suing the vessel and seeking arrest.  In order to avail itself of the device of maritime arrest, a plaintiff has the burden of showing that it is entitled to a maritime lien; if it cannot do so, the arrest fails and must be dissolved.

*Bay Casino, LLC v. M/V ROYAL EMPRESS*, 20 F. Sup. 2d 440, 448 (E.D.N.Y. 1998).  *See also Trueman v. Historic Steamtug NEW YORK*, 120 F. Supp. 2d 228, 230-31 (N.D.N.Y. 2000) (holding that plaintiff lacked requisite maritime lien to arrest vessel under Rule C(1)(a)); *Board of*

*Comm'rs of Orleans Levee Dist. v. M/V BELLE OF ORLEANS*, 439 F. Supp. 2d 1178, 1188 (S.D. Ala. 2006) ("'In order to invoke Rule C to arrest a vessel, a plaintiff must have a valid maritime lien against the defendant's vessel.'") (citations omitted).  In this case, Plaintiff has no admiralty or maritime claims and thus no basis to arrest the Vessel under Supplemental Rule C because there has been no breach of the payment provisions of the Note.

In *Marubeni America Corp. v. M/V Unity*, 802 F.Supp. 1353 (D.Maryland 1992), vacated an order of vessel arrest for the following reason:  "In reviewing the specific charter party at hand, the Court is not persuaded that a breach has occurred, and thus the Court has not been persuaded that the arrest should not be vacated." Id. at 1356.  Enforcement of a maritime lien must be based on a breach of the relevant maritime agreement.  No such breach has occurred here.  Although the Ship Mortgage creates a maritime lien, a prerequisite to enforcement of that lien is a material breach of the related maritime contract, i.e. the Promissory Note.  Without a breach, there is no "case or controversy" to resolve and no subject matter jurisdiction for the Court to enforce the lien.

### IV.   CONCLUSION

Because Defendants are not in breach of the payment terms of the Promissory Note, no breach has occurred and arrest of the Vessel pursuant to the Supplemental Admiralty Rules was improper.  Defendants therefore respectfully request that the Court dissolve the June 7, 2007 Order of Arrest and release the Vessel from any pre-judgment restrictions on its movement and require that Plaintiff pay all costs of the improper arrest and attachment.

DATED this 9th day of July, 2007.

Respectfully submitted,

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

DAVIS WRIGHT TREMAINE LLP

8

DEF'S MOTION TO DISSOLVE ORDER OF ARREST
Case No. C-05-3927-CW

SFO 365270v1 0084289-000001