COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

McKASSON KLEIN & HOLMES LLP
Mark D. Holmes (SBN 156660
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626
Telephone: (714) 436-1470
Facsimile: (714) 436-1471

Attorneys for Plaintiff and Counter-defendant
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants.<br><br>And Related Counterclaims | Case No.: CV 07-02952 WHA<br><br>**IN ADMIRALTY**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS BARRY AND CHRISTENE COHENS' COUNTERCLAIM; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>F.R.C.P. 12 (b)(6)<br><br>Date: August 23, 2007<br>Time: 8:00 a.m.<br>Courtroom 9, 19th Floor<br>Hon. William H. Alsup<br><br>Complaint Filed: June 7, 2007<br>Trial Date: None scheduled |

-1-

Case No.: CV 07-02952 WHA

NOTICE OF MOTION AND MOTION TO DISMISS – F.R.C.P. 12(b)(6); MPA

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on August 23, 2007 at 8:00 a.m. or on such other date or time as may be ordered by the Court, in Courtroom 9 on the 19th floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff and Counter-Defendant Del Mar Seafoods, Inc. ("Del Mar") will and hereby does move this Court for an Order dismissing the Verified Counterclaim filed by the defendants Barry Cohen and Christene Cohen.

This Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and Northern District Local Rule 7-1, and is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Gregory W. Poulos, the pleadings on file in this action, and on such oral and documentary evidence as may be presented at the hearing on this matter.

Date: July 19, 2007

Gregory W. Poulos, Esq.
COX, WOOTEN, GRIFFEN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff and Counter-Defendant,
Del Mar Seafoods, Inc.

## MEMORANDUM OF POINTS & AUTHORITIES

### I. THE BASIS FOR THIS MOTION

In their answer to the complaint defendants Barry Cohen and Christene Cohen ("Cohens") admit that they have no ownership interest in the Vessel but, rather, that their ownership has been transferred to the F/V Point Loma Fishing Company, Inc ("PLFC"). Since only an entity with an ownership interest in the Vessel may properly sue for wrongful arrest, the Cohens' counterclaim is improper and should be dismissed.

### II. FACTUAL SUMMARY

On June 7, 2007, Plaintiff, Del Mar Seafoods, Inc. ("Del Mar") filed a Verified Complaint for breach of contract and foreclosure of a Preferred Ship's Mortgage against

defendants Barry and Christene Cohen ("Cohens") *in personam*, as well as against the F/V POINT LOMA, Official No. 515298, a 1968 steel-hulled, 126-gross ton, 70.8-foot long fishing vessel, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture and all appurtenances (the "Vessel"), *in rem*. *See*, the concurrently filed Declaration of Gregory W. Poulos ("Poulos Dec."), ¶ 2.

Later that same day the Court issued an order for the arrest of the Vessel pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure. The Vessel was subsequently arrested by the U.S. Marshal and placed in the care of a substitute custodian where it currently remains. Poulos Dec., ¶ 3.

On June 15, 2007, a previously unnamed entity, the F/V POINT LOMA Fishing Company, Inc. ("PLFC"), filed a Verified Claim to the Vessel. Poulos Dec., **Exhibit B**. On June 25, 2007, an answer to the complaint was filed on behalf of the defendants and PLFC. The answer included a verified counterclaim for wrongful arrest. Poulos Dec., **Exhibit C**.

In their Verified Answer the defendants and PLFC allege that PLFC is the owner of the Vessel. Specifically, that "the ownership of the F/V POINT LOMA has since been transferred to the F/V POINT LOMA FISHING COMPANY, INC., subject to the Ship Mortgage." Poulos Dec., **Exhibit C**, at page 2, ¶ 7, lines 8-11.

### III. LEGAL ARGUMENT

This Motion is brought under the authority of Federal Rule of Civil Procedure 12 (b)(6), for failure to state a claim. A motion to dismiss under F.R.C.P. 12 (b)(6) is proper where the claim, on its face, discloses some absolute defense or bar to recovery. As a leading federal practice guide puts it: "A Rule 12(b)(6) motion is similar to the common law general demurrer: i.e., it tests the *legal sufficiency* of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy." Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) pg. 9-52, ¶ 9:187. Here, as explained below, the Cohens' and PLFC's counterclaim is legally insufficient and should be dismissed under F.R.C.P. 12(b)(6).

1. **The Cohens Have Not Asserted Any Ownership Interest In Vessel And Therefore May Not Claim Wrongful Arrest**

Supplemental Rule E(4)(f) for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure provides the mechanism for the release of a wrongly seized vessel. It provides that: *"any person claiming an interest in [the arrested property]* shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated." (Emphasis added.) *See, also*, Supp. Fed. R. Civ. Proc. E(4)(f) advisory committee's note ("Rule E(4)(f) is triggered by the defendant *or any other person with an interest in the property seized*.") The Cohens have made no allegation in their counterclaim that they have *any* interest in the Vessel whatsoever. In fact, at pg. 2 of defendants' answer, ¶ 7, lines 8-12, defendants admit that *the ownership of the Vessel was transferred from the Cohens to PLFC*. Poulos Dec., **Exhibit C**. Without any interest in the vessel, the Cohens lack standing to bring a counterclaim for wrongful arrest.

## IV. CONCLUSION

As discussed above, the defendants' counterclaim should be dismissed for failing to state a claim upon which relief can be granted. Plaintiff Del Mar respectfully requests that the Court dismiss those pleadings under F.R.C.P. 12(b)(6).

Dated: July 19, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Gregory W. Poulos