James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS BARRY AND CHRISTENE COHEN'S COUNTERCLAIMS** <br><br> **Date: August 23, 2007** <br> **Time: 8:00 a.m.** <br> **Place: Courtroom 9, 19th Floor** |

Pursuant to Civil Local Rule 7-3, Defendants, Barry A. Cohen and Chris Cohen (the "Cohens"), the vessel F/V POINT LOMA (the "Vessel") (collectively, "Defendants") and Claimant F/V Point Loma Fishing Company, Inc. ("PLFC"), submit this Opposition to Plaintiff's Motion to Dismiss Barry and Christene Cohen's Counterclaims ("Motion to Dismiss").

**INTRODUCTION**

Plaintiff attempts to argue that the Cohens lack standing such that they should not be allowed to challenge the arrest of the Vessel. The Cohens have standing because (1) they were sued by Plaintiff for enforcement of a promissory note that is secured by a ship mortgage on the

1  Vessel; (2) they signed both the promissory note and ship mortgage and, according to Plaintiff's
2  allegations, have legal obligations under both instruments; and (3) the seized Vessel is their
3  business activity that supports payment of any amounts owed under the note and mortgage and
4  therefore, it is assumed, Plaintiff would look to them for any deficiency.  As such, the Cohens
5  have a sufficient personal interest in the outcome of the case involving the seizure of the Vessel,
6  and are faced with a very real injury in fact because of Plaintiff's actions that they have sought to
7  redress this threatened injury by participating in the defense of this case.  The Cohens are entitled
8  to protect their rights under Supplemental Admiralty Rule E(4)(f) and challenge the arrest of the
9  Vessel, just as their Subchapter S corporation, PLFC, the owner of the Vessel, is so entitled.

## FACTS

Defendants and Claimant PLFC counterclaimed in their Answer to Plaintiff's Complaint challenging the arrest of the F/V POINT LOMA.  The Cohens' Verified Counterclaim sets forth the facts that the arrest was unlawful because there has been no default under the promissory note (the "Note") and thus, Plaintiff seized the Vessel without cause.  Defendants' Answer to Verified Admiralty and Maritime Complaint; Verified Counterclaim (the "Counterclaim") ¶39. Defendants have paid a total of $188,000, including a lump sum of $175,000, on the $215,000 Note and thus do not currently owe any monthly payments.  *Id.*, ¶40.  Notably, Plaintiff failed to raise these facts with the Court when it sought the arrest.  Counterclaim ¶39.

The wrongful arrest of the Vessel interrupted the fishing activities of the Vessel and as result, directly impacts the Cohens' livelihood as well as their ability to earn the income necessary to pay the remaining amount on the Note.  Counterclaim ¶41.

## ARGUMENT

Plaintiff challenges the Cohens' standing to bring a counterclaim for wrongful arrest of the Vessel under Rule E(4)(f) of the Supplemental Admiralty Rules ("Rule E(4)(f)" or the "Rule"). Dismissal of a claim is proper only where there is an absence of facts sufficient to support a legal theory.  *Navarro v. Block*, 250F.3d 729, 732 (9th Cir., 2001) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (claim may be dismissed only if it appears "'beyond doubt that plaintiff can

DAVIS WRIGHT TREMAINE LLP

2

prove no set of facts in support of his claim which would entitle him to relief'")).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, all allegations of material fact in the counterclaim are taken as true and construed in the light most favorable to the nonmoving party, the Cohens.  *See National Wildlife Federation v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995).  Here, as explained below, taken in the light most favorable to the Cohens, the Counterclaim sets forth facts sufficient to establish the Cohens standing to challenge the arrest of the Vessel.

The Cohens' counterclaim demonstrates that they do in fact have standing to challenge the arrest of the Vessel.  The Cohens have standing because they meet all of the standing requirements in that they have 1) suffered an injury in fact, 2) the injury is "fairly traceable" to the actions of the Plaintiff, and 3) the injury will likely be redressed by a favorable decision, i.e., the release of the Vessel.  *Bennett v. Spear*, 520 U.S. 154, 162 (1997), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

1. <u>Injury in fact</u>.  The Cohens allege in their counterclaim that Plaintiff has interfered with their prospective economic advantage by preventing them from earning income, including the source of their income needed to pay off the remaining amount due Plaintiff under the Note, through the disruption of the Vessel's fishing activities of the Vessel because of its erroneous arrest.  Counterclaim ¶41.  Taken in the light most favorable to the Cohens, this claim establishes they have suffered the loss of earning income and the ability to pay off the remaining amount due under the Note.

2. <u>Injury fairly traceable to Plaintiff's actions</u>.  The Cohens also allege in their counterclaim that the loss of the earning income, and their ability to pay off the remaining amount due under the Note, is a direct result of the arrest of the Vessel by Plaintiff.  Counterclaim ¶41. Had Plaintiff not arrested the Vessel, the Cohens would not be without a source of income and would not be unable to earn the income to pay off the remaining amount due under the Note.  Taken as true, the Cohens have established that the injury is "fairly traceable," if not directly a result of, the Plaintiff's arrest of the Vessel.

DAVIS WRIGHT TREMAINE LLP

3. <u>Injury likely to be redressed by favorable decision</u>.  The Cohens' injury, the loss of income and the source of that income needed to pay the remaining amount due under the Note, can be redressed by the Court should it vacate the arrest.  The Cohens allege in their Counterclaim that they are not in default under the Note because they have paid a substantial amount of the Note, $188,000, and that their advance payment of $175,000 in November 2005 is an amount equivalent to 37 monthly payments in advance. Counterclaim ¶¶39, 40.  Taken in the light most favorable to the Cohens, they have not defaulted on the loan and Plaintiff therefore wrongfully and without cause arrested the Vessel.  Their injury can be redressed therefore by vacating the arrest so that they may resume their fishing operations.

Plaintiff argues that, despite the injury suffered as a direct result of the arrest of the Vessel, not to mention the fact that Plaintiff named the Cohens as defendants in the complaint against the Vessel, the Cohens should not be allowed to challenge the arrest of the Vessel.  Plaintiff alleges that are not entitled to challenge the arrest under Rule E(4)(f) because they do not have an ownership interest in the Vessel.  However, Rule E(4)(f) allows "any person" with an interest in the vessel to challenge the arrest.  It does not specify that the interest must in fact be an ownership interest.

Thus, in order to have standing, the Cohens must fall within a "zone of interest" to be protected by Rule E(4)(f). *National Credit Union Admin. v. 1st. Nat. Bank & Trust*, 522, U.S. 479, 488 (1997).  Rule E(4)(f) provides the right to a hearing for "any person" claiming an interest in the seized property.  The Rule is designed to address the concerns raised by the extreme measure where one party can have a boat seized without notice.  Here, Mr. Cohen is President and manager of PLFC and he and his wife, Christene Cohen, each own 50% of the stock in PLFC.  Declaration of Barry A. Cohen in Support of Defendants' Motion to Vacate Order of Arrest ("Cohen Dec.") ¶7.  If PLFC's corporate status should ever become suspended, any "interest" in the vessel passes to the Cohens for tax purposes.  Moreover, Mr. Cohen is acting in his capacity as the agent for PLFC, the owner of the vessel, and may therefore properly challenge the arrest.  Cohen Dec. ¶7.  The Rule would be meaningless if it did not allow Barry

4

and Chris Cohen, as holders of the Note secured by the Vessel and the sole owners of PLFC, the current owner of the Vessel, to step forward and protect their rights tied to the Vessel. Moreover their "interest" in the Vessel stems directly from their role in PLFC and responsibilities to the Vessel itself. Although ownership of the Vessel was transferred to PLFC, the Cohens maintain a direct interest in the Vessel and fall within the zone of interest contemplated by Rule E(4)(f).

Plaintiff argues that Cohens lack standing to challenge the arrest because they do not own the Vessel. However, Plaintiff named the Cohens as defendants in this action as holders of the Promissory Note that is secured by a Preferred Ships Mortgage on the Vessel. As defendants, the Cohens are potentially responsible for the outcome, which directly affects their livelihood. If Plaintiff deems them to be the proper defendants, they should have standing to defend themselves and challenge the arrest of the Vessel for which they are responsible.

## CONCLUSION

The Cohens have standing to challenge the arrest of the Vessel and thus, Defendants and Claimant PLFC respectfully request the Court dismiss Plaintiff's Motion to Dismiss.

DATED this 1st day of August, 2007.

Respectfully submitted,

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, CA 94111-3727
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.