COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

McKASSON KLEIN & HOLMES LLP
Mark D. Holmes (SBN 156660
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626
Telephone: (714) 436-1470
Facsimile: (714) 436-1471

Attorneys for Plaintiff and Counter-defendant
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>    Defendants.<br><br>And Related Counterclaims | Case No.: CV 07-02952 WHA<br><br>**IN ADMIRALTY**<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS F/V POINT LOMA FISHING COMPANY'S AND DEFENDANTS BARRY AND CHRISTENE COHENS' COUNTERCLAIM; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>F.R.C.P. 12 (b)(6)<br><br>Date: August 30, 2007<br>Time: 2:00 p.m.<br>Courtroom 9, 19th Floor<br>Hon. William H. Alsup<br><br>Complaint Filed: June 7, 2007<br>Trial Date: None scheduled |

1. **The Basis For This Reply**

The pending motion addresses a single issue: Whether the Counterclaim for wrongful arrest as brought by the Cohens as *in personam* defendants should be dismissed. The Cohens' Opposition confuses the straightforward issue of whether they may assert a claim for wrongful arrest with amorphous assertions about "prudential standing" under the completely inapplicable Administrative Procedures Act. The relevant statutes and case law firmly establish that a claim for wrongful arrest must be brought by a person with a proprietary interest in the vessel. *Supplemental Rules for Admiralty and Maritime Claims*, Rules C(6)(a)(i) and E(4)(f); *Marine Service Center v. MY WAY*, 574 F.Supp. 1025, 1984 AMC 2574 (W.D. Wash. 1983). Since the Cohen's have admitted that they have no ownership interest in the vessel their counterclaim for wrongful arrest must be dismissed.

2. **A Party Asserting A Counterclaim For Wrongful Arrest Must Have Some Ownership or Possessory Interest In The Vessel**

The arrest of the F/V POINT LOMA was effected pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. Rule C(6)(a)(i) specifies who may file a "responsive pleading" to the arrest. The rule specifically states that such a right is granted only to "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action." By definition a counterclaim is a "responsive pleading." Thus the only party that has the statutory right to counterclaim regarding the arrest of the vessel is a person with a right of possession or ownership interest in the F/V POINT LOMA.

The Cohens admit that ***the ownership of the Vessel was transferred from the Cohens to the PLFC***. Defendants' answer, pg. 2, ¶ 7, lines 8-12, attached as Exhibit C to the Declaration of Gregory W. Poulos in Support of Plaintiff's Motion to Dismiss. The Cohens have not alleged any ongoing ownership or possessory interest in the vessel, and they did not file the required "claim" to the vessel under Supplemental Rule C(6)(a)(i)(A). Without any direct ownership or possessory interest in the vessel, the Cohens lack standing to bring a counterclaim for wrongful arrest. Only the corporation they transferred it to – PLFC – has the requisite ownership/possessory interest.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DMSLPoint Loma/2504

-2-    Case No.: CV 07-02952 WHA
REPLY TO OPPOSITION TO MOTION TO DISMISS – F.R.C.P. 12(b)(6)

A similar issue was dealt with by the Court in *Marine Service Center v. MY WAY*, 574 F.Supp. 1025, 1984 AMC 2574 (W.D. Wash. 1983). In that case the plaintiffs arrested a vessel against which they asserted a maritime lien for repairs, supplies and necessaries supplied to the vessel. A bank then sought to file a claim to the vessel and sought release of the vessel upon posting of security. After initially noting that the state statute on which the bank relied did not create a maritime lien, the Court went on to hold that the term "claimant" as used in Supplemental Rule E(9) (which is the same as in Rules C and E(4)(f)) "refers only to one with a proprietary interest in a vessel." [1] There are many cases in which this rule has been tacitly followed. *See, e.g., Portland Shipping Company v. The Alex Bigson* 44 Fed. 371, 374 (D. Wash.1890) ("the **owner** suffered thereby a serious pecuniary loss"); *The Amiral Cecille* 134 F. 673 (D. Wash. 1905) ("The **owner** of the steamboat Multnomah commenced this suit"); *Artinano v. Grace & Co.* 286 F. 702, 703 (D. Va. 1923) ("the Spanish steamship Consuelo, **belonging** to the plaintiff"); *Frontera Fruit Co. v. Dowling*, 91 F.2d 293 (5th Cir. 1937)("Dowling, **charterer**[2] of the vessel"); *Incas and Monterrey Printing and Packaging, Ltd. v. M/V SANG JIN*, 747 F.2d 958, 960 (5th Cir. 1984) ("Van Weelde, the **time charterer**, alleged that plaintiffs had wrongfully seized the M/V SANG JIN"); *Ocean Ship Supply, Ltd. v. M/V Leah*, 729 F.2d 971, 972 (4th Cir.1984) (" the Caribbean Klif was **sold** to the Leon Finance Company and her name was changed to the Leah."); *Furness Withy (Chartering), Inc. v. World Energy Systems Associates, Inc.*, 854 F.2d 410, 411 (11th Cir.1988)( "Furness Withy converted **Hemmert's property**"). (All emphasis added.)

The requirement that a party claiming wrongful arrest have an ownership or possessory interest in the vessel arrested or attached makes sense, as otherwise the party would not be deprived of any interest that the party could complain of. Consequently, there is both precedent and logic that supports the requirement that a party asserting wrongful arrest must have some ownership or right to possession of the vessel.

---

[1]   The Supplemental Rules make a distinction between the terms "defendant" and "claimant." See Rule E(2)(a). Thus certain rights are only given to the "claimant" under Rule C(6). The comments emphasize that the right to claim belongs to "anyone having the right to possession."

[2]   It is undisputed that a vessel time charterer has a possessory interest in the vessel during the time charter.

### 3. The Cohens' Own Authorities Demonstrate They Do Not Have Standing

The Cohens seek to avoid the rule by arguing that because they are shareholders in the corporation that owns the Vessel they should be allowed to maintain a counterclaim for the wrongful arrest of the Vessel. In making this argument, the Cohens are putting forward a theory that Rule C should be expanded to allow persons or entities with derivative interests to also file counterclaims arising from the arrest. The rule against allowing corporate officers or shareholders to bring claims that rightly belong to the Corporation is well established.

*Stein v. U.A. Corp.*, 691 F.2d 885 (9th Cir. 1982) illustrates the requirement that the claim must be for an injury to the plaintiff himself or herself – as opposed to a corporation of which he or she might be a shareholder. In *Stein*, the primary shareholder and officer of a corporation attempted to sue the defendant corporation for antitrust injuries. Stein alleged that the defendant's actions were intended "to drive *him* [personally] out of the industry." *Id.* at 897 (emphasis in the original). In denying standing to the individual shareholder, the Ninth Circuit noted that regardless whether the actions taken by the defendant corporation were focused on the corporation or the individual shareholder, the alleged wrongdoing was carried out against the ***plaintiff's corporation***. *Id.*

The *Stein* court reasoned that:

> The prohibition against shareholder standing in the above cases is premised on the prohibition against ***duplicate recovery***, in addition to considerations of ***remoteness***. If the corporation is injured by an antitrust conspiracy or violation, ***the corporation is the proper party to sue, and injured shareholders and creditors of the corporation recover their losses from the corporation's recovery***, as it is distributed or as reflected in stock prices. (citations omitted). If shareholders were permitted to recover their losses directly, there would be the possibility of a double recovery, once by the shareholder and again by the corporation.

*Id.* at 896-897 (emphasis added).

Similarly, in *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993), the Seventh Circuit held that because shareholder's injuries were all derivative, *i.e.,* they derived from the fact that the corporation suffered a loss, the plaintiff himself was not the real party in interest and

therefore could not maintain an action in his own name. The court observed: "The rule is similar to, though distinct from, the requirement that the plaintiff have standing to sue, in that both standing and real party in interest "are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." (Citing 6A Charles Alan Miller et al., *Federal Practice & Procedure* § 1542 (2d ed. 1990).

In this case, the Cohens have not suffered any ***direct*** injury to their legal rights or interests as a result of Del Mar arresting the Vessel; only PLFC, the legal owner, possessor, and user of the Vessel, could have possibly suffered any direct injury. By contrast, the only potential injury to the Cohens, therefore, is the indirect – usually referred to as "derivative" – injury of having their shares in PLFC suffer in value as a result of PLFC being unable to conduct its business without the Vessel. This indirect and derivative injury cannot confer standing on the Cohens to assert a claim for wrongful arrest.

The Cohens also argue that Mr. Cohen should be able to maintain the action "in his capacity as the agent for PLFC." This misstates the law of agency. Arguably, the Corporation can, and has, filed a counter-claim for wrongful arrest. The mere fact that Cohens may be an agents of the Corporation, however, does not confer upon them the capacity as individual defendants to maintain a counterclaim for wrongful arrest of a vessel that they have no ownership interest in. Mr. Cohen's status as an agent for the corporation, even if true, does not confer upon him the requisite possessory interest in the vessel.

Finally, the Cohens argue that because they hold a note on the vessel they should be allowed "to step forward and protect their rights tied to the Vessel." This is no different than the issue faced by the Court in the *MY WAY* case cited above. In that case the holder of a note *was* precluded from acting as a claimant to the vessel since possession of a note does not confer a possessory or ownership interest in the vessel. Moreover, the Cohens can protect their rights by defending the *in personam* action that was filed against them. The present motion simply asks for an order finding that they cannot maintain a counterclaim for the wrongful arrest of a vessel that they do not own.

///

1       The Cohens also mistakenly cite *Bennett v. Spear* (1997) 520 U.S. 154, 162, and *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560-561. Those cases address the issue of standing to challenge government regulations, not standing required to challenge a maritime arrest under the special rules applicable to maritime *in rem* proceedings. Even if they were applicable, however, the standards relied on in *Bennett* and *Lujan* directly contradict the Cohens' assertion that they have standing.

      In *Lujan, supra,* the United States Supreme Court set forth three requirements for standing: 1) the plaintiff must have suffered an "injury in fact" which is a legally protected interest both concrete and particularized and actual not conjectural; 2) there must a causal connection between the injury and the conduct complained of; and 3) it must be likely that the injury will be redressed by a favorable outcome. 504 U.S. at 560-561. The party invoking federal jurisdiction bears the burden of establishing these elements. See *FW/PBS, Inc. v. Dallas* (1990) 493 U.S. 215, 231; *Warth, supra,* 422 U.S. at 508.

### a. The Cohens Cannot Satisfy The "Injury In Fact" Requirement

      The Supreme Court in *Lujan* was clear that the "injury in fact" test requires that the party seeking review be himself among the injured." *Lujan, supra*, 504 U.S. at 663. In other words, in order for a plaintiff to have standing, the claim must be for an injury to his or her own legal rights and interests, rather than the legal rights or interests of third parties. *See, Elk Grove Unified School Dist. v. Newdow* (2004) 542 U.S. 1, 14, 124 S.Ct. 2301, 2310 (father lacked prudential standing to challenge school policy requiring daughter to recite pledge of allegiance).

      The "injury in fact" alleged by the Cohens is that the arrest has disrupted their ability to earn money from the Vessel's operations. While that may be true, it does not rise to the level of a legally protected (i.e. possessory) interest in the Vessel. Only PLFC has such a legally protected interest.

///

///

///

      **b.   Because The Cohens Do Not Have A Sufficient Interest In The Vessel, They Cannot Satisfy The "Causal Connection" Or The "Redressability of Injury" Requirements Either**

Because the Cohens do not have a legally protected interest in the Vessel, they have suffered no real injury and, therefore, there can be no causal relationship between Del Mar arresting the Vessel and any injury to the Cohens. Rather, only PLFC, the corporation that owns the Vessel, could show such an injury in fact, and therefore could arguably show such a causal connection.

Further, it is not "likely" that any injury to the Cohens will be "redressed by a favorable decision" *Lujan, supra.* 504 U.S. at 560. The gravamen of a wrongful arrest claim is "deprivation of possession" of the property arrested (see discussion of "conversion" and "wrongful arrest or attachment" in *Furness Withy (Chartering), Inc. v. World Energy Systems Associates, Inc.,* 854 F.2d 410, 412 (11th Cir.1988). Consequently, the absence of any right to ownership or possession of the Vessel by the Cohens makes it impossible for the Court to redress any harm to the Cohens. Rather, it would be only PLFC, the Cohens' corporation, that might arguably be redressed by a favorable decision.

**6.   CONCLUSION**

As discussed above, the Cohens' counterclaim should be dismissed for failing to state a claim upon which relief can be granted. Plaintiff Del Mar respectfully requests that the Court dismiss those pleadings under F.R.C.P. 12(b)(6).

Dated: August 16, 2007

                                          COX, WOOTTON, GRIFFIN,
                                          HANSEN & POULOS, LLP
                                          Attorneys for Plaintiff
                                          DEL MAR SEAFOODS, INC.

                                  By: _____/s/_____
                                        Gregory W. Poulos

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DMSI.Point Loma/2504