**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**McKASSON KLEIN & HOLMES LLP**
Mark D. Holmes (SBN 156660
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626
Telephone: (714) 436-1470
Facsimile: (714) 436-1471

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. <br><br> And Related Counterclaims | Case No.: CV 07-02952 WHA <br><br> **EMERGENCY APPLICATION FOR STAY OF COURT'S ORDER VACATING THE ARREST OF THE VESSEL AND FOR CLARIFICATION OF THE ORDER** |

Plaintiff DEL MAR SEAFOODS, INC. hereby moves for an emergency order staying the enforcement of the Court's Order dated August 17, 2007 vacating the arrest of the defendant Vessel F/V POINT LOMA.

I. **BASIS FOR THIS MOTION**

Plaintiff is moving for the extraordinary relief of staying the Court's Order vacating the arrest of the Vessel because *1) the Court's order finding that the lump sum $175,000 payment may have prepaid the monthly payments due on the note is wrong as a matter of both law and contract; and 2) plaintiff will be irreparably harmed as soon as the Vessel is released from arrest.* In the event that the motion for stay is denied, plaintiff also asks for clarification of the Court's Order regarding insurance and hypothecation of the vessel.

II. **ARGUMENT**

    A. **The Promissory Note Specifically Provides That The $175,000 Payment Does Not Relieve The Obligation To Make Monthly Payments "Each Succeeding Month Until Principal and Interest Are Fully Paid."**

The Promissory Note provides in its opening paragraph that payments are to be applied to interest first but that payments must be made "on the 15th day of each succeeding month *until principal and interest are fully paid.*" *See*, Promissory Note attached as **Exhibit B** to the concurrently filed Declaration of Max L. Kelley ("Kelley Dec."). There is no provision that allows for modification of this essential term. In addition, Mr. Cohen's declaration filed in support of the motion to vacate the arrest does not state that he ever asked for or obtained Del Mar's agreement to modify this term of the Promissory Note. In paragraphs 11 and 12 of his declaration he states only that "It was [his] *understanding* that this payment (and the earlier one) reduced the total amount of the debt from $215,000 to $35,0000" *and* that "monthly payments were covered well into the future…" Declaration of B. Cohen in Support of Defendant's Motion to Vacate Arrest ("Cohen Dec."), ¶ 12, attached as **Exhibit D** to Kelley Dec., emphasis added. Mr. Cohen never declares that Del Mar agreed with his unilateral *understanding*. Simply put, Mr. Cohen has submitted no evidence that Del Mar agreed to an oral modification of the terms of the Promissory Note requiring ongoing payments in "each succeeding month until principal and interest are fully paid." Del Mar has repeatedly disputed Mr. Cohen's version and has denied that it agreed to any such oral modification of the promissory note.

///

**B.  California Civil Code Section 1479 Gave Del Mar The Absolute Right To Apply The Payments To "any obligation" Of The Debtor**

California Civil Code Section 1479 provides that unless the debtor manifests his intention or desire for how payments are to be applied, the creditor (Del Mar) "may apply it toward the extinction of *any obligation, performance of which was due to him from the debtor at the time of such performance....*" Kelley Dec., **Exhibit E**. As noted above, Mr. Cohen's declaration filed in support of the motion to vacate the arrest does not show that he manifested any intention at the time that he made the $175,000 payment. Rather, his declaration sets forth only his "expectation" and his "understanding." Kelley Dec., **Exhibit D, ¶ 12**, Without having first received a specific direction from Mr. Cohen as to how the payment was to be applied, Del Mar was entitled to apply it as required under the Promissory Note.

**C.  The Court's Order Requiring The Vessel To Remain Within The Boundaries Of The Northern District Of California Is Certain To Be Violated**

The concluding paragraph of the Court's order requires the *in personam* defendants not to "take the vessel outside the jurisdiction." This Court's jurisdiction extends from the Oregon border south to line between Monterey and San Luis Obispo counties, and seaward for only three (3) miles. Cal. Const., Art. III, § 2; Cal. Gov. Code § 170. Beyond those boundaries the Vessel will be outside the reach of this Court. *GM Gold & Diamonds LP v. Fabrege Co, Inc.*, 489 F.Supp.2d 725, 727 (S.D. Tex. 2007) ("Under traditional principles of jurisdiction, a court's *in rem* powers cannot extend beyond the state's borders," quoting *Hanson v. Denckla* (1958) 357 U.S. 235, 246 ("the basis of the [*in rem*] jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum state," citations omitted.).

Once the Vessel leaves the jurisdiction of this Court, plaintiff will suffer irreparable harm as all of its previous *in rem* rights over the Vessel will potentially be irretrievably lost leaving plaintiff with only *in personam* rights against a defendant who has admitted both that he resides outside the jurisdiction of this Court, and who's sole source of income is social

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

security payments that are not subject to attachment.[1] Kelley Dec., **Ex. D**, Cohen Dec. at ¶¶ 1 and 16.

Defendant Cohen has stated that he intends to use the Vessel to resume fishing operations. In his declaration filed in support of the motion to vacate the arrest, Mr. Cohen stated under oath:

> The F/V POINT LOMA engaged in the groundfish fisheries located outside the State of California and in the U.S. Exclusive Economic Zone ("EEZ") (from three to 200 nautical miles)…I have never used the vessel to fish anywhere except in the EEZ off California."

*Id.* at ¶9. By his own admission, if the Vessel is allowed to be released from arrest and engages in fishing operations as Mr. Cohen has said, he will naturally be violating the Court's Order.

### D. The Court's Order Is Unclear Regarding Whether Proof Of Insurance Must Be Provided Prior To The Vessel's Release

The parties have already found that they are in disagreement regarding the terms of the Court's Order. The concluding paragraph of the Order states that the defendants are required to keep the vessel insured. It is presumed that the insurance required by the Court is the same insurance that is required under the Preferred Mortgage. Kelley Dec., **Ex. C**, ¶3. Plaintiff has requested that proof of this insurance be provided prior to the Vessel's release but defendants have refused to provide this proof in a timely fashion. Kelley Dec., **Exhibit F**. If the Vessel leaves the possession of the substitute custodian without insurance in place which names the plaintiff Mortgagee as the loss payee, and if the vessel is subsequently lost or destroyed, then plaintiff's *in rem* rights would be worthless. Plaintiff asks for the Court to clarify its Order regarding proof of insurance.

### E. The Court's Order Preventing The Hypothecation Of The Vessel Will Certainly Be Violated By Operation Of Law

The Court's order requires that the Vessel not be hypothecated. The defendants have

---

[1] 42 U.S.C. 407(a).

however already stated as noted above that they intend to use the Vessel for fishing operations. The defendants cannot both fish the Vessel and comply with this provision which the Court has recognized are necessary to protect plaintiff's interest under the Preferred Ship Mortgage.

Under the Federal Maritime Lien Act, 46 U.S.C. §31342, a maritime lien is statutorily created for all seaman's wages and necessaries supplied on the credit of the vessel. In paragraph 16 of Mr. Cohen's declaration filed in support of the motion to vacate the arrest, he stated under oath that he was paying $2,000 per week to keep the crew available for his fishing operations. Kelley Dec., **Ex. D**, ¶ 16. Obviously the salaries earned by these crew members would be much greater during actual fishing operations, and they are customarily paid based on a percentage of the catch. These same crew members would also have a lien against the Vessel for any personal injuries that they might suffer while in the service of the vessel.

Maritime liens are also created for all necessaries supplied to the vessel. Necessaries include such items as fishing supplies, fuel, berthing, and insurance. Unless the defendants are able to pay cash for each of these items, and numerous others, they will inevitably violate the Court's Order. Each time they incur these expenses they will also diminish the value of plaintiff's preferred ship mortgage as all of these suppliers will become potential claimants in the event that the Vessel is ever subject to judicial sale.

**E.   There Is A Better Way To Reach A Fair Result: The Court Should Keep The Vessel Under Arrest And Hold A Hearing Pursuant To Rule E(5)**

Rule E(5)(a) of the Supplemental Rules allows the Court to hold a hearing on the amount of the claim "fairly stated" and to then set that amount, plus interest and costs, as security for the release of the vessel from arrest. Such a hearing allows the Court to maintain its *in rem* jurisdiction over the vessel and, once security is posted to replace the vessel, to transfer the *in rem* jurisdiction to the security so provided. This is the procedure that should have been followed in this case as it both preserves the Court's *in rem* jurisdiction and provides the defendant with an opportunity to have a hearing on the amount of the claim and

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-5-   Case No.: CV 07-02952 WHA
EMERGENCY APPLICATION FOR STAY OF ORDER VACATING THE ARREST OF THE VESSEL AND FOR CLARIFICATION

1   security required.

2   **III. CONCLUSION**

3   The Court's Order granting the motion to vacate the arrest did not take into account that the order in which payments are to be applied is specifically provided for under both the Promissory Note and by California Civil Code §1479. Both provide for application of the payments first to interest and then to principal, without relieving the defendant of the obligation to continue making regular monthly payments. The defendant has come forward only with evidence regarding his *understanding* and *expectation* but with no solid evidence that the plaintiff ever agreed to waive the monthly payment provisions of the Note. Moreover, defendant denies that such an agreement was ever made. The order vacating the arrest is in error as a matter of both law and contract, and it should be set aside.

In addition, the Court's Order allowing the vessel to be released from arrest will result in the Court losing jurisdiction over the Vessel and the plaintiff thereby losing its *in rem* rights that it has over the Vessel. As noted above, it is a virtual certainty that once the Vessel is released from arrest it will leave the Court's jurisdiction. As set forth in Plaintiff's soon-to-be-filed Motion for Leave to Move for Reconsideration, Plaintiff strongly believes the Court failed to consider material facts and dispositive legal arguments in granting defendants' motion to vacate the arrest.

Given the very real and probable danger that the Vessel will find its way outside of the Court's jurisdiction and that defendants will otherwise violate the Court's Order, and the resulting irreparable harm to Del Mar resulting from these probabilities, the Court should stay the Order vacating the arrest at least until Plaintiff has an opportunity to move for leave to seek reconsideration of the Court's Order.

Dated: August 20, 2007                COX, WOOTTON, GRIFFIN,
                                      HANSEN & POULOS, LLP
                                      Attorneys for Plaintiff
                                      DEL MAR SEAFOODS, INC.

                                      By: _____/s/_____
                                          Gregory W. Poulos
                                          Max L. Kelley