**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**McKASSON KLEIN & HOLMES LLP**
Mark D. Holmes (SBN 156660
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626
Telephone: (714) 436-1470
Facsimile: (714) 436-1471

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. <br><br> And Related Counterclaims | Case No.: CV 07-02952 WHA <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST** |

Plaintiff DEL MAR SEAFOODS, INC. ("Del Mar") submits this motion for leave to file a motion for reconsideration of the Court's Order dated August 16, 2007 granting Defendant's Motion to Vacate Arrest.

-1-    Case No.: CV 07-02952 WHA

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST

## I. THE BASIS FOR THIS MOTION

Pursuant to Local Rule 7-9 (b)(3), this Motion is made on the grounds that the Court failed to consider material facts and dispositive legal arguments which were presented to the Court before the Court issued its Order. The material facts and dispositive legal arguments the Court did not to consider are that:

1) The terms of the Promissory Note and the Mortgage do not relieve the defendants of their obligation to make monthly payments simply because they made a large lump sum payment;

2) Defendant Barry Cohen ("Cohen") never expressed to Del Mar that he wanted his $175,000 payment to pre-pay his monthly obligations under the Note;

3) California Civil Code section 1479 entitles Del Mar to apply the payment towards interest and principal with no prepayment of defendants' monthly obligation;

4) if Cohen had prepaid his monthly payments through February 2009, why did he make additional payments in January, February and March, 2007?

5) the defendant admitted that he had not made any monthly payments from December, 2005 through December, 2006, and after March, 2007.

Furthermore, this Motion for Leave is made on the basis of Local Rule 7-9 (b)(2) whereby defendant has just revealed to plaintiff that the insurance certificate on the Vessel fails to state by its terms that any proceeds due under the policy "be payable to Mortgage[e] for account of Mortgage[e] and Owner as their respective interests may appear . . ." Mortgage at ¶ 3. In other words, Del Mar, as Mortgagee, must be named as an additional assured/loss payee under the policy, at least in the amount outstanding under the Note. The policy that defendant has submitted to the Court does not show Del Mar named as an additional assured or loss payee and, under Paragraph 3 of the Mortgage, and Article 2 ("Default"), para. 1(a), this constitutes a default by defendants. Under Article 2, para. 1(b)(a) plaintiff is entitled to accelerate the principal and interest due on the Note making the full amount due and payable forthwith.

Plaintiff intends to provide notice to defendants that the amounts due under the Note

are now accelerated and will amend the Complaint to allege the same. Furthermore, subsequent to the filing of the Complaint, plaintiff has become aware of additional grounds for default.

1. **Under The Terms Of The Note And Mortgage The $175,000 Lump Sum Payment By Defendants In November 2004 Did Not Relieve Them Of Their Obligation To Make Monthly Payments**

The Promissory Note provides in its opening paragraph that payments are to be applied to interest first and that *payments must be made "on the 15th day of each succeeding month until principal and interest are fully paid."* See, Promissory Note attached as **Exhibit A** to the concurrently filed Declaration of Max L. Kelley ("Kelley Dec."). There is no provision in either the Note or Mortgage that allows for modification of this essential term. Mr. Cohen's declaration filed in support of the motion to vacate the arrest does not state that he ever asked for or obtained Del Mar's agreement to modify this term of the Promissory Note. In paragraph 11 his declaration Cohen states that he made the $175,000 lump sum payment to Del Mar with the "*expectation* that . . . the payment comprised advance monthly payments into the future." Cohen further declares that "[i]t was my *understanding* that this payment (and the earlier one) reduced the total amount of the debt from $215,000 to $35,0000" *and* that "monthly payments were covered well into the future..." Declaration of B. Cohen in Support of Defendant's Motion to Vacate Arrest, ¶ 11 (emphasis added), attached as **Exhibit B** to Kelley Dec. Mr. Cohen never declared that Del Mar agreed with his unilateral *understanding* or *expectation*. Simply put, Mr. Cohen has submitted no evidence that Del Mar agreed to an oral modification of the terms of the Promissory Note requiring ongoing payments in "each succeeding month until principal and interest are fully paid." Del Mar has repeatedly disputed Mr. Cohen's version and has denied that it agreed to any such oral modification of the Promissory Note.

2. **California Civil Code Section 1479 Entitled Del Mar To Apply The $175,000 Lump Sum Payment To The Note's Interest And Principal**

California Civil Code Section 1479 provides that unless the debtor (Cohen) manifests

-3-    Case No.: CV 07-02952 WHA
PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST

his intention or desire as to how his payments are to be applied to his debts, the creditor (Del Mar) "may apply it toward the extinction of *__any__ obligation, performance of which was due to him from the debtor at the time of such performance . . . .*" (emphasis added). As noted above, Mr. Cohen's declaration filed in support of the motion to vacate the arrest does not evidence that he manifested *any* intention at the time that he made the $175,000 payment, much less manifested his expectation that the payment would prepay his monthly obligations. Rather, his declaration sets forth only his "expectation" and his "understanding." Without first having learned from Mr. Cohen that he wanted the payment to prepay his monthly obligations, Del Mar was entitled by the Promissory Note to apply it towards the interest and principal only.

3. **If Cohen Prepaid His Monthly Obligations Through February 2009, Why Did He Make Additional Monthly Payments In January, February And March 2007?**

Cohen has claimed that his $175,000 lump sum payment to Del Mar in November 2005 prepaid his monthly obligations through February 2009. Cohen Dec., ¶ 15. Why then did he make additional monthly payments in January ($2,000), February ($3,000), and March ($3,000), 2007? His declaration states that "after being asked by Joe Roggio to make payments on what I owed, but did not specify any amount or for what." This begs the questions: why didn't Cohen ask Mr. Roggio the amount he should pay and for which obligation, and **why didn't Cohen tell Mr. Roggio that he had prepaid his monthly obligations through February 2009?** The fact that Cohen made monthly payments in February and March, 2007 equal to his monthly obligation under the Note ($3,000), and a $2,000 payment in January 2007, was not considered by the Court and refutes Cohen's claim that the $175.000 payment prepaid his monthly obligations under the Note through February 2009.

Because Cohen's large payment in November 2005 did not relieve him of his obligation to continue making monthly payments, his failure to make any such payments in 2006 and in April, May and June 2007 clearly resulted in his being in default. The Court's Order states "[plaintiff has] also failed to establish that defendants were behind on that

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-4-   Case No.: CV 07-02952 WHA
PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST

$3,000 per month schedule . . ." However, by defendant's own admission, he made no monthly payments in 2006, or after March 2007. Cohen Dec., ¶ 14 (**Ex. B** to Kelley Dec.).

### 4. Plaintiff Has Learned Today That Defendants Are In Default Under The Terms Of The Mortgage For Failing To Have The Insurance On The Vessel Naming Del Mar As An Additional Assured Or Loss Payee

At 11:13 a.m. today, August 21, 2007, counsel for plaintiff received an e-mail with a link to plaintiff's insurance policy covering the Vessel that was filed with the Court. Kelley Dec., ¶ 4, and **Exhibit C**. That policy names the assured, the owner of the Vessel, "F/V Point Loma Fishing Co.., Inc.," as the only assured and loss payee under the policy. This is a direct violation of the requirement in Paragraph 3 of the Mortgage requiring the defendant/mortgagor to obtain insurance on the Vessel that is "payable to Mortgage[e] for account of Mortgage[e] and Owner as their respective interests may appear . . ." Kelley Dec., **Exhibit D**, ¶ 1(a). That is, the insurance covering the Vessel is required to name Del Mar as an additional assured and/or loss payee. Such an endorsement is normally required under a ship mortgage to ensure that if anything were to happen to the vessel subject to the policy of insurance, the Mortgagee's interest in the vessel would be protected and it would be entitled to recover directly from the insurer under the policy.

Because the defendants are therefore in default, under Article 2, para. 1(b)(a) of the Mortgage, plaintiff is entitled to accelerate the principal and interest due on the Note making the full amount due and payable forthwith.

Plaintiff will provide notice to defendants that the amounts due under the Note are now accelerated and due and will amend the Complaint to allege the same. Furthermore, subsequent to the filing of the Complaint, plaintiff has become aware of additional grounds for default.

The failure of defendants to name plaintiff as an additional assured/loss payee on the insurance policy covering the Vessel evidences a clear default by defendants under the terms of the Mortgage, and was not before the Court at the hearing on defendants' motion to vacate the arrest. Plaintiff requests that this additional information be considered by the Court in

determining whether to grant leave to Plaintiff to file a motion for reconsideration.

## II. **CONCLUSION**

For the reasons discussed above, Plaintiff believes there are numerous grounds under Local Rule 7-9 (b) to find that good cause exists for granting Plaintiff leave to file a motion for reconsideration of the Court's Order dated August 17, 2007 vacating the arrest of the Vessel.

Respectfully submitted,

Dated: August 21, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: *[signature]*
Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504