James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:    (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST; OPPOSITION TO EMERGENCY APPLICATION FOR STAY OF COURT'S ORDER VACATING THE ARREST OF THE VESSEL AND CLARIFICATION OF THE ORDER** |

Defendants Barry Cohen, Chris Cohen (aka Christene Cohen), the vessel F/V POINT LOMA, and Claimant F/V Point Loma Fishing Company, Inc., (collectively, "Defendants") submit this Opposition to Plaintiff's Motion for Leave to File Motion for Reconsideration of Order Vacating Arrest ("Motion for Leave") and Opposition to Emergency Application for Stay of Court's Order Vacating the Arrest of the Vessel and Clarification of Order.

**I.     Introduction**

Having failed in its first effort to persuade this Court that it had probable cause for the

1
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST                                                                                SFO 372038v1 0084289-000001
Case No. C-07-02952-WHA

arrest of Defendants' fishing vessel, Plaintiff now seeks a Motion for Leave to file a motion to reconsider this Court's Order Granting Motion to Vacate Arrest, entered August 17, 2007 (the "Order"). However, Plaintiff fails to make the showings required by Local Rule 7-9(b) in its Motion for Leave and instead, has simply changed theories to try again. Plaintiff's attempt to get a "second bite at the apple" does not raise any new material issues or facts or questions of error that would justify the exceptional measure of reconsideration of the Order. The Court did not rule on any ultimate issues in this action. The essence of Plaintiff's claims is that Defendants owe it money under a Promissory Note. This issue was not before the Court at the probable cause hearing. Accordingly, the Court decided, based on evidence before it from both parties, that Plaintiff did not meet its burden to show it had probable cause for the arrest of the Defendants' vessel and it ordered the release of the vessel. This decision does not end Plaintiff's claims in any way. Nevertheless, Plaintiff is questioning the Court's decision and asking the Court to reconsider this interlocutory decision without making the required showings under Local Rule 7-9.

**II.     Argument**

        A.     <u>Plaintiff does not show emergence of new material facts or failure of Court to consider material facts or dispositive legal motions in accordance with Local Rule 7-9(b).</u>

Plaintiff is asking this Court to revisit its decision to vacate the order of arrest without providing the basis for such a request required by Local Rule 7-9(b). Motions for reconsideration "serve a very limited purpose." *Federal Deposit of Insurance Corp. v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994). Such a motion "is appropriate only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (internal citations omitted). However, the Local Rules specifically provide that Motions for Leave must show the Court clearly erred in not considering material facts or dispositive legal arguments or show the emergence of new facts to justify granting such leave. L.R. 7-9(b)(2)-(3). Plaintiff has failed to show that leave to file a Motion for Reconsideration should be granted in accordance with these Local Rules.

2
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST     SFO 372038v1 0084289-000001
Case No. C-07-02952-WHA

1  Plaintiff had the burden to prove probable cause at the Rule E(4)(f) hearing under the Supplemental Admiralty Rules (the "Supplemental Rules") and Plaintiff's arguments for its Motion for Leave for the Court to reconsider its finding of no probable cause for the arrest of the F/V POINT LOMA are unpersuasive. *See* Supplemental Rule E(4)(f) (any person claiming an interest in arrested property "shall be entitled to prompt hearing at which **plaintiff** shall be required to show why the arrest or attachment should not be vacated….") (*emphasis added*). Contrary to Plaintiff's contention that this Court did not consider certain facts and legal arguments that would support its Motion for Leave, a Motion for Leave is not justified and should be denied.

In the Court's Order, the Court did not address or rule on the ultimate issues in this action which focus on the amount that Plaintiff alleges Defendants owe, if any, under the terms of the Promissory Note. The issue before the Court at the Rule E(4)(f) hearing was simply whether Plaintiff had probable cause to undertake the drastic, and unjustified, step of arresting Defendants' vessel for an alleged breach of a Promissory Note for which it is undisputed that Defendants have paid at least $188,000 ($175,000 of which Defendants paid in a lump sum advance payment even though not required to do so by the Promissory Note). *See* Order at p. 5. The facts and issues now raised by Plaintiff address the alleged default of Defendants and are essentially the same as the arguments it raised before the Court at the Rule E(4)(f) hearing. The Court considered these arguments, found them unpersuasive, and ruled accordingly.

Plaintiff argues that the Court has failed to consider certain facts and arguments in reaching its decision to vacate the order of arrest. However, Plaintiff fails to show there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before it issued the Order. L.R. 7-9(b)(3). Plaintiff failed to meet its burden to show probable cause and now all of Plaintiff's arguments are merely attempts at re-arguing the same legal theories that it raised at the probable cause hearing where it already had the opportunity to argue that Defendants' defaulted under the Promissory Note for not making their monthly payments. Plaintiff essentially argues, again, that the $175,000 lump sum advance payment did not relieve Mr. Cohen of his obligations under the Promissory Note to make monthly payments

DAVIS WRIGHT TREMAINE LLP

3
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST                                               SFO 372038v1 0084289-000001
Case No. C-07-02952-WHA

1 and thus he was in default. This is the very issue that the Court considered in concluding that
2 Defendants were not in default and Plaintiff lacked probable cause for the arrest of the vessel.

3 Plaintiff makes these arguments in violation of Local Rule 7-9(c) that prohibits the
4 repetition of arguments in a Motion for Leave. "No motion for leave to file a motion for
5 reconsideration may repeat any oral or written argument made by the applying party in support of
6 or in opposition to the interlocutory order which the party now seeks to have reconsidered." L.R
7 7-9(c). Plaintiff's arguments are based on the terms of the Promissory Note and Mr. Cohen's
8 Declaration in Support of the Motion to Vacate the Order of Arrest. Exhibits A and B to
9 Declaration of Max L. Kelley in Support of Plaintiff's Motion for Leave to File Motion for
10 Reconsideration of Order Vacating Arrest ("Kelley Reconsideration Dec."). Neither of these
11 documents is new to the Court and they shed no new light on whether Plaintiff had probable cause
12 to arrest the vessel. *See e.g.*, Exhibit B to the Complaint (ship mortgage); Exhibit B to Declaration
13 of Gregory Poulos in Support of Plaintiff's Motion to Dismiss Defendants Counterclaims (ship
14 mortgage); Exhibit B to Declaration of Joe Cappuccio in Support of Plaintiff's Opposition to
15 Motion to Vacate Order of Arrest (ship mortgage).

16 Moreover, the issues raised by Plaintiff are immaterial and irrelevant to reconsideration of
17 the Court's finding that Plaintiff lacked probable cause for the arrest of the vessel. Regardless of
18 any of Plaintiff's arguments, it cannot and does not contest the fact that Mr. Cohen paid at least
19 $188,000 to Plaintiff under the Promissory Note. As the Court stated in the Order, "paying via
20 lump sum prepayment rather than by monthly payments does not mean defendants are in default."
21 Order at p. 5. Rather than raise any new issues or facts, Plaintiff has merely attempted to re-cast
22 its unpersuasive arguments that it already raised before the Court. Plaintiff has failed to provide a
23 single "new" reason why this Court should reconsider its conclusions and the Order vacating the
24 arrest for lack of probable cause.

25 Plaintiff also attempts to argue that "new" facts have come to its attention that justify
26 granting its Motion for Leave. Under Local Rule 7-9(b)(2), the party seeking leave for a motion
27 for reconsideration must show "the emergence of new material facts or a change of law occurring

4
28 DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST
Case No. C-07-02952-WHA

SFO 372038v1 0084289-000001

1 after the time of such order." *See also, Mayo v. Dean Witter Reynolds, Inc.*, 258 F.Supp. 2d 1097, 1103-1104 (N.D. Cal. 2003) (motion to vacate construed as motion for reconsideration pursuant to Local Rule 7-9(b)(2) denied for failure to show intervening change in circumstances). Plaintiff fails to meet this standard because no new material facts or law have come to light in the past six days since the Court entered the Order that would justify the extraordinary measure of requiring the Court to reconsider the Order. *See e.g.*, *Federal Deposit of Insurance Corp. v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994) (motion for reconsideration denied).

Plaintiff alleges that the failure to include Plaintiff as an insured on Defendants' insurance policy provides additional evidence of Defendants' default. Notably, Local Rule 7-9(b)(2) requires that the moving party show the emergence of "new **material** facts" as part of its motion for leave. L.R. 7-9(b)(2) (emphasis added). Plaintiff attempts to argue that this alleged "new" fact justifies the Motion for Leave because it has just now come to Plaintiff's attention when Defendants submitted their Notice of Insurance Coverage to the Court on August 21, 2007 and further supports their position that Defendants are in default under the ship mortgage. However, Plaintiff misconstrues the issue resolved by the Order. The question facing the Court was whether Plaintiff had probable cause to arrest the vessel at the time of the arrest for the alleged failure of Defendants to make payments.

Whether or not Plaintiff is named on Defendants' insurance policy is irrelevant and immaterial to the question of whether there was probable cause that Defendants had failed to make payments under the Promissory Note to justify the arrest. Plaintiff cannot and does not dispute the fact that Defendants paid at least $188,000 under the Promissory Note.

Moreover, the issue of whether Plaintiff was named on the insurance policy could have reasonably been discovered prior to the arrest and also prior to entry of the Order. *Federal Deposit of Insurance Corp.*, 850 F. Supp. at 845 (motions for reconsideration "are not to be used to test new legal theories that could have been presented when the original motion was pending"); *see also e.g., Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (*citing*

5
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST
Case No. C-07-02952-WHA

SFO 372038v1 0084289-000001

1 *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) for proposition that "reargument 'should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"). Plaintiff cites to the terms of the ship mortgage in support of its argument that failure to include Plaintiff on the insurance policy is evidence of default under the terms of the mortgage. Not only did Plaintiff draft the mortgage and should have been fully aware of the terms it included in its own document, it has had ample opportunity to review the mortgage prior to the arrest. In fact Plaintiff has cited to the mortgage in nearly every pleading it has filed with the Court. *See e.g.*, Exhibit B to the Complaint (ship mortgage); Exhibit B to Declaration of Gregory Poulos in Support of Plaintiff's Motion to Dismiss Defendants Counterclaims (ship mortgage); Exhibit B to Declaration of Joe Cappuccio in Support of Plaintiff's Opposition to Motion to Vacate Order of Arrest (ship mortgage).

Plaintiff failed to allege that it was not named on the insurance policy in the complaint and it cannot raise this issue now. Plaintiff knew of the insurance requirement and could have requested information regarding the insurance policy at any time prior to the arrest. Since it allegedly did not have this information at the time of the arrest, it could not be the basis for Plaintiff's probable cause. In any event, this "new" information would not support a finding of probable cause because the terms of the mortgage state that the mortgagee must have a "good faith conclusion" that it is in danger of losing its debt. Exhibit D to Kelley Reconsideration Dec., Article II(1)(b). Naming the Plaintiff on the insurance does not support a finding that there was any danger to the Plaintiff's debt especially where the vessel has been fully insured all along and it is undisputed that Defendants have already paid $188,000 under the Note. *See* Defendants' Notice of Insurance Coverage. The issue of naming the Plaintiff on the insurance is certainly not grounds for such a drastic step as having the vessel arrested without any supporting inquiries that the vessel was in fact at risk.

Thus, Plaintiff fails to make the requisite showings under Local Rule 7-9(b) and its Motion for Leave should be denied.

6
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST
Case No. C-07-02952-WHA

SFO 372038v1 0084289-000001

1       B.    <u>Plaintiff's Application for Emergency Stay should be denied.</u>

2       Plaintiff also moves for an emergency stay of this Court's Order. It is unclear under what authority such relief is sought. In essence, the Application for Emergency Stay is a request for reconsideration of this Court's Order. Plaintiff's subsequent Motion for Leave renders the Application for Emergency Stay moot. Nevertheless, for the reasons stated above, the Application for Emergency Stay should be denied.

      C.    <u>Clarification of Order regarding the issue of insurance and hypothecation is unnecessary and wastes the Court's time.</u>

      Plaintiff points to Defendants' failure to provide timely proof of insurance and the question of hypothecation as justifications for clarification of the Order. These arguments are baseless. The terms of the Order require Mr. Cohen to keep the vessel fully insured and do not require him to submit proof of insurance. He is and has always been in compliance with the Order. At the August 16, 2007 hearing on Defendants' Motion to Vacate the Order of Arrest, Mr. Cohen agreed to the terms of the Order and promised the Court, among other things, that he would keep the vessel fully insured. The Court did not require Mr. Cohen to provide proof of insurance to Plaintiff. Nevertheless, on August 21, 2007, Defendants filed a Notice of Insurance Coverage with the Court. Notably, the vessel is covered for losses to the vessel itself up to $250,000, for a policy period running through December 23, 3007, and the account is paid in full. Declaration of James P. Walsh in Support of Notice of Insurance Coverage, ¶3-4. The amount of coverage is sufficient to cover any amount deemed owing to Plaintiff by Defendants.

      Plaintiff also argues that the nature of the fishing business would necessitate a violation of Mr. Cohen's promise not to hypothecate the vessel. However, as Plaintiff is aware, Mr. Cohen promised the Court to abide by all terms of the Order. He intends to do so. Declaration of Barry A. Cohen in Support of Opposition to Plaintiff's Motion for Leave and Opposition to Emergency Application for Stay of Court's Order Vacating the Arrest of the Vessel and Clarification of Order ("Cohen Opp. Dec."), ¶9. Mr. Cohen maintains insurance of $1,000,000 that would cover any personal injury claims by any of his crew members and thus would not enter into any agreements

DAVIS WRIGHT TREMAINE LLP

1  to subject the vessel to any liens. *See* Declaration of James P. Walsh in Support of Notice of
2  Insurance Coverage, ¶4. Moreover, the circumstances described by Plaintiff under which creditors
3  would allegedly obtain liens against the vessel are unlikely to occur, purely incidental to doing
4  business, and would not involve any agreements by Mr. Cohen to encumber the vessel in violation
5  of the Order. In addition, Plaintiff presents no evidence that any such liens would rank higher than
6  its potential claims under the Promissory Note and ship mortgage. Accordingly, clarification of
7  the Order would not change Mr. Cohen's obligations to abide by the terms of the Order and would
8  only serve to delay the resolution of the underlying issues in this case unnecessarily.

9      D.    <u>There is no risk that the Order will be violated and Plaintiff will be irreparably
10           harmed.</u>

11  Mr. Cohen promised to abide by the terms of the Order in open court at the hearing on the
12  Motion to Vacate the Order of Arrest on August 16, 2007. This promise brings Mr. Cohen within
13  the contempt proceedings of the Court if he does not uphold his promise. At the time of the
14  hearing, Mr. Cohen believed that the Court's jurisdiction included the port of San Francisco as
15  well as the U.S. Exclusive Economic Zone ("EEZ") out to 200 miles off California where he is
16  licensed to fish. Cohen Opp. Dec., ¶2. Mr. Cohen has no intention of preventing the Court's
17  exercise of jurisdiction over the vessel and has done nothing to suggest otherwise. *Id*. at ¶¶5, 7.
18  His only intention is to reclaim his vessel and resume his fishing operations in California. *Id*. at
19  ¶4. Thus, no reconsideration or clarification of the Order is warranted.

20  Plaintiff alleges that Mr. Cohen's intended fishing activities will violate the terms of the
21  Order requiring the vessel to remain in the Court's jurisdiction. Mr. Cohen has no intention of
22  using the vessel for anything other than fishing in the San Francisco area and the U.S. EEZ off
23  California. Cohen Opp. Dec., ¶6. In fact, the captain is prepared to access the vessel as soon as it
24  is released from the custodian by the U.S. Marshal and resume fishing activities. *Id*. at ¶4. The
25  vessel primarily remains at ports in San Francisco and other ports in the Court's jurisdiction.
26  Under Mr. Cohen's current fishing permits, he can fish up to two hundred miles off the coast of
27  California. *Id*. In order to conduct his fishing activities, he needs to fish the full area covered by

DAVIS WRIGHT TREMAINE LLP

his fishing permits. However, his licenses require him to land any catch in the Court's jurisdiction. *Id*. at ¶7. Moreover, the vessel's captain lives within the Court's jurisdiction. *Id*. at ¶5. Mr. Cohen will return the vessel directly to San Francisco at any time if he is ordered to do so. *Id*. Thus, there is no reason to believe, especially in light of Mr. Cohen's express promise to abide by the terms of the Order, that the vessel is at risk of disappearing from the Court's jurisdiction.

Lastly, Plaintiff asserts that the Court should have held a Rule E(5)(a) hearing under the Supplemental Rules to determine the amount of the claim and set the amount as security for release of the vessel from arrest. Notably, Plaintiff did not request such a hearing prior to entry of the Order. Moreover, such a hearing is unnecessary because there is no risk that the Order will be violated as explained above and the vessel, which is fully insured, will remain in the Court's jurisdiction.

## III. Conclusion

Plaintiff had a full and fair opportunity to show it had probable cause for the arrest of the vessel. It failed to meet its burden and the Court ruled accordingly. Plaintiff is simply attempting to try again without raising any new material issues or facts with the Court in violation of the requirements of Local Rule 7-9. Plaintiff's Motion for Leave should be denied so that the Court and the parties can move on from this preliminary issue and focus on resolving the alleged amount of the dispute among them as expeditiously as possible.

DATED: August 23, 2007.                    Respectfully submitted,

          */s/ James P. Walsh*
James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, CA 94111-3727
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendants BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

9
DEFS. OPPOSITION TO MOTION FOR LEAVE FOR RECONSIDERATION
AND EMERGENCY APPLICATION FOR STAY OF
COURT'S ORDER VACATING ARREST
Case No. C-07-02952-WHA

SFO 372038v1 0084289-000001