James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:    (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| | ) |
| v. | ) **DECLARATION OF BARRY A.** |
| | ) **COHEN IN SUPPORT OF** |
| BARRY COHEN, CHRIS COHEN (aka | ) **DEFENDANTS' OPPOSITION TO** |
| CHRISTENE COHEN), *in personam* and, | ) **PLAINTIFF'S MOTION FOR LEAVE** |
| F/V POINT LOMA, Official Number | ) **TO FILE MOTION FOR** |
| 515298, a 1968 steel-hulled, 126-gross ton, | ) **RECONSIDERATION OF ORDER** |
| 70.8 foot long fishing vessel, her engines, | ) **VACATING ARREST; OPPOSITION** |
| tackle, furniture apparel, etc., *in rem*, and | ) **TO EMERGENCY APPLICATION** |
| Does 1-10, | ) **FOR STAY OF COURT'S ORDER** |
| | ) **VACATING THE ARREST OF THE** |
| Defendants. | ) **VESSEL AND CLARIFICATION OF** |
| | ) **THE ORDER** |
| | ) |
| | ) |

I, Barry A. Cohen, declare as follows:

1.      I am a resident of the State of California and currently reside in Santa Maria,

California.  I am a named Defendant in this lawsuit.  I make this declaration in support of

Defendants' Opposition to Plaintiff's Motion for Leave to File Motion for Reconsideration of

Order Vacating Arrest; Opposition to Emergency Application for Stay of Court's Order Vacating

Arrest of the Vessel and Clarification of the Order.  The facts set forth in this declaration are

personally known to me to be true and, if called as a witness, I could and would testify to the

DAVIS WRIGHT TREMAINE LLP

1

1  following:

2      2.      On August 16, 2007, I was present for the Rule E(4)(f) hearing before this Court

3  after which the Court ordered the release of my fishing vessel, the F/V POINT LOMA (the

4  "Order").  Pursuant to the Order, the Court ordered me to not sell, pledge, hypothecate, diminish

5  the value of, or take the vessel outside the jurisdiction.  At the time, it was my understanding that

6  the jurisdiction of the Court included the port of San Francisco, California out of which the vessel

7  fishes and the federal waters of the Exclusive Economic Zone (EEZ) out to 200 nautical miles off

8  California.  I now understand that, as a technical matter, the jurisdiction of the Court is limited to

9  three miles.  If my vessel's operation is limited to three miles, that is, within the State of

10 California, it cannot fish because it only has the permits for fishing in the federal EEZ.

11     3.      In addition, the Court ordered me to keep the F/V POINT LOMA fully insured.

12 We have filed a copy of the insurance coverage information with the Court.   In open court, and in

13 the presence of Plaintiff, I promised to abide by the terms of the Order.  In addition, I now promise

14 that, if the vessel should be damaged or lost, I will cause the insurance proceeds to be filed in an

15 appropriate manner with the Court.

16     4.      I have no intention of violating the Order.  My only intention is to reclaim the F/V

17 POINT LOMA and resume my fishing business activities.  I have been unable to reclaim the

18 vessel since the entry of the Order.  The captain is ready to take over the boat and begin fishing

19 again.  The vessel is licensed to fish in the federal waters of the EEZ and it has been, and will

20 continue to be, operating from San Francisco, California.  As of August 22, 2007, I have left

21 several messages with the U.S. Marshal inquiring when it will release the boat from the custodian

22 but have not heard anything back even though I understand the U.S. Marshal has received a copy

23 of this Court's order of release.

24     5.      There is no risk that the F/V POINT LOMA will be beyond the ability of the Court

25 to order me to return it, at any time, to the port of San Francisco, California.  I hereby agree to

26 abide by any order of this Court to return the vessel to the port of San Francisco.  Not only have I

27 been engaged in the fisheries business in California for over 40 years, but the captain of the vessel

28

DAVIS WRIGHT TREMAINE LLP

2

1  resides in California and, as indicated earlier, the vessel operates out of San Francisco.

2       6.      The vessel will also remain within the ability of the Court to order me to return it at

3  any time to San Francisco, California because my fishing business is focused solely in California.

4  My fishing activities entail fishing only off the coast of California.  The F/V POINT LOMA

5  engages in the groundfish fisheries located outside the State of California and in the federal EEZ.

6  However, it is licensed to land its catch only in the State of California.  The vessel's home port is

7  Port San Luis, California.  I have never used the vessel to fish anywhere except in the EEZ off

8  California.  At no time have I ever threatened to move the vessel to another state or another part of

9  California, nor could I do so very easily without obtaining new licenses and new markets.

10       7.      Although the F/V POINT LOMA's groundfish fisheries are located outside the

11  State of California, the vessel has always returned to port in California.  I have no ability to

12  operate my fishing business if I leave California since the terms of my licenses require me to land

13  any catch only in the State (the Court's jurisdiction).  Thus, I promise to adhere to the terms of my

14  licenses and not disappear from the Court's jurisdiction.  I will return the F/V POINT LOMA

15  directly to San Francisco should the Court at any time deem it necessary for me to do so.

16       8.      Since the arrest, my crew has not been allowed on the vessel even to claim their

17  personal items.  Moreover, an expensive drag net that was in Plaintiff's possession at the time of

18  the arrest may be missing from the dock.

19       9.      I also promised the Court that I would not hypothecate the vessel and I intend to

20  abide by this term of the Order.

21  DATED this 23d day of August, 2007.

22                                        /s/  *Barry A. Cohen*
                                      Barry A. Cohen

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

3