James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:     (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING ARREST** |

Defendants Barry Cohen, Chris Cohen (aka Christene Cohen), the vessel F/V POINT LOMA, and Claimant F/V POINT LOMA Fishing Company, Inc., (collectively, "Defendants") submit this Response and Opposition to Plaintiff's Motion for Leave to File Motion for Reconsideration of Order Vacating Arrest ("Motion for Leave").

**I.     Background**

On August 23, 2007, Defendants filed a combined response and opposition to Plaintiff's Motion for Leave and its Emergency Application for Stay of Court's Order Vacating the Arrest of the Vessel ("Application for Stay") and Clarification of the Order (collectively, "Combined

1

1  Response").

2  It was unclear under what authority Plaintiff sought relief for its Application for Stay. 3 Nevertheless, the Application for Stay was essentially a request for reconsideration of this Court's 4 Order Granting Motion to Vacate Order of Arrest (the "Order") because it requested that the Court 5 re-examine the identical issues it had already addressed a few days earlier when it vacated the 6 order of arrest. The Application for Stay was improperly filed because it failed to request leave to 7 file a motion for reconsideration as required by Local Rule 7-9(a). *See e.g., Mayo v. Dean Witter* 8 *Reynolds, Inc.*, 258 F. Supp. 2d, 1097, 1104 (N.D. Cal. 2003) (plaintiff failed to obtain leave of 9 court as required by Local Rule 7-9(a) to file its motion to vacate arbitration order which the court 10 construed as a motion for reconsideration and subsequently denied). Plaintiff's subsequent 11 Motion for Leave rendered the Application for Stay moot as it raised the same issues as its 12 Application for Stay. Thus, Defendants fully addressed the issues raised in the Motion for Leave 13 in its August 23 Combined Response. Defendants have no new submission in response to the 14 Motion for Leave and, in the interest of efficiency, summarize their arguments below.

15  **II.  Summary of Arguments**

16  Plaintiff's Motion for Leave should be denied. Plaintiff's Motion for Leave is simply a 17 second attempt to convince this Court that Plaintiff had probable cause to arrest Defendants' 18 vessel based on arguments that Court has already found to be unpersuasive. Local Rule 7-9 19 clearly sets forth the limited circumstances under which a court may consider a request for leave to 20 file a motion for reconsideration. Plaintiff argues that it should be granted leave to file a motion 21 for reconsideration because this Court failed to consider certain facts and arguments in vacating 22 the arrest and new facts have come to Plaintiff's attention that support its request. As discussed 23 fully in Defendants' Combined Response, Plaintiff does not make the necessary showing required 24 by Local Rule 7-9 and its Motion for Leave should be denied for the following reasons:[1]

25  1) The only issue before the Court at the time of the probable cause hearing, and the only

---

27  [1] *See* Defendants' Combined Response for a full discussion of each of these reasons.

28

DAVIS WRIGHT TREMAINE LLP

issue subsequently addressed in its Order, was whether or not Plaintiff had probable cause to arrest Defendants' vessel for allegedly failing to make payments under Promissory Note. The Court did not rule on the amount of money allegedly owed to Plaintiff which is the underlying issue in this case. Rather, the Court considered arguments by both parties and found that Plaintiff failed to meet its burden to show it had probable cause to arrest the vessel for an alleged breach of a Promissory Note for which Defendants had made at least $188,000 in payments ($175,000 of this was a lump-sum, advance payment). The result of the Order is that the vessel is released back to Defendants. The Order does not attempt to resolve any of the underlying issues in the case, including what amount, if any, Defendants owe Plaintiff and therefore the Motion for Leave should not be granted.

2) Plaintiff argues that Defendants had defaulted under the Promissory Note and it was therefore justified in taking drastic action to arrest, *ex parte*, Defendants' vessel. Plaintiff does not and cannot show that there was a "manifest failure" under Local Rule 7-9(b)(3) by the Court to consider this argument regarding the alleged breach of the Promissory Note -- especially in light of the fact that it is undisputed that Defendants have paid Plaintiff nearly $188,000, including a $175,000 lump-sum, advance payment. As such, Plaintiff fails to make the required showing under Local Rule 7-9(b)(3).

3) Plaintiff essentially makes the exact same arguments in its Motion for Leave as it did in its Opposition to Defendants' Motion to Vacate the Order of Arrest in direct violation of the prohibition against the repetition of argument mandated by Local Rule 7-9(c). In essence, Plaintiff argues again that the Motion for Leave should be granted because Defendants failed to make their monthly payments and have defaulted under the terms of the Promissory Note and Ship Mortgage. This was Plaintiff's primary basis for alleging it had probable cause in the first place. Plaintiff raises no new arguments and therefore does not adhere to Local Rule 7-9(c).

4) Plaintiff also attempts to argue that, pursuant to Local Rule 7-9(b)(2), "new" facts have come to light that justify its Motion for Leave because it discovered that it was not named

3

on the Defendants' insurance policy covering the vessel.  This fact is immaterial to whether Plaintiff had probable cause to arrest the vessel at the time of the arrest.  Whether or not Plaintiff is named on the vessel's insurance policy is irrelevant to whether Defendants allegedly breached the Promissory Note by failing to make payments.  Moreover, the vessel has been fully insured all along and is covered against losses in excess of the amount that Defendants allegedly owe Plaintiff.

5) Plaintiff prepared the Ship Mortgage itself and has known or should have known of the "insurance requirement" that it be named on the policy.  Although irrelevant to the issue of probable cause and the alleged breach for non-payment, the question of whether Plaintiff is named on the insurance policy easily could have been discovered prior to the probable cause hearing.  Plaintiff failed to allege in its complaint that it was not named on the insurance policy as a cause for breach of the Promissory Note and Ship Mortgage and it cannot raise this issue now.

6) Regardless of any of Plaintiff's arguments, it is undisputed that Defendants' paid at least $188,000 on the Promissory Note.  Moreover, they paid $175,000 of this as a lump sum advance payment even though the terms of the Promissory Note did not require them to do so.  The lump sum covered the Defendants' payments under the Promissory Note well into the future and thus there was no breach.  As such, Plaintiff failed to show it had probable cause to arrest the vessel and the Court ruled accordingly.

7) There is no risk that the Court will not be able to exercise jurisdiction over the vessel.  Mr. Cohen promised to abide by the terms of the Order in open court, which includes subjecting the vessel to the Court's jurisdiction.  As discussed in the Combined Response, Mr. Cohen has no intention of violating the Order.  He only wants to reclaim his vessel and resume his fishing operations and business in California.

### III. Conclusion

As shown in Defendants Combined Response, Plaintiff had a full and fair opportunity to show it had probable cause for the arrest of the vessel. It failed to meet its burden and the Court

4

ruled accordingly. Plaintiff is simply attempting to try again without raising any new material issues or facts with the Court in violation of the requirements of Local Rule 7-9. Plaintiff's Motion for Leave should be denied so that the Court and the parties can move on from this preliminary issue and focus on resolving the alleged amount of the dispute among them as expeditiously as possible.

DATED: August 23, 2007.                    Respectfully submitted,

_____*/s/ James P. Walsh*_____
James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, CA 94111-3727
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendants BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.