**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**McKASSON KLEIN & HOLMES LLP**
Mark D. Holmes (SBN 156660
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626
Telephone: (714) 436-1470
Facsimile: (714) 436-1471

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., ) | |
| ) | |
| Plaintiff, ) | No. C-07-2952-WHA |
| ) | |
| v. ) | **JOINT CASE MANAGEMENT** |
| ) | **STATEMENT AND PROPOSED** |
| BARRY COHEN, CHRIS COHEN (aka ) | **ORDER** |
| CHRISTENE COHEN), *in personam* and, ) | |
| F/V POINT LOMA, Official Number ) | **Date: August 30, 2007** |
| 515298, a 1968 steel-hulled, 126-gross ton, ) | **Time: 2:00 p.m.** |
| 70.8 foot long fishing vessel, her engines, ) | **Court: Courtroom 9, 19th Floor** |
| tackle, furniture apparel, etc., *in rem*, and ) | |
| Does 1-10, ) | |
| ) | |
| Defendants. ) | |

1

Pursuant to the Standing Order for All Judges of the Northern District of California, the parties to the above-entitled action jointly submit this Case Management Statement:

1. <u>Jurisdiction and Service.</u>  Plaintiff alleges that subject matter jurisdiction in this case is based on admiralty and maritime jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty and Maritime Claims.  Defendants allege that their cross claims for wrongful arrest and breach of the terms of the promissory note and preferred ship mortgage are based on admiralty and maritime jurisdiction.  Diversity cannot be present because both parties are residents of the State of California.

All parties have been properly served.

2. <u>Facts</u>.

   a. <u>Chronology</u>.  Plaintiff filed its Verified Admiralty and Maritime Complaint (in personam and in rem) on June 7, 2007 against Barry and Christene Cohen, , and the fishing vessel POINT LOMA.  The Complaint alleges two causes of action:  (1) breach of a promissory note; and (2) breach of a preferred ship mortgage on the vessel.  Pursuant to an ex parte application and order, the vessel was arrested by the U.S. Marshal on June 7, 2007.  The vessel was then put into the possession of a substitute custodian, SugarDock, LLC, in Richmond, California. On June 15, 2007, the F/V Point Loma Fishing Company, Inc. filed a Verified Notice of Right or Interest in the vessel as owner.  On June 25, 2007, all Defendants (Barry and Christene Cohen, the F/V Point Loma Fishing Company, Inc. and the vessel itself) filed a Verified Answer and Counterclaim responding to Plaintiff's Complaint.  The Counterclaim alleges wrongful arrest, breach of the implied Covenant of Good Faith and Fair Dealing incorporated into the promissory note and the preferred ship mortgage, and interference with prospective economic advantage.  On August 17, 2007, the Court granted Defendants' motion to vacate the order of arrest.

   b. <u>Principal Factual Issues in Dispute</u>.

      i. Whether Defendants are in default of a promissory note for failure to make a required payment or other reason under the terms of the promissory note;

      ii. Whether Defendants are in default of a preferred ship mortgage for failure to make a required payment or other reason under the terms of the mortgage;

      iii. Whether the promissory note has been amended by the parties through written agreement or performance;

      iv. Whether Plaintiff violated the terms of a promissory note by seeking to foreclose without an event of breach;

      v. Whether Plaintiff violated the terms of a preferred ship mortgage by seeking to foreclose without an event of breach;

      vi. Whether Plaintiff intentionally or negligently interfered with Defendants' prospective economic advantage;

      vii. The amount of damages, if any, either party has suffered; and

      viii.  Plaintiff believes additional factual disputes exist as to whether title to the vessel was properly transferred and whether the plaintiff's arrest of the vessel was malicious and/or in bad faith.

3. <u>Legal Issues.</u>

    a. <u>Plaintiff's Legal Issues</u>

      i. Choice of law regarding amendment of promissory note and first preferred ship mortgage;

      ii. Whether plaintiff had probable cause and/or reasonable grounds to arrest the vessel;

      iii. Whether there is a covenant of good faith and fair dealing implied in the promissory note and mortgage and what law applies to that issue; and

      iv. Whether either party is entitled to attorneys fees.

    b. <u>Defendants' Legal Issues</u>.

      i. Whether Defendants are in default of a promissory note;

      ii. Whether Defendants are in default of a preferred ship mortgage;

          iii. Whether the promissory note has been amended;

          iv. Whether Plaintiff violated the terms of a promissory note;

          v. Whether Plaintiff violated the terms of a preferred ship mortgage;

          vi. Whether Plaintiff caused the wrongful arrest of the vessel;

          vii. Whether Plaintiff interfered with Defendants' prospective economic advantage; and

          viii. Whether either party is entitled to legal fees.

4. <u>Motions</u>

    a. <u>Motion to Vacate Order of Arrest</u>. Defendants filed a Motion to Vacate the Ex Parte Order of Arrest on July 9, 2007. The Court granted the Motion on August 17, 2007.

    b. <u>Motion to Dismiss Counterclaim of Barry and Christene Cohen</u>. Plaintiff filed a Motion to Dismiss the Counterclaim of Barry and Christene Cohen. The motion has been fully briefed and is set to be heard on August 30, 2007 at 2:00 p.m.

    c. <u>Emergency Application for Stay of Order Vacating Order of Arrest</u>. Plaintiff filed an Emergency Application for Stay of Order Vacating Order of Arrest on August 20, 2007. Defendants oppose the motion and filed their response on August 23, 2007. The Court has not ruled on Plaintiff's Application at the time of this filing.

    d. <u>Motion for Leave to File Motion for Reconsideration of Order Vacating Arrest.</u> Plaintiff filed a Motion for Leave to File Motion for Reconsideration of Order Vacating Arrest on August 20, 2007. Defendants oppose this motion and filed their response on August 23, 2007. The Court has not ruled on this motion at the time of this filing.

5. <u>Amendment of Pleadings</u>. Plaintiff intends to amend its Verified Complaint to add F/V Point Loma Fishing Company, Inc. as a defendant, to allege additional grounds for default by the defendants, and for acceleration of the amount due under the Note and Mortgage. The Defendants' proposed deadline for filing a motion to amend the pleadings is the date of close of discovery. Plaintiff proposes that the deadline for such a motion be set 60 days before the close of discovery.

6. <u>Evidence Preservation</u>.  The parties have been advised that they must preserve electronic and written evidence relevant to the issues in this case.  To date, most of the written evidence in the case has been exchanged either in the pleadings or as part of motion practice.  The parties do not expect that there will be much, if any, electronic evidence in this case.

7. <u>Disclosures</u>.  Plaintiff will make its initial disclosures on Thursday, August 23, 2007.  Defendants made their initial disclosures on August 21, 2007.  Much of the evidence in the case has already been exchanged as part of the initial pleadings or in motion practice.

8. <u>Discovery</u>.  No formal discovery has been initiated.

9. <u>Class Actions</u>.  N/A.

10. <u>Related Cases</u>.  None.

11. <u>Relief</u>.

   a. <u>Plaintiff</u>.  Plaintiff seeks damages of approximately $189,000, plus interest and attorneys fees and costs.  The claim is based on amounts allegedly due and unpaid under the promissory note and preferred ship mortgage.

   b. <u>Defendants</u>.  Defendants seek damages for wrongful arrest of the vessel and for allegedly seeking to enforce the terms of the promissory note and preferred ship mortgage without an event of default, for breach of the duty of good faith and fair dealing under both, and for interference with prospective economic advantage.  Defendants also seek attorneys' fees and costs under the promissory note and preferred ship mortgage.  Defendants' damages will depend, in part, on the length of time the vessel is not able to go fishing because of its arrest in this case and these damages are now being calculated by Defendants.

12. <u>Settlement and ADR</u>.  The prospects for settlement are not strong.  Depositions of the parties are considered necessary before meaningful settlement discussions can occur.  Defendants propose one half-day of mediation as part of the appropriate ADR process in accordance with ADR L.R. 3-5.  Defendants filed their ADR Certification on August 21, 2007.  Plaintiff will comply with ADR L.R. 3-5 forthwith.

13. <u>Consent to Magistrate Judge</u>.  The parties will not consent to refer trial and entry of

DAVIS WRIGHT TREMAINE LLP

judgment to a magistrate judge, but will consent to discovery issues being referred to a magistrate judge.

14. <u>Other References</u>.  N/A

15. <u>Narrowing of the Issues</u>.  The parties will endeavor to narrow the issues by stipulation prior to trial.

16. <u>Expedited Schedule</u>.  Defendants request an expedited schedule if there is any possibility of arrest and detention of the vessel during the dispute.  Otherwise, the parties see no need for an expedited schedule.

17. <u>Scheduling</u>.

    a. <u>Designation of Experts</u>.  The parties propose that the experts be designated no less than 90 days prior to the designated trial date.

    b. <u>Close of Discovery</u>.  The parties propose that the close of discovery occur no less than 60 days prior to the designated trial date.

    c. <u>Dispositive Motions</u>.  The parties propose that all dispositive motions be filed no less than 45 days prior to trial.

    d. <u>Pretrial Conference</u>.  The parties propose that the pretrial conference be held 14 days before trial.

    e. <u>Trial Date</u>.  Defendants propose a trial to commence in May, 2008.

18. <u>Trial</u>.  The case will be tried to the court.  The parties expect the trial to last three days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>.  Plaintiff will file a Certificate of Non-party Interested Entities or Persons identifying no other entities or persons that could have an interest in this action.  Defendants filed a Certificate of Non-party Interested Entities or Persons on August 21, 2007.  Defendants identified no other entities or persons that could have an interest in this action.

20. <u>Other Matters</u>.  N/A.

DATED: August 23, 2007.

      */s/ James P. Walsh*
James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP
05 Montgomery St., Suite 800
San Francisco, CA 94111-3727
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendants BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC

DATED: August 23, 2007.

      */s/ Max L. Kelley*
Max L. Kelley
Gregory W. Poulos
COX, WOOTTON, GRIFFIN, HANSEN & POULOS
190 The Embarcadero
San Francisco, CA 94105
Telephone: (415) 438-4600
Facsimile: (415) 438-4601

Attorneys for Plaintiff, DEL MAR SEAFOODS, INC.

(PROPOSED) CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated this ___ day of August, 2007.

_____
William Alsup
United States District Judge

DAVIS WRIGHT TREMAINE LLP

1
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER          SFO 372135v1 0084289-000001
Case No. C-07-02952-WHA