IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL MAR SEAFOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTINE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C 07-02952 WHA <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND VACATING HEARING** |

**INTRODUCTION**

In this maritime action for breach of a promissory note, plaintiff moves to dismiss a counterclaims asserted by defendants Barry and Christene Cohen. This order finds that the Cohens have standing to assert the counterclaims herein. Accordingly, plaintiff's motion is **DENIED**.

**STATEMENT**

On June 7, 2007, plaintiff Del Mar Seafoods filed a verified complaint for breach of contract and foreclosure of a preferred ship's mortgage against defendants Barry and Christene Cohen, as well as the F/V Point Loma, a 70.8-foot long fishing vessel (Compl. ¶¶ 18–27).

Also on June 7, the Court issued an order for the arrest of the vessel pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure. The vessel was subsequently arrested by the U.S. Marshal and placed in the care of a substitute custodian, where it currently remains (Poulos Decl. ¶ 3). An order dated August 16, 2007, vacated the order of arrest.

On June 15, 2007, defendants and a previously unnamed entity, the F/V Point Loma Fishing Company, Inc., filed a verified Claim to the vessel. On June 25, 2007, an answer to the complaint was filed on behalf of the defendants and the F/V Point Loma Fishing Company (Docket No. 25).

The verified answer stated that at the time the promissory note and ship mortgage at issue were signed, Barry and Christene Cohen were the owners of the vessel. The ownership has since been transferred to the F/V Point Loma Fishing Company, subject to the ship mortgage (Ans. ¶ 7).

Defendants and claimant F/V Point Loma Fishing Company counterclaimed in the answer to the complaint. Defendants and claimant alleged that the arrest was unlawful because there was no default under the promissory note and thus that the vessel had been seized without cause. The counterclaim alleged that plaintiff interfered with defendants' prospective economic advantage because the wrongful arrest of the vessel interrupted the fishing activities of the vessel and prevented defendants from earning an income (Ans. ¶¶ 39–41).

**ANALYSIS**

Plaintiff moves to dismiss the counterclaim by alleging that the Cohens do not have standing to assert any counterclaim.

This order first determines the proper standard under which to examine plaintiff's motion. Plaintiff contends that defendants have not satisfied the requirement under Supplemental Rule E(4)(f) for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. Rule E(4)(f) states, in relevant part, that "[w]henever property is arrested or attached, *any person claiming an interest* in it shall be entitled to a prompt hearing at which the

2

plaintiff shall be required to show why the arrest or attachment should not be vacated" Plaintiff alleges that because the Cohens transferred the ownership of the vessel to F/V Point Loma Fishing Company, they do not have "an interest" in the vessel.

Plaintiff's contention lacks merit. Rule E(4)(f) does not set forth a standing requirement for counterclaims. It merely delineates a "procedure for release from arrest or attachment." A defendant or claimant need not even attempt to state a counterclaim to seek a vacatur of the order of arrest. Rule E(4)(f) has no relevance to the instant motion or to defendants' counterclaim.[1]

Plaintiff's motion must instead be evaluated under the familiar test for standing: (1) the plaintiff must have directly suffered an "injury in fact," (2) the injury must be fairly traceable to the defendant's conduct, and (3) a favorable court decision must be likely to redress the injury. *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1019 (9th Cir. 2002). This order holds that as a matter of pleading, the Cohens have satisfied all three requirements.

*First*, the Cohens allege in the counterclaim that plaintiff has interfered with their prospective economic advantage by preventing them from earning income by disrupting the vessel's fishing activities. *Second*, this injury was fairly traceable to plaintiff's actions. If plaintiff had not requested an arrest of the vessel, the Cohens would have an income and could pay off the remaining amount due under the note. *Third*, the Cohens' injury could be redressed by, for example, an order awarding them damages for wrongful or improper arrest. Considering all facts alleged in a light most favorable to the Cohens, they have standing to assert their counterclaim.

---

[1] Plaintiff similarly cites to Rule C(6)(a), which requires that a "person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verifiied statement of right or interest." That rule, however, also does not limit who may assert a counterclaim based on an allegedly wrongful arrest.

3

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to dismiss the counterclaim is **DENIED**. Finding further argument unnecessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 27, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE