**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL MAR SEAFOODS INC., | No. C 07-02952 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, DENYING STAY, AND RE REQUEST FOR CLARIFICATION** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTINE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, | |
| Defendants. | |

**STATEMENT**

In this maritime action for breach of a promissory note, plaintiff Del Mar Seafoods has moved for (1) leave to file a motion for reconsideration of this Court's order dated August 16, 2007, which vacated this Court's previous order of arrest; (2) a stay of the August 16 order; and (3) clarification of the August 16 order. The factual and procedural history of this action is set forth in that order and is not repeated here.

**ANALYSIS**

**1.    RECONSIDERATION.**

Plaintiff moves for reconsideration of the August 16 order based on Civil Local Rule 7-9(b)(2) and (3). Those provisions allow for a party to ask for reconsideration upon a showing of "[t]he emergence of new material facts or a change of law occurring after the time of such

order," or a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. Local R. 7-9(b)(2), (3). For the below-stated reasons, this order denies plaintiff's motion for leave to file a motion for reconsideration.

### A. Alleged Failure to Consider Material Facts.

Plaintiff contends that the Court failed to consider certain facts and arguments in the decision to vacate the order of arrest. Specifically, plaintiff alleges that the Court should have considered that: (1) regardless of the $175,000 lump sum payment by defendants, they still had an obligation to make monthly payments; (2) California Civil Code Section 1479 allegedly entitled Del Mar to apply the $175,000 toward interest and principal only and not the monthly obligations; and (3) that if defendants had intended the $175,000 to be applied to the monthly payments, they should not have made additional monthly payments in January, February, and March 2007. Plaintiff believes that upon reconsideration of the original motion with these facts in mind, the Court would find cause to reverse the August 16 order.

This order disagrees. These facts were considered by the Court when the August 16 order issued. To the extent they were not discussed to plaintiff's satisfaction in the August 16 order, that does not demonstrate a "manifest failure by the Court to consider" those facts. Civ. Local R. 7-9(b)(3). Reconsideration on this ground may be denied for that reason alone. *See* Civ. Local R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.").

Moreover, the August 16 order did not address or rule on the ultimate issues in this action. The issue before the Court was whether, under Rule E(4)(F) of the Supplemental Admiralty Rules, plaintiff had demonstrated probable cause to show that defendants had defaulted on the loan. Plaintiff failed to do so. What the August 16 order held was that plaintiff had failed to demonstrate *probable cause* for default where defendants had made a $175,000 lump sum payment that could reasonably have been attributed to the amounts for which plaintiff claimed that defendants were in default. That was not a conclusive factual finding. Plaintiff's

arguments may very well carry the day upon final resolution of this action. Indeed, the August 16 order expressly stated: "This order is without prejudice to plaintiff proving its case at trial or on summary judgment" (Doc. 57 at 6). There was no manifest failure by the Court to consider facts or legal arguments.

### B. Newly Discovered Evidence.

Plaintiff also contends that it has discovered new facts that defendants are in default. Under the mortgage, defendants were required to name plaintiff as an additional insured party. Plaintiff alleges that it discovered after the August 16 order issued that defendants failed to include plaintiff as an insured on the vessel's insurance policy. Plaintiff alleges that this failure was a "default" of the promissory note that should entitle it to reconsideration.

There are two independent grounds for denying reconsideration on this ground. *First*, the issue whether plaintiff was named on the insurance policy could have reasonably been discovered prior to the arrest and prior to the entry of the order. *F.D.I.C. v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994) (holding that motions for reconsideration "are not to be used to test new legal theories that could have been presented when the original motion was pending"). Plaintiff has not demonstrated that it was not dilatory when attempting to discover the "new" facts.

*Second*, this order holds that the mere fact that plaintiff was not named on the insurance contract is not a "material fact" justifying arrest of the vessel. Plaintiff does not dispute that defendants paid at least $188,000 to plaintiff in partial satisfaction of plaintiff's obligations. Whether or not defendants named plaintiff on the insurance contract is immaterial to whether there was probable cause that defendants failed to make payments under the promissory note to justify the arrest. There are no grounds for reconsideration of the order vacating the order of arrest.

### 2. MOTION FOR STAY.

Plaintiff also moves for a stay of the August 16 order. Plaintiff contends that it never agreed to a modification of the promissory note that would have allowed the $175,000 payment to be applied to the monthly payments. Plaintiff also contends that deciding how to apply the

3

1  $175,000 payment was within plaintiff's discretion.  Plaintiff's request simply reiterates
2  arguments previously considered and rejected and is essentially another request for
3  reconsideration of the August 16 order.  The request for a stay based on these arguments is
4  denied.

### 3. REQUEST FOR CLARIFICATION.

#### A. Requirement Not to Take Vessel Outside Jurisdiction.

Plaintiff also requests clarification of the requirement in the August 16 order that plaintiff not remove the vessel from the jurisdiction.  Plaintiff alleges that the Court's jurisdiction extends from the Oregon border south to line between Monterey and San Luis Obispo counties, and seaward for only three miles.  *See* Cal. Gov. Code 170.  Plaintiff points out that defendant Barry Cohen stated in a declaration that he has only used the vessel to fish in the U.S. Exclusive Economic Zone (from 3 to 200 nautical miles) off California (July 9 Cohen Decl. ¶ 9).  Plaintiff alleges that if the vessel engages in fishing operations, defendant Cohen would be violating the August 16 order.

Mr. Cohen has submitted a declaration which states:

> My fishing activities entail fishing only off the coast of California.  The F/V POINT LOMA engages in the groundfish fisheries located outside the State of California and in the federal [Exclusive Economic Zone].  However, it is licensed to land its catch only in the State of California.  The vessel's home port is Port San Luis, California.  I have never used the vessel to fish anywhere except in the [Exclusive Economic Zone off California]. . . . I promise to adhere to the terms of my licenses and not disappear from the Court's jurisdiction.  I will return the F/V POINT LOMA directly to San Francisco should the Court at any time deem it necessary for me to do so.

(Aug. 23 Cohen Decl. ¶¶ 6–7).

With Mr. Cohen's promise under penalty of perjury, the August 16 order is modified to require that plaintiff not take the vessel outside of the jurisdiction *or* outside of the U.S. Exclusive Economic Zone out to 200 miles off California, where he is licensed to fish.  He must return the vessel directly to San Francisco upon order of the Court.  Mr. Cohen remains bound by all of the other requirements of the August 16 order.

4

### B. Requirement to Keep Vessel Insured.

In the instant motion, plaintiff also complains that defendants have not provided proof of insurance. On August 21, 2007, defendants filed a Notice of Insurance Coverage with the Court, indicating that the vessel is covered for losses to the vessel itself up to $250,000 for a policy period running through December 23, 2007, and that the account is paid in full (Walsh Decl. ¶¶ 3–4). Plaintiff's arguments with respect to this issue are moot.

### C. Requirement Not to Hypothecate.

Plaintiff alleges that defendants cannot use the vessel for fishing operations and simultaneously comply with the August 16 order's requirement that defendant not hypothecate the vessel. Plaintiff contends that under the Federal Maritime Lien Act, 46, U.S.C. 31342, a maritime lien is statutorily created for all seamen's wages and necessaries supplied on the credit of the vessel. Plaintiff alleges that the crew would have a lien against the vessel under Section 31342 and for any personal injuries they might suffer while in the service of the vessel.

Defendant Cohen continues to promise to abide by the Court's order. He maintains insurance of $1,000,000 that would cover any personal injury claims by any of his crew members and thus would not enter into any agreements to subject the vessel to any liens (Walsh Decl. ¶ 4). This order clarifies that plaintiff must not subject his vessel to liens beyond those which may be imposed automatically by operation of law during the normal course of business.

### CONCLUSION

Pursuant to the foregoing, plaintiff's motion for leave to file a motion for reconsideration is **DENIED**. The motion for a stay of the August 16 order is **DENIED**. The August 16 order is **MODIFIED** as stated above. The Court has considered plaintiff's remaining arguments and finds them to lack merit.

5

Finally, as stated on the record at the August 16 hearing, plaintiff first acquired the order of arrest in an *ex parte* hearing. Plaintiff, however, failed to present all the material facts to the Court at that time, including the possibility that defendants were not in default because of the $175,000 payment. This was a serious omission by plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: August 27, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE