James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME FOR HEARING DEFENDANTS' MOTION FOR PROTECTIVE ORDER LIMITING DEPOSITION OF CHRISTENE COHEN PURSUANT TO FRCP 26(c)** <br><br> Date: January 3, 2008 <br> Time: 8:00 a.m. <br> Place: Courtroom 9, 19th Floor |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants, Barry A. Cohen and Chris Cohen, the vessel F/V POINT LOMA and its owner, the F/V Point Loma Fishing Company, Inc. (collectively "Defendants"), hereby apply for an Order Shortening Time ("Motion to Shorten Time") for hearing their Motion for a Protective Order Limiting the Deposition of Christene Cohen Pursuant to Fed. R. Civ. P. 26(c) (the "Motion for Protective Order"). Defendants seek a protective order allowing Plaintiff, Del Mar Seafoods, Inc. ("Del Mar") to pose no more than 15

1

interrogatories in writing to Christene Cohen in lieu of taking her deposition, which has been scehduled for January 11, 2008 in Scottsdale, Arizona.

## INTRODUCTION

As set forth in detail in Defendants' Motion for Protective Order, Defendants request a hearing for a protective order under Fed. R. Civ. P. 26(c) limiting the deposition of Christene Cohen. Plaintiff has noticed the deposition of Mrs. Cohen for January 11, 2008 in Scottsdale, Arizona, where Mrs. Cohen currently resides, without conferring with Defendants. Defendants oppose this deposition and have filed a Motion for Protective Order. However, the earliest possible date to schedule a hearing on the protective order under the Rules is January 24, 2008. This date is well beyond the discovery cut-off deadline of January 11, 2008. Thus, Defendants respectfully request that the court grant their Motion to Shorten Time and hear arguments on January 3, 2008 before the expiration of the discovery period.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 6-3, Defendants respectfully request an Order Shortening Time on the grounds set forth below.

1.  <u>Reasons for shortening time</u>. The timing of the discovery period necessitates this Motion to Shorten Time. The deadline for the close of discovery is January 11, 2008. This is also the date for which Plaintiff noticed the deposition of Mrs. Cohen to take place in Scottsdale, Arizona. The date that Plaintiff gave notice of the deposition was December 6, 2007. Declaration of Gwen Fanger in Support of Defendants' Motion to Shorten Time ("Fanger Dec."), Ex. A. The earliest date for a hearing on the Motion for Protective Order under the Rules is January 24, 2008. With the hearing date noticed for January 24, 2008, absent an earlier hearing, the parties could not resolve the issue prior to the close of discovery. Fanger Dec. ¶5.

2.  <u>Defendants' efforts to obtain stipulation for shortening time</u>. On December 17, 2007, Defendants sent Plaintiff a letter indicating their intention to seek a protective order and requesting that Plaintiff agree to a hearing on January 3, 2008 in light of the upcoming deposition and discovery cut-off date. *See* Fanger Dec., Ex. D. Plaintiff responded that it rejected

Defendants' request and would not consent to a hearing date on January 3, 2008. Fanger Dec., Ex. E.

3. <u>Substantial harm and prejudice will occur</u>. Defendants will incur substantial harm and prejudice if the Motion to Shorten Time is not granted. *See* Fanger Dec. ¶7. Plaintiff has noticed the deposition of Christene Cohen, the wife of Barry Cohen, to take place in Scottsdale, Arizona on the last day of discovery. Mrs. Cohen can not afford to miss work to have her deposition taken. In addition, as explained in part 4 below and in the accompanying Defendants' Motion for Protective Order, the deposition raises the risk of disclosure of confidential information protected by both the marital communications privilege and the attorney client privilege. Moreover, as described in the Motion for Protective Order, Plaintiff itself recognizes that Mrs. Cohen has had not business dealings with Del Mar that are the subject of this lawsuit. If the hearing date on Defendants' Motion for Protective Order cannot be changed to fall within the discovery cut-off period, Defendants will not have the opportunity to seek a protective order prior to the close of discovery. Plaintiff on the other hand will have sufficient time to respond to the Motion for Protective Order if the Order to Shorten Time is granted. Fanger Dec., ¶9

4. <u>Defendants' attempts to resolve dispute regarding deposition of Mrs. Cohen</u>.

Pursuant to L.R. 37-1(a), Defendants have attempted to resolve the dispute regarding the unnecessary burden and expense in taking the deposition of Christene Cohen. Plaintiff noticed the deposition of Mrs. Cohen for January 11, 2008 in Scottsdale, Arizona prior to conferring with Defendants as to Mrs. Cohen's availability. The date of the deposition is noticed for a Friday that Mrs. Cohen is working on and for which she can not take time off. Moreover, most, if not all, of Mrs. Cohen's testimony regarding her marital relationship with Mr. Cohen and her private communications with him are protected from disclosure under both the California and federal common law privilege for marital communications not to mention the attorney-client privilege related to her divorce proceedings. Plaintiff's speculation regarding the Cohens' marital relationship is irrelevant to the whether Plaintiff had a right to foreclose on the Ship Mortgage. In addition, based on the deposition testimony of Del Mar's president and controller, Del Mar's

exclusive dealings regarding the issues in this case were with Barry Cohen and not his wife. Moreover, Mrs. Cohen has no knowledge of the subjects of this lawsuit (amounts owed under the Note and Mortgage) and the counterclaim for wrongful arrest of the Vessel. Thus, Mrs. Cohen's deposition testimony would be significantly limited to *relevant*, non-privileged information, if any, and would not justify the personal burden to her or the expenses to all the parties involved in flying to Arizona to take her deposition.

In an effort to minimize the burden and cost to all parties, and in light of the risk of disclosing privileged communications between her and her husband, on December 12, 2007, Defendants proposed an alternative where Plaintiff could pose a reasonable number of written interrogatories to Mrs. Cohen, even though Plaintiff already exceeded the number of allowable interrogatories under Fed. R. Civ. P. 33. *See* Fanger Dec., Ex. B. Although Plaintiff proposed splitting the cost of flying Mrs. Cohen to San Francisco to have her deposition taken, she cannot take time off of work to travel and this proposal does not relieve the burden to her. *See* Fanger Dec., Exhibit C. Moreover, Plaintiff has not heeded this court's admonition to keep costs down and the deposition of Mrs. Cohen is just one of Plaintiff's six irrelevant and unnecessary depositions it has noticed in this case (four of which are non-parties, including Barry Cohen's two sons, the captain of the Vessel, and Barry Cohen's personal accountant.).

5.   <u>There have been no previous modifications of time in this case.</u>

The Court has granted no other orders allowing modification of time in these proceedings.

**CONCLUSION**

For these reasons, Defendants respectfully request the court grant Defendants' Motion for Order Shortening Time.

//

//

//

//

1  DATED this 18th day of December, 2007.

Respectfully submitted,

_/s/ James P. Walsh_
James P. Walsh (CSB No. 184620)

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.