James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| v. | ) **DECLARATION OF GWEN FANGER** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, | ) **IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME FOR HEARING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITION OF CHRISTENE COHEN PURSUANT TO FRCP 26(c)** |
| Defendants. | ) **Date:  January 3, 2008**<br>**Time:  8:00 a.m.**<br>**Place:  Courtroom 9, 19th Floor** |

I, Gwen Fanger, declare as follows:

1.     I am an associate in the law firm of Davis Wright Tremaine LLP and our firm

serves as counsel to Defendants in this lawsuit.  I make this declaration in support of Defendants'

Motion for Administrative Relief to Shorten Time for Hearing Defendants' Motion for a

Protective Order Limiting the Deposition of Christene Cohen Pursuant to FRCP 26(c).  The facts

set forth in this declaration are personally known to me to be true and correct and, if called as a

witness, I could and would testify to the following:

DAVIS WRIGHT TREMAINE LLP

1

DECLARATION OF GWEN FANGER IN SUPPORT OF
MOTION SHORTEN TIME
Case No. C-07-2952 WHA

2.     On December 6, 2007, Plaintiff served a Notice of Deposition for Christene Cohen for January 11, 2008 in Scottsdale, Arizona.  Plaintiff did not confer with Defendants as to scheduling prior to serving the Notice of Deposition to Chris Cohen.  Attached as Exhibit A to my declaration is a true and correct copy of the Notice of Deposition of Chris Cohen.

3.     Defendants oppose the deposition of Mrs. Cohen.  Not only will her testimony be protected by the marital communications privilege and/or attorney-client privilege, but the underlying dispute and business transactions at issue are between Del Mar and Barry Cohen and not his wife.  In compliance with FRCP 26(c) and in an effort to resolve the dispute without court action, Defendants proposed a reasonable and efficient alternative to taking a deposition that is unlikely to lead to any admissible evidence and that places an undue burden on Mrs. Cohen.  In an effort to minimize the burden and cost to all parties, and in light of the risk of disclosing privileged communications between her and her husband, on December 12, 2007, Defendants proposed that Plaintiff pose a reasonable number of written interrogatories to Mrs. Cohen, even though Plaintiff already exceeded the number of allowable interrogatories under Fed. R. Civ. P. 33.  Attached as Exhibit B to my declaration is a true and correct copy of Defendants' letter to Max Kelly dated December 12, 2007.

4.     Although Plaintiff responded by proposing that the parties split the cost of flying Mrs. Cohen to San Francisco to have her deposition taken, she cannot take time off of work to travel and this proposal does not relieve the burden to her.  Attached as Exhibit C is a true and correct copy of Plaintiff's Letter to Gwen Fanger and James Walsh dated December 14, 2007.  Moreover, Plaintiff has not heeded this court's admonition to keep costs down and the deposition of Mrs. Cohen is just one of Plaintiff's many irrelevant and unnecessary depositions it has noticed in this case (four of which are non-parties, including Barry Cohen's two sons, the captain of the Vessel, and Barry Cohen's personal accountant.).

5.     In a continuing effort to resolve the dispute over the deposition of Mrs. Cohen, Defendants again asked Plaintiff to reconsider in light of the limited admissibility, if any, of testimony from Mrs. Cohen as a result of the marital communications privilege.  Attached as

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF GWEN FANGER IN SUPPORT OF
MOTION SHORTEN TIME
Case No. C-07-02952 WHA

SFO 400594v1 0084289-000001

1   Exhibit D to my declaration is a true and correct copy of Defendants' letter to Greg Poulos, dated

2   December 17, 2007. The earliest possible hearing date under the Rules is January 24, 2008, well

3   beyond the close of discovery. Thus, Defendants asked that Plaintiff agree to have the hearing on

4   the Protective Order heard on January 3, 2005 in light of the upcoming deadline for the close of

5   discovery on January 11, 2008. Ex. D.

6         6.     Nevertheless, Plaintiff rejected Defendants' renewed request for interrogatories in

7   lieu of a deposition of Mrs. Cohen and denied Defendants request for an earlier hearing date.

8   Attached as Exhibit E to my declaration is a true and correct copy of Plaintiff's letter to Gwen

9   Fanger and James Walsh, dated December 18, 2007.

10         7.     Substantial harm and prejudice to Defendants will occur if the hearing on the

11   Motion for Protective Order is not heard prior to the close of discovery. Defendants seek to

12   prevent the disclosure of confidential information protected by the marital communications

13   privilege as well as the attorney-client privilege. Moreover, the deposition of Mrs. Cohen, a party

14   with whom Plaintiff acknowledges it has had no business dealings, will impose an undue burden

15   on her as she can not afford to miss work to attend a deposition for which the scope of her

16   testimony will be significantly limited.

17         8.     Pursuant to L.R. 37-1(a), Defendants have attempted to resolve the dispute

18   regarding the unnecessary burden and expense in taking the deposition of Christene Cohen.

19   Plaintiff noticed the deposition of Mrs. Cohen for January 11, 2008 in Scottsdale, Arizona prior to

20   conferring with Defendants as to Mrs. Cohen's availability. The date of the deposition is noticed

21   for a Friday, notably the last day of discovery, and is a date on which Mrs. Cohen works and for

22   which she can not take time off. Moreover, most, if not all, of Mrs. Cohen's testimony regarding

23   her marital relationship with Mr. Cohen and her private communications with him are protected

24   from disclosure under both the California and federal common law privilege for marital

25   communications not to mention the attorney-client privilege related to her divorce proceedings.

26   Plaintiff's speculation regarding the Cohens' marital relationship is irrelevant as to Plaintiff's right

27   to foreclose on the Ship Mortgage. In addition, based on the deposition testimony of Del Mar's

28

DAVIS WRIGHT TREMAINE LLP

1  president and controller, Del Mar's exclusive dealings regarding the issues in this case were with

2  Barry Cohen and not his wife.  Moreover, Mrs. Cohen has no knowledge of the subjects of this

3  lawsuit (amounts owed under the Note and Mortgage) and the counterclaim for wrongful arrest of

4  the Vessel.  Thus, Mrs. Cohen's deposition testimony would be significantly limited to *relevant*,

5  non-privileged information, if any, and would not justify the personal burden to her or the

6  unnecessary expenses to all the parties involved in flying to Arizona to take her deposition.

7        9.     Even in light of the shortened time for hearing Defendants' Motion for Protective

8  Order, Plaintiff will be able to respond within the 3-day time frame under L.R. 6-3(c) as well as

9  have 14 days to prepare for the hearing.

10        10.     There have been no previous time modifications by the court in this case.

12  DATED this 18th day of December, 2007.

13                                                  */s/ Gwen Fanger*

14                                                Gwen Fanger (CSB No. 191161)

15                                                Attorney for Defendants BARRY COHEN,

16                                                CHRIS COHEN, F/V POINT LOMA and the

17                                                F/V POINT LOMA FISHING COMPANY,

                                              INC

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF GWEN FANGER IN SUPPORT OF
MOTION SHORTEN TIME
Case No. C-07-02952 WHA

SFO 400594v1 0084289-000001

# EXHIBIT A

**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS LLP**
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DEL MAR SEAFOODS, INC. | ) | Case No.: CV 07-02952 WHA |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF** |
| | ) | **DEPOSITION OF CHRIS COHEN** |
| vs. | ) | |
| | ) | |
| BARRY COHEN, CHRIS COHEN (aka | ) | |
| CHRISTENE COHEN), *in personam* and | ) | |
| F/V POINT LOMA, Official Number | ) | |
| 515298, a 1968 steel-hulled, 126-gross ton, | ) | |
| 70.8- foot long fishing vessel, her engines, | ) | |
| tackle, furniture, apparel, etc., *in rem*, and | ) | |
| Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| And Related Counterclaims | ) | |
| _____ | ) | |

**TO DEFENDANT CHRISTENE COHEN AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2501

Case No.: CV 07-02952 WHA
PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN

1    CHRIS COHEN (aka "CHRISTENE COHEN") before a notary public on *Friday, January*

2    *11, 2008, at 10:00 a.m.*, at the offices of A.A. Nichols, Inc., 2607 N. Hayden Rd., Scottsdale,

3    AZ, 85257.  The deposition will be recorded stenographically and continue day to day,

4    excluding holidays and weekends, until completed.

5

6    Dated:  December 6, 2007                    COX, WOOTTON, GRIFFIN,
                                                 HANSEN & POULOS, LLP
7                                                Attorneys for Plaintiff
                                                 DEL MAR SEAFOODS, INC.
8

9

10

11   By: _____
                Max L. Kelley
12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoodsV2504

26

27

28

-2-                                          Case No.: CV 07-02952 WHA

PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN

**PROOF OF SERVICE**

Case:        *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

     I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

     On December 6, 2007, I served the attached document(s):

- **PLAINTIFF'S NOTICE OF DEPOSITION OF BARRY COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF DAVE KOBAK**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    <u>By First Class Mail</u>: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    <u>By Personal Service</u>: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    <u>By Messenger Service</u>: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    <u>By Federal Express</u>:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Del Mar Point Loma/2504

**(E)**  **By Facsimile:** I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant<br>F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 6, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,<br>GRIFFIN, HANSEN<br>& POULOS, LLP<br><br>190 THE EMBARCADERO<br>SAN FRANCISCO, CA<br>94105<br>TEL. 415-438-4600<br>FAX 415-438-4601<br><br>Decl. Point Loma/2504

# EXHIBIT B

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

GWEN FANGER                    SUITE 800                          TEL (415) 276-6500
DIRECT (415) 276-6567          505 MONTGOMERY STREET             FAX (415) 276-6599
gwenfanger@dwt.com             SAN FRANCISCO, CA 94111-6533      www.dwt.com

December 12, 2007

Mr. Max Kelly
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:    Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
       Federal District Court, Northern District of California

Dear Mr. Kelly:

We are writing to propose an alternative to taking the deposition of Christene Cohen that you have noticed for January 11, 2008 in Scottsdale, Arizona. There will be considerable expense and time involved in taking her deposition that seems unnecessary in light of the fact that you are also taking the deposition of the primary defendant, Barry Cohen, the captain of the vessel, and Barry Cohen's sons, Michael and Leonard. Moreover, her deposition is unlikely to lead to much admissible evidence, if any because her testimony is subject to marital privileges. As you are aware, Barry and Christene Cohen were married at the time the subject matter of this dispute arose, they are in fact presently married, and will still be married at the time of Ms. Cohen's deposition. Thus, communications between Barry Cohen and Christene Cohen are protected from disclosure by the marital communications privilege. Nor can Ms. Cohen be compelled to testify against Mr. Cohen, as her husband, in a deposition. These two marital privileges will significantly limit the scope of your questioning of Ms. Cohen and may in fact preclude her from answering any of your questions.

As an alternative, we propose that you prepare specific, limited interrogatories for Ms. Cohen to answer. Although you have already exceeded the number of interrogatories allowed under FRCP 33, we will stipulate to a reasonable number of interrogatories directed to Ms. Cohen. This will give you the opportunity to obtain non-privileged information, if any, without the significant travel costs and preparation time involved in taking what is likely to be a very limited deposition in Scottsdale, Arizona.

We do not wish to interfere with your ability to depose Ms. Cohen. Rather, we are hoping that a reasonable, economical, and efficient alternative can be used so that you may obtain the information that you are entitled to without the considerable expense to be incurred by all parties in connection with taking her deposition.

Please let us know if you are amenable to such an alternative or call to discuss the parameters of our proposal. We look forward to hearing from you.

SFO 400071v1 0084289-000001

Mr. Max Kelly
December 7, 2007
Page 2



Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

cc:          James Walsh, Esq.
             Greg Poulos, Esq.
             Rich Wagner, Esq.

# EXHIBIT C

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
  *ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

**December 14, 2007**

***By E-mail***
Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

      Re:        ***Del Mar Seafoods, Inc. v. Cohen***
      Case No.:  U.S.D.C./Northern District 3:07 CV 02952 WHA
      Our Ref:   DMSI.PointLoma/2504

Dear Ms. Fanger and Mr. Walsh:

     We acknowledge receipt of your letter dated December 12, 2007 regarding the deposition of Mrs. Cohen. While we appreciate your interest in minimizing expenses, we decline the offer to have Mrs. Cohen answer interrogatories, and we intend to proceed with the deposition as scheduled.

     With respect to your position that her testimony may be precluded by virtue of a marital privilege, we disagree with your position on the scope or application of the privilege. We note that it only applies to marital communications and only where the communications are made both confidentially and in confidence. The privilege does not apply to conduct. It also does not apply to any communications after permanent separation which has clearly occurred between the Cohens. It is also our position that it does not apply to their communications regarding their businesses (i.e. non-maritial), her employment at and statements she has made to Del Mar and others, communications with her sons or her own personal knowledge regarding the various subjects of this lawsuit and counter-claim. If Mr. or Mrs. Cohen intend to assert the privilege extensively then we may seek to arrange for appointment of a special master to attend the deposition to make

Ms. Gwen Fanger and Mr. James P. Walsh
December 14, 2007
Page 2

rulings on what can be asked.  Please let us know right away your position so that, if necessary, we can approach the Court on this subject.

With respect to the concern for costs, we share that concern and propose the following. As a party to this case, including as a cross-complainant in her own right, Mrs. Cohen's deposition could properly be noticed for San Francisco.  It was as an accommodation to her that we scheduled the deposition in Arizona.  It would certainly be less expensive to fly her to San Francisco and have her stay at a hotel overnight than for two lawyers and Mr. Cohen to fly to Arizona.  If your client is willing to split half the cost of bringing Mrs. Cohen to San Francisco we will pay the other half.

We look forward to your response.

Regards,

Gregory W. Poulos
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP

# EXHIBIT D

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

GWEN FANGER                  SUITE 800                       TEL (415) 276-6500
DIRECT (415) 276-6567        505 MONTGOMERY STREET           FAX (415) 276-6599
gwenfanger@dwt.com           SAN FRANCISCO, CA 94111-6533    www.dwt.com

December 17, 2007

**By Email; Original by Mail**

Mr. Greg Poulos
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:    Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
        Federal District Court, Northern District of California

Dear Mr. Poulos:

We are writing to "meet and confer" with respect to various discovery items.

First, with respect to Chris Cohen, we intend to seek a protective order that will allow you to pose up to 15 interrogatory questions in writing to Mrs. Cohen, in lieu of the deposition you scheduled for her in Scottsdale, Arizona on January 11, 2008.[1] The primary reasons are the marital privileges that would apply to any such testimony, leaving you almost nothing to question her about at the deposition. In addition, as you know, both Mr. Roggio and Mr. Cappuccio stated, under oath, that they had no dealings whatever with Mrs. Cohen with respect to the business issues in the above-captioned lawsuit.[2] We will stipulate that Mrs. Cohen signed the Promissory Note and signed the Ship Mortgage, and her signature on those documents is true and correct, which are probably the only questions that could be asked. Moreover, your client's speculation about the marital relationship of the Cohens is irrelevant as to whether Del Mar has a right to foreclose under the ship mortgage, and is only speculation. In fact, the entire relationship between the Cohens is protected either by the marital privilege (in its various forms under state and federal law) or the attorney-client privilege (in any divorce proceedings). It is clear to us that your client seeks to harass our clients and unnecessarily increase the costs of this case.

---

[1]      Not only was that date selected by you without consulting us, Chris Cohen works full-time and would not be able to miss that day of work so she is unavailable that day.

[2]      *See e.g.*, Draft transcript of deposition of Joseph Roggio, December 13, 2007 (26:1-17); Draft transcript of deposition of Joseph Cappuccio, December 14, 2007 (24:18-21)

SFO 400481v1 0084289-000001

Mr. Greg Poulos
December 17, 2007
Page 2



In light of the upcoming deadline for the close of discovery on January 11, 2008 and with respect to our motion for a protective order, we ask that you agree to a hearing on the protective order before the court on <u>January 3, 2008 at 8:00 a.m.</u>

Second, you also noticed the deposition of Mr. David P. Cantrell, Mr. Cohen's personal accountant, for Thursday, December 27, 2007 in San Luis Obispo, California. Mr. Cantrell is not a party to the case and was issued a subpoena. However, your office did not seek to consult with us before issuing the subpoena to see if lawyers from our firm would be available for that deposition. Because it was scheduled for the week between Christmas and New Year's, our lawyers have other plans. We ask that you reschedule for another date in early January. Finally, we wish to make clear that Defendants waive no privilege as to the disclosure of tax information protected by state or federal law.

With respect to Mr. Cantrell, we also suggest you consider written interrogatories in lieu of a deposition, to save time and expense.

Third, we also ask that you reconsider deposing Michael and Leonard Cohen, who are non-parties to this case. Based on the depositions of Mr. Roggio and Mr. Cappuccio, Del Mar's exclusive dealings with respect to the issues in this case were with Mr. Barry Cohen and not with his wife or his sons. Again, to save time and expense, we suggest you consider sending interrogatories to them to answer.

We would appreciate your response as soon as possible

Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

cc:      James Walsh, Esq.
         Max Kelly, Esq.
         Rich Wagner, Esq.

# EXHIBIT E

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
　*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA  94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

December 18, 2007

<u>**By E-mail**</u>

Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

|       |                                         |
|-------|-----------------------------------------|
| Re:   | *Del Mar Seafoods, Inc. v. Cohen*       |
| Case No.: | U.S.D.C./Northern District 3:07 CV 02952 WHA |
| Our Ref: | DMSI.PointLoma/2504                   |

Dear Ms. Fanger and Mr. Walsh:

We acknowledge receipt of your letter dated December 17, 2007 which must also be in response to our letter of December 14.

With respect to Mrs. Cohen's deposition, our desire to take her deposition is not harassment nor an attempt to drive up litigation costs. In fact we have offered to bring her up to San Francisco if that is more convenient and less expensive. Your proposed motion for a protective order, on the other hand, appears to be more of a tactical move than a legitimate exercise of discovery. We note, in particular, that while you keep saying that her communication is supported by the marital privilege, you have not provided any facts on which to base your assertions. For example, as we noted in our letter, the privilege does not apply after permanent separation. When did that occur? Were there communications after that? What conduct did she have (or not have) regarding the operation of the various businesses? What communications did she have regarding the business dealings (outside the privilege) versus what was within the marriage? What communications has she had with Leonard or Michael, or with our clients? What communications did she have with Mr. Cohen, but in the presence of third parties thereby destroying the privilege? You must answer these questions in any motion,

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 2

and we do not believe that you have properly engaged in a meet and confer process without addressing them now.

The testimony that you have cited from the depositions of Joe Cappuccio and Joe Rogio are, frankly, meaningless in terms of the issues. That they did not personally speak with Mrs. Cohen does not in any way establish that she is not involved in the businesses and / or does not have non-privileged information. We note in particular that according to Mr. Cohen's declaration dated July 9, 2007, Mrs. Cohen is a 50% shareholder in the F/V Point Loma Fishing Company, Inc. As a shareholder she likely has non-privileged information regarding the income of that business and may have non-privileged information regarding the alleged losses that occurred following the arrest of the F/V Point Loma.

Unless and until you provide concrete answers to the above questions and can establish that Mrs. Cohen cannot testify at all except as to privileged matters, then we are entitled to take her deposition and we fully intend to do so.

Please respond to our suggestion that a discovery referee can be appointed to attend the deposition to deal with your alleged marital privilege issues on the spot.

Regarding the timing of her deposition, please respond to our suggestion that the deposition be taken in San Francisco at shared expense and please provide an alternative date on which Mrs. Cohen will be available in either San Francisco or Arizona if your motion for protective order fails.

Your suggestion for interrogatories in lieu of a deposition is rejected. We have no doubt that it would only be met with objections and, moreover, it would not provide us with the opportunity to ask pertinent follow up questions or to gauge Mrs. Cohen as a witness.

Before we address the timing of a motion for a protective order, please provide us with answers to the various questions raised above. We doubt, however, that we can agree to a hearing on the 3rd as it provides too little time for you to file a motion and for us to respond before the holidays unless your motion is filed today. Since you have not completed a proper meet and confer addressing the questions raised above or responding to our suggested compromise of proceeding with the deposition in San Francisco with a discovery referee to rule on objections, it would be very improper for you to proceed with filing a motion until you have responded.

Regarding the deposition of Mr. Cantrell, we agree that the timing is unfortunate. However, that timing is dictated by the Court's scheduling order and the scheduling of the other depositions in the case. I am not available on January 1 (which is a holiday) or January 2. We have to drive to San Luis Obispo on January 3 to be there for the depositions of Michael and Leonard Cohen beginning the morning of the 4th. We cannot take three depositions on the 4th. The following week is completely scheduled with a

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 3

vessel inspection (7th), depositions of the vessel's Captain (8th), Deposition of Barry
Cohen (9th) and travel to Arizona(10th) and Deposition of Chris Cohen (11th). As a result,
the only additional day for scheduling of Mr. Cantrell's deposition is on the weekend of
January 5th and 6th. If you want to move things around, we are willing to work that
Saturday (the 5th) and schedule the depositions of Micheael and Leonard Cohen and Mr.
Cantrell in any order that makes sense for their respective schedules on the 4th and 5th.
More than that is impossible unless we stipulate to, and obtain Court approval for, a
change in the discovery cut-off date. We are willing to enter into such a stipulation given
the difficulties of scheduling over the holidays.

        You have also stated that you do not intend to waive any federal or state tax
privilege. We note that federal tax returns are not privileged where they are relevant to
the subject matter of the action and the information is not readily available elsewhere.
See, Rutter Guide, Federal Trials and Evidence at 8:3960. In this case the Cohens have
claimed that they lost substantial income as a result of the arrest of the vessel. The vessel
is owned by a sub-S corporation which reports its income on the tax returns of Mr. and
Mrs. Cohen (filed either individually or as a married couple). We believe it is apparent
that the tax returns are not privileged in this case. We understand also that Mr. Cantrell
was involved in the formation of the Mexico joint venture and we have the right to
question him on those matters.

        Finally, we do not believe interrogatories serve anything similar to the purpose of
a deposition. We will therefore not agree to submit interrogatories in lieu of deposing
Michael and Leonard Cohen.

        We look forward to your response.


                                        Regards,


                                        Gregory W. Poulos
                                        COX, WOOTTON, GRIFFIN,
                                        HANSEN & POULOS LLP