James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITION OF CHRISTENE COHEN PURSUANT TO FRCP 26(c)** <br><br> Date: January 24, 2008 <br> Time: 8:00 a.m. <br> Place: Courtroom 9, 19th Floor |

Pursuant to Civil Local Rule 7-1 and Fed. R. Civ. P. 26(c), Defendants, Barry A. Cohen and Chris Cohen (the "Cohens"), the vessel F/V POINT LOMA (the "Vessel") and Claimant F/V Point Loma Fishing Company, Inc. (collectively, "Defendants"), submit this Motion for a Protective Order Limiting the Deposition of Christene Cohen ("Motion for Protective Order").

### INTRODUCTION

The parties are in the midst of completing their discovery in this case. Prior to beginning discovery and upon ordering the release of the Vessel from seizure at Plaintiff's request, the court admonished the parties to be careful and limit the costs incurred. Defendants have heeded this

instruction and limited their discovery to two depositions and narrowly tailored discovery requests focused on the issues in the case; namely the amount allegedly owed under the Promissory Note signed by the Cohens (the "Note") and the wrongful arrest of the Vessel. Plaintiff on the other hand, continues to abuse the discovery process and has noticed numerous depositions and propounded extensive discovery requests, including a request for another survey of the Vessel, well beyond the scope of this litigation. *See e.g.*, Declaration of Gwen Fanger in Support of Motion for Protective Order. ("Fanger Dec."), Ex. M, pages 2-3.

As Plaintiff is well aware, Del Mar's exclusive dealings related to the transactions at issue in this case are with Barry Cohen and not with his wife. *See e.g.*, Fanger Dec., ¶¶ 11-12 ; Exs. K and L. Moreover, Plaintiff simply intends to embarrass and harass Defendants by seeking irrelevant information related to their marital relationship as the basis for its wrongful foreclosure of the Vessel. Any testimony regarding private communications between the Cohens during their marriage are privileged and remain privileged to this day. Defendants' alternative proposal that Plaintiff's prepare written interrogatories in lieu of her deposition in order to obtain non-privileged, *relevant* information, if any, will minimize the undue burden on Mrs. Cohen by forcing a deposition of limited admissibility for which she can not afford to miss work and for which privileged information is primarily at stake.

## FACTS

On December 6, 2007, Plaintiff noticed the deposition of Chris Cohen, a party in this case, for Friday, January 11, 2008 in Scottsdale, Arizona, where Mrs. Cohen currently resides. Fanger Dec., Ex. A. The deposition of Mrs. Cohen is one of six depositions that Plaintiff intends to take in this case. *See* Fanger Dec., Exs. B-F. The deadline for the close of discovery is January 11, 2008, the same day as Mrs. Cohen's deposition is scheduled to occur.

Plaintiff did not confer with Defendants prior to noticing Mrs. Cohen's deposition. The deposition is scheduled for a day on which she works and she can not afford to take an entire day off of work for her deposition. Declaration of Chris Cohen in Support of Motion for Protective Order, ¶4. Defendants informed Plaintiff on December 12, 2007, that much, if not all, of Mrs.

Cohen's testimony is covered by the marital communications privilege and therefore, traveling to Arizona to take what is likely to be a very limited deposition would be an unnecessary expense to all parties. Fanger Dec., Ex. H. Mrs. Cohen's involvement in this case is limited to the fact that she signed the Note and First Preferred Ship Mortgage (the "Mortgage") which Defendants have offered to stipulate to. Fanger Dec., Ex. J. Moreover, Del Mar has had no dealings with her related to the underlying transactions in this case and its sole dispute is with her husband, Barry Cohen. *See e.g.*, Fanger Dec., ¶¶11-12; Exs. K-L.

In light of the considerable burden to Mrs. Cohen and the expense to all parties in taking her deposition, Defendants proposed as an alternative that Plaintiff pose a reasonable number of written interrogatories to Mrs. Cohen in order to solicit whatever non-privileged and relevant information she has relating to this case. Fanger Dec., Ex. H. Plaintiff responded two days later that, despite the limited testimony of Mrs. Cohen, it still intended to take her deposition and proposed flying her to San Francisco. Fanger Dec., Ex. I.

Defendants have in good faith attempted to confer with Plaintiff and resolve this issue without the need for a court order by asking Plaintiff to reconsider their intention to take Mrs. Cohen's deposition and instead offered that Plaintiff pose up to 15 written interrogatories for Mrs. Cohen to answer. Fanger Dec., ¶¶9-11, Ex. J. Nevertheless, Plaintiff has responded, after outlining numerous questions that could serve as appropriate interrogatories, that it rejects our offer. Fanger Dec., pages 1-2, Ex. M.

**ARGUMENT**

Defendants seek a protective order limiting the deposition of Chris Cohen to no more than 15 written interrogatory questions that she will answer under oath. The court has the discretion to limit discovery upon a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In particular, the court can order that discovery be limited to certain methods. Fed. R. Civ. P. 26(c)(3). Here, good cause exists to limit the deposition of Mrs. Cohen to written interrogatories to the extent 1) most, if not all, of Chris Cohen's testimony that Plaintiff seeks to elicit is protected by the marital

communications privilege; 2) the deposition is not likely to lead to any discoverable or admissible evidence; and 3) the deposition will cause an undue burden and expense that is not outweighed by the limited utility of Mrs. Cohen's deposition and reasonable alternative of written interrogatories.

I.  Marital Communications Privilege Applies to Most if not All of the Testimony of Chris Cohen.

Both California state law and federal common law recognize a marital communications privilege that protects private communications between spouses from disclosure. *See* Cal. Evid. Code §980; *see also U.S. v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). Under California law, confidential communications, both written and oral, made between spouses during a valid marriage are protected from disclosure by either spouse both during and after the marriage. Cal. Evid. Code §980; *see e.g., Rubio v. Superior Court of Orange County*, 202 Cal. App. 3d 1343, 1347 (Ct. App. 1998). Similarly, under federal common law, the marital communications privilege may be asserted by either spouse and covers confidential communications among spouses made during a marriage. *Montgomery*, 384 F.3d at 1056. Moreover, under both California statutory law and federal common law, there is a presumption of confidentiality for communications among spouses and the burden is on the party opposing the claim of privilege to show the communications are not confidential. Cal. Evid. Code §917 ("If a privilege is claimed on the ground that the matter sought to be disclosed is a communication made in confidence in the course of the ... husband-wife ... relationship, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential"); *Montgomery*, 384 F.3d at 1056-1057.

Barry and Chris Cohen were married on August 24, 1994. Notably, they were married at the time they signed the Note and Mortgage, which is the subject matter of this lawsuit. Thus, all private communications between them regarding the issues in this lawsuit are privileged. Even if they are presently separated, under the marital communications privilege, such private communications remain privileged even after the marital relationship ends.

Plaintiff's purpose for taking the deposition of Chris Cohen is designed to harass

Defendants and increase the costs in this case unnecessarily. Plaintiff alleges that the divorce proceedings between the Cohens and their behavior towards each other motivated and formed the basis for their decision seize the Vessel. Plaintiff ignored the fact that Barry Cohen made a substantial, lump sum payment on the Note in the amount of $175,000 and they failed to undertake a reasonable inquiry into the ability of Barry Cohen to make payments, although not due, under the Note. Rather, Plaintiff based their decision to seize the Vessel on hearsay and speculation about the Cohens' marital relationship. Thus, Plaintiff's allegations regarding the marital relationship of the Cohens are irrelevant as to whether Del Mar had a right to foreclose under the Mortgage and is pure speculation.

Thus, as Plaintiff seeks testimony regarding the relationship between the Cohens and their communications surrounding the issues in this case, the subject of Mrs. Cohen's deposition in its entirety would be protected by the marital communications privilege or the attorney-client privilege regarding their divorce proceedings. Moreover, any non-privileged, relevant information could be obtained through written questions to Mrs. Cohen without the imposition of the burden on her or unnecessary expense to all parties involved. Courts have granted protective orders that prevent disclosure of many types of information, including privileged information. *Phillips v. Byrd*, 307 F.3d. 1206, 1212 (9th Cir. 2002) (*citing KL Group v. Case, Kay, and Lynch*, 829 F.2d 909, 917-919 (9th Cir. 1987) (protective order granted to prevent disclosure of letters protected under attorney-client privilege)). Thus, a protective order limiting the deposition to written interrogatories directed at non-privileged, relevant information is appropriate.

II. The Deposition of Chris Cohen is Not Likely to Lead to Any Discoverable or Otherwise Admissible Evidence.

The deposition of Mrs. Cohen is unlikely to lead to any discoverable or otherwise admissible evidence that could not be obtained through interrogatories. Chris Cohen's only connection to this lawsuit, as Plaintiff is well aware, is that she is a signatory on the Note. *See e.g.*, Fanger Dec., Exs. K-L. Defendants have offered to stipulate that Mrs. Cohen signed the Note and Ship Mortgage and that her signature on these documents is true and correct. Fanger Dec., Ex. J. These are probably the only questions that could be asked that are not covered by a

privilege. Taking her deposition in Scottsdale, Arizona, or even San Francisco for that matter, would create an undue burden on her (she cannot afford to miss work) and unnecessary expense on all parties simply to get these admissions that can be stipulated to or through requests for admissions or written interrogatories.

In addition, both Joe Cappuccio, the President of Del Mar Seafoods, Inc. and Joe Roggio, its Controller, admit that they have had no business dealings with Mrs. Cohen related to this case. Fanger Dec., Exs. K-L. Moreover, the limitations on Mrs. Cohen's testimony were fully explained to Plaintiff. Fanger Dec., Exs. H and J. In fact, Defendants offered an alternative that would allow Plaintiff to prepare written interrogatory questions to Mrs. Cohen in lieu of her deposition while preserving its opportunity to obtain any *relevant*, non-privileged information without the significant costs and burden in taking what is likely to be a very limited deposition in Scottsdale, Arizona. *Id.* Although Plaintiff offered to split the costs of bringing Mrs. Cohen to San Francisco for her deposition, she does not have the resources to travel and miss work. When balancing the limited utility of her deposition against the undue burden to Defendants from the potential disclosure of privileged information, taking Mrs. Cohen's testimony through a set of written interrogatories is a reasonable alternative. Plaintiff's knowledge that Ms. Cohen has virtually nothing to do with the dispute in this case, suggests that its purpose of noticing her deposition is simply to harass, embarrass, and cause undue burden to her and Mr. Cohen.

III. <u>A protective order is appropriate where the deposition of Mrs. Cohen will cause undue burden and expense.</u>

Plaintiff has noticed numerous depositions in this case despite the admonition by this Court that the parties should not incur excessive costs and expenses. Defendants have adhered to this instruction and have conducted a focused and reasonable amount of discovery. In fact, Defendants have completed the depositions of the only two witnesses they intend to take. *See* Fanger Dec., Exs. K-L. Defendants have also served a limited amount of discovery requests on Plaintiff that were narrowly tailored to the facts in this case.

In contrast, Plaintiff has ignored the Court's instruction and noticed six depositions and served extensive discovery requests well beyond the scope of this case. *See* Fanger Dec., Exs. A-

G, N-P (total of 45 requests for production of documents; 30 numbered interrogatories, not including subparts, and 33 requests for admissions). In addition to the depositions of Barry and Chris Cohen, Plaintiff has served deposition subpoenas on Barry Cohen's two sons, Michael Cohen and Leonard Cohen, the captain of the F/V POINT LOMA, Dave Kobak, and Barry Cohen's personal accountant, Dave Cantrell. *See* Fanger Dec., Exs. A through F and Ex. M. Again, according to the testimony of Joe Cappuccio and Joe Roggio, Del Mar's exclusive dealings with respect to the issues in this case are with Barry Cohen, and not with his wife. Fanger Dec., Exs. K-L. Moreover, Plaintiff has also served a request to allow a surveyor to inspect the Vessel despite the fact that the Plaintiff already disclosed numerous photos of the condition of the Vessel that it had access to when it seized the Vessel. Exhibit G and M to Fanger Dec., Exs. G, M and Q.

Balancing the limited utility of Mrs. Cohen's deposition, as described above, with the significant burden to her and unnecessary expense, a protective order is justified. *See e.g., U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982) (recognizing Rule 26(c) provides safeguards for protection of parties in view of broad discovery rights under Rule 26 and may issue any order which "justice requires" to protect such party from undue burden or expense).

### THE PROPOSED PROTECTIVE ORDER

Defendants respectfully request that the Court issue a protective order limiting the deposition of Chris Cohen. The proposed order would allow Plaintiff to pose up to 15 interrogatory questions in writing to Mrs. Cohen. Plaintiff itself has already identified the questions to ask in such interrogatories. Exhibit M to Cohen Dec. The protective order would allow Plaintiff to obtain *relevant*, non-privileged information, if any, and minimize the burden to Mrs. Cohen.

### CONCLUSION

For the reasons stated above, Defendants respectfully request that the court issue a protective order limiting the deposition testimony of Mrs. Cohen to no more than 15 written

7

interrogatories.

DATED this 18th day of December, 2007.

Respectfully submitted,

/s/ *James P. Walsh*
James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, CA 94111-3727
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

DEFS MOTION PROTECTIVE ORDER
Case No. C-05-3927-CW

SFO 400468v1 0084289-000001