James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| v. | ) **DECLARATION OF GWEN FANGER** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, | ) **IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITION OF CHRISTENE COHEN PURSUANT TO FRCP 26(c)** |
| | ) **Date: January 24, 2008** |
| | ) **Time: 8:00 a.m.** |
| | ) **Place: Courtroom 9, 19th Floor** |
| Defendants. | ) |

I, Gwen Fanger, declare as follows:

1.      I am an associate in the law firm of Davis Wright Tremaine LLP and our firm serves as counsel to Defendants in this lawsuit. I make this declaration in support of Defendants' Motion for a Protective Order Limiting the Deposition of Christene Cohen Pursuant to FRCP 26(c). The facts set forth in this declaration are personally known to me to be true and correct and, if called as a witness, I could and would testify to the following:

2.      On December 6, 2007, Plaintiff served a Notice of Deposition for Christene Cohen for January 11, 2008 in Scottsdale, Arizona. Plaintiff did not confer with Defendants as to

1

DAVIS WRIGHT TREMAINE LLP

1    scheduling prior to serving the Notice of Deposition to Chris Cohen.  Attached as Exhibit A to my

2    declaration is a true and correct copy of the Notice of Deposition of Chris Cohen.

3        3.    On December 6, 2007, Plaintiff served a Notice of Deposition to Barry Cohen for

4    January 9, 20008 in San Francisco, California.  Attached as Exhibit B to my declaration is a true

5    and correct copy of the Notice of Deposition to Barry Cohen.

6        4.    On December 13, 2007, Plaintiff served a Notice of Deposition to David P. Cantrell

7    and copy of a subpoena issued to Mr. Cantrell for his deposition to be taken December 27, 2007 in

8    San Luis Obispo, California.  Plaintiff served the Notice of Deposition to David P. Cantrell

9    without conferring with Defendants as to scheduling.  The subpoena also includes a request for

10   production of "all documents and records, including correspondence, e-mails, faxes, notes,

11   memoranda, reports, spreadsheets, and accounting statements evidencing, reflecting, and/or

12   relating to the 2002 joint venture between Barry Cohen and Joe Cappuccio to operate the F/V

13   POINT LOMA in Mexico as a commercial fishing business."  Attached as Exhibit C to my

14   declaration is a true and correct copy of the Notice of Deposition to David P. Cantrell and

15   Subpoena issued to David P. Cantrell.  Mr. Cantrell is Mr. Cohen's personal accountant and is not

16   a party in this case.

17       5.    Del Mar intends to take the deposition of Leonard Cohen, Barry Cohen's son on

18   January 4, 2008 in San Luis Obispo, California.  Attached as Exhibit D to my declaration is a true

19   and correct copy of the Subpoena to Leonard Cohen.  Mr. Leonard Cohen is not a party in this

20   case.

21       6.    Del Mar intends to take the deposition of Michael Cohen, Barry Cohen's son on

22   January 4, 2008 in San Luis Obispo, California.  Attached as Exhibit E to my declaration is a true

23   and correct copy of the Subpoena to Michael Cohen.  Mr. Michael is not a party in this case.

24       7.    Del Mar intends to take the deposition of Dave Kobak, the captain of the F/V

25   POINT LOMA on January 8, 2008 in San Francisco, CA.  Attached as Exhibit F to my declaration

26   is a true and correct copy of the Subpoena to Dave Kobak.

27       8.    Del Mar's discovery requests in this matter are extensive.  Del Mar's 45th discovery

28

DAVIS WRIGHT TREMAINE LLP

1    request pursuant to FRCP 34 is for an inspection of the F/V POINT LOMA on January 7, 2008.

2    Attached as Exhibit G to my declaration is a true and correct copy of Plaintiff Del Mar Seafoods,

3    Inc.'s Request to Inspect Defendant Vessel. Plaintiff already has recent information as to the

4    condition of the Vessel. Attached as Exhibit Q to my declaration are pictures taken of the Vessel

5    upon its seizure by Plaintiff submitted by Plaintiff in its Supplemental Initial Disclosures and

6    labeled DMSI 0065-0077.

7        9.        Defendants oppose the deposition of Mrs. Cohen. Not only will her testimony be

8    protected by the marital communications privilege and/or attorney-client privilege, but the

9    underlying dispute and business transactions at issue are between Del Mar and Barry Cohen and

10   not his wife. In compliance with FRCP 26(c) and in an effort to resolve the dispute without court

11   action, Defendants proposed a reasonable and efficient alternative to taking a deposition that is

12   unlikely to lead to any admissible evidence and that places an undue burden on Mrs. Cohen. After

13   receiving the Notice of Deposition to Chris Cohen, Defendants proposed an alternative to the

14   undue burden and unnecessary expense that would be incurred in requiring Mrs. Cohen to miss a

15   day of work and for all parties to fly to Arizona for her deposition. As Defendants explained in a

16   letter to Plaintiff's counsel, Mr. Max Kelly, dated December 12, 2007, Mrs. Cohen's testimony

17   will be protected by privilege. In an attempt to resolve Defendants' opposition to Mrs. Cohen's

18   deposition without further undue burden on her and in light of the privilege and limited scope of

19   any non-privileged, relevant information to be obtained by her deposition, Defendants proposed

20   that Plaintiff pose a reasonable number of written interrogatories to Mrs. Cohen for her to answer

21   (despite having already exceeded the maximum number of interrogatories under FRCP 33).

22   Attached as Exhibit H to my declaration is a true and correct copy of Defendants' letter to Max

23   Kelly dated December 12, 2007.

24       10.       Plaintiff responded two days later objecting to Defendants' proposal. Although

25   Plaintiff suggested sharing the cost of flying Mrs. Cohen to San Francisco to have her deposition

26   taken, this does not alleviate the burden to her to the extent she can not afford to miss any work.

27   Attached as Exhibit I to my declaration is a true and correct copy of Plaintiff's letter to Gwen

28

<div style="writing-mode: vertical">DAVIS WRIGHT TREMAINE LLP</div>

3

1    Fanger and James Walsh dated December 14, 2007.

2    11.    In a continuing effort to resolve the dispute over the deposition of Mrs. Cohen,

3    Defendants again asked Plaintiff to reconsider in light of the limited admissibility, if any, of

4    testimony from Mrs. Cohen as a result of the marital communications privilege. Attached as

5    Exhibit J to my declaration is a true and correct copy of Defendants' letter to Greg Poulos, dated

6    December 17, 2007. As explained in Exhibit J, Defendants also requested that Plaintiff pose

7    interrogatories to Mrs. Cohen in lieu of taking her deposition following the depositions of

8    Plaintiff's Controller, Joe Roggio, Plaintiff's President, Joe Cappuccio, on December 13 and 14

9    respectively. Attached as Exhibits K and L are true and correct copies of excerpts from the draft

10   transcripts of the depositions of Joe Roggio (Ex. K) and Joe Cappuccio (Ex. L) taken in this case.

11   Both Joe Roggio and Joe Cappuccio stated in their depositions that they never had any business

12   dealings with Christene Cohen. *See e.g.*, Exhibit K (26:1-17) (Q: "Did you ever have any kind of

13   conversation about these transactions with Chris Cohen?..." A: No, I never talked to Chris about

14   it."); Exhibit L (24:18-21) (Q: "During the period of time that we're talking about from 1999 to

15   2006, did you ever have any business dealings with Chris Cohen yourself?" A: "No, uh-uh.").

16   12.    Joe Roggio also testified that he had no contact with Mrs. Cohen regarding the

17   transactions at issue or the Note. Exhibit K (37:18-21 (Roggio never wrote letter to Mrs. Cohen

18   outlining that amounts owed to joint venture); 115:1-4 (Roggio never had any conversation with

19   Mrs. Cohen regarding whether she was willing to have note amended or add alleged advances to

20   note); 120:21-23 (Roggio never mailed copy of alleged spreadsheet showing amounts owed under

21   the note to Ms. Cohen); 133:21-25, 134:1-2 (Roggio never sent Barry or Christene Cohen notice

22   that interest was due)).

23   13.    Plaintiff rejected Defendants' renewed request for interrogatories in lieu of a

24   deposition of Mrs. Cohen. Attached as Exhibit M to my declaration is a true and correct copy of

25   Plaintiff's letter to Gwen Fanger and James Walsh, dated December 18, 2007. As illustrated by

26   Exhibit M, Plaintiff's own letter, the information sought by deposing Mrs. Cohen can readily be

27   obtained through interrogatories. *See* pages 1-2, Ex. M.

28

DAVIS WRIGHT TREMAINE LLP

4

14.    Plaintiff's insistence on deposing Mrs. Cohen is another example of its disregard for the instruction to keep the costs down in resolving the limited scope of the issues in this case; namely the amount of the debt allegedly owed under the Note and the wrongful arrest of the Vessel.  In addition to seeking the depositions of six witnesses (four of whom are non-parties) and the request to inspect the Vessel, Plaintiff has served extensive, burdensome discovery requests on Defendants, well beyond the limited scope of this lawsuit.  Attached as Exhibits N through P, respectively, are true and correct copies of Plaintiff Del Mar Seafoods, Inc.'s Requests for Production of Documents and Inspection of Things (numbers 1-44), Plaintiff's Interrogatories to Defendants (numbers 1-30), and Plaintiff's Requests for Admissions (numbers 1-33) served on November 29, 2007.

DATED this 18th day of December, 2007.

/s/ Gwen Fanger
Gwen Fanger (CSB No. 191161)

Attorney for Defendants BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF GWEN FANGER IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER
Case No. C-07-02952 WHA

SFO 400578v1 0084289-000001

Exhibit A

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.: 415-438-4600
   Facsimile No.: 415-438-4601
5
   **LAW OFFICES OF RICHARD P. WAGNER**
6  Richard P. Wagner (SBN 166792)
   700 Oceangate, Suite 700
7  Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile: (562) 216-2960
9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10
11
12                UNITED STATES DISTRICT COURT
13            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
14
15  DEL MAR SEAFOODS, INC.,            )   Case No.: CV 07-02952 WHA
                                       )
16              Plaintiff,             )   **PLAINTIFF'S NOTICE OF**
                                       )   **DEPOSITION OF CHRIS COHEN**
17        vs.                          )
                                       )
18  BARRY COHEN, CHRIS COHEN (aka      )
    CHRISTENE COHEN), *in personam* and )
19  F/V POINT LOMA, Official Number    )
    515298, a 1968 steel-hulled, 126-gross ton, )
20  70.8- foot long fishing vessel, her engines, )
    tackle, furniture, apparel, etc., *in rem*, and )
21  Does 1-10,                         )
                                       )
22              Defendants.            )
                                       )
23  _____   )
                                       )
24  And Related Counterclaims         )
                                       )
25

26  **TO DEFENDANT CHRISTENE COHEN AND HER ATTORNEYS OF RECORD:**

27        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

28  Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods29501

-1-                          Case No.: CV 07-02952 WHA

1  CHRIS COHEN (aka "CHRISTENE COHEN") before a notary public on *Friday, January*

2  *11, 2008, at 10:00 a.m.*, at the offices of A.A. Nichols, Inc., 2607 N. Hayden Rd., Scottsdale,

3  AZ, 85257. The deposition will be recorded stenographically and continue day to day,

4  excluding holidays and weekends, until completed.

5

6  Dated: December 6, 2007              COX, WOOTTON, GRIFFIN,
                                        HANSEN & POULOS, LLP
7                                       Attorneys for Plaintiff
                                        DEL MAR SEAFOODS, INC.
8

9

10                              By: _____
                                        Max L. Kelley
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN     26
& POULOS LLP

190 THE EMBARCADERO   27
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601    28

DelMarSeafoods\2564

Case No.: CV 07-02952 WHA

PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN

# PROOF OF SERVICE

Case:      *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:   U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On December 6, 2007, I served the attached document(s):

- **PLAINTIFF'S NOTICE OF DEPOSITION OF BARRY COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF DAVE KOBAK**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)    By First Class Mail:** I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)    By Personal Service:** I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)    By Messenger Service:** I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)    By Federal Express:** I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

1

(E)    By Facsimile:  I caused such document to be served via facsimile electronic

2

equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to

3

the following fax numbers:

4

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel:  415-276-6500<br>Fax:  415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

5

6

7

8

9

10

11

    I declare under penalty of perjury under the laws of the United States that the

12

foregoing is true and correct, and that I am employed in the office of a member of the bar of

13

this court at whose direction the service was made.  Executed on December 6, 2007 at San

14

Francisco, California.

15

16

_____

17

Zoe Conner

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

26

27

28

Donni.Point Loma/2504

Exhibit B

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.:  415-438-4600
   Facsimile No.:  415-438-4601
5
   **LAW OFFICES OF RICHARD P. WAGNER**
6  Richard P. Wagner (SBN 166792)
   700 Oceangate, Suite 700
7  Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile:  (562) 216-2960
9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13                    SAN FRANCISCO DIVISION

14

15  DEL MAR SEAFOODS, INC.,                )   Case No.: CV 07-02952 WHA
                                           )
16            Plaintiff,                    )   **PLAINTIFF'S NOTICE OF**
                                           )   **DEPOSITION OF BARRY COHEN**
17       vs.                                )
                                           )
18  BARRY COHEN, CHRIS COHEN (aka           )
    CHRISTENE COHEN), *in personam* and     )
19  F/V POINT LOMA, Official Number          )
    515298, a 1968 steel-hulled, 126-gross ton, )
20  70.8- foot long fishing vessel, her engines, )
    tackle, furniture, apparel, etc., *in rem*, and )
21  Does 1-10,                               )
                                           )
22            Defendants.                   )
                                           )
23  _____   )
                                           )
24  And Related Counterclaims              )
                                           )
25  _____   )

26  **TO DEFENDANT BARRY COHEN AND CLAIMANT F/V POINT LOMA FISHING**

27  **COMPANY, INC. AND THEIR ATTORNEYS OF RECORD:**

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-1600
FAX 415-438-4601

DelMarSeafoods/2501

1    PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

2  Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant

3  BARRY COHEN, individually, and as the President and Manager of the Claimant F/V

4  POINT LOMA FISHING COMPANY, INC., before a notary public on *Wednesday, January*

5  *9, 2008, at 9:00 a.m.*, at the offices of Cox, Wootton, Griffin, Hansen & Poulos, LLP, 190 The

6  Embarcadero, San Francisco, California, 94105 (415) 438-4600. The deposition will be

7  recorded stenographically and continue day to day, excluding holidays and weekends, until

8  completed.

9

10  Dated: December 6, 2007                    COX, WOOTTON, GRIFFIN,
                                                HANSEN & POULOS, LLP
11                                              Attorneys for Plaintiff
                                                DEL MAR SEAFOODS, INC.
12

13

14                                  By:  _Max L. Kelley_
15                                           Max L. Kelley
16

17

18

19

20

21

22

23

24

25

26

27

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods2504

Exhibit C

**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS LLP**
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile:  (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. | Case No.: CV 07-02952 WHA |
| Plaintiff, | **PLAINTIFF'S NOTICE OF** |
| | **DEPOSITION OF DAVID P.** |
| vs. | **CANTRELL** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, | |
| Defendants. | |
| And Related Counterclaims | |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of

Civil Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1    DAVID P. CANTRELL, before a notary public on *Thursday, December 27, 2007, at 10:00*

2    *a.m.*, at the offices of San Luis Reporting, 1302 Osos Street, San Luis Obispo, California, (805)

3    541-5962.  The deposition will be recorded stenographically and continue from day to day,

4    excluding holidays and weekends, until completed.

5        The deponent is required to bring with him to the deposition the documents described

6    in the attached subpoena.

7

8    Dated:  December 13, 2007                    COX, WOOTTON, GRIFFIN,
                                                 HANSEN & POULOS, LLP
9                                                Attorneys for Plaintiff
                                                 DEL MAR SEAFOODS, INC.
10

11

12                                        By: _____
                                                 Max L. Kelley
13

14

15

16

17

18

19

20

21

22

23

24

25

26    COX, WOOTTON,
      GRIFFIN, HANSEN
      & POULOS LLP

27    190 THE EMBARCADERO
      SAN FRANCISCO, CA
      94105
      TEL 415-438-4600
      FAX 415-438-4601

28

DelMarSeafoods/2304

                                        -2-
                          Case No.: CV 07-02952 WHA
      PLAINTIFF'S NOTICE OF DEPOSITION OF DAVID P. CANTRELL

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS, INC., Plaintiff

V.

BARRY COHEN et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MISC.

*USDC N.D.Cal. C-07-02952 (WHA)*

TO:    DAVID P. CANTRELL
       519 Gaynfair Terrace
       Arroyo Grande, CA 93420
       (805) 474-1261

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, *to be recorded stenographically.*

| PLACE OF DEPOSITION    San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | DATE AND TIME 12/27/2007 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents and records, including correspondence, e-mails, faxes, notes, memoranda, reports, spreadsheets, and accouting statements evidencing, reflecting, and/or relating to the 2002 joint venture between Barry Cohen and Joe Cappuccio to operate the F/V POINT LOMA in Mexico as a commercial fishing business.

| PLACE    San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | DATE AND TIME 12/27/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Max L. Kelley* | 12/13/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Max L. Kelley, 190 The Embarcadero, San Francisco, CA 94105 (415) 438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**PROOF OF SERVICE**

Case:          *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:      U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On December 13, 2007, I served the attached document(s):

- **PLAINTIFF'S NOTICE OF DEPOSITION OF DAVID CANTRELL**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    <u>By First Class Mail</u>:  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    <u>By Personal Service</u>:  I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    <u>By Messenger Service</u>:  I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    <u>By Federal Express</u>:  I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

**(E)**    <u>By Facsimile</u>:  I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Delmar.Point Loma/2504

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| C | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant<br>F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 13, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Denni.Point Loma/2504

Exhibit D

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF    CALIFORNIA

DEL MAR SEAFOODS, INC.

V.

BARRY COHEN, CHRIS COHEN, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MISC.

CV 07-02952 WHA
(USDC N.D. Cal)

TO:  LEONARD COHEN
Olde Port Inn Restaurant, Pier 3, Port San Luis Pier
Avila Beach, CA (805) 595-2515

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    **Deposition to be recorded stenographically.**

| PLACE OF DEPOSITION    San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | DATE AND TIME    1/4/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Max L. Kelley_    **Attorney for Plaintiffs** | 12/5/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Max L. Kelley, Cox Wootton Griffin Hansen & Poulos, 190 The Embarcadero, San Francisco, CA 415-438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**PROOF OF SERVICE**

Case:        *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

    I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

    On December 5, 2007, I served the attached document(s):

<div align="center">

**SUBPOENA TO BE SERVED ON LEONARD COHEN**

</div>

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    <u>By First Class Mail</u>:  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    <u>By Personal Service</u>:  I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    <u>By Messenger Service</u>:  I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    <u>By Federal Express</u>:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day.  I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

**(E)**    <u>By Facsimile</u>:  I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DMsl_Point Loma/2504

PROOF OF SERVICE                                                        Case No.: CV 07-02952 WHA

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 5, 2007 at San Francisco, California.

Zoe Conner

Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Decal.Point Loma/2504

Exhibit E

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | CALIFORNIA |

DEL MAR SEAFOODS, INC.

V.

BARRY COHEN, CHRIS COHEN, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   MISC.
CV 07-02952 WHA
(USDC N.D. Cal)

TO:  MICHAEL COHEN
Olde Port Fisheries, Pier 3, Port San Luis Pier
Avila Beach, CA  (805) 595-9456

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.   **Deposition to be recorded stenographically.**

| PLACE OF DEPOSITION    San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | DATE AND TIME    1/4/2008 1:00 pm |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *[signature]*  **Attorney for Plaintiffs** | DATE    12/5/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Max L. Kelley, Cox Wootton Griffin Hansen & Poulos, 190 The Embarcadero, San Francisco, CA 415-438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# PROOF OF SERVICE

Case:      *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On December 5, 2007, I served the attached document(s):

## SUBPOENA TO BE SERVED ON MICHAEL COHEN

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

(A)    <u>By First Class Mail</u>: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

(B)    <u>By Personal Service</u>: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

(C)    <u>By Messenger Service</u>: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

(D)    <u>By Federal Express</u>:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

(E)    <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DesMar Point Loma/2504

PROOF OF SERVICE                                                  Case No.: CV 07-02952 WHA

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 5, 2007 at San Francisco, California.

_Zoe Conner_

Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Decal_Point Loma/2504

PROOF OF SERVICE                                    Case No.: CV 07-02952 WHA

Exhibit F

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS, INC.

**SUBPOENA IN A CIVIL CASE**

V.

BARRY COHEN, CHRIS COHEN, et al.

Case Number:[1]   CV 07-02952

TO:    DAVE KOBAK c/o Davis Wright Tremaine LLP
505 Montgomery Street, #800, San Francisco, CA 94111
415-276-6500

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    190 The Embarcadero, San Francisco, CA 94105 | DATE AND TIME 1/8/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/10/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Max L. Kelley, Cox Wootton Griffin Hansen & Poulos, 190 The Embarcadero, SF, CA 94105 415-438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/10/2007 | San Francisco, CA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DAVE KOBAK c/o Davis Wright Tremaine LLP | via mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Zoe Conner | Legal Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____12/10/2007_____
                                    DATE

SIGNATURE OF SERVER

Zoe Conner

ADDRESS OF SERVER

190 The Embarcadero, San Francisco, CA 94105

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit G

1   **COX, WOOTTON, GRIFFIN,**
    **HANSEN & POULOS LLP**
2   Gregory W. Poulos  (SBN 131428)
    Max L. Kelley (SBN 205943)
3   190 The Embarcadero
    San Francisco, CA  94105
4   Telephone No.:  415-438-4600
    Facsimile No.:  415-438-4601
5
6   **LAW OFFICES OF RICHARD P. WAGNER**
    Richard P. Wagner (SBN 166792)
7   700 Oceangate, Suite 700
    Long Beach, CA 90802
8   Telephone: (562) 216-2946
    Facsimile: (562) 216-2960
9
    Attorneys for Plaintiff
10  DEL MAR SEAFOODS, INC.

11

12                    UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA
                     SAN FRANCISCO DIVISION

14

15  DEL MAR SEAFOODS, INC.,              )   Case No.: CV 07-02952 WHA
                                         )
16              Plaintiff,               )   **PLAINTIFF DEL MAR SEAFOODS,**
                                         )   **INC.'S REQUEST TO INSPECT**
17       vs.                             )   **DEFENDANT VESSEL**
                                         )
18  BARRY COHEN, CHRIS COHEN (aka        )   **SET TWO**
    CHRISTENE COHEN), *in personam* and  )
19  F/V POINT LOMA, Official Number       )
    515298, a 1968 steel-hulled, 126-gross ton, )
20  70.8- foot long fishing vessel, her engines, )
    tackle, furniture, apparel, etc., *in rem*, and )
21  Does 1-10,                           )
                                         )
22              Defendants.              )
                                         )
23  _____  )
                                         )
    And Related Counterclaims            )
24  _____  )

25
    PROPOUNDING PARTY:  PLAINTIFF DEL MAR SEAFOODS, INC.
26
    RESPONDING PARTY:    DEFENDANTS BARRY, CHRISTENE COHEN and
27                       CLAIMANT F/V POINT LOMA FISHING COMPANY, INC.

28  SET NUMBER:          TWO

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

                                    -1-                    Case No.: CV 07-02952 WHA
    PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUEST TO INSPECT VESSEL

1    TO:    **DEFENDANTS BARRY AND CHRISTENE COHEN, CLAIMANT F/V POINT**
2    **LOMA FISHING CO., AND THEIR ATTORNEYS OF RECORD HEREIN:**

3    **REQUEST NO. 45:**

4         Pursuant to Federal Rule of Civil Procedure 34(a)(2), you are requested to permit

5    plaintiff entry onto the defendant Vessel, the F/V POINT LOMA, in order that its designated

6    agents may inspect, survey, photograph, and/or videotape the condition of said Vessel. This

7    inspection will take place on January 7, 2008 at 10:00 a.m. and at a location within the San

8    Francisco Bay area.

9

10   Dated: December 6, 2007              COX, WOOTTON, GRIFFIN,
                                          HANSEN & POULOS, LLP
11                                        Attorneys for Plaintiff
                                          DEL MAR SEAFOODS, INC.
12

13

14                                  By: _____
                                          Gregory W. Poulos
15                                        Max L. Kelley

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,   26
GRIFFIN, HANSEN
& POULOS LLP
190 THE EMBARCADERO   27
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601
28

DelMarSeafoods/2504

-2-                                        Case No.: CV 07-02952 WHA

PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUEST TO INSPECT VESSEL

1
## PROOF OF SERVICE

2  Case:        *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

3  Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

4       I am employed in the City and County of San Francisco by the law firm of COX,

5  WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San

6  Francisco, California 94105. I am over the age of 18 years and not a party to the within

7  action.

8       On December 6, 2007, I served the attached document(s):

9  **PLAINTIFF'S REQUEST TO INSPECT DEFENDANT VESSEL, SET TWO**

10 on the parties, through their attorneys of record, by placing copies thereof in sealed

11 envelopes (except facsimile transmission(s)), addressed as shown below, for service as

12 designated below:

13 **(A)**   By First Class Mail: I caused each such envelope, with first-class postage thereon

14 fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San

15 Francisco, California, for collection and mailing to the addressee on the date indicated.

16 **(B)**   By Personal Service: I caused each such envelope to be personally delivered to the

17 addressee(s) by a member of the staff of this law firm on the date indicated.

18 **(C)**   By Messenger Service: I caused each such envelope to be delivered to a courier

19 employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY

20 SERVICES, with both of whom we have a direct billing account, who personally delivered

21 each such envelope to the addressee(s) on the date indicated.

22 **(D)**   By Federal Express:   I caused each such envelope to be delivered to Federal

23 Express Corporation at San Francisco, California, with whom we have a direct billing

24 account, to be delivered to the addressee(s) on the next business day. I deposited each such

25 envelope/package at the Three Embarcadero Center location of Federal Express

26 Corporation.

27 **(E)**   By Facsimile: I caused such document to be served via facsimile electronic

28 equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to

the following fax numbers:

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dmsl.Point Loma/2504

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| C | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant<br>F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 6, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Doral Point Loma/2304

PROOF OF SERVICE

Case No.: CV 07-02952 WHA

Exhibit H

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE     BELLEVUE     LOS ANGELES     NEW YORK     PORTLAND     SAN FRANCISCO     SEATTLE     SHANGHAI     WASHINGTON, D.C.

GWEN FANGER                    SUITE 800                          TEL (415) 276-6500
DIRECT (415) 276-6567          505 MONTGOMERY STREET              FAX (415) 276-6599
gwenfanger@dwt.com             SAN FRANCISCO, CA 94111-6533       www.dwt.com

December 12, 2007

Mr. Max Kelly
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:     Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
        Federal District Court, Northern District of California

Dear Mr. Kelly:

We are writing to propose an alternative to taking the deposition of Christene Cohen that you have
noticed for January 11, 2008 in Scottsdale, Arizona. There will be considerable expense and time
involved in taking her deposition that seems unnecessary in light of the fact that you are also taking the
deposition of the primary defendant, Barry Cohen, the captain of the vessel, and Barry Cohen's sons,
Michael and Leonard. Moreover, her deposition is unlikely to lead to much admissible evidence, if any
because her testimony is subject to marital privileges. As you are aware, Barry and Christene Cohen were
married at the time the subject matter of this dispute arose, they are in fact presently married, and will still
be married at the time of Ms. Cohen's deposition. Thus, communications between Barry Cohen and
Christene Cohen are protected from disclosure by the marital communications privilege. Nor can Ms.
Cohen be compelled to testify against Mr. Cohen, as her husband, in a deposition. These two marital
privileges will significantly limit the scope of your questioning of Ms. Cohen and may in fact preclude
her from answering any of your questions.

As an alternative, we propose that you prepare specific, limited interrogatories for Ms. Cohen to answer.
Although you have already exceeded the number of interrogatories allowed under FRCP 33, we will
stipulate to a reasonable number of interrogatories directed to Ms. Cohen. This will give you the
opportunity to obtain non-privileged information, if any, without the significant travel costs and
preparation time involved in taking what is likely to be a very limited deposition in Scottsdale, Arizona.

We do not wish to interfere with your ability to depose Ms. Cohen. Rather, we are hoping that a
reasonable, economical, and efficient alternative can be used so that you may obtain the information that
you are entitled to without the considerable expense to be incurred by all parties in connection with taking
her deposition.

Please let us know if you are amenable to such an alternative or call to discuss the parameters of our
proposal. We look forward to hearing from you.

SFO 400071v1 0084289-000001

Mr. Max Kelly
December 7, 2007
Page 2



Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

cc:        James Walsh, Esq.
           Greg Poulos, Esq.
           Rich Wagner, Esq.

SFO 400071v1 0084289-000001

Exhibit I

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
    *ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA  94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

**December 14, 2007**

**_By E-mail_**
Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

|  |  |  |
|---|---|---|
| **Re:** | | ***Del Mar Seafoods, Inc. v. Cohen*** |
| **Case No.:** | | U.S.D.C./Northern District 3:07 CV 02952 WHA |
| **Our Ref:** | | DMSI.PointLoma/2504 |

Dear Ms. Fanger and Mr. Walsh:

We acknowledge receipt of your letter dated December 12, 2007 regarding the deposition of Mrs. Cohen.  While we appreciate your interest in minimizing expenses, we decline the offer to have Mrs. Cohen answer interrogatories, and we intend to proceed with the deposition as scheduled.

With respect to your position that her testimony may be precluded by virtue of a marital privilege, we disagree with your position on the scope or application of the privilege.  We note that it only applies to marital communications and only where the communications are made both confidentially and in confidence.  The privilege does not apply to conduct.  It also does not apply to any communications after permanent separation which has clearly occurred between the Cohens.  It is also our position that it does not apply to their communications regarding their businesses (i.e. non-maritial), her employment at and statements she has made to Del Mar and others, communications with her sons or her own personal knowledge regarding the various subjects of this lawsuit and counter-claim.  If Mr. or Mrs. Cohen intend to assert the privilege extensively then we may seek to arrange for appointment of a special master to attend the deposition to make

Ms. Gwen Fanger and Mr. James P. Walsh
December 14, 2007
Page 2

rulings on what can be asked.  Please let us know right away your position so that, if necessary, we can approach the Court on this subject.

With respect to the concern for costs, we share that concern and propose the following. As a party to this case, including as a cross-complainant in her own right, Mrs. Cohen's deposition could properly be noticed for San Francisco.  It was as an accommodation to her that we scheduled the deposition in Arizona.  It would certainly be less expensive to fly her to San Francisco and have her stay at a hotel overnight than for two lawyers and Mr. Cohen to fly to Arizona.  If your client is willing to split half the cost of bringing Mrs. Cohen to San Francisco we will pay the other half.

We look forward to your response.

Regards,

Gregory W. Poulos
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP

Exhibit J

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

GWEN FANGER                    SUITE 800                       TEL  (415) 276-6500
DIRECT (415) 276-6567          505 MONTGOMERY STREET           FAX (415) 276-6599
gwenfanger@dwt.com             SAN FRANCISCO, CA 94111-6533    www.dwt.com


December 17, 2007


**By Email; Original by Mail**

Mr. Greg Poulos
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:     Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
        Federal District Court, Northern District of California

Dear Mr. Poulos:

We are writing to "meet and confer" with respect to various discovery items.

First, with respect to Chris Cohen, we intend to seek a protective order that will allow you to pose up to
15 interrogatory questions in writing to Mrs. Cohen, in lieu of the deposition you scheduled for her in
Scottsdale, Arizona on January 11, 2008.[1]  The primary reasons are the marital privileges that would
apply to any such testimony, leaving you almost nothing to question her about at the deposition.  In
addition, as you know, both Mr. Roggio and Mr. Cappuccio stated, under oath, that they had no dealings
whatever with Mrs. Cohen with respect to the business issues in the above-captioned lawsuit.[2]  We will
stipulate that Mrs. Cohen signed the Promissory Note and signed the Ship Mortgage, and her signature on
those documents is true and correct, which are probably the only questions that could be asked.
Moreover, your client's speculation about the marital relationship of the Cohens is irrelevant as to
whether Del Mar has a right to foreclose under the ship mortgage, and is only speculation.  In fact, the
entire relationship between the Cohens is protected either by the marital privilege (in its various forms
under state and federal law) or the attorney-client privilege (in any divorce proceedings).  It is clear to us
that your client seeks to harass our clients and unnecessarily increase the costs of this case.

---

[1]        Not only was that date selected by you without consulting us, Chris Cohen works full-time and would not
be able to miss that day of work so she is unavailable that day.

[2]        See e.g., Draft transcript of deposition of Joseph Roggio, December 13, 2007 (26:1-17); Draft transcript of
deposition of Joseph Cappuccio, December 14, 2007 (24:18-21)

SFO 400481v1 0084289-000001

Mr. Greg Poulos
December 17, 2007
Page 2



In light of the upcoming deadline for the close of discovery on January 11, 2008 and with respect to our motion for a protective order, we ask that you agree to a hearing on the protective order before the court on <u>January 3, 2008 at 8:00 a.m.</u>

Second, you also noticed the deposition of Mr. David P. Cantrell, Mr. Cohen's personal accountant, for Thursday, December 27, 2007 in San Luis Obispo, California. Mr. Cantrell is not a party to the case and was issued a subpoena. However, your office did not seek to consult with us before issuing the subpoena to see if lawyers from our firm would be available for that deposition. Because it was scheduled for the week between Christmas and New Year's, our lawyers have other plans. We ask that you reschedule for another date in early January. Finally, we wish to make clear that Defendants waive no privilege as to the disclosure of tax information protected by state or federal law.

With respect to Mr. Cantrell, we also suggest you consider written interrogatories in lieu of a deposition, to save time and expense.

Third, we also ask that you reconsider deposing Michael and Leonard Cohen, who are non-parties to this case. Based on the depositions of Mr. Roggio and Mr. Cappuccio, Del Mar's exclusive dealings with respect to the issues in this case were with Mr. Barry Cohen and not with his wife or his sons. Again, to save time and expense, we suggest you consider sending interrogatories to them to answer.

We would appreciate your response as soon as possible

Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

cc:        James Walsh, Esq.
           Max Kelly, Esq.
           Rich Wagner, Esq.

SFO 400481v1 0084289-000001