Exhibit K

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1                        DISCLAIMER

2           The following is an unedited, uncertified draft

3    transcript which may contain untranslated stenographic

4    symbols, an occasional reporter's note, misspelled

5    proper names, nonsensical word combinations, missing

6    or partial words, and/or words in reversed word order.

7    All such entries will be corrected on the final,

8    certified transcript, which will be delivered to you in

9    accordance with our standard delivery terms.

10          Because of the need to correct entries prior to

11   certification, this draft is ONLY for the purpose of

12   augmenting counsel's notes and not for use in any court,

13   arbitration, or other formal proceeding or for

14   distribution to any other party.

15                        ---oOo---

16   MORNING SESSION                      10:50 A.M.

17                     JOSEPH ROGGIO,

18          having been sworn as a witness by the

19             Certified Shorthand Reporter,

20               testified as follows:

21

22          EXAMINATION BY MR. WALSH

23

24      MR. WALSH:  Q.  Would you state your full name

25   for the record, please, spelling it?

ROUGH DFT 2007-12-13 Roggio.txt

⬚

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1       A.      Joseph Roggio, J-o-s-e-p-h R-o-g-g-i-o.

2               (Deposition Exhibit 1 was marked for

3               identification.)

4               MR. WALSH:  Q.  Mr. Roggio, I'm going to show

5   you what we have marked as Deposition Exhibit 1, which

6   is the notice of your deposition.

7               Have you seen this before?

8       A.      Yes, I have.

9       Q.      Okay.  Did you bring any documents with you?

10              MR. POULOS:  Go ahead.

11              THE WITNESS:  I did not.

12              MR. POULOS:  I'll break in here.

13              The documents that are responsive to that

14  request for production that are in the possession,

15  custody, and control of Del Mar have already been

16  produced in the initial disclosures and in the

17  additional production pursuant to the request for

18  production of documents.

19              We believe that there are substantial

20  additional documents that are in the possession,

21  custody, and control of Mr. Cohen and his companies.

22              We have located a few additional documents

23  through depositions that Mr. Cohen gave in the Point

24  Avila Beach case that may be responsive and that have

25  not been produced by Mr. Cohen, but could potentially

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1      Q.   Did you ever have any kind of conversation

2   about these transactions with Chris Cohen?

3      A.   Well, the joint venture agreement was between

4   Barry and Joe, not Chris.

5           This had to do with what was left over after

6   when we set down the joint venture operation.

7           MR. WALSH:  Move to strike as nonresponsive.

8      Q.   The question is, Did you ever have any

9   conversation with Chris Cohen about any of these

10  business dealings?

11     A.   We weren't in a joint venture with

12  Chris Cohen.

13     Q.   So, the answer is no?

14          MR. POULOS:  Just he's looking for a "yes" or

15  "no."

16          THE WITNESS:  No, I never talked to Chris

17  about it.

18          MR. WALSH:  Q.  Do you know if Mr. Cappuccio

19  ever talked to Chris about it?

20     A.   You'll have to ask Mr. Cappuccio.

21     Q.   The answer is, no, you don't know?

22     A.   If you're asking me to assume if he talked to

23  Chris, I would say no.

24     Q.   Do you have any personal knowledge?

25     A.   My personal knowledge would be no, but...

Page 26

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1      Q.    You have nothing further to add?

2      A.    Except for these amounts, again, were included

3   in the profits and losses of the joint venture.

4      Q.    As of October 2004; correct?

5      A.    Correct.

6      Q.    Okay.  Did you ever send, in October or after

7   October 2004, a notice in writing to Mr. Cohen that he

8   owed these items and explain why he owed them?

9      A.    I discussed them with Barry.  And he said to

10   add them to his balance.

11         Otherwise, I would have gone after the

12   individuals who owed that money.

13         MR. WALSH:  Move to strike as nonresponsive.

14      Q.    Did you ever write a letter to Mr. Cohen

15   outlining that these are the amounts that are owed to

16   the joint venture?

17      A.    No.

18      Q.    Did you ever write a letter to Chris Cohen

19   outlining that these were the amounts owed to the joint

20   venture?

21      A.    No.

22         MR. POULOS:  I object that the question

23   mischaracterizes the testimony.

24         He didn't testify that they were amounts owed

25   to the JV.

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1    Q.    Did you have any conversation with Chris Cohen
2    as to whether she was willing to have the note amended
3    and have that amount added to the note?
4    A.    No.
5    Q.    The next item, "Point Loma Balance," what's
6    that?
7    A.    When Barry's boat started fishing for just
8    Del Mar Seafoods, he was taking fuel, ice, and other
9    advances.  And when he was delivering fish, we were
10    deducting those to his charges that he put on our
11    accounts.  And when he stopped fishing for us, that was
12    the leftover balance.
13    Q.    How about the "Fees for Olde Port Case"?
14    MR. POULOS:  What about them?
15    MR. WALSH:  Can you wait until I --
16    MR. POULOS:  Sure.
17    MR. WALSH:  Q.  Why do they get added to this
18    schedule?
19    A.    Because they were discussed with Barry.
20    And, again, he was taking responsibility for
21    those fees that were incurred for his -- you'll have to
22    ask him -- for his case with the Avila Beach Port --
23    with the Port of Avila Beach.
24    Q.    Who had the discussion with him about these
25    fees?

Page 115

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1          Did you give this to Barry?

2     A.   Well, I know Barry -- at what point of this

3  spreadsheet was it given to Barry?  I don't know.

4          But Barry has definitely got this spreadsheet.

5          I mean, was it at, you know, this part of the

6  spreadsheet?  Was it at this part of the spreadsheet?  I

7  don't know.

8     Q.   This particular document, do you recall ever

9  giving it to Barry Cohen?

10    A.   Yeah.

11    Q.   When?

12    A.   Oh, you're talking about with all of these

13 items on it (indicating)?

14    Q.   Yes, this particular one on it (indicating).

15         MR. POULOS:  This one with the handwriting?

16         MR. WALSH:   Q.  Yes, the one with the

17 handwriting on it.

18    A.   Oh, no, not with the handwriting on it.

19    Q.   Did you mail it to him with a cover letter?

20    A.   No.

21    Q.   Did you mail a copy of this to Chris Cohen

22 with a cover letter?

23    A.   No.

24    Q.   Did you ever write a letter demanding that he

25 make this payment?

120

Page 120

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1      A.   Or 15 percent of the landing receipts,
2  whichever one is greater.
3      Q.   Right.  And did you, at any time after the
4  note was entered into, send Mr. Cohen a notification as
5  to what might be due under the landing receipt
6  provision?
7      A.   No.
8      Q.   But you could calculate that, couldn't you?
9      A.   If he provided me with the proper records,
10 yeah, I could.
11     Q.   Correct.  And when he delivered it to Del Mar,
12 you knew what his landing receipts were, did you not?
13     A.   Yes.
14     Q.   But at no time did you ever send a letter
15 saying, "We want you to pay a percentage of the landing
16 receipts," did you?
17     A.   No.
18     Q.   Did you ever send a notice to him that he was
19 late on a payment under the note?
20     A.   No.
21     Q.   Did you ever send him a notice that told him
22 that interest was due?  Did you send him a letter or a
23 writing that interest was due?
24     A.   No.
25     Q.   I assume the answer would be the same with

ROUGH DFT 2007-12-13 Roggio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1    respect to Christene Cohen as well.

2        A.   Yes.

3        Q.   So, tell me again the circumstances under

4    which this $175,000 payment was made.

5             Did you talk to Barry about why he made this

6    payment?  That's the first question:  Did you talk to

7    Barry about why he made this payment?

8        A.   Did I talk to Barry?

9        Q.   Yes.

10       A.   I know we had talked about him making a

11   payment or that a payment was coming.

12       Q.   Tell me about those conversations.

13       A.   He told me that he was going to get an equity

14   line against his home and that he was going to pay off

15   some bills and make a payment to -- and make a payment

16   to Del Mar Seafoods.

17            MR. POULOS:  Can we take a break?  I need to

18   use the restroom.

19            MR. WALSH:  Sure.

20            (Recess taken:  2:36 p.m. until 2:47 p.m.)

21                (Deposition Exhibits 27 and 28 were

22                 marked for identification.)

23            MR. WALSH:  Q.  I'm going to show you two

24   exhibits at once.

25            MR. POULOS:  This is 27 and 28?

134

Page 134

Exhibit L

ROUGH DFT 2007-12-14 Cappuccio.txt


UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1                    DISCLAIMER
2           The following is an unedited, uncertified draft
3    transcript which may contain untranslated stenographic
4    symbols, an occasional reporter's note, misspelled
5    proper names, nonsensical word combinations, missing
6    or partial words, and/or words in reversed word order.
7    All such entries will be corrected on the final,
8    certified transcript, which will be delivered to you in
9    accordance with our standard delivery terms.
10          Because of the need to correct entries prior to
11   certification, this draft is ONLY for the purpose of
12   augmenting counsel's notes and not for use in any court,
13   arbitration, or other formal proceeding or for
14   distribution to any other party.
15                   ---oOo---
16   FRIDAY, DECEMBER 14, 2007                    11:02 A.M.
17               P R O C E E D I N G S
18          (Deposition Exhibits 29 and 30 were marked
19              for identification.)
20                   ---oOo---
21          JOSEPH FRANK CAPPUCCIO,
22       having been sworn as a witness by the
23          Certified Shorthand Reporter,
24              testified as follows:
25                   ---oOo---

ROUGH DFT 2007-12-14 Cappuccio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1

2                 EXAMINATION BY MR. WALSH

3

4         MR. WALSH:  Q.  Could you state your full name

5    for the record, please?

6         A.    Joseph Frank Cappuccio.

7         Q.    Would you spell "Cappuccio," please?

8         A.    C-a-p-p-u-c-c-i-o.

9         Q.    Mr. Cappuccio, my name is James Walsh, and

10   I'm an attorney with the law firm of Davis Wright

11   Tremaine.  I represent the defendants in the lawsuit of

12   Del Mar Seafoods versus Barry Cohen, et al.

13         This morning we're going to have a deposition

14   of you with respect to the issues in that case.

15         What I would like to do at the outset is to

16   simply go over some instructions about the conduct of

17   the deposition so that you and I both have the same

18   understanding of how we're going to do this.

19         First of all, I assume that you understand

20   that the testimony -- because you have been sworn, the

21   testimony you're giving here today is under oath and

22   subject to penalties of perjury.

23         A.    Yes.

24         Q.    Okay.  The next instruction is that it's good

25   to answer "yes" or "no."

ROUGH DFT 2007-12-14 Cappuccio.txt

UNCERTIFIED, ROUGH-DRAFT TRANSCRIPT

1  into bankruptcy.

2          Then his wife called the office.  They were

3  going through a real nasty divorce.  And she accused him

4  of beating her.

5          So, I went at, "Uh-oh.  This is getting ugly."

6          And that made me say, "We better secure the

7  asset."

8          And at that point, we advised their (sic)

9  attorney what our options were.

10          We never advised him what to do.  We asked him

11  what to do.

12      Q.   So, it was the call from your attorney and you

13  said you got a call from Chris Cohen.

14      A.   The office did.  I didn't personally receive

15  the call from Chris Cohen.

16      Q.   Who received the call from Chris Cohen?

17      A.   I'm not exactly sure.

18      Q.   During the period of time that we're talking

19  about from 1999 to 2006, did you ever have any business

20  dealings with Chris Cohen yourself?

21      A.   No, uh-uh.

22      Q.   So, it was the lawsuit having to do with legal

23  fees; correct?

24      A.   It was Barry's admission that he might be

25  forced to declare bankruptcy if the Court were not to

24

Page 24

Exhibit M

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
  *ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

**December 18, 2007**

**_By E-mail_**

Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

|  |  |
|---|---|
| **Re:** | ***Del Mar Seafoods, Inc. v. Cohen*** |
| **Case No.:** | U.S.D.C./Northern District 3:07 CV 02952 WHA |
| **Our Ref:** | DMSI.PointLoma/2504 |

Dear Ms. Fanger and Mr. Walsh:

We acknowledge receipt of your letter dated December 17, 2007 which must also be in response to our letter of December 14.

With respect to Mrs. Cohen's deposition, our desire to take her deposition is not harassment nor an attempt to drive up litigation costs. In fact we have offered to bring her up to San Francisco if that is more convenient and less expensive. Your proposed motion for a protective order, on the other hand, appears to be more of a tactical move than a legitimate exercise of discovery. We note, in particular, that while you keep saying that her communication is supported by the marital privilege, you have not provided any facts on which to base your assertions. For example, as we noted in our letter, the privilege does not apply after permanent separation. When did that occur? Were there communications after that? What conduct did she have (or not have) regarding the operation of the various businesses? What communications did she have regarding the business dealings (outside the privilege) versus what was within the marriage? What communications has she had with Leonard or Michael, or with our clients? What communications did she have with Mr. Cohen, but in the presence of third parties thereby destroying the privilege? You must answer these questions in any motion,

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 2

and we do not believe that you have properly engaged in a meet and confer process without addressing them now.

The testimony that you have cited from the depositions of Joe Cappuccio and Joe Rogio are, frankly, meaningless in terms of the issues. That they did not personally speak with Mrs. Cohen does not in any way establish that she is not involved in the businesses and / or does not have non-privileged information. We note in particular that according to Mr. Cohen's declaration dated July 9, 2007, Mrs. Cohen is a 50% shareholder in the F/V Point Loma Fishing Company, Inc. As a shareholder she likely has non-privileged information regarding the income of that business and may have non-privileged information regarding the alleged losses that occurred following the arrest of the F/V Point Loma.

Unless and until you provide concrete answers to the above questions and can establish that Mrs. Cohen cannot testify at all except as to privileged matters, then we are entitled to take her deposition and we fully intend to do so.

Please respond to our suggestion that a discovery referee can be appointed to attend the deposition to deal with your alleged marital privilege issues on the spot.

Regarding the timing of her deposition, please respond to our suggestion that the deposition be taken in San Francisco at shared expense and please provide an alternative date on which Mrs. Cohen will be available in either San Francisco or Arizona if your motion for protective order fails.

Your suggestion for interrogatories in lieu of a deposition is rejected. We have no doubt that it would only be met with objections and, moreover, it would not provide us with the opportunity to ask pertinent follow up questions or to gauge Mrs. Cohen as a witness.

Before we address the timing of a motion for a protective order, please provide us with answers to the various questions raised above. We doubt, however, that we can agree to a hearing on the 3rd as it provides too little time for you to file a motion and for us to respond before the holidays unless your motion is filed today. Since you have not completed a proper meet and confer addressing the questions raised above or responding to our suggested compromise of proceeding with the deposition in San Francisco with a discovery referee to rule on objections, it would be very improper for you to proceed with filing a motion until you have responded.

Regarding the deposition of Mr. Cantrell, we agree that the timing is unfortunate. However, that timing is dictated by the Court's scheduling order and the scheduling of the other depositions in the case. I am not available on January 1 (which is a holiday) or January 2. We have to drive to San Luis Obispo on January 3 to be there for the depositions of Michael and Leonard Cohen beginning the morning of the 4th. We cannot take three depositions on the 4th. The following week is completely scheduled with a

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 3

vessel inspection (7th), depositions of the vessel's Captain (8th), Deposition of Barry
Cohen (9th) and travel to Arizona(10th) and Deposition of Chris Cohen (11th). As a result,
the only additional day for scheduling of Mr. Cantrell's deposition is on the weekend of
January 5th and 6th. If you want to move things around, we are willing to work that
Saturday (the 5th) and schedule the depositions of Micheael and Leonard Cohen and Mr.
Cantrell in any order that makes sense for their respective schedules on the 4th and 5th.
More than that is impossible unless we stipulate to, and obtain Court approval for, a
change in the discovery cut-off date. We are willing to enter into such a stipulation given
the difficulties of scheduling over the holidays.

        You have also stated that you do not intend to waive any federal or state tax
privilege. We note that federal tax returns are not privileged where they are relevant to
the subject matter of the action and the information is not readily available elsewhere.
See, Rutter Guide, Federal Trials and Evidence at 8:3960. In this case the Cohens have
claimed that they lost substantial income as a result of the arrest of the vessel. The vessel
is owned by a sub-S corporation which reports its income on the tax returns of Mr. and
Mrs. Cohen (filed either individually or as a married couple). We believe it is apparent
that the tax returns are not privileged in this case. We understand also that Mr. Cantrell
was involved in the formation of the Mexico joint venture and we have the right to
question him on those matters.

        Finally, we do not believe interrogatories serve anything similar to the purpose of
a deposition. We will therefore not agree to submit interrogatories in lieu of deposing
Michael and Leonard Cohen.

        We look forward to your response.


                                        Regards,


                                        Gregory W. Poulos
                                        COX, WOOTTON, GRIFFIN,
                                        HANSEN & POULOS LLP

Exhibit N

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.:  415-438-4600
   Facsimile No.:  415-438-4601
5
6  **LAW OFFICES OF RICHARD P. WAGNER**
   Richard P. Wagner (SBN 166792)
7  700 Oceangate, Suite 700
   Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile:  (562) 216-2960

9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10

11

12                   UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
14

15  DEL MAR SEAFOODS, INC.,              )   Case No.: CV 07-02952 WHA
                                         )
16                   Plaintiff,          )   **PLAINTIFF DEL MAR SEAFOODS,**
                                         )   **INC.'S REQUESTS FOR**
17         vs.                           )   **PRODUCTION OF DOCUMENTS**
                                         )   **AND INSPECTION OF THINGS**
18  BARRY COHEN, CHRIS COHEN (aka        )
   CHRISTENE COHEN), *in personam* and   )   **SET ONE**
19  F/V POINT LOMA, Official Number      )
   515298, a 1968 steel-hulled, 126-gross ton, )
20  70.8- foot long fishing vessel, her engines, )
   tackle, furniture, apparel, etc., *in rem*, and )
21  Does 1-10,                           )
                                         )
22                   Defendants.         )
   _____ )
                                         )
23  And Related Counterclaims            )
                                         )
24  _____ )

25  PROPOUNDING PARTY:   PLAINTIFF DEL MAR SEAFOODS, INC.

26  RESPONDING PARTY:    DEFENDANTS BARRY, CHRISTENE COHEN and
27                       CLAIMANT F/V POINT LOMA FISHING COMPANY, INC.

28  SET NUMBER:          ONE

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

                                    -1-                  Case No.: CV 07-02952 WHA

1  **TO:    DEFENDANTS BARRY AND CHRISTENE COHEN, CLAIMANT F/V POINT**
2        **LOMA FISHING CO., AND THEIR ATTORNEYS OF RECORD HEREIN:**

3        Pursuant to Federal Rule of Civil Procedure 34, you are requested to produce and

4  permit plaintiff to inspect and copy each of the following documents described below at

5  10:00 a.m. at the offices of Cox, Wootton, Griffin, Hansen & Poulos, LLP, 190 The

6  Embarcadero, San Francisco, California, 94105 within thirty (30) days of service of these

7  requests. In lieu of producing all of the responsive documents for inspection and copying at

8  the time and location described immediately above, defendants may serve true and correct

9  copies of the responsive documents on plaintiff within thirty (30) from service of these

10  requests.

11        If you claim any privilege or doctrine prevents the disclosure of the documents

12  requested herein, you must fully comply with the applicable procedural rules, including but

13  not limited to Federal Rule of Civil Procedure 26(b)(5), by supplying a privilege log

14  identifying: the author of the document, the intended or actual and recipient of the document,

15  the date of the document, the nature of the document, the general subject-matter of the

16  document, and the privilege or doctrine claimed.

17        In responding to these requests, you must produce all documents in your possession,

18  custody, or control, regardless of whether the documents are possessed by, or in the custody

19  or control of, your agents, employees, representatives, investigators, or by your attorneys or

20  their agents, employees, representatives, or investigators. If any requested document is

21  known to have existed but no longer exists or is no longer in the possession or control of the

22  above-named party, identify its last known custodian and state the date upon which it was

23  lost or destroyed or became unavailable, or if the document still exists, identify its present

24  custodian and location.

25        Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests shall be

26  deemed continuing so as to require supplemental responses if you or your attorneys obtain

27  further information responsive to the matters covered by these requests. If you object to any

28  request, please state all grounds for an objection with specificity. If any requested document

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1  is known to have existed, but no longer exists or is no longer in your possession or control,

2  identify its last known custodian and state the date upon which it was lost or destroyed or

3  became unavailable, or if the document still exists, identify its present custodian and location.

4      The following-described documents are relevant to the subject matter of this lawsuit

5  and are reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs are

6  informed and believes that you have in your possession or under your control the following

7  items that plaintiffs request you produce:

8                              **DEFINITIONS**

9      1.      "DOCUMENTS" means a writing or recording, as defined in Federal Rule of

10  Evidence 1001(a) and includes the original or a copy of handwriting, typewriting, printing,

11  photostatting, photographing, and every other means of recording upon any tangible thing

12  and form of communicating or representation, including letters, words, pictures, sounds, or

13  symbols, or combinations of them.  This definition specifically includes any form of

14  electronic transmissions, including electronic mail ("e-mail") and "Instant Messaging"

15  ("IM") mail, as well as electronic recordings such as a "floppy disk,"  compact disc ("CD"),

16  and a "digital versatile disc" or "digital video disc" ("DVD").

17      2.      "VESSEL" means the M/V POINT LOMA, Official No. 515298.

18                        **REQUESTS FOR PRODUCTION**

19  **REQUEST NO. 1:**

20      All DOCUMENTS which reflect, evidence, and/or relate to the negotiation,

21  formation, and/or execution of the Promissory Note ("Note") entered into between

22  defendants Barry Cohen and Christene Cohen and plaintiff Del Mar Seafoods, Inc. ("Del

23  Mar").

24  **REQUEST NO. 2:**

25      All DOCUMENTS which reflect, evidence, and/or relate to the negotiation,

26  formation, and/or execution of the Preferred Ship Mortgage ("Mortgage") entered into

27  between defendants Barry Cohen and Christene Cohen and Del Mar.

28  / / /

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA
PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **REQUEST NO. 4:**

2      All DOCUMENTS which reflect, evidence, and/or relate to the amount of principal

3  debt secured by the Ship Mortgage ("Mortgage") entered into between defendants Barry

4  Cohen and Christene Cohen and Del Mar, including, but not limited to, the amounts spent to

5  upgrade the F/V POINT LOMA ("VESSEL").

6  **REQUEST NO. 3:**

7      All DOCUMENTS that support, reflect, and/or relate to your contention on page 2 of

8  your Declaration in Support of Defendants' Motion to Vacate Order of Arrest ("your

9  "Declaration"), at lines 21-22, that plaintiff Del Mar requested defendants to provide security

10  in 2003 for its "prior loan."

11  **REQUEST NO. 4:**

12      All DOCUMENTS that support, reflect, and/or relate to your contention on page 2 of

13  your Declaration, at lines 26-27, that the entire purpose of defendants executing the Note and

14  Mortgage in favor of Del Mar was to provide security only for the repayment of the funds

15  used to upgrade the VESSEL, and no other debts.

16  **REQUEST NO. 5:**

17      All DOCUMENTS that support, reflect, and/or relate to your contention on page 3 of

18  your Declaration, at lines 5-6, that the VESSEL remains subject to Del Mar's Mortgage.

19  **REQUEST NO. 6:**

20      All DOCUMENTS that support, reflect, and/or relate to your contention on page 4 of

21  your Declaration, at lines 6-7, that Joe Roggio told you at a meeting that he would see to it

22  that the debt secured by the Note and Mortgage would be interest-free.

23  **REQUEST NO. 7:**

24      All DOCUMENTS that support, reflect, and/or relate to your contention on page 4 of

25  your Declaration, at lines 8-10, that your payment of $175,000 in November, 2004 was an

26  advance payment of your monthly payment obligations under the Note and Mortgage.

27  **REQUEST NO. 8:**

28      All DOCUMENTS that reflect, evidence, and/or relate to any modification to the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Note and/or Mortgage.

2    **REQUEST NO. 9:**

3        All DOCUMENTS that support, reflect, and/or relate to your contention on page 5 of

4    your Declaration, at lines 2-3, that you transferred the title of the VESSEL from Barry Cohen

5    and/or Christen Cohen to the Corporation with plaintiff's knowledge.

6    **REQUEST NO. 10:**

7        All DOCUMENTS that support, reflect, and/or relate to your contention on page 4 of

8    your Answer and Counterclaim, at line 16, that plaintiff's arrest of the VESSEL was

9    "wrongful."

10    **REQUEST NO. 11:**

11        All DOCUMENTS that support, reflect, and/or relate to your claims for lost profits

12    from your fishing business caused by plaintiff's alleged wrongful arrest, including but not

13    limited to, all fish tickets, landing receipts, cancelled checks, and invoices.

14    **REQUEST NO. 12:**

15        All DOCUMENTS that support, reflect, and/or relate to your claims for attorneys fees

16    you contend you are owed in this case.

17    **REQUEST NO. 13:**

18        All DOCUMENTS that support, reflect, and/or relate to your contention that plaintiff

19    waived its rights under an assignment to make claims for alleged debts arising out of the

20    Avila Beach Joint Venture.

21    **REQUEST NO. 14:**

22        All DOCUMENTS that evidence, support, and/or reflect your alleged ownership of

23    the fishing net you claim was lost as a result of the arrest of the VESSEL.

24    **REQUEST NO. 15:**

25        All DOCUMENTS that evidence, support, and/or reflect the value of the fishing net

26    you claim was lost as a result of the arrest of the VESSEL.

27    **REQUEST NO. 16:**

28        All DOCUMENTS that support, reflect, and/or relate to defendant Barry Cohen's

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1  claims for costs he has incurred as a result of the arrest of the VESSEL.

2  **REQUEST NO. 17:**

3  All DOCUMENTS, including but not limited to electronic mail ("e-mail"), that refers

4  and/or relates to the Note and/or Mortgage.

5  **REQUEST NO. 18:**

6  All DOCUMENTS, including correspondence not limited to electronic mail ("e-

7  mail"), between defendants and any other person and/or entity relating to any amounts owed

8  by defendants to plaintiff.

9  **REQUEST NO. 19:**

10  All DOCUMENTS that relate to the Assignment of Joint Venture Interest executed

11  by defendant Barry Cohen on October 22, 2004.

12  **REQUEST NO. 20:**

13  All DOCUMENTS that relate to the Assignment of Joint Venture Interest executed

14  by defendant Barry Cohen in 2005.

15  **REQUEST NO. 21:**

16  Defendant Barry Cohen's federal and state tax returns from 2003 until the present,

17  including all schedules relating to business profit and/or loss from any and all fishing-related

18  activities.

19  **REQUEST NO. 22:**

20  Defendant Christene Cohen's federal and state tax returns from 2003 until the

21  present, including all schedules relating to business profit and/or loss from any and all

22  fishing-related activities.

23  **REQUEST NO. 23:**

24  Claimant F/V Point Loma Fishing Company, Inc., Inc.'s state and federal tax returns,

25  including all schedules relating to business profit and/or loss from any and all fishing-related

26  activities.

27  **REQUEST NO. 24:**

28  All DOCUMENTS relating to or evidencing any and all business transacted by the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Claimant F/V/ POINT LOMA Fishing Company, Inc., Inc. conducted from the time of its

2    inception to the present including, but not limited to, check registers, cancelled checks, ledger

3    books, accounting statements, balance sheets, payroll records, tax records, documents

4    relating to governmental compliance and licensing, bank account statements, investment

5    account statements, account receivables, fish ticket, landing receipts, and expense receipts.

6    **REQUEST NO. 25:**

7        Produce for inspection the hard drive from defendant Barry Cohen's personal

8    computer(s).

9    **REQUEST NO. 26:**

10       All DOCUMENTS relating to or evidencing any and all repairs to the VESSEL

11   between November 1, 2003 and the present, including, but not limited to, all invoices,

12   receipts, bills, estimates, quotes, purchase orders, time sheets, cancelled checks, and payroll

13   records.

14   **REQUEST NO. 27:**

15       All DOCUMENTS relating to or evidencing any and all maintenance to the VESSEL

16   between June 1, 1999 and the present, including, but not limited to, all invoices, receipts,

17   bills, estimates, quotes, purchase orders, time sheets, cancelled checks, and payroll records.

18   **REQUEST NO. 28:**

19       All DOCUMENTS relating to or evidencing any wages paid to any and all crew

20   members of the VESSEL between November 1, 2003 and the present.

21   **REQUEST NO. 29:**

22       All DOCUMENTS relating to or evidencing any and all contracts or agreements of

23   employment between defendants and/or Claimant F/V POINT LOMA Fishing Company, Inc.

24   and any and all crew members of the VESSEL between June 1, 1999 and the present.

25   **REQUEST NO. 30:**

26       The VESSEL's log books from June 1, 1999 until the present.

27   **REQUEST NO. 31:**

28       All DOCUMENTS relating to or evidencing any and all insurance policy covering the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1  VESSEL between November 1, 2003 and the present.

2  **REQUEST NO. 34:**

3     All DOCUMENTS relating to or evidencing the amounts Barry Cohen withdrew from

4  plaintiff's Wells Fargo Checking Account No. 4435703640, including, but not limited to, any

5  and all cancelled checks, check registers, and bank account statements.

6  **REQUEST NO. 32:**

7     All DOCUMENTS relating to or evidencing the amounts Barry Cohen spent from

8  plaintiffs Wells Fargo Checking Account No. 4435703640, including, but not limited to, any

9  and all receipts, invoices, purchase orders, bills, and accounting statements.

10  **REQUEST NO. 33:**

11     All DOCUMENTS relating to or evidencing the accounting and bookkeeping records

12  of Del Mar Seafoods, Inc. – Olde Port Fisheries Division, including, but not limited to, any

13  and all general ledgers, balance sheets, income statements, and bank account statements.

14  **REQUEST NO. 34:**

15     All DOCUMENTS relating to or evidencing communications between Barry Cohen

16  and his son Michael Cohen regarding or relating to any business transaction(s) between Olde

17  Port Fisheries and Del Mar.

18  **REQUEST NO. 35:**

19     All DOCUMENTS relating to or evidencing communications between Barry Cohen

20  and his son Michael Cohen regarding or relating to any debts owed by Michael Cohen and/or

21  Barry Cohen to Del Mar.

22  **REQUEST NO. 36:**

23     All DOCUMENTS relating to or evidencing communications between Barry Cohen

24  and his son Leonard Cohen regarding or relating to any business transaction(s) between Olde

25  Port Fisheries and Del Mar.

26  **REQUEST NO. 37:**

27     All DOCUMENTS relating to or evidencing communications between Barry Cohen

28  and his son Leonard Cohen regarding or relating to any debts owed by Michael Cohen and/or

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-8-

Case No.: CV 07-02952 WHA

PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Barry Cohen to Del Mar.

2    **REQUEST NO. 38:**

3        All DOCUMENTS relating to or evidencing communications between Barry Cohen

4    and his wife Christene Cohen regarding or relating to any business transaction(s) between

5    Olde Port Fisheries and Del Mar.

6    **REQUEST NO. 39:**

7        All DOCUMENTS relating to or evidencing communications between Barry Cohen

8    and his wife Christene Cohen regarding or relating to any debts owed by Michael Cohen

9    and/or Barry Cohen to Del Mar.

10    **REQUEST NO. 40:**

11        All DOCUMENTS relating to or evidencing the application for a home equity loan

12    taken out by the Cohen's, as set forth in Barry Cohen's Declaration at pg. 4, line 8, in order to

13    make a large payment to Del Mar of $175,000, including, but not limited to, all supporting

14    documents and statements regarding the purpose of the loan.

15    **REQUEST NO. 41:**

16        All DOCUMENTS on which you based your contention, as stated in your declaration

17    dated August 1, 2007, at pg. 4, line 27 to pg. 5, line 2, that the Vessel was "making at least

18    $20,000 per month."

19    **REQUEST NO. 42:**

20        All DOCUMENTS you have identified in your Declaration on pg. 3, lines 2-4, as a

21    "newer revised version of the Schedule of Payments . . ." that Joe Roggio gave you,

22    "probably in December 2006."

23    **REQUEST NO. 43:**

24        All DOCUMENTS relating to, or evidencing, communications between Barry Cohen

25    and the law firm of Miller, Starr & Regalia regarding and/or relating to the assignment of Del

26    Mar's interest in the Avila Beach joint venture entered into between Barry Cohen and Del

27    Mar.

28    / / /

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **REQUEST NO. 44:**

2         All DOCUMENTS prepared in furtherance of your divorce proceedings that evidence

3  and/or relate to your assets and liabilities.

4  Dated:  November 29, 2007                          COX, WOOTTON, GRIFFIN,
                                                        HANSEN & POULOS, LLP
5                                                       Attorneys for Plaintiff
                                                        DEL MAR SEAFOODS, INC.
6
                                                        By: _____
7                                                            Gregory W. Poulos
                                                            Max L. Kelley
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

26

27

28

                                        -10-                      Case No.: CV 07-

02952 WHA
PLAINTIFF DEL MAR SEAFOODS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

Case:         *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:     U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

     I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

     On November 29, 2007, I served the attached document(s):

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS, SET ONE

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    By First Class Mail:  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    By Personal Service:  I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    By Messenger Service:  I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    By Federal Express:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Del Mar Point Loma/2504

(E)    By Facsimile:  I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| C | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on November 29, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Demu.Point Loma/2504

PROOF OF SERVICE                                         Case No.: CV 07-02952 WHA

Exhibit O

1

**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**

2
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)

3
190 The Embarcadero
San Francisco, CA  94105

4
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601

5

6

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)

7
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946

8
Facsimile:  (562) 216-2960

9
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

10

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

13

14

15
DEL MAR SEAFOODS, INC.                )    Case No.: CV 07-02952 WHA
                                                         )
16          Plaintiff,                         )    **PLAINTIFF'S INTERROGATORIES**
                                                         )    **TO DEFENDANTS**
17          vs.                                    )
                                                         )    **SET ONE**
18    BARRY COHEN, CHRIS COHEN (aka    )
      CHRISTENE COHEN), *in personam* and   )
19    F/V POINT LOMA, Official Number         )
      515298, a 1968 steel-hulled, 126-gross ton,  )
20    70.8- foot long fishing vessel, her engines,  )
      tackle, furniture, apparel, etc., *in rem*, and  )
21    Does 1-10,                                )
                                                         )
22          Defendants.                     )
                                                         )
23    _____)
                                                         )
24    And Related Counterclaims        )
                                                         )
25    _____)

26    PROPOUNDING PARTY:   PLAINTIFF DEL MAR SEAFOODS, INC.

27    RESPONDING PARTY:   DEFENDANTS BARRY and CHRISTENE COHEN

28    SET NUMBER:         ONE

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1 | **TO:    DEFENDANTS BARRY AND CHRISTENE COHEN AND THEIR**
2 | **ATTORNEYS OF RECORD HEREIN:**

3        Pursuant to Federal Rule of Civil Procedure 33, you are requested to fully respond to

4 the following interrogatories within thirty (30) days from service hereof.  If you claim any

5 privilege or doctrine prevents the disclosure of the information requested herein, you must

6 fully comply with the applicable procedural rules, including but not limited to Federal Rule

7 of Civil Procedure 26(b)(5), by supplying a privilege log identifying: the author of the

8 document, the intended or actual and recipient of the document, the date of the document, the

9 nature of the document, the general subject-matter of the document, and the privilege or

10 doctrine claimed.

11        In answering these interrogatories, you must furnish all information known or

12 available to you, regardless of whether the information is possessed directly by you or by

13 your agents, employees, representatives, investigators, or by your attorneys or their agents,

14 employees, representatives, or investigators.

15        Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories

16 shall be deemed continuing so as to require supplemental responses if you or your attorneys

17 obtain further information responsive to the matters covered by these interrogatories.  If you

18 object to any interrogatory, please state all grounds for an objection with specificity.  If any

19 requested document is known to have existed, but no longer exists or is no longer in your

20 possession or control, identify its last known custodian and state the date upon which it was

21 lost or destroyed or became unavailable, or if the document still exists, identify its present

22 custodian and location.

23                          **DEFINITIONS**

24 1.     The terms "YOU," "YOUR," "defendants," and "YOURSELF" refer to defendants

25 Barry Cohen, Christene Cohen, and Claimant F/V Point Loma Fishing Company, including

26 their agents, officers, directors, employees, attorneys, experts, and any other person or entity

27 acting on their behalf.

28 */ / /*

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

PLAINTIFF'S INTERROGATORIES TO DEFENDANTS, SET ONE

1                        **INTERROGATORIES**

2  **INTERROGATORY NO. 1:**

3        IDENTIFY by name, last known address, phone number, employment position, and

4  dates of employment, each person that was employed as a crew member on the M/V POINT

5  LOMA (the "Vessel") between January 1, 2001 and the present.

6  **INTERROGATORY NO. 2:**

7        IDENTIFY by name, last known address, phone number, and type of service

8  provided, each person and company that performed maintenance or repair services on the

9  Vessel or provided equipment used aboard the vessel between January 1, 2001 and the

10 present.

11 **INTERROGATORY NO. 3:**

12       IDENTIFY the fishing net that YOU have alleged was lost during the arrest of the

13 Vessel by providing the size and type of net, the date of purchase and purchase price, the

14 location from where the net was purchased, and the documents that support this information.

15 **INTERROGATORY NO. 4:**

16       IDENTIFY each person and entity that was a member of the Avila Beach Joint

17 Venture including, for each, their position and interest in the joint venture.

18 **INTERROGATORY NO. 5:**

19       For each member of the Avila Beach Joint Venture state all contributions (both

20 financial and in-kind) made to the joint venture including the date(s) of each contribution.

21 **INTERROGATORY NO. 6:**

22       State the relationship, if any, that existed between the Avila Beach Joint Venture and

23 Olde Port Inn, Inc. at any time during the existence of the joint venture.

24 **INTERROGATORY NO. 7:**

25       State the relationship, if any, that existed between the Avila Beach Joint Venture and

26 Olde Port Fisheries, Inc. at any time during the existence of the joint venture.

27 **INTERROGATORY NO. 8:**

28       State what YOUR relationship is, or has been, to Olde Port Inn, Inc. for all times that

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

150 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

                                    -3-
PLAINTIFF'S INTERROGATORIES TO DEFENDANTS, SET ONE            Case No.: CV 07-02952 WHA

1  YOU have had any relationship to that entity, including for each time period a description of

2  what YOUR relationship has been.

3  **INTERROGATORY NO. 9:**

4  State what YOUR relationship is or has been to Olde Port Fisheries, Inc. for all times

5  that YOU have had any relationship to that entity, including for each time period a

6  description of what YOUR relationship has been.

7  **INTERROGATORY NO. 10:**

8  State what relationship, if any, each of YOUR sons (Leonard and Michael) has had, or

9  currently has, in any of the businesses in which YOU have held any interest, including, but

10  not limited to, the Avila Beach Joint Venture, Olde Port Fisheries, Inc., Olde Port Inn., Inc.,

11  and F/V POINT LOMA Fishing Company, Inc.

12  **INTERROGATORY NO. 11:**

13  State the amount of attorneys' fees, if any, that YOU owed to the law firm of Miller,

14  Starr & Regalia as of August 1, 2007.

15  **INTERROGATORY NO. 12:**

16  State what YOUR gross earnings were for each voyage of the Vessel between

17  October 31, 2001 and the present.

18  **INTERROGATORY NO. 13:**

19  State what YOUR net earnings (gross earnings less expenses) were for each voyage of

20  the Vessel between October 31, 2001 and the present.

21  **INTERROGATORY NO. 14:**

22  List every item of personal property that YOU allege was removed from the Vessel

23  during the period it was under arrest and which YOU further allege has not been returned to

24  the lawful owner or to the Vessel.

25  **INTERROGATORY NO. 15:**

26  In paragraph 3 of YOUR declaration dated August 1, 2007 YOU swore under penalty

27  of perjury that $215,000 was a "low estimate of the amount actually contributed by Del Mar"

28  to the Mexico joint venture. What is YOUR best estimate as to the actual amount

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafleds/2504

PLAINTIFF'S INTERROGATORIES TO DEFENDANTS, SET ONE                    Case No.: CV 07-02952 WHA

1  contributed by Del Mar?

2  **INTERROGATORY NO. 16**:

3      In paragraph 2 of YOUR declaration dated August 1, 2007 YOU state that the

4  contributions from Del Mar were to be used for "upgrades, maintenance and new nets" for

5  the Vessel. State whether all of the funds contributed by Del Mar were used for these

6  purposes.

7  **INTERROGATORY NO. 17**:

8      List all of the work done to the F/V POINT LOMA (the "Vessel") either as

9  "upgrades" or "maintenance" with the funds that were contributed by Del Mar including for

10 each item the date, cost, and the identity of the person(s) who performed the work. The

11 identity of the person(s) should include their business name, address, and phone number.

12 **INTERROGATORY NO. 18**:

13     Who was the person that had overall responsibility for determining the use of, and

14 accounting for, the funds contributed by Del Mar for upgrades and maintenance of the

15 Vessel?

16 **INTERROGATORY NO. 19**:

17     Who was the person that had overall responsibility for determining the use of and

18 accounting for the funds contributed by Del Mar to the Mexico joint venture?

19 **INTERROGATORY NO. 20**:

20     In YOUR declaration dated August 1, 2007 YOU stated in paragraph 10 that at the

21 time of the arrest of the Vessel, the Vessel was "making at least $20,000 per month." State

22 whether this figure was a gross or net figure and how it was calculated.

23 **INTERROGATORY NO. 21**:

24     For each check that YOU wrote drawn on Wells Fargo bank, Salinas branch, account

25 number 443-5703640 (The Avila Beach Checking Account), in which YOU listed

26 YOURSELF as the payee, please state what the check number was, the date, amount and

27 what the funds were used for.

28 ///

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

**INTERROGATORY NO. 22**:

Provide a list of each survey YOU have had performed on the F/V POINT LOMA since YOU purchased the Vessel including for each survey the date of the survey, identity of the surveyor, and the location of the survey report.

**INTERROGATORY NO. 23:**

IDENTIFY the bank from whom YOU obtained the loan to make the lump sum payment of $175,000.00 against the Note and Mortgage, including the name of the bank, the branch, the person at the bank that YOU dealt with, YOUR loan number, and the loan amount.

**INTERROGATORY NO. 24:**

If YOU contend that YOU had the financial resources in June, 2007 to make payments on the note and Mortgage of at least $3,000 per month or 15% of the gross catch, whichever was greater, state what financial resources YOU had at that time including the source of the income, the amount of income (whether weekly, monthly, or annually), savings or checking account balances, and / or other assets that were sufficiently liquid to be used to meet the monthly payment obligations. In responding with the list of assets including checking account balances, YOU are specifically requested to provide the balances as of June 1, 2007 in Coast National Bank account no. 102509277 and Coast National Bank account no. 102000579.

**INTERROGATORY NO. 25:**

List all personal computers that YOU owned or used in January 2007 including for each whether it is still owned or used by YOU, the email program used on it, whether YOU have deleted any programs or documents from it (them) and the current location of the computer(s).

**INTERROGATORY NO. 26:**

List YOUR locations and activities on January 30, 2007.

**INTERROGATORY NO. 27:**

State whether YOU had any health problems, including sickness of any kind, in

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

PLAINTIFF'S INTERROGATORIES TO DEFENDANTS, SET ONE

1  January 2007.

2  **INTERROGATORY NO. 28:**

3      State whether YOU had any sources of income other than social security payments in

4  January 2007 and, if YOU did, identify what the other sources of income were.

5  **INTERROGATORY NO. 29:**

6      State all efforts, if any, YOU made to recover the fishing net that YOU contend was

7  lost from the Vessel or dock during the arrest of the Vessel.

8  **INTERROGATORY NO. 30:**

9      State what YOUR net earnings have been from the operation of the Vessel since it

10  was released from arrest, including how the net earnings are calculated.

11

12  Dated:  November 29, 2007          COX, WOOTTON, GRIFFIN,
                                       HANSEN & POULOS, LLP
13                                     Attorneys for Plaintiff
                                       DEL MAR SEAFOODS, INC.

14

15

16                        By: _____
17                                     Max L. Kelley
                                       Gregory W. Poulos
18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN      26
& POULOS LLP

190 THE EMBARCADERO  27
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601     28

DelMarSeafoods/2504

-7-

Case No.: CV 07-02952 WHA

## PROOF OF SERVICE

Case:      *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On November 29, 2007, I served the attached document(s):

**PLAINTIFF'S INTERROGATORIES TO DEFENDANTS, SET ONE**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    By Personal Service: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    By Messenger Service: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    By Federal Express:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

**(E)**    By Facsimile: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Delmar.Point Loma/2504

PROOF OF SERVICE                                                Case No.: CV 07-02952 WHA

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---|---|---|
| C | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant<br>F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 29, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dmsl_Point Loma/2564

PROOF OF SERVICE

Case No.: CV 07-02952 WHA

Exhibit P

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.: 415-438-4600
   Facsimile No.: 415-438-4601
5
6  **LAW OFFICES OF RICHARD P. WAGNER**
   Richard P. Wagner (SBN 166792)
7  700 Oceangate, Suite 700
   Long Beach, CA 90802
8  Telephone: (562) 216-2946
   Facsimile: (562) 216-2960
9
   Attorneys for Plaintiff
10 DEL MAR SEAFOODS, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA
13                      SAN FRANCISCO DIVISION

14
   DEL MAR SEAFOODS, INC.              )  Case No.: CV 07-02952 WHA
15                                     )
                  Plaintiff,           )  **PLAINTIFF'S REQUESTS FOR**
16                                     )  **ADMISSIONS**
             vs.                       )
17                                     )  **SET ONE**
   BARRY COHEN, CHRIS COHEN (aka       )
18 CHRISTENE COHEN), *in personam* and )
   F/V POINT LOMA, Official Number     )
19 515298, a 1968 steel-hulled, 126-gross ton, )
   70.8- foot long fishing vessel, her engines, )
20 tackle, furniture, apparel, etc., *in rem*, and )
   Does 1-10,                          )
21                                     )
                  Defendants.          )
22                                     )
                                       )
23 _____   )
                                       )
   And Related Counterclaims           )
24                                     )
                                       )
25
26 PROPOUNDING PARTY:   PLAINTIFF DEL MAR SEAFOODS, INC.

27 RESPONDING PARTY:    DEFENDANTS BARRY, CHRISTENE COHEN and
                        CLAIMANT F/V POINT LOMA FISHING COMPANY, INC.

28 SET NUMBER:          ONE

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

                                  -1-                    Case No.: CV 07-02952 WHA

1  **REQUEST FOR ADMISSION NO. 1:**

2      Admit that you are acting in this case as the agent for the interests of your marital

3  community.

4  **REQUEST FOR ADMISSION NO. 2:**

5      Admit that in 2004 you transferred the ownership of the F/V POINT LOMA (the

6  "Vessel") to the F/V Point Loma Fishing Company, Inc..

7  **REQUEST FOR ADMISSION NO. 3:**

8      Admit that you are the manager of the F/V Point Loma Fishing Company, Inc.

9  **REQUEST FOR ADMISSION NO. 4:**

10      Admit that you and your wife each own 50% of the shares of the F/V Point Loma

11  Fishing Company, Inc.

12  **REQUEST FOR ADMISSION NO. 5:**

13      Admit that in this case you are acting as the agent for the owner of the Vessel, the F/V

14  Point Loma Fishing Company, Inc.

15  **REQUEST FOR ADMISSION NO. 6:**

16      Admit that you have never used the Vessel to fish anywhere other than in the

17  Exclusive Economic Zone off of California.

18  **REQUEST FOR ADMISSION NO. 7:**

19      Admit that at the end of 2005, in a meeting with both Joe Cappuccio and Joe Roggio,

20  they told you that Del Mar's bank that provided credit to Del Mar, had expressed its concern

21  to Del Mar about the size of Del Mar's loan to you for the Vessel.

22  **REQUEST FOR ADMISSION NO. 8:**

23      Admit that at the meeting with Joe Roggio and Joe Cappuccio at the end of 2005 Joe

24  Cappuccio asked you to make a large payment on the loan evidenced by the Note and

25  Mortgage.

26  **REQUEST FOR ADMISSION NO. 9:**

27      Admit that you agreed with Del Mar that you would be responsible for the debts of

28  your sons, Michael and Leonard, to Del Mar arising from amounts they owed the Avila

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

1  Beach joint venture.

2  **REQUEST FOR ADMISSION NO. 10:**

3      Admit that when you made the $175,000 payment to Del Mar, you told Joe

4  Cappuccio you would pay Del Mar the remaining balance owed to Del Mar.

5  **REQUEST FOR ADMISSION NO. 11:**

6      Admit that you asked Del Mar to inform you of the amounts of your sons, Michael

7  and Leonard's, debts to the Avila Beach joint venture in November, 2005.

8  **REQUEST FOR ADMISSION NO. 12:**

9      Admit that the reason you requested the amount of your son's debts to Del Mar was

10  so that you would know how much debt you were assuming on their behalf and how much

11  you would be entitled to be reimbursed by them.

12  **REQUEST FOR ADMISSION NO. 13:**

13      Admit that Joe Roggio provided you with a spreadsheet (DMSI 0001) detailing the

14  debts and payments regarding your and your son's debts to Del Mar in November 2005 in

15  response to your request for such information.

16  **REQUEST FOR ADMISSION NO. 14:**

17      Admit that after receiving the spreadsheet (DMSI 0001) you never told Joe Roggio or

18  Joe Cappuccio that you disagreed with any of the amounts noted thereon.

19  **REQUEST FOR ADMISSION NO. 15:**

20      Admit that after receiving the spreadsheet (DMSI 0001) you never told Joe Roggio or

21  Joe Cappuccio that you disagreed with how your payments had been applied as evidenced

22  thereon.

23  **REQUEST FOR ADMISSION NO. 16:**

24      Admit that after receiving the spreadsheet (DMSI 0001) you never told Joe Roggio or

25  Joe Cappuccio that you disagreed with treating the debts listed thereon under "Michael

26  Cohen," "Olde Port Inn," "Inventory," and "Point Loma" as advances under the Note and

27  Mortgage.

28  / / /

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

1    **REQUEST FOR ADMISSION NO. 17:**

2       Admit that after receiving the newer revised spreadsheet from Joe Roggio in

3   approximately December 2006, as you have stated in your Declaration dated July 9, 2007 on

4   pg. 3, lines 2-4, you never told Joe Roggio or Joe Cappuccio that you disagreed with treating

5   the debts listed thereon under "Olde Port Balance," "Point Loma Balance," and "Fees for

6   Olde Port Case" as advances under the Note and Mortgage.

7    **REQUEST FOR ADMISSION NO. 18:**

8       Admit that on or about January 30, 2007 that you authored the document DMSI 0078.

9    **REQUEST FOR ADMISSION NO. 19:**

10       Admit that in approximately January 2007 Joe Roggio asked you to make payments

11   on the amounts you owed Del Mar.

12    **REQUEST FOR ADMISSION NO. 20:**

13       Admit that Del Mar has a valid maritime lien on the Vessel.

14    **REQUEST FOR ADMISSION NO. 21:**

15       Admit that under the terms of the Mortgage that you signed (DMSI 0101 – DMSI

16   0110) Del Mar is not, and was not, required to give you notice before foreclosing on the

17   Mortgage.

18    **REQUEST FOR ADMISSION NO. 22:**

19       Admit that under the terms of the Mortgage that you signed (DMSI 0101 – DMSI

20   0110) there is no provision relieving you, the mortgagor, from your obligation to continue to

21   make monthly payments even if you make a large payment in excess of your monthly

22   obligation under the Note and Mortgage.

23    **REQUEST FOR ADMISSION NO. 23:**

24       Admit that under the terms of the Note and Mortgage you, the mortgagor, were, and

25   are, required to make monthly payments of $3,000 or 15% of the Vessel's monthly gross

26   landing receipts starting on January 1, 2004 and continuing until paid in full.

27    **REQUEST FOR ADMISSION NO. 24:**

28       Admit that from January 1, 2004 until December 22, 2004 you failed to make a single

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMar/Seafoods/2504

Case No.: CV 07-02952 WHA

1  payment to Del Mar towards your obligations under the Note and Mortgage.

2  **REQUEST FOR ADMISSION NO. 25:**

3  Admit that after your $5,000 payment dated December 22, 2004 you did not make

4  another payment until November 9, 2005.

5  **REQUEST FOR ADMISSION NO. 26:**

6  Admit that your last payment to Del Mar was on April 23, 2007.

7  **REQUEST FOR ADMISSION NO. 27:**

8  If your response to the previous Request was to admit it, also admit that after your last

9  payment on April 23, 2007 there was an outstanding balance due under the Note and

10  Mortgage.

11  **REQUEST FOR ADMISSION NO. 28:**

12  If your response to Request No. 26 was anything other than an unqualified "admit,"

13  admit that you currently owe money to Del Mar under the Note and Mortgage.

14  **REQUEST FOR ADMISSION NO. 29:**

15  Admit that the Vessel is your only source of income, other than Social Security.

16  **REQUEST FOR ADMISSION NO. 30:**

17  Admit that you wrote checks made out to yourself as payee on Del Mar's Wells Fargo

18  account no. 4435703640.

19  **REQUEST FOR ADMISSION NO. 31:**

20  If your response to the previous Request was to admit it, admit also that the checks

21  your wrote on that account made payable to yourself as payee were not authorized by Del

22  Mar.

23  **REQUEST FOR ADMISSION NO. 32:**

24  Admit that you spent some of the money you obtained from Del Mar's Wells Fargo

25  account no. 4435703640 on items that were not related to the Olde Port Fisheries joint

26  venture.

27  **REQUEST FOR ADMISSION NO. 33:**

28  Admit that you agreed to pay Del Mar for its attorneys fees it incurred in the Avila

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

1    Beach litigation you instituted against the Port of Avila Beach.

2

3    Dated: June 6, 2007                    COX, WOOTTON, GRIFFIN,
                                            HANSEN & POULOS, LLP
                                            Attorneys for Plaintiff
4                                           DEL MAR SEAFOODS, INC.

5

6

7                               By: _____
                                        Max L. Kelley
8                                       Gregory W. Poulos

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN    26
& POULOS LLP

190 THE EMBARCADERO    27
SAN FRANCISCO, CA
94105
TEL 415-438-4600      28
FAX 415-438-4601

DelMarSeafoods/2504

## PROOF OF SERVICE

Case:       *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

   I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

   On November 29, 2007, I served the attached document(s):

### PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**    <u>By First Class Mail</u>: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**    <u>By Personal Service</u>: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**    <u>By Messenger Service</u>: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**    <u>By Federal Express</u>:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

**(E)**    <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dmns\Point Loma\2504

PROOF OF SERVICE                                                      Case No.: CV 07-02952 WHA

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| C | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 29, 2007 at San Francisco, California.

_____

Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dwml.Point Loma/2504

PROOF OF SERVICE                                                                 Case No.: CV 07-02952 WHA

Exhibit Q



DMSI 0065



DMSI 0066



DMSI 0067



DMSI 0068



DMSI 0069



DMSI 0070





DMSI 00723





DMSI 0074



DMSI 0075



DMSI 0076



DMSI 0077