**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants.<br><br>And Related Counterclaims | Case No.: CV 07-02952 WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITION OF DEFENDANT CHRISTENE COHEN**<br><br>Date: January 3, 2008<br>Time: 8:00 a.m.<br>Courtroom 9, 19th Floor<br>Hon. William H. Alsup |

Pursuant to Local Rule 7-3 Plaintiff, Del Mar Seafoods, Inc. ("Del Mar") submits this Opposition to the Defendants' Motion for Protective Order. ("Motion").

-1-   Case No.: CV 07-02952 WHA
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

## I. INTRODUCTION

Defendants have moved for a protective order under F.R.C.P. 26 seeking to limit plaintiff and counter-defendant's examination of defendant and counter-claimant Chris Cohen to written interrogatories. Their arguments in favor of a protective order can be summarized as: 1) Ms. Cohen does not have any relevant non-privileged information regarding the issues in this case, and 2) the burden of deposing her in Arizona, where she resides, outweighs the usefulness of any testimony she may offer. Defendants' Motion, however, should be denied for the following reasons:

1) Defendants have failed to meet their burden to show good cause exists for the issuance of the requested protective order;

2) ***In their FRCP Rule 26 Initial Disclosures, Defendants have already identified Ms. Cohen as a witness with discoverable information relating to the issues in this case;***

3) The defendants have failed to demonstrate they would suffer a ***significant injury*** if Ms. Cohen's deposition is allowed to go forward as noticed;

4) The defendants have failed to demonstrate a ***compelling reason*** to require the use of written interrogatories in lieu of deposing Ms. Cohen by oral examination.

## II. SUMMARY OF RELEVANT FACTS

Plaintiff's Verified Complaint was filed on June 6, 2007, naming as defendants, Barry Cohen, his wife Chris Cohen (aka "Christene Cohen") (collectively "the Cohens"), and the F/V POINT LOMA (the "Vessel"), the fishing vessel owned and operated by the Cohen's corporation, the F/V Point Loma Fishing Company ("PLFC")[1]. On June 15, 2007, the PLFC filed a Verified Statement of Right or Interest in the Vessel and defendants answer the Complaint on June 25, 2007. Their Answer also contained a Counterclaim against Del Mar for the wrongful arrest of the Vessel. *See* Declaration of Max L. Kelley ("Kelley Dec."), **Exhibits 1-3**.

---

[1] Chris Cohen owns 50% of the stock of the PLFC. Declaration of Barry Cohen in Support of Motion to Vacate Arrest, dated 7/9/07, at pg. 3, para. 7.

On August 21, 2007, defendants served plaintiff with a letter containing their initial disclosures under F.R.C.P. 26(a). The first paragraph identified Christene Cohen as a person "likely to have discoverable information that may be used by Defendants to support their claims or defenses." Kelley Dec., **Exhibit 4**. On September 5, 2007, defendants served plaintiff with further initial disclosures, again listing Christene Cohen as an individual with knowledge of "[f]acts pertinent to the same subjects identified immediately above in the paragraph regarding Barry Cohen." *Id.*, **Exhibit 5**.[2]

On December 6, 2007, Plaintiff noticed the deposition of defendant and counter-claimant Chris Cohen for January 11, 2008, the cut-off for non-expert discovery, in Scottsdale, Arizona where she resides. Kelley Dec., **Exhibit 6**. Six days later, on December 12, 2007, Plaintiff's counsel received an e-mail from defense counsel attaching a letter proposing Plaintiff depose Ms. Cohen by way of written interrogatories. *Id.*, **Exhibit 7**. Plaintiff responded on December 14, 2007. *Id.* at **Exhibit 8**. Defense counsel wrote a "meet and confer" letter to plaintiff's counsel on December 17, 2007 (*id.*, **Exhibit 9**), and plaintiff responded the following day on December 18, 2007. *Id.*, **Exhibit 10**. Defendants' motions to shorten time and for a protective order were filed at the close of business that evening. *Id.* at ¶ 12.

### III.  LEGAL STANDARD AND APPLICABLE LAW

Motions for protective orders are disfavored. *See, e.g., Green Constr. Co. v. Kansas Power & Light Co.*, 1990 U.S. Dist. LEXIS 10669, *2 (D. Kan. 1990); *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402, 404 (E.D.Wa. 1977). Under F.R.C.P. 26(c) the moving party has the burden of showing good cause for the issuance of a protective order. *Federal Communications Com. v. Schreiber*, 329 F.2d 517, 534 (9th Cir. 1964). Good cause must be established by reference to specific facts, rather than conclusory or speculative allegations. *United States of America v. City of Torrance*, 164 F.R.D. 493, 496 (9th Cir. 1996); *In re: Barbara C. Lawrence*, 363 B.R. 668, 672 (Bankr. N.D.N.Y. 2007) (conclusory statements not sufficient); *United States of America v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981).

---

[2] For the sake of brevity, those subjects are listed once, *infra*, at pg. 4, subparagraph 1.

The moving party has a "heavy burden" to show that "extraordinary circumstances based on specific facts" justify the order. *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (quoting *Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998) internal quotation marks and citations omitted).

The burden is also on the party seeking to limit the deposition to show that the use of written interrogatories would be sufficient. *Greenberg v. Safe Lighting Inc.*, 24 F.R.D. 410, 411 (S.D.N.Y. 1959). Furthermore, "[i]n the absence of special circumstances, the court should allow the examining party to choose his own mode of examination." *Interlego A.G. v. The Leslie-Henry Co., Inc.*, 32 F.R.D. 9, 11 (M.D.Pa. 1963) (favoring oral deposition over written interrogatories).

## IV.  LEGAL ARGUMENT

### 1.  Defendants Admit That Ms. Cohen Has *Discoverable* Information

Defendants Motion asserts that Ms. Cohen's "deposition is not likely to lead to any discoverable or admissible evidence."[3] Yet, defendants have already disclosed Ms. Cohen as someone with knowledge of the facts pertinent to the subjects of:

> the fishing business and activities of Defendants; the amount of damages to Defendants' fishing business and the F/V POINT LOMA itself, the loss of income, and the interference with prospective economic advantage sustained by Defendants as a result of the wrongful arrest; the terms of the Promissory Note and Ship Mortgage relating to the F/V POINT LOMA; the modification of the timing of payments under Promissory Note and Ship Mortgage; the amount of payments made by Defendants to plaintiff under the Promissory Note; the amount, if any, of the remaining debt under the Promissory Note and Ship Mortgage; the wrongful arrest of the F/V POINT LOMA and plaintiff's breach of the Promissory Note and Ship Mortgage; the amount of legal fees incurred in the this matter; and all other factual information relating to the disputes between the parties.

Kelley Dec., **Exhibit 5**, Defendants' Initial Disclosures Pursuant to F.R.C.P. 26(a)(1), ¶¶ 1-2. Defendants' about-face regarding Ms. Cohen's discoverable knowledge of the facts surrounding this dispute is, at best, disingenuous.

### 2.  Defendants' Assertion Of The Marital Privilege Is Overstated

Having already disclosed Ms. Cohen as a witness with discoverable knowledge,

---

[3] Defendants' Motion at pg. 4, lines 1-2.

defendants now attempt to minimize her value as a witness by asserting that her testimony would now be largely non-discoverable based on the marital communications privilege. That assertion, however, is misplaced. The privilege only applies to confidential communications between Barry and Chris Cohen during their marriage, and there are several important exceptions. For example, Ms. Cohen, as the co-signor of the Promissory Note and Preferred Ship Mortgage, and as the 50% owner of the Vessel, may have independent knowledge, ***outside of her privileged marital conversations with her husband***, of facts bearing on: 1) the amount of the principal secured by the Note and Mortgage, 2) any agreements by Barry Cohen (or lack thereof) to include certain sums Del Mar loaned to him and/or his sons as "fisherman advances" in the principal secured by the Note and Mortgage, 3) the effect (if any) of the $175,000 payment on the Cohen's monthly obligations under the Note and 4) the defendants' claims for lost profit damages resulting from the alleged wrongful arrest. Furthermore, conversations she had with her husband ***after they were separated*** are not privileged.[4] Similarly, conversations she had with her husband during marriage ***in the presence of third persons*** are not privileged,[5] conversations she had with Barry's sons, Michael and Leonard Cohen, or other third parties, are not privileged,[6] and conversations she had with her husband during their marriage ***involving their business transactions*** are not privileged. *Hanger Orthopedic Group, Inc. v. McMurray*, 181 F.R.D. 525 (M.D. Fla. 1998); *accord, In re Southern Air Transport, Inc. v. SAT Group, Inc.*, 255 B.R 706, 713 (Bankr. S.D. Ohio 2000) ("any ordinary conversations regarding business matters are not subject to the privilege unless circumstances show the conversations to have been confidential in nature."). The privilege also does not apply to conduct.[7] Therefore, there are numerous significant exceptions to the privilege that would likely lead the discovery of admissible evidence during her deposition.

---

[4] *United States v. Byrd*, 750 F.2d 585, 592 (7th Cir. 1984) (communications privilege does not apply where the communications occur between permanently separated spouses).
[5] *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990)
[6] *Id.*
[7] *United States v. Robinson*, 763 F.2d 778, 783 (6th Cir. 1985) (privilege applies only to conduct and expressions intended to be a communication).

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

D:\DelMarSeafoods\2504

Plaintiff also notes that Ms. Cohen was employed by the Avila Beach joint venture that was operated by the parties and therefore may likely have relevant knowledge of the issues at the heart of this dispute based on her employment and wholly independent of her relationship with Mr. Cohen.

### 3. Defendants Have Failed To Allege Specific Facts Supporting Good Cause

Defendants entire Motion is based entirely on conclusory and speculative statements. The 'meat' of defendants' Motion, paragraph "II" starting on pg. 5, line 21, states in pertinent part:

> The deposition of Mrs. Cohen is unlikely to lead to any discoverable or otherwise admissible evidence that could not be obtained through interrogatories. Chris Cohen's only connection to this lawsuit, as Plaintiff is well aware, is that she is a signatory on the Note. . . [The fact that she] signed the Note and Mortgage and that her signature on the on those documents is true and correct . . . . are probably the only questions that could be asked that are not covered by a privilege.

These statements are conclusory, speculative, unsupported and ring false in the face of defendants' initial disclosure of Ms. Cohen as a witness with discoverable knowledge. Defendants have failed to demonstrate there is good cause for the issuance of a protective order.

### 4. Defendants Have Failed To Allege They Will Suffer A Significant Injury If Ms. Cohen Is Deposed

The bald allegation in defendants' Motion that Ms. Cohen would be subject to an "undue burden"[8] if she were required to be deposed because "she cannot afford to miss work" is insufficient to support a finding of good cause necessary for granting a protective order. *Lenhart v. The Ferris Faculty Assoc.*, 556 F.Supp. 316, 318 (W.D.Mich. 1983) (good cause not established by showing of inconvenience and expense, citing *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979) and *Alexander v. Rizzo*, 50 F.R.D. 374 (E.D. Pa. 1970)). *See also, Greenberg, supra*, 24 F.R.D. at 411 (expense of $200 to attend deposition does not show undue hardship where deponent claims $20,000 in damages).[9]

---

[8] Motion, pg. 6, line 1-3.
[9] Here, defendants have alleged counterclaims for lost profit damages of at least $20,000 in gross sales for each month the Vessel was under arrest, plus unspecified costs and attorneys fees. 7/9/07 Dec. of B. Cohen, p.5, ¶ 16.

### 5. Defendants Have Failed To Demonstrate A Compelling Need For Deposing Ms. Cohen By Written Interrogatories

Ms. Cohen is not only a defendant and counter-claimant in this lawsuit, she has been named by defendants as a person with discoverable knowledge regarding the issues in this case There can be no real dispute that plaintiff is entitled to take her deposition under F.R.C.P. 30(a)(1). Deposing her by propounding written interrogatories, however, is not only unsupported by any finding of good cause, it would unfairly prejudice plaintiff and counter-defendant. *Greenberg supra*, 24 F.R.D. at 411 ("Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written interrogatories in carrying out the deposition procedures in aid of discovery under the rules."); *Interlego A.G. v. The Leslie-Henry Co., Inc.*, 32 F.R.D. 9, 11 (M.D.Pa. 1963) ("In view of the purpose of the deposition and the business relationship between the witnesses to be deposed and the defendants, written interrogatories seem inadequate); *see also, Jobbins, Inc. v. American Export Lines, Inc.*, 16 F.R.D. 178, 179 (S.D.N.Y. 1953) (deposing party "should have the benefit of the more complete technique of oral deposition, denying motion to depose witness by written interrogatories).

There has been no showing of any exceptional circumstances that would allow defendants to limit Ms. Cohen's examination to written interrogatories. The Motion should be denied.

### 6. Defendants Have Failed To Meet And Confer In Good Faith

In response to defendants' attempts to meet and confer over their proposition to depose Ms. Cohen by way of written interrogatories, plaintiff asked for answers to the following specific questions aimed at fleshing out defendants' broad claim that Ms. Cohen's "deposition is unlikely to lead to much admissible evidence, if any because her testimony is subject to marital privileges."[10] 1) The date the Cohens were separated; 2) if there were any communications between them after that; 3) if there was any conduct by Ms. Cohen regarding the operation of the defendants' business; 4) if Ms. Cohen had any business

---

[10] Kelley Dec., **Exhibit 7**, Defendants' meet & confer letter, dated 12/12/07, ¶ 1.

communications outside the marriage, such as communications with Michael and/or Leonard Cohen; and 5) if she had conversations with Mr. Cohen in the presence of third parties.[11] Defendants completely failed to provide any substantive response to these significant and specific questions going to the heart of their contention that Ms. Cohen should be deposed only by written interrogatories, instead choosing to file their Motion. The defendants refusal to even address the plaintiff's reasonable inquiries into the bases for their proposed protective order fails to meet any standard of good faith, and should support a denial of their Motion.

## V. CONCLUSION

For the reasons discussed above, plaintiff respectfully requests that defendants' Motion for a Protective Order be denied.

Dated: December 26, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley

---

[11] *Id.*, Exhibit 11, Plaintiff's meet & confer letter, dated 12/18/07, ¶ 2.

-8-    Case No.: CV 07-02952 WHA
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER