# EXHIBIT 1

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

E-filing

ORIGINAL
FILED

JUN − 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. | Case No.: **C 07 2952 WHA** |
| Plaintiff, | **VERIFIED ADMIRALTY AND MARITIME COMPLAINT (In Personam and In Rem)** |
| vs. | |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, | 1) **Breach of Promissory Note and Preferred Ship's Mortgage** 2) **Foreclosure Of Preferred Ship's Mortgage (46 U.S.C. Section 31325)** |
| Defendants. | |

Plaintiff, DEL MAR SEAFOODS, INC. ("DEL MAR"), alleges as follows:

## I.    PARTIES AND JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and

Maritime Claims.

2.     The admiralty jurisdiction of this Court over the instant action is properly

exercised -- both *in personam* and *in rem* -- under 28 U.S.C. section 1333; federal question

jurisdiction under 28 U.S.C. section 1331; and the Ship Mortgage Act, 46 U.S.C. sections

30101, and 31301-31343.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

3. Venue is proper in this Court because the Defendant Vessel is physically located within the Northern District of California, the *in personam* Defendants, the COHENS, currently reside within the state of California, and both the Promissory Note and the Ship Mortgage which are the subject of this action were entered into by Defendants in the state of California.

4. Plaintiff DEL MAR is a California corporation, duly organized and existing according to law and doing business within this District.

5. Defendant BARRY COHEN is an individual and, upon information and belief, was at all relevant times a resident within this District.

6. Defendant CHRIS COHEN (aka CHRISTENE COHEN, referred to hereinafter as "CHRIS COHEN") is an individual and, upon information and belief, was at all relevant times a resident within this District.

7. At all relevant times, Defendants represented that they were the owners of the Defendant Vessel, the F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture and all appurtenances and necessaries thereto appertaining (the "Vessel").

8. Does 1 through 10 inclusive, are unknown to DEL MAR, which therefore sues said defendants by such fictitious names. DEL MAR will request leave of Court to amend this complaint to allege their true names and capacities when ascertained. DEL MAR is informed and believes that some or all of Defendants are the agents, servants, employees, partners, alter egos, or representatives of other Defendants and performed the acts mentioned in this Complaint during the course and scope of their agency, servitude, employment, partnership, alter ego, or representative relationship or under the direction or with knowledge and approval of their principals, masters, employers and partners.

9. On or about October 31, 2003, Defendants, BARRY COHEN and CHRIS COHEN (hereinafter collectively referred to as "the COHENS") agreed to and executed a Promissory Note in favor of DEL MAR (which Promissory Note is hereinafter referred to as

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.:

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

1    "the Note"). A copy of the Note is attached hereto as **Exhibit A** and is hereby fully

2    incorporated herein by this reference.

3        10.    Under the terms of the Note, the COHENS initially owed DEL MAR the

4    sum of TWO HUNDRED AND FIFTEEN THOUSAND DOLLARS ($215,000.00). The

5    COHENS also agreed that the amount they owed DEL MAR would accrue interest on the

6    unpaid balance at seven (7) percent. The COHENS also agreed to make monthly payments

7    on the Note to DEL MAR in the amount of THREE THOUSAND DOLLARS ($3,000.00)

8    or fifteen (15) percent of the gross landing receipts of each and every seafood product

9    caught by the Vessel, whichever is greater. The COHENS also agreed that all such

10    payments made would be applied to interest first, then to principal. *See* Exhibit A, page 1

11        11.    On or about October 31, 2003, in order to secure payment of the

12    indebtedness of the Note, the COHENS executed and delivered to Plaintiff, in accordance

13    with and pursuant to the laws of the United States, a Preferred Ship Mortgage covering the

14    Vessel (the "Mortgage"), and by the terms of the Mortgage, assigned and mortgaged the

15    Vessel to Plaintiff DEL MAR to secure payment of the indebtedness of the Note. A true

16    and correct copy of the Mortgage is attached to this Complaint as **Exhibit B** and by

17    reference is incorporated herein as though fully set forth.

18        12.    The Note specifically referred to and incorporated by reference the terms of

19    the Mortgage. *See* Exhibit A, page 1.

20        13.    The Note also provided that "If suit is commenced on this note, maker shall

21    pay to holder a reasonable attorney's fee and all costs." *See* Exhibit A, page 2.

22        14.    The Mortgage provides for recovery of attorney's fees and costs upon

23    default, as well as interest of ten (10) percent upon default. *See* Exhibit B, page 6.

24        15.    As of May 1, 2007, the total amount due and owing under the Agreement

25    was $180,653.98, no portion of which has been paid.

26        16.    Interest continues to accrue under the Note and the Mortgage at the rate of

27    $49.49 per day, at the rate of ten (10) per cent interest since default.

28        17.    The Vessel is afloat upon the navigable waters of these United States, and

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.:

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

1   within this Judicial District and the Court's Jurisdiction.

2   ### FIRST CLAIM FOR RELIEF – BREACH OF PROMISSORY NOTE AND
3   ### PREFERRED SHIP'S MORTGAGE IN *PERSON*AM AGAINST
    ### DEFENDANTS BARRY COHEN, CHRIS COHEN, AND DOES 1-10
4

5       18.     Plaintiff DEL MAR hereby realleges and incorporates by this reference

6   paragraphs 1-17 of this Complaint.

7       19.     On or about April 20, 2004, Plaintiff DEL MAR caused the Mortgage to be

8   duly recorded with the National Vessel Documentation Center, U.S. Coast Guard. Plaintiff

9   DEL MAR has not waived its status as a mortgagee under the Mortgage. All other

10  requirements of the laws of the United States relating to preferred ship mortgages were duly

11  met or were caused to be met by DEL MAR. The indebtedness of the Note, as secured by

12  the Mortgage on the Vessel, is a valid preferred ship mortgage lien on the Vessel.

13      20.     Prior to, and as of, May 1, 2007, the COHENS repeatedly failed to make the

14  proper monthly payments as required under the Note and Mortgage. As of the last payment

15  on April 25, 2007, the COHENS were still in arrears on the required payments. Since April

16  25, 2007, the COHENS have not made any subsequent payments, as required under the

17  Note and Mortgage. Consequently, under the terms of the Note and the Mortgage, the

18  COHENS are in default under the terms of the Note and the Mortgage, and have been since

19  at least May 1, 2007.

20      21.     Under the terms of the Note and the Mortgage, the total principal balance is

21  $180,653.98 as of May 1, 2007.

22      22.     Interest continues to accrue on the amounts presently owed to DEL MAR

23  under the Note and the Mortgage at the rate of ten (10) percent per annum from the date of

24  default at the rate of $49.49 per day.

25      23.     Plaintiff DEL MAR has a maritime lien upon and against the Vessel,

26  pursuant to 46 U.S.C. Section 31341, for the full amount it is owed under the Note and

27  Mortgage, plus interest thereon at the rate of $49.49 per day from the date of default

28  through the date of judgment.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2594

24.    Plaintiff DEL MAR is also entitled to attorney's fees and costs based on the Note.

## SECOND CLAIM FOR RELIEF – FORECLOSURE OF PREFERRRED SHIP'S MORTGAGE PURSUANT TO 46 U.S.C. SECTION 31325 AGAINST ALL DEFENDANTS, *IN PERSONAM*, AND THE VESSEL *IN REM*

25.    Plaintiff DEL MAR hereby realleges and incorporates by this reference paragraphs 1-24 of this Complaint

26.    Plaintiff DEL MAR has a maritime lien against the Vessel, *in rem*, for any and all amounts that are or will be due and owing under the Note and Mortgage, including prejudgment interest at the agreed rate in the Mortgage of ten (10) percent (see Exhibit B at pages 5 and 6); and Plaintiff DEL MAR is entitled to foreclose its maritime lien and satisfy any and all obligations arising under the Note and Mortgage and during the course of the instant action, including the attorney's fees and costs based on the Note and Mortgage, including the costs of bringing this action, and arresting, preserving and selling the Vessel, against the Vessel *in rem*.

27.    In view of the foregoing, Plaintiff DEL MAR is entitled to foreclose its maritime lien and the Mortgage satisfy any and all obligations arising under the maritime lien and Mortgage during the course of the instant action; and the costs of bringing this action, and arresting, preserving and selling the Vessel, against the Vessel *in rem*.

**WHEREFORE, Plaintiff DEL MAR prays as To All Claims For Relief Against All Defendants:**

1.    That process in due form of law pursuant to this Court's Admiralty and Maritime Jurisdiction, *i.e.* a Warrant of Arrest, issue against the F/V POINT LOMA (Official No. 515298), her rigging, tackle apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging (the "Vessel"), that all persons claiming any interest in the Vessel be cited to appear and answer this Verified *in rem* Complaint; and that Defendants, the COHENS, be cited to appear and answer this Verified Complaint *in personam;*

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-5-

Case No.:

1    2.    That the Vessel be arrested and preserved pursuant to the practice of this

2    Court in cases involving maritime liens and Preferred Ships Mortgages against vessels in

3    navigation, as provided by the Supplemental Admiralty Rules of the Federal Rules of Civil

4    Procedure and the Rules of this Court;

5    3.    That the Court direct and prescribe the manner in which actual notice of the

6    commencement of this suit shall be given by Plaintiff DEL MAR pursuant to 46 U.S.C.

7    Section 31301 *et seq.* and the Rules of this Court;

8    4.    That the Mortgage and the statutory lien arising therefrom be declared valid

9    against the Vessel in the sum of $180,653.98 in principal, plus all unpaid accrued interest

10    and late charges owing on the Promissory Note, together with all other amounts which have

11    been or are required to be disbursed by or on behalf of Plaintiff for the care, insuring,

12    preservation, movement, and storage of the Vessel while in *custodia legis* herein, plus all

13    other advances, expenses, attorneys' fees, costs and disbursements by Plaintiff, together

14    with post-judgment interest at the maximum statutory rate, with such liens to be prior and

15    superior to the interest, of maritime and non-maritime liens or claims of any and all persons,

16    firms or corporations whatsoever;

17    5.    That the Court enter judgment in Plaintiff's favor for the full amount of

18    Defendant's breach of Note and Preferred Ship Mortgage claims and maritime lien claims,

19    in the amount of $180,653.98, plus interest accrued since May 1, 2007 of $1,831.13 for a

20    total of $182,485.11, plus other interest as allowed by law, attorney's fees, and costs against

21    Defendants BARRY COHEN, CHRIS COHEN and all other defendants who may appear,

22    and the Vessel;

23    6.    That the Vessel be condemned and sold pursuant to the practices of this

24    Court sitting in admiralty and that Plaintiff DEL MAR's claims be paid from the funds

25    realized at such sale;

26    7.    That all attorney's fees and costs based on the Note and Mortgage for

27    arresting, preserving, and selling the Vessel be included in the funds to be paid Plaintiff

28    DEL MAR realized at the sale of the Vessel;

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMar/Seafoods/2504

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

Case No.:

8.      That a judgment against BARRY COHEN, CHRIS COHEN and DOES 1-10, *in personam* be entered for any deficiency resulting after the judicial sale of the vessel;

9.      That it be decreed that any and all persons, firms or corporations claiming any interest in the Vessel are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the mortgaged Vessel and every part thereof;

10.     That the Court provide such other and further relief in Plaintiff DEL MAR's favor as the Court deems just and proper.

**As To Plaintiff DEL MAR's Claims For Relief Against All *Defendants in personam* and *in rem*:**

1.      That the Court award Plaintiff DEL MAR its reasonable attorney's fees and costs pursuant to the Note and Mortgage.

Dated:  June 7, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
        Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

VERIFIED ADMIRALTY AND MARITIME COMPLAINT (*In Personam* and *In Rem*)

Case No.:

From: 4361471    Page: 14/14    Date: 6/5/2007    :0 PM
05/17/2007    15:00    DEL MAR SEAFOODS INC WATSONVILLE → 17144361471    NO.631    0002

**VERIFICATION**

1    I, JOE ROGGIO, hereby state:

2    1. I am an officer of DEL MAR SEAFOODS, INC., Plaintiff in the instant action.

3    2. I have read the contents of the above Complaint and hereby verify the facts

4    contained therein are true and correct to the best of my knowledge, information and

5    belief.

6    4. I am authorized on behalf of DEL MAR SEAFOODS, INC. to verify this

7    Complaint.

8    I declare under penalty of perjury under the laws of the State of California and

9    the United States that the forgoing is true and correct and that this verification was

10    executed at Watsonville, California on May 16, 2007.

11

12

13    *Joe Roggio*

14    JOE ROGGIO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

# EXHIBIT A

COPY

**PROMISSORY NOTE**

N  IONAL VESSEL DOCUMENTATION CE
USCG
RECEIVED / FILED

20 APR '04    10 : 08

RECORDED: BOOK _____ PAGE ____
DOCUMENTATION OFFICER

For the value received, BARRY COHEN and CHRIS COHEN, an individual of 2028

Draydon Avenue, Cambria, California 93428, hereinafter referred to as maker, promises to pay to

the order of DEL MAR SEAFOODS, INC., 331 Ford Street, Watsonville, California 95076, its

successors and assigns, hereinafter referred to as holder, the sum of two hundred fifteen thousand

($215,000.00) dollars at the rate of seven (7) percent per annum, as follows:

Monthly payments of $3,000.00 or fifteen (15) percent of the gross landing receipts of each and

every landing of seafood product made by the fishing vessel POINT LOMA, whichever is greater,

commencing on _JANUARY '04_ and on the 15th day of each succeeding month until principal

and interest are fully paid. Payments are to be applied to interest first.

1.    This promissory note is secured by a First Preferred Ship Mortgage on the vessel
POINT LOMA, Official No. _C.L.O. 515293 Ara._ ; dated _10/31/03_ .

2.    Incorporation of Terms of First Preferred Mortgage.

This note is secured by a continuing security interest in the vessel described in a

Preferred Mortgage, dated _10/31/03_ , executed by maker in favor of holder. The terms

of that Preferred Mortgage are incorporated into this note by reference to the same effect as if set

forth in this note in their entirety. On default, under Preferred Mortgage or under

this note, holder may exercise any of the remedies granted by the Preferred Mortgage. Maker

acknowledges that holder rights are cumulative.

3.    Acceleration of Maturity.

In the event of default, in the payment of any of the installments or interest due as provided in this

note, time being of the essence, holder may, without notice or demand, declare the entire principal
sum then unpaid immediately due and payable. Further, if maker should at any time fail in business
or become insolvent, or commit an act of bankruptcy, or if any writ of execution, garnishment,
attachment, or other legal process is issued against any deposit account or other property of maker,
or if any assessment for taxes against maker, other than taxes on real property, is made by the
federal or state government, or any department or agency of the federal or state government, or if
maker fails to notify holder of any material change in their financial condition, all of the
obligations of maker shall, at option of holder, become due and payable immediately without
demand or notice.

4. · Modification of Terms.

Holder may, with or without notice to maker, cause additional parties to be added to this note, or release any party, or
revise, extend, or renew the note, or extend the time for making any installment provided for in this note, or accept any
installment in advance, all without affecting the liability of maker.

5. Attorney's Fees.

If suit is commenced on this note, maker shall pay to holder a reasonable attorney's fee and all
costs.

6. Waiver of Rights by Maker.

Maker hereby waivers (a) presentment, demand, protest, notice of dishonor and/or protest, and
notice of non-payment; (b) the right, if any, to the benefit of, or to direct the application of, any
security hypothecated to holder until all indebtedness of maker to holder, however arising, shall
have been paid; and (c) the right to require holder to proceed against any party to this note, or to
pursue any other remedy in holder power. Holder may proceed against maker directly and
independently of any other party to this note, and the cessation of the liability of any other party or

any reason other than full payment, or any revision, renewal, extension, forbearance, change of rate of interest, or acceptance, release, or substitution of security, or any impairment or suspension of holder's remedies or rights against any other party, shall not in any way affect the liability of maker.

DATED: _10/31/02_

_____
Barry Cohen

_____
Chris Cohen

# EXHIBIT B

COPY

## FIRST PREFERRED MORTGAGE

NATIONAL VESSEL DOCUMENTATION CENTER
RECEIVED / FILED

Official No: *515 298*

20 APR '04    ' 1 0 ; 0 8 AM

On the vessel:
POINT LOMA

RECORDED: BOOK *04:70* PAGE *497*
DOCUMENTATION OFFICER

Dated: *10/31/03*

Amount of Mortgage $215,000.000

and made by BARRY COHEN And CHRIS COHEN a married couple

(Hereinafter called "Owner")

### WITNESSETH

Whereas, the maker, Mortgagor herein, is the sole owner of the whole of the vessel

(if more than one vessel is mortgaged hereunder, the term vessel means each such vessel)

hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by the

promissory note dated *10/31/03* in the principal amount of $215,000.00, payable to the order

of Mortgagee as follows:

Per the Attached Promissory Note which shall become a part of this mortgage.

THE TOTAL AMOUNT OF THIS MORTGAGE IS TWO HUNDRED FIFTEEN THOUSAND

DOLLARS AND PERFORMANCE OF MORTGAGE COVENANTS.

And has agreed to give this Mortgage as security, and has authorized and directed the

execution and delivery hereof.

NOW, THEREFORE, in consideration of the premises and for other good and

valuable considerations, receipt of all of which is hereby acknowledged and to secure payment of

said indebtedness and interest and other sums that hereafter may become due pursuant hereto and

the performance of all covenants hereof. Owner by these presents mortgages and conveys unto

Mortgagee, its successors and assigns, the whole of the Vessel named below and further

described in her (their) last marine document(s) issued and identified as follows:

From    361471    Page: 5/14    Date: 6/5/2007 6:5    PM
05/15/2007  11:55    5522162.668    RICHARD, P WAGNER    PAGE  09/20

Name:    POINT LOMA

Home Port: Avila Beach, California. ..............

Official Number: _575 2 9 8_

Together, with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and fishing and all other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed there from, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

TO HAVE AND TO HOLD all singular the above described vessel unto Mortgagee, it's successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

. Nothing herein shall be deemed or construed to subject the lien hereof any property other than a vessel as the term issued in Title 46, Chapter 313, and Section 31322 of the United States Code. Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE I - PARTICULAR COVENANTS OF OWNER

Owner Covenants as follows:

1.    Owner is and shall continue to be a citizen of the United States entitled to own and operate said vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of the

good faith affidavit filed herewith and of said note has been taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of NOT APPLICABLE and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2.    Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may herein below be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee of this mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3.    Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, towers liability risks if the vessel performs towage, employees compensation and other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgage for account of Mortgage and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach or warranty or otherwise.

4.    Owner shall comply with and not permit the vessel to be operated contrary to any provision of the law, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof,

nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to, establish and maintain this Mortgage as First Preferred Mortgage on said vessel.

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep proper copy hereof with the ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes, assessments, government charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel there from and in any event within fifteen (15) days after such attachment, detention, seizure, levy or taking into custody.

9. Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owners related accounts and records; and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10. Owner shall not, without prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor,

if a corporation, to merge or consolidate with any other person, firm or corporation, or dissolve.

11.       From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject to vessel more effectual to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section 1 of Article 11.

## ARTICLE II - DEFAULT

1.       In any one or more of the following events, herein termed events of default:

(a) Default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8 and 10 or Article I hereof, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in performance of any other covenant herein; or

(b) Commission of any act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or to appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earning, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any part thereof, by delaying collecting thereof until the time above limited for the payment thereof, then, and in every such case, Mortgagee may:

(a)    Declare the principal of said note and all accrued interest thereon to be and they shall
then become and be due and payable forthwith, after which they shall bear interest at the rate of
10% per annum;

(b)    Recover judgment for, and collect out of any property of Owner, any amount thereby or
otherwise due hereunder; and/or collect all earned charter hire and freight monies relating to
services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire
and freight monies then owing; and/or

(c)    Retake the vessel without legal process at any time wherever the same may be, and,
without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name
lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee
may deem advisable, being accountable for net profits, if any, and with the right to dock the
vessel free of charge at the Owner's premises or elsewhere at Owner's expense; and/or sell the
vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by the
law; to the extent permitted by law, such sale may be public or private, without notice, without
having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful
attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus
sold.

2.    In the event that the vessel shall be arrested or detained by any officer of any court or by
any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and
appointees, in the name of the Owner or of Mortgagee, to receive or to take possession thereof,
and to defend any action and/or discharge any lien.

3.      Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power, or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4.      The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST:    To the payment of all attorneys fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby, with interest on all such amounts at the rate of 10% per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND:   To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment of next of any or all matured installments of principal and then of any or all un-matured installments of principal in the inverse order of this maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5.       All advances and expenditures which Mortgagee in its discretion may make any repairs, insurance, payment of liens or other claims, defense of suit, or for any other purpose whatsoever related hereto or said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at 10% per annum, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien thereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

## ARTICLE III - POSSESSION UNTIL DEFAULT

Until one or more of the events of default hereinbefore described, Owner shall be permitted to obtain actual possession and use of the vessel.

## ARTICLE IV - SUNDRY PROVISIONS

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignments hereof, any reference herein of "Mortgagee" shall be deemed to refer to the assignee. If one or more person is the Owner herein, "his" shall mean "their".

FUTURE ADVANCES. This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extensions of the above described note.

IN WITHNESS WHEREOF, on the day and year above written, Owner has executed this Mortgage, or if a corporation, has caused this Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized or as required by State law.

*Barry A. Cohen*

*Chris L. Cohen*

From: 7   61471   Page: 13/14   Date: 6/5/2007 6:5? PM
05/15/2007  11:55   5622152950   RICHARD P WAGNER   PAGE  17/20

# MIDSTATE BANK & TRUST

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of San Luis Obispo

On 10-31-03 before me, Nancy E. Martin, Notary Public, personally appeared Christene Layne Cohen and Barry A. Cohen,

☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NANCY E. MARTIN
COMM. #1429498
NOTARY PUBLIC-CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires August 8, 2007

*Nancy E. Martin*
Signature of Notary

OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ Individual
☐ Corporate Officer

Title

☐ Partner(s)    ☐ Limited
                ☐ General

☐ Attorney-in-Fact
☐ Trustee(s)
☐ Guardian/Conservator
☐ Other:

Absent Signer (Principal) is Representing:

### DESCRIPTION OF ATTACHED DOCUMENT

First Preferred Mortgage

*Title or Type of Document*

11 plus attached acknowledgment

*Number of Pages*

10-31-03

*Date of Document*

None

*Signer(s) Other Than Name(s) Above*

ADM-005 (07/01)

From: 7    .361471    Page: 14/14    Date: 6/5/2007 6:5.    : PM
05/17/2007    15:00    DEL MAR SEAFOODS INC WATSONVILLE → 17144361471    NO.631    D002

1                              **VERIFICATION**

2        I, JOE ROGGIO, hereby state:

3        1. I am an officer of DEL MAR SEAFOODS, INC., Plaintiff in the instant action.

4        2. I have read the contents of the above Complaint and hereby verify the facts

5    contained therein are true and correct to the best of my knowledge, information and

6    belief.

7            4. I am authorized on behalf of DEL MAR SEAFOODS, INC. to verify this

8    Complaint.

9            I declare under penalty of perjury under the laws of the State of California and

10    the United States that the forgoing is true and correct and that this verification was

11    executed at Watsonville, California on May 16, 2007.

12

13

14                                      JOE ROGGIO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         -8-

# EXHIBIT 2

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>BARRY COHEN, CHRIS COHEN (ada CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10,<br><br>                    Defendants. | No. C-07-2952-WHA<br><br>**VERIFIED STATEMENT OF RIGHT OR INTEREST IN VESSEL PURSUANT TO ADMIRALTY RULE C(6)(a)** |

**VERIFIED STATEMENT OF RIGHT OR INTEREST IN VESSEL PURSUANT TO**

**ADMIRALTY RULE C(6)(a)**

Pursuant to Rule C(6)(a) of the Supplementary Rules for Certain Admiralty and Maritime

Claims, Federal Rules of Civil Procedure, F/V POINT LOMA Fishing Company, Inc., a company

organized under the laws of the State of California, hereby asserts its right of possession and ownership

of the vessel referred to F/V POINT LOMA, which is the subject of a maritime arrest order issued by

this Court in the case on June 7, 2007. The claim of F/V POINT LOMA Fishing Company is verified

by Barry Cohen, as agent. As owner of the vessel, the corporation asserts all its rights of ownership and possession and will defend this action.

Please take notice that the undersigned counsel appear in this matter on behalf of the Claimant, F/V POINT LOMA Fishing Company, Inc.

DATED this 15th day of June, 2007.

Respectfully submitted,

/s/ James P. Walsh

James P. Walsh (CSB No. 184620)
Gwen Fanger (CSB No. 191161)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-3834
Telephone: (415) 276-6556
Facsimile:  (415) 276-6599

Attorneys for Claimant F/V POINT LOMA
Fishing Company, Inc.

Case No. C-07-2952-WHA  VERIFIED STATEMENT         2

SFO 363636v1 0019340-000001

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

## VERIFICATION

I, Barry Cohen being first sworn on oath, state the follows:

　　1.　　I am a resident of the State of California.

　　2.　　F/V POINT LOMA Fishing Company, Inc., a company organized under the laws of the State of California, is the documented owner of the F/V POINT LOMA and is entitled to all ownership rights and possession.

　　3.　　I have been authorized on behalf of the owner of the vessel to submit this verification of claim pursuant to Rule C(6)(a) of the Supplementary Rules for Certain Admiralty and Maritime Cases, Federal Rules of Civil Procedure.

Dated this _15_ day of June, 2007.

BY: _____
　　　　Barry Cohen

Davis Wright Tremaine LLP
LAW OFFICES
903 Montgomery Street, Suite 600
San Francisco, California 94111-3611
(415) 276-6500  ·  Fax: (415) 276-6599



ECF-CAND@cand.usco
urts.gov

06/15/2007 02:47 PM

To: efiling@cand.uscourts.gov
Subject: Activity in Case 3:07-cv-02952-WHA Del Mar Seafoods,Inc v. Cohen et al Notice (Other)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.
If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Walsh, James entered on 6/15/2007 2:47 PM and filed on 6/15/2007

| | |
|---|---|
| **Case Name:** | Del Mar Seafoods,Inc v. Cohen et al |
| **Case Number:** | 3:07-cv-2952 |
| **Filer:** | Barry Cohen |
| | Chris Cohen |
| | F/V Point Loma |
| **Document Number:** | 25 |

**Docket Text:**
NOTICE by Barry Cohen, Chris Cohen, F/V Point Loma *Verified Statement of Right or Interest in Vessel Pursuant to Admiralty Rule C(6)(a)* (Walsh, James) (Filed on 6/15/2007)

**3:07-cv-2952 Notice has been electronically mailed to:**

Mark Daniel Holmes    mholmes@mckassonklein.com, rdunkin@mckassonklein.com

Max L. Kelley    mkelley@cwghp.com, jwilkinson@cwghp.com

Gregory William Poulos    gpoulos@cwghp.com, amuzingo@cwghp.com

James P. Walsh    budwalsh@dwt.com, michellefife@dwt.com, pamelabaron@dwt.com

**3:07-cv-2952 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:


**Document description:**Main Document
**Original filename:**C:\Documents and Settings\barop\Desktop\16303.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/15/2007]
[FileNumber=3528236-0]
[49c5ed0b94a185a3818dd057d4c6bade833d48ea8f55d6c7b9e788e76e4d510a5de4
3
3782d357153d20fefed25cefac18d1ddfd6e3e87935119e2aa4da871324]]

# EXHIBIT 3

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **ANSWER TO VERIFIED ADMIRALTY AND MARITIME COMPLAINT (In Personam and In Rem); VERIFIED COUNTERCLAIM** |

BARRY COHEN and CHRIS COHEN (aka CHRISTENE COHEN), sued *in personam*, the F/V POINT LOMA, sued *in rem*, and the F/V POINT LOMA FISHING COMPANY, INC., as Claimant (hereinafter "Defendants"), hereby Answer the Verified Admiralty and Maritime Complaint of DEL MAR SEAFOODS, INC. (hereinafter "Plaintiff") and allege their Verified Counterclaim, as follows:

### ANSWER TO COMPLAINT

1.    Paragraph 1 of the Complaint describes the action and contains legal conclusions to which no response is required.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

1 required.

2     3.     Defendants aver that CHRIS COHEN resides in Scotsdale, Arizona. Defendants admit

3 the remaining allegations in Paragraph 3 of the Complaint.

4     4.     Defendants lack sufficient information to form a belief as to the allegations in Paragraph

5 4 of the Complaint, and therefore deny them.

6     5.     Defendants admit the allegations in Paragraph 5 of the Complaint.

7     6.     Defendants deny the allegations in Paragraph 6 of the Complaint.

8     7.     Defendants admit that, at the time the Promissory Note and Ship Mortgage were signed

9 in 2003, Defendants BARRY COHEN and CHRIS COHEN were the owners of the F/V POINT

10 LOMA. The ownership of the F/V POINT LOMA has since been transferred to the F/V POINT

11 LOMA FISHING COMPANY, INC., subject to the Ship Mortgage. Defendants deny all other

12 allegations in Paragraph 7 of the Complaint.

13     8.     No response to Paragraph 8 of the Complaint is required.

14     9.     Defendants admit the allegations in Paragraph 9 of the Complaint.

15     10.     Defendants aver that the terms of the Promissory Note speak for themselves. Defendants

16 deny all other allegations in Paragraph 10 of the Complaint.

17     11.     Defendants admit the allegations in Paragraph 11 of the Complaint.

18     12.     Defendants aver that the terms of the Promissory Note speak for themselves. Defendants

19 deny all other allegations in Paragraph 12 of the Complaint.

20     13.     Defendants aver that the terms of the Promissory Note speak for themselves. Defendants

21 deny all other allegations in Paragraph 13 of the Complaint.

22     14.     Defendants aver that the terms of the Promissory Note speak for themselves. Defendants

23 deny all other allegations in Paragraph 14 of the Complaint.

24     15.     Defendants deny the allegations in Paragraph 15 of the Complaint. Defendants aver that

25 they have paid $188,000 on the note, including an advance payment of $175,000 made at the request of

26 Plaintiff on November 10, 2005.

27     16.     Defendants deny the allegations in Paragraph 16 of the Complaint. Defendants aver that

28 there is no default on the terms of the Promissory Note because of the advance payment of $175,000 in

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

2005 and additional payments of $13,000, which covers the required $3,000 monthly payments under the Promissory Note through at least February 2009.

    17.    Defendants admit the allegations in Paragraph 17 of the Complaint.

    18.    No response to Paragraph 18 of the Complaint is required.

    19.    Defendants admit the allegations in Paragraph 19 of the Complaint.

    20.    Defendants deny the allegations in Paragraph 20 of the Complaint.

    21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

    22.    Defendants deny the allegations in  Paragraph 22 of the Complaint.

    23.    Defendants admit that Plaintiff has a maritime lien on the F/V POINT LOMA but deny that Plaintiff has any right to foreclose that lien because Defendants are not in default under the Promissory Note due to the advance payment of $188,000.  Defendants deny that any fishing permit or fishing history is subject to such lien because fishing permits and fishing history are intangibles and must be specifically listed in the Promissory Note and Ship Mortgage in order to be subject to a maritime lien. Defendants deny all other allegations in Paragraph 23 of the Complaint.

    24.    Defendants deny that Plaintiff is entitled to attorneys fees and costs because Defendants are not in default under the Promissory Note.  Defendants aver that Plaintiff owes Defendants attorneys fees and costs under the Promissory Note for seizing the F/V POINT LOMA without legal cause.

    25.    No response to Paragraph 25 of the Complaint is required.

    26.    Defendants admit that Plaintiff has a maritime lien on the F/V POINT LOMA but deny that Plaintiff has any right to foreclose that lien because Defendants are not in default under the Promissory Note due to the advance payment of $188,000.  Defendants deny that any fishing permit or fishing history is subject to such lien because fishing permits and fishing history are intangibles and must be specifically listed in the Promissory Note and Ship Mortgage in order to be subject to a maritime lien. Defendants deny all other allegations in Paragraph 26 of the Complaint.

    27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

    28.    The remainder of the Complaint contains a prayer for relief.  Defendants deny that Plaintiff is entitled to any relief.

    29.    Defendants deny each and every allegation in the Complaint, whether express or implied,

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

1 | that Defendants have not previously or expressly admitted in this Answer.

2 | **AFFIRMATIVE DEFENSES**

3 | 30.   Plaintiff has failed to state a claim for which relief may be granted.

4 | 31.   The Court lacks subject matter jurisdiction over Plaintiff's claim.

5 | 32.   Plaintiff lacks standing to bring its claim.

6 | 33.   Plaintiff's claims are barred by estoppel.

7 | 34.   Plaintiff's claims are barred by accord and satisfaction.

8 | 35.   Plaintiff has consented to the acts of Defendants complained of in the Complaint.

9 | 36.   Plaintiff does not come into Court with clean hands.

10 | 37.   Plaintiff has failed to obtain affirmative consent to make any alleged advances under the

11 | Promissory Note for debts completely unrelated to the operation and use of the F/V POINT LOMA.

12 | 38.   Plaintiff has failed to document in writing any alleged advances under the Promissory

13 | Note.

14 | **COUNTERCLAIM**

15 | For their Counterclaim against Plaintiff, Defendants allege as follows:

16 | 39.   The arrest of the F/V POINT LOMA by Plaintiff was wrongful in that (a) Plaintiff has

17 | refused, without cause, to admit that Defendants have paid $188,000 on the Promissory Note, including

18 | an advance payment of $175,000; (b) Defendants were therefore not in default under the Promissory

19 | Note; (c) Plaintiff improperly alleges that the total amount of the loan was greater than $215,000

20 | because of advances under the Promissory Note that Defendants never agreed were subject to the

21 | Promissory Note and Ship Mortgage; and (d) none of these relevant, material facts were disclosed to

22 | the Court when Plaintiff sought the arrest warrant in this case.

23 | 40.   Because Defendants paid in November 2005 an amount equivalent to 37 monthly

24 | payments in advance, Defendants are not in default and the arrest of the vessel is in breach of the

25 | Promissory Note and the Ship Mortgage.

26 | 41.   The wrongful arrest of the F/V POINT LOMA has disrupted the fishing activities of the

27 | Vessel and prevents it from earning income for the benefit of Defendants, including as a source of

28 | income to pay off the remaining amount due to Plaintiff under the Promissory Note.  Plaintiff has

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

1  therefore intentionally and/or negligently interfered with Defendants prospective economic advantage.

2      42.    In taking the action it did, Plaintiff has breached the implied Covenant of Good Faith and

3  Fair Dealing incorporated into the Promissory Note and Ship Mortgage.

**REQUEST FOR RELIEF**

5      WHEREFORE, Defendants respectfully request that the Court:

6          a.    Enter an order quashing the arrest of the F/V POINT LOMA as wrongful and not

7  authorized under the terms of the Promissory Note and Ship Mortgage;

8          b.    Enter an order finding Plaintiff in breach of the Promissory Note and the Ship

9  Mortgage;

10          c.    Enter an order finding that Plaintiff has intentionally and/or negligently interfered

11  with the prospective economic advantage of Defendants;

12          d.    Enter an order awarding Defendants damages for wrongful or improper arrest, for

13  breach of the Promissory Note and Ship Mortgage, and for intentional and/or negligent interference

14  with Defendants' prospective economic advantage;

15          e.    Enter an order awarding Defendants their attorney's fees and costs; and

16          f.    Grant Defendants such further relief as may be appropriate and fair.

17      DATED this 25th day of June, 2007.

18
                                    Respectfully submitted,
19

20                                  /s/ James P. Walsh
                                    James P. Walsh (CSB No. 184620)
21                                  Gwen Fanger (CSB No. 191161
                                    DAVIS WRIGHT TREMAINE LLP
22                                  505 Montgomery Street, Suite 800
                                    San Francisco, CA 94111-3834
23                                  Telephone:  (415) 276-6556
                                    Facsimile:   (415) 276-6599
24
                                    Attorneys for Defendants
25

26

27

28

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax: (415) 276-6599

## VERIFICATION

I, Barry Cohen, hereby state the follows:

1.    I am a resident of the State of California and a defendant in this case and an officer in F/V POINT LOMA Fishing Company, Inc., a company organized under the laws of the State of California.

2.    I have read the above Answer to Admiralty and Maritime Complaint and Verified Counterclaim and hereby verify the facts set forth therein to the best of my knowledge and belief.

3.    I am authorized on behalf of all Defendants to verify the Counterclaim to Plaintiff's Complaint.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this verification was entered into at Avila Beach, California.

Dated this 25 day of June, 2007.

BY: _____
Barry Cohen

Davis Wright Tremaine LLP
LAW OFFICES
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
(415) 276-6500 · Fax (415) 276-6599

# EXHIBIT 4

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

GWEN FANGER
DIRECT (415) 276-6567
gwenfanger@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

August 21, 2007

<u>Via Electronic Mail and USPS</u>
Max Kelley
Cox, Wootton, Griffin, Hansen & Poulos
190 The Embarcadero
San Francisco, CA 94105

RE:    Del Mar Seafoods, Inc. v. Barry Cohen, et al.; CV-07-02952-WHA;
        Pre-Discovery Initial Disclosures Pursuant to FRCP Rule 26(a)

Dear Mr. Kelley:

The purpose of this letter is to comply with Defendants' obligations for initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure:

1.    <u>Information on Individuals with Discoverable Information</u>

The following are persons likely to have discoverable information that may be used by Defendants to support their claims or defenses:

a.    Barry Cohen:  Contact information has been provided.  Contact only through counsel.

b.    Christene Cohen:  Contact information has been provided.  Contact only through counsel.

c.    Mr. Joe Cappuccio:  Officer of Plaintiff.

d.    Mr. Joe Roggio:  Officer of Plaintiff.

2.    <u>Location of Documents, Data Compilations and Tangible Things</u>

All documents, data compilations and tangible things that may be used by Defendants to support their claims or defenses are in the possession, custody, or control of Barry Cohen.

Initial Disclosures
August 21, 2007
Page 2



3.    Computation of Damages

Defendants are still in the process of collecting information and calculating the damages
caused by Plaintiff's improper efforts to foreclose the promissory note and preferred ship
mortgage and to arrest the vessel.  As soon as calculations are completed, further disclosures of
such computations will be made.  Damages will be based on the loss of profits and unrecovered
expenses caused by the arrest of the vessel, plus the loss of any fishing markets in the future
because of vessel's inability to go fishing.  Defendants will also seek to recover all costs and
attorneys' fees relating to the litigation.

4.    Insurance Coverage

Defendants have already disclosed to Plaintiff the hull and P&I insurance coverage on the
vessel.  However, that insurance does not cover the alleged breach of contract claims brought by
Plaintiff in this case.

These comprise Defendants' initial disclosures in compliance with Rule 26(a).

Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

# EXHIBIT 5

1   James P. Walsh, CSB. No. 184620
    Gwen Fanger, CSB No. 191161
2   DAVIS WRIGHT TREMAINE LLP
3   505 Montgomery Street, Suite 800
    San Francisco, California 94111-3611
4   Telephone: (415) 276-6500
    Facsimile: (415) 276-6599
5   budwalsh@dwt.com

6   Attorneys for Defendants and Claimant
    BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
7   Claimant, F/V POINT LOMA Fishing Company, Inc.

8

9                   UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  DEL MAR SEAFOODS, INC.,                    )
                                               )
13              Plaintiff,                     )   No. C-07-2952-WHA
                                               )
14        v.                                   )   **DEFENDANTS' INITIAL**
                                               )   **DISCLOSURES PURSUANT TO**
15  BARRY COHEN, CHRIS COHEN (aka              )   **F.R.C.P. 26(a)(1)**
    CHRISTENE COHEN), *in personam* and,       )
16  F/V POINT LOMA, Official Number            )
    515298, a 1968 steel-hulled, 126-gross ton,)
17  70.8 foot long fishing vessel, her engines,)
    tackle, furniture apparel, etc., *in rem*, and)
18  Does 1-10,                                 )
                                               )
19              Defendants.                    )
                                               )
20                                             )
                                               )
21  _____)

22        Defendants Barry Cohen, Chris Cohen (aka Christene Cohen), the vessel F/V POINT

    LOMA (the "Vessel"), and Claimant F/V Point Loma Fishing Company, Inc., (collectively,
23
    "Defendants"), hereby submit their initial disclosures pursuant to Federal Rule of Civil Procedure
24
    26(a)(1). These disclosures are preliminary and discovery is ongoing. Defendants reserve the
25
    right to correct, amend, supplement or otherwise modify these ddisclosures based on new
26
    information as discovery and litigation proceed.
27
    A.    Defendants identify the following individuals as those likely to have discoverable
28

                                       1

1  information in support of Defendants' claims and defenses:

2      1.    **Barry A. Cohen** (Defendant)

3      <u>Contact Information</u>: Mr. Cohen is represented by counsel and may only be

4  contacted through his attorney, James Walsh at Davis Wright Tremaine LLP, (415) 276.6500.

5      <u>Knowledge of</u>: Facts pertinent to the fishing business and activities of Defendants;

6  the amount of damages to Defendants' fishing business and the F/V POINT LOMA itself, the loss

7  of income, and the interference with prospective economic advantage sustained by Defendants as a

8  result of the wrongful arrest; the terms of the Promissory Note and Ship Mortgage relating to the

9  F/V POINT LOMA; the modification of the timing of payments under Promissory Note and Ship

10  Mortgage; the amount of payments made by Defendants to plaintiff under the Promissory Note;

11  the amount, if any, of the remaining debt under the Promissory Note and Ship Mortgage; the

12  wrongful arrest of the F/V POINT LOMA and plaintiff's breach of the Promissory Note and Ship

13  Mortgage; the amount of legal fees incurred in this matter; and all other factual information

14  relating to the disputes between the parties.

15      2.    **Christene Cohen** (Defendant)

16      <u>Contact Information</u>: Not applicable.

17      <u>Knowledge of</u>: Facts pertinent to the same subjects identified immediately above

18  in the paragraph regarding Barry Cohen.

19      3.    **Dave Kobak** (Captain of the F/V POINT LOMA)

20      <u>Contact Information</u>: Rhonert Park, CA, (707) 592-3931.

21      <u>Knowledge of</u>: Facts pertinent to the daily operations of the F/V POINT LOMA;

22  damages and losses to property sustained by the Vessel as a result of the arrest; damages and loss

23  of income sustained by Defendants to their fishing business and activities as a result of the

24  wrongful arrest of the F/V POINT LOMA.

25      4.    **Joe Cappuccio** (Officer of Plaintiff)

26      <u>Contact Information</u>: Not applicable.

27      <u>Knowledge of</u>: Facts pertinent to the terms of and the amount owed under the

28  Promissory Note and Ship Mortgage relating to the F/V POINT LOMA; the modification of the

DAVIS WRIGHT TREMAINE LLP

2

1   timing of payments under the Promissory Note and Ship Mortgage; the amount of payments made

2   by Defendants to plaintiff under the Promissory Note; the amount, if any, of the remaining debt

3   under the Promissory Note and Ship Mortgage; and the wrongful arrest of the F/V POINT LOMA

4   and plaintiff's breach of the Promissory Note and Ship Mortgage.

5       5.   **Joe Roggio** (Officer of Plaintiff)

6       Contact Information: Not applicable.

7       Knowledge of: Fact pertinent to the terms of and the amount owed under the

8   Promissory Note and Ship Mortgage relating to the F/V POINT LOMA; the modification of the

9   timing of payments under the Promissory Note and Ship Mortgage; the amount of payments made

10   by Defendants to plaintiff under the Promissory Note; the amount, if any, of the remaining debt

11   under the Promissory Note and Ship Mortgage; the wrongful arrest of the F/V POINT LOMA and

12   plaintiff's breach of the Promissory Note and Ship Mortgage.

13   B.   Copies of documents in the Defendants' possession, custody or control that Defendants

14   may use to support their defenses are attached hereto and labeled Cohen 00001-00015.

15   Documents supporting Defendants' claims for damages as a result of the wrongful arrest of the

16   Vessel, including losses sustained by Defendants' fishing business, loss of income, interference

17   with prospective economic advantage are being developed and will be disclosed when they are

18   available.

19   C.   Computation of Category of Damages.

20       Defendants are still in the process of collecting information and calculating the damages

21   caused by Plaintiff's improper efforts to foreclose the promissory note and preferred ship

22   mortgage and to arrest the Vessel. As soon as calculations are completed, further disclosures of

23   such computations will be made. Damages will be based on the loss of profits and unrecovered

24   expenses caused by the arrest of the Vessel, plus the loss of any fishing markets in the future

25   because of Vessel's inability to go fishing, loss of equipment, and other damages sustained by the

26   Vessel. Defendants will also seek to recover all costs and attorneys' fees relating to the litigation.

27   D.   Insurance Coverage.

28       Defendants have already disclosed to Plaintiff the hull and P&I insurance coverage on the

DAVIS WRIGHT TREMAINE LLP

3

1    Vessel. Defendants have already provided Plaintiff with proof of insurance coverage. *See Cohen*

2    00011-13. However, that insurance does not cover the alleged breach of contract claims brought

3    by Plaintiff in this case.

4

5    DATED:  September 5, 2007.

6

7

8                                              */s/ James P. Walsh*

9                                              James P. Walsh (CSB No. 184620)
                                               DAVIS WRIGHT TREMAINE LLP
10                                             505 Montgomery St., Suite 800
                                               San Francisco, CA 94111-3727
11                                             Telephone:  (415) 276-6500
                                               Facsimile:   (415) 276-6599

12                                             Attorneys for Defendants BARRY COHEN,
                                               CHRIS COHEN, F/V POINT LOMA and the
13                                             F/V POINT LOMA FISHING COMPANY,
                                               INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DAVIS WRIGHT TREMAINE LLP

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury under the laws of the United States Of America that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE, LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111.

I caused to be served the foregoing **DEFENDANTS' INITIAL DISCLOSURES UNDER FRCP 26(a)(1)** on the parties indicated below by the following means:

**I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on September 5, 2007, following the ordinary business practice to the following:**

Gregory W. Poulos
Max L. Kelley
Cox, Wootton, Griffin,
Hansen & Poulos LLP
190 The Embarcadero
San Francisco, CA 94105

Mark D. Holmes
McKasson Klein & Holmes LLP
600 Anton Boulevard, Suite 650
Costa Mesa, CA 92626

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on September 5, 2007, at San Francisco, California.

Robin D. Huey

DEFENDANTS' INITIAL DISCLOSURES FRCP 26(a)(1)
Case No. C-07-2952-WHA

SFO 372662v1 0084289-000001

ov 25 05 01:47p

Case 3:07-cv-02952-WHA    Document 98-2    Filed 12/26/2007

OMB APPROVED
2115-0110

DHS, USCG, CG-1270 (REV. 04-04)

# UNITED STATES OF AMERICA

## DEPARTMENT OF HOMELAND SECURITY
### UNITED STATES COAST GUARD

### NATIONAL VESSEL DOCUMENTATION CENTER

# *CERTIFICATE OF DOCUMENTATION*

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| POINT LOMA | 515298 | 7049354 | 1968 |

| HAILING PORT | HULL MATERIAL | | MECHANICAL PROPULSION |
|---|---|---|---|
| PORT SAN LUIS, CA | STEEL | | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 126 GRT | 86 NRT | 70.6 | 21.5 | 11.7 |

PLACE BUILT
SIRACUSAVILLE, LA

OWNERS
F/V POINT LOMA FISHING COMPANY INC

OPERATIONAL ENDORSEMENTS
FISHERY

MANAGING OWNER
F/V POINT LOMA FISHING COMPANY INC
7121 FERN FLAT ROAD
APTOS, CA 95000

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
DECEMBER 15, 2006

THIS CERTIFICATE EXPIRES
JANUARY 31, 2008

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

VDS

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED.

COHEN 00001

Nov 22 05 12:53p                                                                              p.3

NOAA #88-156a (Sept. 2003)

 **U.S. DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
National Marine Fisheries Service
7600 Sand Point Way NE Building #1
Seattle, WA 98115-0070
Telephone: (206) 526-4353 

## 2007 FEDERAL PACIFIC COAST GROUNDFISH PERMIT

Issued Pursuant to: 50 CFR Part 320 Subpart G 16 U.S.C. 1801

| Vessel No. | 515298 | Name | POINT LOMA | Actual Length | 70.66 feet |
|---|---|---|---|---|---|

| Permit No. | Valid From/Through | | Permit Holder and Address |
|---|---|---|---|

**GF0023**    01-Jan-07    31-Dec-07

ENDORSEMENTS:
   TRAWL GEAR
   ENDORSED LENGTH: 70.50 FEET

**PERMIT OWNER**    F/V POINT LOMA FISHING
   COMPANY, INC

   7121 FERN FLAT ROAD
   APTOS, CA 95003

**PERMIT HOLDER (vessel owner)**

F/V POINT LOMA FISHING COMPANY, INC
7121 FERN FLAT ROAD
APTOS, CA 95003

### PERMIT CONDITIONS AND INFORMATION

Groundfish permits and associated endorsements confer a privilege to participate in the groundfish fishery off the coasts of Washington, Oregon and California with limited entry gear, in accordance with the limited entry system established under the Groundfish Fishery Management Plan (FMP) as amended. Future amendments to the FMP or implementing regulations may modify privileges associated with this permit, or may abolish the limited entry system.

1. This permit is for the vessel as named and described above and such vessel owner(s) as named. This permit must be kept on such vessel at all times. 2. This permit authorizes fishing operations to be conducted by the vessel registered as noted above.

3. This permit is effective on the date indicated above. It continues in affect until the expiration date printed above. Any change in ownership information (including address, vessel name, or vessel length) must be reported to the Regional Administrator. Application permit must be made if the permit expires or if ownership changes.

4. This permit may be cancelled (including suspension or revocation) if the vessel is not operated in accordance with the laws and for a new regulations pertaining to fisheries for which the vessel is permitted.

5. Loss or theft of this permit should be reported to the Special Agent in Charge, NMFS Law Enforcement (206-526-6133) or the Fisheries Permit Office (206-526-4353).

6. This permit may not be registered for use with a different vessel more than once every calendar year except in the case of death of permit holder, or if the permitted vessel is totally lost.

7. Annual renewal of the permit is required by November 30 of each year.

[Euagkbgkdfb]

Received    Jul-03-07  09:20am    From-              To-Davis Wright Tremain    Page  003

COHEN 00002

ᴏᴠ 28 05 06:18ᴘ

Case 3:07-cv-02952-WHA    Document 32-2    Filed 07/09/2007    Page 6 of 16

**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
Sustainable Fisheries Division F/NWR2
7600 Sand Point Way N.E., Bldg. 1
Seattle, WA 98115-0070

July 3, 2007

Mr. Barry Cohen
P.O. Box 40
Avila Beach, CA  93424

Dear Mr. Cohen:

As we discussed today, the National Marine Fisheries Service (NMFS), Northwest Region does not accept requests to place liens on Pacific Coast Groundfish Limited Entry Permits ("A" endorsed). As I noted, the Sustainable Fisheries Act (Public Law 104-297) contained a provision that directed NMFS to implement a central lien registry system for all NMFS fishing permits. However, NMFS has not implemented a central lien registry system. The Northwest Region policy has been not to implement a regional lien registry system and feels it best that such a system should be national in scope.

We have advised other permit owners that a financial entity may become an owner or co-owner of a trawl permit to insure their interests.

If you have any further questions regarding this matter, please call me at 206-526-4353.

Sincerely,

Kevin Ford
Fisheries Permit Office



COHEN 00003

Nov 16 05 04:18p
JUN-27-2007    Case 3:07-cv-02952-WHA    Document 32-2    Filed 07/09/2007    Page 8 of 9    p.2
805 541 5759;
Jun-27-07 11:23AM;

Bank of ~~~~ NATIONAL BANK;

Account:           102500290
Check:                  9146
Amount:             5000.00
Date Cleared:      12/31/04

COHEN 00004

Nov 16 05 01:52p
Item Viewer-Details
p.1
Page 1 of 1

Web Client-Redwood Coast National Bank

| | | | |
|---|---|---|---|
| Find | **Account Number** | 102000579 | **Tracer Number** R:1 B:7 S:15 |
| Clear | **Amount** | 175,000.00 | |
| Print | **Posting Date** | 11/14/2005 | |
| Log Off | **Check Number** | 7689 | |
| | **TranCode** | 7689 | |
| | **Routing Number** | | |

View Query Results  View Front  View Back  View Front AND Back

**BARRY A. COHEN  LIC.**  M0249595
**CHRIS L. COHEN  LIC.**  B6943892
PH. 831-661-0667
7121 FERN FLAT RD.
APTOS, CA 95003

90-4252/1222
102000579

7689

DATE 11/9/05

PAY TO THE ORDER OF  *Del Mar Seafoods*  $ 175,000 00/100

*One Hundred & Seventy-Five Thousand* DOLLARS

3199 Orcad Avenue
Arroyo Grande, CA 93420
805-473-4340

NATIONAL BANK

MEMO

*Barry A. Cohen*

⑈122425267689 102 0005⑈  00175000000

ENDORSE HERE

CREDITED TO THE ACCOUNT OF
THE WITHIN NAMED PAYEE
LACK OF ENDORSEMENT GUARANTEED
WELLS FARGO BANK, N.A.
AU 00592

WFB NA FROM 11102005
3278  0431049180  4
1221-0527-9
1643  14 ESU 44

262489023

Nov 16 05 01:53p                                                                p.4
Case 3:07-cv-02952-WHA    Document 32-2    Filed 07/09/2007    Page 14 of 16
Item Viewer-Details                                                    Page 1 of 1

Web Client-Netimage Coast National Bank

| | |
|---|---|
| Find | |
| Clear | |
| Print | |
| Log Off | |

| | | | |
|---|---|---|---|
| **Account Number** | 102509277 | **Tracer Number** | R:1 B:6 S:1370 |
| **Amount** | 3,000.00 | | |
| **Posting Date** | 02/23/2007 | | |
| **Check Number** | 4020 | | |
| **TranCode** | 4020 | | |
| **Routing Number** | | | |

○ View Query Results  ○ View Front  ○ View Back  ● View Front AND Back



F/V POINT LOMA                                                    4020
PO BOX 40                                                   90-4252/1222
AVILA BEACH CA 93424                              DATE 2/15/07

PAY TO THE ORDER OF   Del Mar Seafoods              $ 3000 00/100

Three Thousand 9                                    DOLLARS

1199 Grand Avenue
Arroyo Grande, CA 93420
888-746-2530

MEMO  On Account

⑆122242526⑆4020  102  509277⑈      ⑆0000300000⑈

WFB NA FREN 02212007
3025   8361065809490
>1221-8527-8<
664:   14 ESU 53

Received   06-27-07   10:31am    From-              To-DWT SF        Page  004

COHEN 00006

Web Client-WebImage Coast National Bank

| Find | | | |
|---|---|---|---|
| Clear | Account Number | 102509277 | Tracer Number R:1 B:4 S:330 |
| Print | Amount | 2,000.00 | |
| Log Off | Posting Date | 02/12/2007 | |
| | Check Number | 4008 | |
| | TranCode | 4008 | |
| | Routing Number | | |

○ View Query Results  ○ View Front  ○ View Back  ● View Front AND Back



F/V POINT LOMA
PO BOX 40
AVILA BEACH CA 93424                    4008
                                90-4252/1222

DATE 1/30/07

PAY TO THE ORDER OF  Del Mar Seafoods      $ 2,000 00/100

Two Thousand +                    00/100 DOLLARS

1199 Grand Avenue
Arroyo Grande, CA 93420
805-746-3530

MEMO  On Account                    Barry A. Cohen

⑈122242526⑈4008 102 509277  ⑈0000200000⑈

ENDORSE HERE
PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.
FOR DEPOSIT ONLY
DEL MAR SEAFOODS, INC.
442708705

WFB NA FREM 02092007
3720  0401028769S    4
            >1221-0527-9<
3412⑈   14 ESU 52

Received    06-27-07   10:31am    From-    To-DWT SF    Page   002

COHEN 00007

Web Client-NetImage Coast National Bank

| Account Number | 102509277 | Tracer Number | R:1 B:5 S:1290 |
|---|---|---|---|
| Amount | 3,000.00 | | |
| Posting Date | 04/27/2007 | | |
| Check Number | 4063 | | |
| TranCode | 4063 | | |
| Routing Number | | | |

Find
Clear
Print
Log Off

○ View Query Results  ○ View Front  ○ View Back  ⊙ View Front AND Back

F/V POINT LOMA
PO BOX 40
AVILA BEACH CA 83424

4063
90-4252/1222

DATE 4/23/07

PAY TO THE ORDER OF   Del Mar Seafoods                    $ 3,000 00

Three Thousand +                                   DOLLARS

1199 Grand Avenue
Arroyo Grande, CA 93420
888-746-2530

MEMO Deposit on Account          Barry A. Cohen   VP

⑆122242526⑆4063 102 509274⑆   ⑈0000300000⑈

ENDORSE HERE
X
CREDITED TO THE ACCOUNT OF
WITHIN NAMED PAYEE
LACK OF ENDORSEMENT GUARANTEED
WELLS FARGO BANK, N.A.
AU 00592
AU 00592

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

WFB NA FREM 04252007
3500  03710076252    4.
          >1221-0527-8<
2865:      14 ESD 48

*FEDERAL RESERVE BOARD

Received  06-27-07  10:31am   From-                    To-DWT SF            Page  003

COHEN 00008

T-131   P.002/008   F-231

11-15-2005   08:51AM   FROM-DEL MAR SEAFOODS INC 06

COHEN 00009

 STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 942857
SACRAMENTO CA 94257

Notice Date: 07/20/07

## CERTIFICATE OF REVIVOR

F/V POINT LOMA FISHING COMPANY, INC
BARRY A COHEN
874 W GRAND AVE
GROVER BEACH CA 93433-2134
USA

Corporation Name   : F/V POINT LOMA FISHING COMPANY

Corporation Number: 2713874000

Effective Date     : 07/19/2007

This corporation has been relieved of suspension or forfeiture and is now in good standing with the
Franchise Tax Board.

Business Entity and Field Collection Bureau

---

**ASSISTANCE**

Telephone assistance is available year round from 7 a.m. until 8 p.m. Monday through Friday. From January through June, assistance is also available
from 8 a.m. until 5 p.m. on Saturdays. We may modify these hours without notice to meet operational needs.

From within the United States, call .................................................................(800) 852-5711
From outside the United States, call (not toll-free).........................................(916) 845-6500

Website at: www.ftb.ca.gov

**Assistance for persons with disabilities:** We comply with the Americans with Disabilities Act. Persons with hearing or speech impairments please
call TTY/TDD (800) 822-6268.

FTB 2557 BC ARCS (REV 12-2002)

p. 1

JUL 20 2007 7:33AM

COHEN 00010



Wells Fargo Insurance Services of Oregon, Inc.

# Fax Transmittal Sheet

1231-A SE Bay Boulevard
P.O. Box 1610
Newport, OR 97365
541.265.4500 / 800.451.9850
541.265.4262 Fax

| | | | |
|---|---|---|---|
| **To:** | BUD WALSH | **From:** | SUE KEESEE |
| **Date:** | August 21, 2007 | **Time:** | 8:31 AM |
| **Location:** | | **RE:** | F/V POINT LOMA FISHING CO. INC F/V "POINT LOMA" |
| **Fax Number:** | 415 276 6599 | **Number of Pages:** | 3 (Including Cover Page) |

**Comments:** DEAR MR. WALSH:

TO FOLLOW ARE COPIES OF THE DEC SHEETS FOR THE INSURANCE ON THE F/V "POINT LOMA". THE ACCOUNT IS PAID IN FULL.

PLEASE LET ME KNOW IF YOU NEED ANYTHING MORE.

SINCERELY,

SUE KEESEE

**Confidentiality Notice:** The information contained in this facsimile message, and in any accompanying documents, constitutes confidential information belonging to Wells Fargo Insurance Services and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this communication, you are hereby notified that any dissemination, disclosure, copying, or the taking of any action in reliance on this communication, is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service.

If you do not receive the entire fax, please contact the sender immediately.

COHEN 00011

Received   08-21-07   08:30am   From-541 265 4262           To-DWT SF           Page  001

# *A*cordia of Oregon, Inc.

P.O. Box 1610 * Newport, Oregon 97365 * 1-800-451-9850 * Fax (541) 265-4262
1213-A S.E. Bay Boulevard, Newport, Oregon 97365

### POLICY NO. YA-06260

# POLICY OF INSURANCE

### (Combined Companies Form)

In consideration of the premium as hereinafter stated, the various companies named herein, severally but not jointly, do hereby insure the assured named herein, for the amounts and proportions, set opposite their respective names. All subject to the terms and conditions of the forms and endorsements attached herein:

| | |
|---|---|
| **Assured:** | **F/V POINT LOMA FISHING CO., INC.**<br>**C/O OLD POINT FISHERIES**<br>**P.O. BOX 40**<br>**AVILA BEACH, CA. 93242** |
| For account of: | **THEMSELVES** |
| Loss, if any, payable to: | ASSURED OR ORDER |
| Total amount insured: (100%) | $250,000 H&M/$1,000,000 P&I |
| Interest: . | HULL & MACHINERY AND PROTECTION & INDEMNITY |
| Vessel(s): | **"POINT LOMA"** |
| At and From: | **DECEMBER 23, 2006  Noon, Local Time to**<br>**DECEMBER 23, 2007, Noon, Local Time** |

Conditions: (as per form and endorsement attached)TRADING & LAY UP WARRANTY;FISHING VESSEL CLAUSES; BROKERS &/OR AGENTS CANCELLATION CLAUSE;SERVICE OF SUIT CLAUSE; LIEN CLAUSE;CL 380;CL 370;ASBESTOS EXCLUSION; TRIA EXCLUSION;POLLUTION EXCLUSION CLAUSE;AMERICAN INSTITUTE HULL CLAUSES;P&I FISHING VESSEL CLAUSES;SP-38 P&I CLAUSES;U.S. ECONOMIC & TRADE SANCTIONS CLAUSE;EXCESS COLLISION END;PREMIUM FINANCE END.

| | | | |
|---|---|---|---|
| Amount Insured Hereunder: | **$250,000.00 H&M**<br>**$1,000,000.00 P&I** | **RATE:** | **3.45%**<br>**AGREED** |
| PREMIUM | **$8,625.00 H&M**<br>**$15,900.00  P&I** | DEDUCTIBLE: | **$10,000 H&M**<br>**$5,000  P&I** |

Any provisions required by law to be stated in policies issued by any company subscribing hereto, shall be deemed to have been stated herein. It is further agreed that each of the companies will issue their individual policies in accord with the terms described herein, upon demand by the Assured.

In witness whereof, the companies hereinafter named have caused this policy to be issued and signed by a duly authorized officer, attorney, or agent at **Newport, Oregon** this 23RD day of DECEMBER, 2006.

COHEN 00012

# CERTIFICATE OF INSURANCE

**Salvus Bain Management (USA) LLC**

*Seattle*

**RENEWAL OF:**
OP05 4146

**CERTIFICATE NO.**
**OP06 5158**

**THIS IS TO CERTIFY THAT Salvus Bain Management (USA) LLC** in accordance with authorization granted them have procured insurance as hereinafter from:    **Underwriters at Lloyd's, London - 100%**

| | |
|---|---|
| **PREMIUM:** | $646.00 |
| **POLICY FEE:** | $125.00 |
| **TOTAL:** | **$771.00** |

**ASSURED:**  F/V Point Loma Fishing Company, Inc.
c/o Old Point Fisheries

**ADDRESS:**  P O Box 40 ,
Avila Beach, CA 93424

**POLICY PERIOD:**    From: December 23, 2006    To: December 23, 2007
Both days at 12:00 NOON P.S.T. (Pacific Standard Time)

**INTEREST COVERED:  AS PER ATTACHED FORMS**

1. It is expressly understood and agreed by the Assured by accepting this instrument that Salvus Bain Management (USA) LLC is not one of the Insurers hereunder and neither is nor shall be in any way or to any extent liable for any loss or claim whatever, as an Insurer, but the Insurers hereunder are only those whose names are on file as hereinbefore set forth.

2. If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Certificate shall become void and all claims hereunder shall be forfeited.

3. Unless otherwise provided herein, this Certificate may be cancelled on the customary short rate basis by the Assured at any time by written notice or by surrender of this Certificate to Salvus Bain Management (USA) LLC. This Certificate may also be cancelled, with or without the return or tender of the unearned premium, by Insurers, or by Salvus Bain Management (USA) LLC in their behalf by delivering to the Assured or by sending to the Assured by mail, registered or unregistered, at the Assured's address as shown herein, not less than 10 days' written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by Insurers or Assured.

4. This Certificate of Insurance shall not be assigned either in whole or in part, without the written consent of Salvus Bain Management (USA) LLC endorsed hereon.

5. This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein and in any forms or endorsements attached hereto, all of which are to be considered as incorporated herein, and any provisions or conditions appearing in any forms or endorsements attached hereto which alter the Certificate provisions stated above shall supercede such Certificate provisions insofar as they are inconsistent therewith.

6. This document is intended for use as evidence that insurance described herein has been effected against which Insurers' policy(ies) may be issued, and conditions of such policy(ies) when received by the Assured shall supercede conditions of this Certificate. Immediate advice must be given of any discrepancies or necessary changes.

This Certificate shall not be valid unless signed by Salvus Bain Managment (USA) LLC

Dated at Seattle, WA this  December 13, 2006

By _____

Salvus Bain Management (USA) LLC

AES-CERT 5/02

© COPY

COHEN 00013

## ASSIGNMENT OF JOINT VENTURE INTEREST

This two-page ASSIGNMENT OF JOINT VENTURE INTEREST ("Assignment") is made effective as of the 22nd day of October, 2004 (the "Effective Date"), by DEL MAR SEAFOODS, INC. (hereinafter referred to as "Assignor") in favor of BARRY A. COHEN ("Assignee").

### R E C I T A L S:

THIS ASSIGNMENT is made with reference to the following facts:

A.    Assignor and Assignee were joint venturers operating a fish processing business (the "Joint Venture") on Harford Pier at Port San Luis, California from 1999 until 2004. Assignor and Assignee each had a fifty-percent interest in the net profits of the Joint Venture.

B.    Assignor withdrew from the Joint Venture in about September of 2004.

C.    Assignee sued the Port San Luis Harbor District ("District") in San Luis Obispo Superior Court, Case No. CV 040897, (the "Case") to, in part, recover from the District damages that Assignee alleges were suffered by the Joint Venture while it operated at the Harford Pier.

D.    Assignor did not and does not intend to pursue any claims against the District relating to the Joint Venture, and also does not intend to participate in the Case between Assignee and the District. By that certain document dated December 15, 2005, Assignor previously intended to and did assign to Assignee, to the fullest extent possible, any and all of Assignor's right, title and interest in the Joint Venture, including but not limited to the Joint Venture's claims, if any, against the District.

E.    By this Assignment, Assignor intends to confirm and reaffirm its prior assignment referenced in Recital D above.

ACCORDINGLY, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor agrees as follows:

### A G R E E M E N T

1.    **INCORPORATION OF RECITALS:** The above Recitals, including all facts and defined terms set forth therein, are incorporated herein by this reference and are a part hereof.

2.    **ASSIGNMENT:** Assignor hereby confirms and reaffirms its prior assignment and transfer to Assignee to the fullest extent possible and without restriction, all of Assignor's entire interest in the Joint Venture, including but not limited to the Joint Venture's claims, if any, against the District, and including without limitation all rights, entitlements and/or interests in and to any claims, rights of action, causes of action, recoveries, damages or other legal recourse owned or held by the Joint Venture.

C:RAA\44159658046.1

3.    IRREVOCABILITY OF ASSIGNMENT: Assignor intends, represents, and warrants that the assignment described herein is irrevocable, and that Assignor has no further interest whatsoever in the assigned interest

IN WITNESS WHEREOF, Assignor has executed this Assignment effective as of the day and year first above written.

Assignor:                          DEL MAR SEAFOODS, INC.

                                   By: _Joseph Roggio_____

                                   Name: __Joseph Roggio____

Assignee hereby accepts this Assignment, effective as of the day and year first above written.

Assignee:                          BARRY A. COHEN

                                   _Barry A. Cohen_____

CBA A*4*1 SP.4SPD14 1                        -2-

COHEN 00015

# EXHIBIT 6

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.:  415-438-4600
   Facsimile No.:  415-438-4601
5
   **LAW OFFICES OF RICHARD P. WAGNER**
6  Richard P. Wagner (SBN 166792)
   700 Oceangate, Suite 700
7  Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile: (562) 216-2960
9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10
11                UNITED STATES DISTRICT COURT
12               NORTHERN DISTRICT OF CALIFORNIA
13                  SAN FRANCISCO DIVISION
14
   DEL MAR SEAFOODS, INC.            )   Case No.: CV 07-02952 WHA
15                                    )
                 Plaintiff,           )   **PLAINTIFF'S NOTICE OF**
16                                    )   **DEPOSITION OF CHRIS COHEN**
         vs.                          )
17                                    )
   BARRY COHEN, CHRIS COHEN (aka      )
18 CHRISTENE COHEN), *in personam* and )
   F/V POINT LOMA, Official Number    )
19 515298, a 1968 steel-hulled, 126-gross ton, )
   70.8- foot long fishing vessel, her engines, )
20 tackle, furniture, apparel, etc., *in rem*, and )
   Does 1-10,                         )
21                                    )
                 Defendants.          )
22                                    )
23                                    )
   _____)
24 And Related Counterclaims          )
                                      )
25 _____)

26 **TO DEFENDANT CHRISTENE COHEN AND HER ATTORNEYS OF RECORD:**

27      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

28 Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant

-1-

1    CHRIS COHEN (aka "CHRISTENE COHEN") before a notary public on *Friday, January*

2    *11, 2008, at 10:00 a.m.*, at the offices of A.A. Nichols, Inc., 2607 N. Hayden Rd., Scottsdale,

3    AZ, 85257. The deposition will be recorded stenographically and continue day to day,

4    excluding holidays and weekends, until completed.

5

6    Dated:  December 6, 2007                COX, WOOTTON, GRIFFIN,
                                             HANSEN & POULOS, LLP
7                                            Attorneys for Plaintiff
                                             DEL MAR SEAFOODS, INC.
8

9

10                                     By:  _____
11                                          Max L. Kelley

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP
26

150 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601
27

28

DelMar/Seafoods/9301

## PROOF OF SERVICE

Case:        *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On December 6, 2007, I served the attached document(s):

- **PLAINTIFF'S NOTICE OF DEPOSITION OF BARRY COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF DAVE KOBAK**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

(A)     By First Class Mail:  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

(B)     By Personal Service:  I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

(C)     By Messenger Service:  I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

(D)     By Federal Express:    I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day.  I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Doni.Pubd Loxa/2104

PROOF OF SERVICE                                      Case No.: CV 07-02952 WHA

1   (E)   By Facsimile:  I caused such document to be served via facsimile electronic

2   equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to

3   the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

11        I declare under penalty of perjury under the laws of the United States that the

12   foregoing is true and correct, and that I am employed in the office of a member of the bar of

13   this court at whose direction the service was made.  Executed on December 6, 2007 at San

14   Francisco, California.

16                                    _____

17                                    Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Davis Point Loma/2504

PROOF OF SERVICE

Case No.: CV 07-02952 WHA

# EXHIBIT 7



"Fanger, Gwen"            To: <mkelley@cwghp.com>
<GwenFanger@dwt.co       Subject: Deposition of Chris Cohen
m>

12/12/2007 10:43 AM

Max,

Please see attached letter regarding a proposed alternative to taking the deposition of Chris Cohen.
Please give us a call to discuss or if you have any questions.

Gwen

<<le re deposition Chris Cohen.pdf>>

**Gwen Fanger | Davis Wright Tremaine LLP**
505 Montgomery Street, Suite 800 | San Francisco, CA 94111
Tel: (415) 276-6567 | Fax: (415) 276-6599
Email: gwenfanger@dwt.com | Website: www.dwt.com



Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.    le re deposition Chris Cohen.pdf

LAWYERS



## Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

GWEN FANGER                SUITE 800                    TEL  (415) 276-6500
DIRECT (415) 276-6567      505 MONTGOMERY STREET        FAX (415) 276-6599
gwenfanger@dwt.com         SAN FRANCISCO, CA 94111-6533  www.dwt.com

December 12, 2007

Mr. Max Kelly
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:    Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
       Federal District Court, Northern District of California

Dear Mr. Kelly:

We are writing to propose an alternative to taking the deposition of Christene Cohen that you have
noticed for January 11, 2008 in Scottsdale, Arizona. There will be considerable expense and time
involved in taking her deposition that seems unnecessary in light of the fact that you are also taking the
deposition of the primary defendant, Barry Cohen, the captain of the vessel, and Barry Cohen's sons,
Michael and Leonard. Moreover, her deposition is unlikely to lead to much admissible evidence, if any
because her testimony is subject to marital privileges. As you are aware, Barry and Christene Cohen were
married at the time the subject matter of this dispute arose, they are in fact presently married, and will still
be married at the time of Ms. Cohen's deposition. Thus, communications between Barry Cohen and
Christene Cohen are protected from disclosure by the marital communications privilege. Nor can Ms.
Cohen be compelled to testify against Mr. Cohen, as her husband, in a deposition. These two marital
privileges will significantly limit the scope of your questioning of Ms. Cohen and may in fact preclude
her from answering any of your questions.

As an alternative, we propose that you prepare specific, limited interrogatories for Ms. Cohen to answer.
Although you have already exceeded the number of interrogatories allowed under FRCP 33, we will
stipulate to a reasonable number of interrogatories directed to Ms. Cohen. This will give you the
opportunity to obtain non-privileged information, if any, without the significant travel costs and
preparation time involved in taking what is likely to be a very limited deposition in Scottsdale, Arizona.

We do not wish to interfere with your ability to depose Ms. Cohen. Rather, we are hoping that a
reasonable, economical, and efficient alternative can be used so that you may obtain the information that
you are entitled to without the considerable expense to be incurred by all parties in connection with taking
her deposition.

Please let us know if you are amenable to such an alternative or call to discuss the parameters of our
proposal. We look forward to hearing from you.

SFO 400071v1 0084289-000001

Mr. Max Kelly
December 7, 2007
Page 2


Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger


cc:         James Walsh, Esq.
            Greg Poulos, Esq.
            Rich Wagner, Esq.

# EXHIBIT 8

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA  94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

December 14, 2007

*By E-mail*
Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

Re:        *Del Mar Seafoods, Inc. v. Cohen*
Case No.:  U.S.D.C./Northern District 3:07 CV 02952 WHA
Our Ref:   DMSI.PointLoma/2504

Dear Ms. Fanger and Mr. Walsh:

We acknowledge receipt of your letter dated December 12, 2007 regarding the deposition of Mrs. Cohen. While we appreciate your interest in minimizing expenses, we decline the offer to have Mrs. Cohen answer interrogatories, and we intend to proceed with the deposition as scheduled.

With respect to your position that her testimony may be precluded by virtue of a marital privilege, we disagree with your position on the scope or application of the privilege. We note that it only applies to marital communications and only where the communications are made both confidentially and in confidence. The privilege does not apply to conduct. It also does not apply to any communications after permanent separation which has clearly occurred between the Cohens. It is also our position that it does not apply to their communications regarding their businesses (i.e. non-maritial), her employment at and statements she has made to Del Mar and others, communications with her sons or her own personal knowledge regarding the various subjects of this lawsuit and counter-claim. If Mr. or Mrs. Cohen intend to assert the privilege extensively then we may seek to arrange for appointment of a special master to attend the deposition to make

Ms. Gwen Fanger and Mr. James P. Walsh
December 14, 2007
Page 2

rulings on what can be asked. Please let us know right away your position so that, if necessary, we can approach the Court on this subject.

     With respect to the concern for costs, we share that concern and propose the following. As a party to this case, including as a cross-complainant in her own right, Mrs. Cohen's deposition could properly be noticed for San Francisco. It was as an accommodation to her that we scheduled the deposition in Arizona. It would certainly be less expensive to fly her to San Francisco and have her stay at a hotel overnight than for two lawyers and Mr. Cohen to fly to Arizona. If your client is willing to split half the cost of bringing Mrs. Cohen to San Francisco we will pay the other half.

     We look forward to your response.

                  Regards,

                  Gregory W. Poulos
                  COX, WOOTTON, GRIFFIN,
                  HANSEN & POULOS LLP

# EXHIBIT 9

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE     BELLEVUE     LOS ANGELES     NEW YORK     PORTLAND     SAN FRANCISCO     SEATTLE     SHANGHAI     WASHINGTON, D.C.

GWEN FANGER                    SUITE 800                         TEL (415) 276-6500
DIRECT (415) 276-6567          505 MONTGOMERY STREET             FAX (415) 276-6599
gwenfanger@dwt.com             SAN FRANCISCO, CA 94111-6533      www.dwt.com

December 17, 2007

**By Email; Original by Mail**

Mr. Greg Poulos
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:    Del Mar Seafoods, Inc. v. Barry Cohen, et al., Case No. C-07-02952 (WHA)
       Federal District Court, Northern District of California

Dear Mr. Poulos:

We are writing to "meet and confer" with respect to various discovery items.

First, with respect to Chris Cohen, we intend to seek a protective order that will allow you to pose up to 15 interrogatory questions in writing to Mrs. Cohen, in lieu of the deposition you scheduled for her in Scottsdale, Arizona on January 11, 2008.[1] The primary reasons are the marital privileges that would apply to any such testimony, leaving you almost nothing to question her about at the deposition. In addition, as you know, both Mr. Roggio and Mr. Cappuccio stated, under oath, that they had no dealings whatever with Mrs. Cohen with respect to the business issues in the above-captioned lawsuit.[2] We will stipulate that Mrs. Cohen signed the Promissory Note and signed the Ship Mortgage, and her signature on those documents is true and correct, which are probably the only questions that could be asked. Moreover, your client's speculation about the marital relationship of the Cohens is irrelevant as to whether Del Mar has a right to foreclose under the ship mortgage, and is only speculation. In fact, the entire relationship between the Cohens is protected either by the marital privilege (in its various forms under state and federal law) or the attorney-client privilege (in any divorce proceedings). It is clear to us that your client seeks to harass our clients and unnecessarily increase the costs of this case.

---

[1]      Not only was that date selected by you without consulting us, Chris Cohen works full-time and would not be able to miss that day of work so she is unavailable that day.

[2]      See e.g., Draft transcript of deposition of Joseph Roggio, December 13, 2007 (26:1-17); Draft transcript of deposition of Joseph Cappuccio, December 14, 2007 (24:18-21)

SFO 400481v1 0084289-000001

Mr. Greg Poulos
December 17, 2007
Page 2



In light of the upcoming deadline for the close of discovery on January 11, 2008 and with respect to our motion for a protective order, we ask that you agree to a hearing on the protective order before the court on January 3, 2008 at 8:00 a.m.

Second, you also noticed the deposition of Mr. David P. Cantrell, Mr. Cohen's personal accountant, for Thursday, December 27, 2007 in San Luis Obispo, California. Mr. Cantrell is not a party to the case and was issued a subpoena. However, your office did not seek to consult with us before issuing the subpoena to see if lawyers from our firm would be available for that deposition. Because it was scheduled for the week between Christmas and New Year's, our lawyers have other plans. We ask that you reschedule for another date in early January. Finally, we wish to make clear that Defendants waive no privilege as to the disclosure of tax information protected by state or federal law.

With respect to Mr. Cantrell, we also suggest you consider written interrogatories in lieu of a deposition, to save time and expense.

Third, we also ask that you reconsider deposing Michael and Leonard Cohen, who are non-parties to this case. Based on the depositions of Mr. Roggio and Mr. Cappuccio, Del Mar's exclusive dealings with respect to the issues in this case were with Mr. Barry Cohen and not with his wife or his sons. Again, to save time and expense, we suggest you consider sending interrogatories to them to answer.

We would appreciate your response as soon as possible

Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger

cc:    James Walsh, Esq.
       Max Kelly, Esq.
       Rich Wagner, Esq.

# EXHIBIT 10

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN, JR.
GREGORY W. POULOS
FREDERICK J. CARR
    *ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA  94105

TELEPHONE: (415) 438-4600
FACSIMILE: (415) 438-4601
WEBSITE: http://www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
MAX LEE KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
COURTNEY M. CRAWFORD

**December 18, 2007**

**_By E-mail_**

Gwen Fanger
James P. Walsh
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

|          |                                              |
|----------|----------------------------------------------|
| **Re:**  | *Del Mar Seafoods, Inc. v. Cohen*            |
| **Case No.:** | U.S.D.C./Northern District 3:07 CV 02952 WHA |
| **Our Ref:** | DMSI.PointLoma/2504                       |

Dear Ms. Fanger and Mr. Walsh:

We acknowledge receipt of your letter dated December 17, 2007 which must also be in response to our letter of December 14.

With respect to Mrs. Cohen's deposition, our desire to take her deposition is not harassment nor an attempt to drive up litigation costs. In fact we have offered to bring her up to San Francisco if that is more convenient and less expensive. Your proposed motion for a protective order, on the other hand, appears to be more of a tactical move than a legitimate exercise of discovery. We note, in particular, that while you keep saying that her communication is supported by the marital privilege, you have not provided any facts on which to base your assertions. For example, as we noted in our letter, the privilege does not apply after permanent separation. When did that occur? Were there communications after that? What conduct did she have (or not have) regarding the operation of the various businesses? What communications did she have regarding the business dealings (outside the privilege) versus what was within the marriage? What communications has she had with Leonard or Michael, or with our clients? What communications did she have with Mr. Cohen, but in the presence of third parties thereby destroying the privilege? You must answer these questions in any motion,

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 2

and we do not believe that you have properly engaged in a meet and confer process
without addressing them now.

The testimony that you have cited from the depositions of Joe Cappuccio and Joe
Rogio are, frankly, meaningless in terms of the issues. That they did not personally speak
with Mrs. Cohen does not in any way establish that she is not involved in the businesses
and / or does not have non-privileged information. We note in particular that according
to Mr. Cohen's declaration dated July 9, 2007, Mrs. Cohen is a 50% shareholder in the
F/V Point Loma Fishing Company, Inc. As a shareholder she likely has non-privileged
information regarding the income of that business and may have non-privileged
information regarding the alleged losses that occurred following the arrest of the F/V
Point Loma.

Unless and until you provide concrete answers to the above questions and can
establish that Mrs. Cohen cannot testify at all except as to privileged matters, then we are
entitled to take her deposition and we fully intend to do so.

Please respond to our suggestion that a discovery referee can be appointed to
attend the deposition to deal with your alleged marital privilege issues on the spot.

Regarding the timing of her deposition, please respond to our suggestion that the
deposition be taken in San Francisco at shared expense and please provide an alternative
date on which Mrs. Cohen will be available in either San Francisco or Arizona if your
motion for protective order fails.

Your suggestion for interrogatories in lieu of a deposition is rejected. We have no
doubt that it would only be met with objections and, moreover, it would not provide us
with the opportunity to ask pertinent follow up questions or to gauge Mrs. Cohen as a
witness.

Before we address the timing of a motion for a protective order, please provide us
with answers to the various questions raised above. We doubt, however, that we can
agree to a hearing on the 3rd as it provides too little time for you to file a motion and for
us to respond before the holidays unless your motion is filed today. Since you have not
completed a proper meet and confer addressing the questions raised above or responding
to our suggested compromise of proceeding with the deposition in San Francisco with a
discovery referee to rule on objections, it would be very improper for you to proceed with
filing a motion until you have responded.

Regarding the deposition of Mr. Cantrell, we agree that the timing is unfortunate.
However, that timing is dictated by the Court's scheduling order and the scheduling of
the other depositions in the case. I am not available on January 1 (which is a holiday) or
January 2. We have to drive to San Luis Obispo on January 3 to be there for the
depositions of Michael and Leonard Cohen beginning the morning of the 4th. We cannot
take three depositions on the 4th. The following week is completely scheduled with a

Ms. Gwen Fanger and Mr. James P. Walsh
December 18, 2007
Page 3

vessel inspection (7th), depositions of the vessel's Captain (8th), Deposition of Barry
Cohen (9th) and travel to Arizona(10th) and Deposition of Chris Cohen (11th). As a result,
the only additional day for scheduling of Mr. Cantrell's deposition is on the weekend of
January 5th and 6th. If you want to move things around, we are willing to work that
Saturday (the 5th) and schedule the depositions of Micheael and Leonard Cohen and Mr.
Cantrell in any order that makes sense for their respective schedules on the 4th and 5th.
More than that is impossible unless we stipulate to, and obtain Court approval for, a
change in the discovery cut-off date. We are willing to enter into such a stipulation given
the difficulties of scheduling over the holidays.

        You have also stated that you do not intend to waive any federal or state tax
privilege. We note that federal tax returns are not privileged where they are relevant to
the subject matter of the action and the information is not readily available elsewhere.
See, Rutter Guide, Federal Trials and Evidence at 8:3960. In this case the Cohens have
claimed that they lost substantial income as a result of the arrest of the vessel. The vessel
is owned by a sub-S corporation which reports its income on the tax returns of Mr. and
Mrs. Cohen (filed either individually or as a married couple). We believe it is apparent
that the tax returns are not privileged in this case. We understand also that Mr. Cantrell
was involved in the formation of the Mexico joint venture and we have the right to
question him on those matters.

        Finally, we do not believe interrogatories serve anything similar to the purpose of
a deposition. We will therefore not agree to submit interrogatories in lieu of deposing
Michael and Leonard Cohen.

        We look forward to your response.


                                Regards,


                                Gregory W. Poulos
                                COX, WOOTTON, GRIFFIN,
                                HANSEN & POULOS LLP