James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:    (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITION OF CHRISTENE COHEN PURSUANT TO FRCP 26(c)** <br><br> **Date: January 3, 2008** <br> **Time: 8:00 a.m.** <br> **Place: Courtroom 9, 19th Floor** |

Pursuant to Civil Local Rule 7-1 and Fed. R. Civ. P. 26(c), Defendants, Barry A. Cohen and Chris Cohen (the "Cohens"), the vessel F/V POINT LOMA (the "Vessel") and Claimant F/V Point Loma Fishing Company, Inc. (collectively, "Defendants"), have filed a Motion for a Protective Order Limiting the Deposition of Christene Cohen ("Motion for Protective Order").  On December 26, 2007, Defendants filed an Opposition to the Motion.  The Cohens submit this Reply to various points raised in that Opposition.

1.  This case concerns a written Promissory Note and a Preferred Ship Mortgage on the Vessel securing that Note.  The Cohens have stipulated to the fact that they signed both signed

1

1 the Note and the Mortgage and that they made a $175,000 advance payment to Plaintiff on the
2 Note.  It is therefore not necessary to depose Mrs. Cohen on these essential facts.

3     2.    Plaintiff asserts that additional amounts were added to the Note through oral
4 agreements entered into by Mr. Cohen and representatives of the Plaintiff, Del Mar Seafoods, Inc.,
5 Mr. Joseph Roggio and Mr. Joseph Cappuccio.  In their recent depositions, Mr. Roggio and Mr.
6 Cappuccio stated, under oath, that neither of them had any business dealings with Mrs. Cohen
7 with respect to these matters.  See Declaration of Gwen Fanger in Support of Motion, at ¶ 11 and
8 12, citing to the deposition transcripts at Ex. K and L.

9     3.    Plaintiff has acceptable alternatives with respect to obtaining discoverable
10 information relating to the oral agreements in question and the damages to the Cohens caused by
11 the arrest of the Vessel.  Mr. Cohen, who was responsible for the Vessel's management, will be
12 deposed in early January, 2008.  Another source of information with respect to the Vessel is the
13 Captain, who will be deposed on January 8, 2008.

14     4.    Both Mr. and Mrs. Cohen have stated they plan to assert their marital privileges
15 against disclosure of any dealings between and among them with respect to the issues in this case
16 in any deposition.  By asserting the privileges in their Declarations in Support of the Motion, both
17 Mr. and Mrs. Cohen have asserted their right to confidentiality in their discussions.

18     5.    Plaintiff, in searching for reasons to oppose the Motion, comes up with the
19 following arguments (Plaintiff's Opposition at 5) as to the information supposedly only Mrs.
20 Cohen can provide, to which Defendants reply.

21     a.    <u>Amount secured by the Note</u>.  The Note speaks for itself.  Mrs. Cohen's
22 testimony will not be admissible, under the parol evidence rule, to vary the terms of the written
23 agreement.  Because Plaintiff cannot establish that she did anything other than sign the Note, they
24 have no compelling reason to depose her on the issue.

25     b.    <u>Any oral agreements by Mr. Cohen with respect to Advances</u>.  Again,
26 because the representatives of Plaintiff have already stated that Mrs. Cohen had no business
27 dealings with the company on the issues at hand, any questions on this point would be confidential
28

DAVIS WRIGHT TREMAINE LLP

2

discussions between husband and wife with respect to such advances.  Plaintiff has alternative sources for such information.

   c. <u>Effect of the $175,000 payment on the monthly payments under the Note</u>. This is strictly a legal question, to which Mrs. Cohen need provide not respond.

   d. <u>Defendants' Claim for Damages</u>.  Mr. Cohen, and the Captain of the Vessel, will be providing answers to these questions.  Mr. Cohen was the manager of the Vessel, not Mrs. Cohen.

  6. Contrary to Plaintiff's claim, Defendants conferred in good faith to try to resolve the issue of Mrs. Cohen's deposition.  In response, Plaintiff's counsel posed numerous inquires that had to be answered before even considering the request.  Because of the testimony of Plaintiff's representatives, it became clear that Mrs. Cohen deposition was not likely to add anything to the case but would offer opportunities for Plaintiff to go on "fishing expeditions" into matters totally unrelated to this lawsuit and its expense would far outweigh its discovery and evidentiary value.  In fact, much of Plaintiff's discovery appears aimed to investigating reasons as to why the Vessel should be seized, investigations that should have taken place prior to the Vessel's arrest by this Court.  Mrs. Cohen's discussions, if any, with her husband on these matters would be strictly between them, protected by the marital privilege.

DATED this 26th day of December, 2007.

      Respectfully submitted,

       /s/ *James P. Walsh*
      James P. Walsh (CSB No. 184620)
      DAVIS WRIGHT TREMAINE LLP
      505 Montgomery St., Suite 800
      San Francisco, CA 94111-3727
      Telephone:  (415) 276-6500
      Facsimile:  (415) 276-6599

      Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.