**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. ) | Case No.: CV 07-02952 WHA |
| Plaintiff, ) | |
| ) | **DECLARATION OF MAX L.** |
| vs. ) | **KELLEY IN SUPPORT OF JOINT** |
| ) | **REQUEST FOR EXTENSION OF** |
| BARRY COHEN, CHRIS COHEN (aka ) | **DISCOVERY CUT-OFF** |
| CHRISTENE COHEN), *in personam* and ) | |
| F/V POINT LOMA, Official Number ) | |
| 515298, a 1968 steel-hulled, 126-gross ton, ) | |
| 70.8- foot long fishing vessel, her engines, ) | |
| tackle, furniture, apparel, etc., *in rem*, and ) | |
| Does 1-10, ) | |
| Defendants. ) | |
| _____ ) | |
| And Related Counterclaims ) | |
| _____ ) | |

I, Max L. Kelley, hereby declare:

1. I am an associate in the firm of Cox, Wootton, Griffin, Hansen & Poulos, LLP, attorneys of record for Plaintiff Del Mar Seafoods, Inc. ("Del Mar"). I submit this

-1-   Case No.: CV 07-02952 WHA
DECLARATION OF MAX L. KELLEY IN SUPPORT OF JOINT REQUEST TO EXTEND DISCOVERY CUT-OFF

declaration in support of the parties' Joint Request for Extension of the Discovery Cut-Off. I have personal knowledge of the facts stated below and if called to testify regarding those facts, I would and could competently testify thereto.

2. Attached to this declaration as **Exhibit 1** is a true and correct copy of the Court's Case Management Order filed on September 5, 2007, in this matter.

3. Attached to this declaration as **Exhibit 2** are true and correct copies of the deposition subpoenas for Michael and Leonard Cohen served on defendants in this matter.

4. Attached to this declaration as **Exhibit 3** are true and correct copies of the deposition notices of defendants Barry and Chris Cohen served on defendants in this matter.

5. On January 2, 2008, plaintiff's counsel was informed by defense counsel that defendants would make their documents responsive to plaintiff's requests for production available for inspection in Avila Beach, California. On January 3, 2008, defense counsel informed plaintiff's counsel that the amount of documents to be produced for inspection was approximately 50 boxes.

6. Because Michael and Leonard Cohens' depositions would be going forward in San Luis Obispo on January 4, 2008, plaintiff intended to utilize another attorney to inspect the defendants' documents on the same day.

7. After counsel for the parties met and conferred, they agreed that information obtained from Barry Cohen at his deposition next week might limit the plaintiff's request for documents and the subsequent production and inspection thereof, and might also significantly limit the scope of the Cohen sons' depositions.

8. There are storm warnings and severe weather travel advisories posted for northern and central California from the evening of Thursday, January 3 through at least the evening of Friday, January 4, 2008.

///
///
///
///

9. By e-mail dated January 3, 2008, James P. Walsh, counsel of record for defendants, informed plaintiff's counsel that he would be out of the country from January 14 through January 18, 2008.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Dated January 3, 2008 at San Francisco, California.

_____
Max L. Kelley

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS, INC.,

    Plaintiff,

v.

BARRY COHEN, CHRIS COHEN (aka CHRISTINE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and DOES 1–10,

    Defendants.

No. C 07-02952 WHA

**CASE MANAGEMENT ORDER AND REFERENCE TO ADR UNIT FOR MEDIATION**

    After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **SEPTEMBER 7, 2007**, on pain of preclusion under FRCP 37(c).

2. Leave to add any new parties or pleading amendments must be sought by **OCTOBER 31, 2007**.

3. All unserved defendants and any Doe defendants must be formally identified and served by **SEPTEMBER 21, 2007**.

4. The non-expert discovery cut-off date shall be **JANUARY 11, 2008**.

EXHIBIT 1

5. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **JANUARY 11, 2008**. Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties may disclose responsive expert testimony with full expert reports responsive to opening reports ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the opening parties may disclose any reply reports limited solely to rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

6. As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

7. At trial, the direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. This means the reports must be complete and sufficiently detailed. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements.

8. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 15 below.

9. The last date to file dispositive motions shall be **FEBRUARY 28, 2008**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

10. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **MAY 5, 2008**. For the form of submissions for the final pretrial conference and trial, please see paragraph 15 below.

3

11. A BENCH TRIAL shall begin on MAY 19, 2008, at 7:30 A.M., in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

12. Counsel may not stipulate around the foregoing dates without Court approval.

13. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

14. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

15. If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" and other orders issued by the Clerk's office when this action was commenced. Among other things, the supplemental order explains when submissions

are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely). With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil Bench Cases Before The Honorable William Alsup." All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov. The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

16. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

17. This matter is hereby **REFERRED** to the **ADR UNIT** for **MEDIATION**.

**IT IS SO ORDERED.**

Dated: September 5, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS, INC.

V.

BARRY COHEN, CHRIS COHEN, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: MISC.
CV 07-02952 WHA
(USDC N.D. Cal)

TO: LEONARD COHEN
Olde Port Inn Restaurant, Pier 3, Port San Luis Pier
Avila Beach, CA (805) 595-2515

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Deposition to be recorded stenographically.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | 1/4/2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiffs | 12/5/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Max L. Kelley, Cox Wootton Griffin Hansen & Poulos, 190 The Embarcadero, San Francisco, CA 415-438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 2**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS, INC.

V.

BARRY COHEN, CHRIS COHEN, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: MISC.
CV 07-02952 WHA
(USDC N.D. Cal)

TO: MICHAEL COHEN
Olde Port Fisheries, Pier 3, Port San Luis Pier
Avila Beach, CA (805) 595-9456

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Deposition to be recorded stenographically.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| San Luis Reporting, 1302 Osos Street, San Luis Obispo, CA (805) 541-5962 | 1/4/2008 1:00 pm |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | 12/5/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Max L. Kelley, Cox Wootton Griffin Hansen & Poulos, 190 The Embarcadero, San Francisco, CA 415-438-4600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| | |
|---|---|
| 1 | **COX, WOOTTON, GRIFFIN,** |
| | **HANSEN & POULOS LLP** |
| 2 | Gregory W. Poulos (SBN 131428) |
| | Max L. Kelley (SBN 205943) |
| 3 | 190 The Embarcadero |
| | San Francisco, CA 94105 |
| 4 | Telephone No.: 415-438-4600 |
| | Facsimile No.: 415-438-4601 |
| 5 | |
| | **LAW OFFICES OF RICHARD P. WAGNER** |
| 6 | Richard P. Wagner (SBN 166792) |
| | 700 Oceangate, Suite 700 |
| 7 | Long Beach, CA 90802 |
| | Telephone: (562) 216-2946 |
| 8 | Facsimile: (562) 216-2960 |
| 9 | Attorneys for Plaintiff |
| | DEL MAR SEAFOODS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. | Case No.: CV 07-02952 WHA |
| Plaintiff, | **PLAINTIFF'S NOTICE OF** |
| vs. | **DEPOSITION OF BARRY COHEN** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, | |
| Defendants. | |
| And Related Counterclaims | |

TO DEFENDANT BARRY COHEN AND CLAIMANT F/V POINT LOMA FISHING COMPANY, INC. AND THEIR ATTORNEYS OF RECORD:

-1-   Case No.: CV 07-02952 WHA

PLAINTIFF'S NOTICE OF DEPOSITION OF BARRY & CHRISTENE COHEN

**EXHIBIT 3**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant BARRY COHEN, individually, and as the President and Manager of the Claimant F/V POINT LOMA FISHING COMPANY, INC., before a notary public on *Wednesday, January 9, 2008, at 9:00 a.m.*, at the offices of Cox, Wootton, Griffin, Hansen & Poulos, LLP, 190 The Embarcadero, San Francisco, California, 94105 (415) 438-4600. The deposition will be recorded stenographically and continue day to day, excluding holidays and weekends, until completed.

Dated: December 6, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA 94105
4  Telephone No.: 415-438-4600
   Facsimile No.: 415-438-4601
5
   **LAW OFFICES OF RICHARD P. WAGNER**
6  Richard P. Wagner (SBN 166792)
   700 Oceangate, Suite 700
7  Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile: (562) 216-2960

9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10

11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13                      SAN FRANCISCO DIVISION

14
   DEL MAR SEAFOODS, INC.,           ) Case No.: CV 07-02952 WHA
15                                   )
                Plaintiff,           ) **PLAINTIFF'S NOTICE OF**
16                                   ) **DEPOSITION OF CHRIS COHEN**
       vs.                           )
17                                   )
   BARRY COHEN, CHRIS COHEN (aka     )
18 CHRISTENE COHEN), *in personam* and )
   F/V POINT LOMA, Official Number   )
19 515298, a 1968 steel-hulled, 126-gross ton, )
   70.8- foot long fishing vessel, her engines, )
20 tackle, furniture, apparel, etc., *in rem*, and )
   Does 1-10,                        )
21                                   )
                Defendants.          )
22                                   )
                                     )
23 ―――――――――――――――――――             )
                                     )
24 And Related Counterclaims         )
                                     )
25 ―――――――――――――――――――

26 **TO DEFENDANT CHRISTENE COHEN AND HER ATTORNEYS OF RECORD:**

27     PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

28 Procedure, the plaintiff DEL MAR SEAFOODS, INC. will take the deposition of defendant

-1-                                    Case No.: CV 07-02952 WHA
PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN

-2-

1  CHRIS COHEN (aka "CHRISTENE COHEN") before a notary public on *Friday, January*
2  *11, 2008, at 10:00 a.m.*, at the offices of A.A. Nichols, Inc., 2607 N. Hayden Rd., Scottsdale,
3  AZ, 85257. The deposition will be recorded stenographically and continue day to day,
4  excluding holidays and weekends, until completed.

6  Dated: December 6, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2301

PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN       Case No.: CV 07-02952 WHA

# PROOF OF SERVICE

Case: *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.: U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On December 6, 2007, I served the attached document(s):

- **PLAINTIFF'S NOTICE OF DEPOSITION OF BARRY COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF CHRIS COHEN**
- **PLAINTIFF'S NOTICE OF DEPOSITION OF DAVE KOBAK**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

(A) <u>By First Class Mail</u>: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

(B) <u>By Personal Service</u>: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

(C) <u>By Messenger Service</u>: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

(D) <u>By Federal Express</u>: I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

| | |
|---|---|
| 1 | **(E)** <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers: |

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---|---|---|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 6, 2007 at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601