**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS LLP**
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| | ) |
| v. | ) **[PROPOSED] JOINT FINAL** |
| | ) **PRETRIAL ORDER** |
| BARRY COHEN, CHRIS COHEN (aka | ) |
| CHRISTENE COHEN), *in personam* and, | ) |
| F/V POINT LOMA, Official Number | ) **Final Pretrial Conference** |
| 515298, a 1968 steel-hulled, 126-gross ton, | ) **May 5, 2008; 2:00 p.m.** |
| 70.8 foot long fishing vessel, her engines, | ) |
| tackle, furniture apparel, etc., *in rem*, and | ) **Trial Date:   May 14, 2008** |
| Does 1-10, | ) **Time:          7:30 a.m.** |
| | ) **Place:        Courtroom 9, 19th Floor** |
| Defendants. | ) |

Pursuant to Local Rule 16-10(b)(6) and the Court's Guidelines for Trial and Final Pretrial

Conference in Civil Bench Trials before the Honorable William Alsup, the parties to the above-

entitled action jointly submit the following Proposed Joint Final Pretrial Order ("Proposed

Order").

DAVIS WRIGHT TREMAINE LLP

1   **I.      CLAIMS AND DEFENSES TO BE DECIDED**

2         After the Court's ruling on Plaintiff's Motion for Summary Judgment, the following claims

3   and defenses remain to be decided:

4         1.      Plaintiff Del Mar Seafoods, Inc.'s ("Del Mar") claim that Defendants defaulted

5   under their obligations to make payments to Del Mar under a promissory note (the "Note")

6   secured by a preferred ship mortgage (the "Mortgage");

7         2.      The amount that Defendants owe under the Note and Mortgage;

8         3.      Plaintiff/Counter-Defendant's defenses to Defendants'/Counter-Claimants' claims

9   for wrongful arrest;

10        4.      Plaintiff's claims for attorneys' fees and costs;

11        5.      Barry Cohen's, Christene Cohen's, the Vessel, *in rem*, and Counterclaimant's, the

12  F/V Point Loma Fishing Company, Inc. (collectively, "Defendants'") denial that they defaulted on

13  the note and counterclaims for wrongful arrest, breach of the Note and Mortgage, intentional

14  interference with prospective economic advantage, and negligent interference with prospective

15  economic advantage; and all related defenses pled in Defendants' Answer;

16        6.      Defendants' claims for damages for wrongful or improper arrest, breach of the

17  Note and Mortgage, and intentional and negligent interference with Defendants' prospective

18  economic advantage; and

19        7.      Defendants' claims for attorneys' fees and costs.

20  **II.     RELIEF SOUGHT**

21        Plaintiff seeks damages in the amount of approximately $128,750 in principal and $49,208

22  in accrued interest, the amounts claimed due under the Note and Mortgage, custodia legis fees and

23  costs, attorneys' fees and costs, and a judicial sale of the Vessel to satisfy any money judgment

24  Plaintiff may obtain.

25        Defendants seek damages to be determined at trial for lost fishing income, including

26  compensation for all fixed costs for the F/V Point Loma (the "Vessel"), lost net income, not

27  including any variable costs that did not have to be paid while the Vessel was under arrest, and

28

DAVIS WRIGHT TREMAINE LLP

1  money paid to compensate the captain and crew during the arrest.  Defendants also seek

2  reimbursement for the expenses that they have incurred related to this litigation not to exceed

3  $5,000, attorneys' fees and costs, and any other relief that the Court deems appropriate and fair,

4  including prejudgment interest on the damages caused by the wrongful arrest.

5        The parties will submit motions for payment of attorneys' fees and costs as appropriate if

6  the Court decides, after ruling on the parties' claims and defenses, that a party is entitled to

7  attorneys' fees and costs.

8  **III.    STIPULATED FACTS**

9        Plaintiff and Defendants stipulate to the following facts:

10                                    The Parties

11       1.      Plaintiff Del Mar Seafoods, Inc. has been engaged in the fish processing,

12  marketing, and retail business since 1989.

13       2.      Defendants Barry and Christene Cohen are legally married, although currently

14  separated.

15       3.      The Vessel is owned by the F/V Point Loma Fishing Company, Inc. ("PLFC"), a

16  California subchapter S corporation.  Barry and Christene Cohen each own 50% of the shares in

17  PLFC.  Barry Cohen is the President and manager of PLFC.  In 2004, the Cohens transferred

18  ownership of the Vessel from themselves to PLFC.  The Vessel remains subject to the Mortgage

19  following the transfer of ownership to PLFC.

20       4.      The Vessel engages in fishing activities off the coast of Northern California.

21  Specifically, the Vessel engages in the groundfish fisheries located outside the State of California

22  and in the U.S. Exclusive Economic Zone ("EEZ")(from three to 200 nautical miles) and is

23  licensed to land its catch only in the State of California.  The Vessel's home port is Port San Luis,

24  California.

25       5.      Del Mar has a valid Preferred Ship Mortgage on the Vessel under 46 U.S.C. §

26  31321 *et seq.*

27

28

SFO 405855v3 0084289-000001

DAVIS WRIGHT TREMAINE LLP

The Relationship of the Parties

6.      For at least 10 years, Barry Cohen and Del Mar have done business together.  Del Mar employed Barry Cohen from 2004 until 2006 at its processing plant in Watsonville, California.

7.      From 1999 to 2004, Del Mar and Barry Cohen engaged in a joint venture for the purpose of operating a fish processing business from a site Mr. Cohen leased at the Port San Luis Pier in Avila Beach, California (the "Avila Beach Joint Venture").  The Avila Beach Joint Venture was based on an oral agreement between Del Mar and Barry Cohen.  Del Mar and Barry Cohen each held a 50% interest in the Avila Beach Joint Venture.

8.      Del Mar and Barry Cohen signed an Assignment of Joint Venture Interest (the "Assignment") effective October 22, 2004 related to the Avila Beach Joint Venture.

9.      In or around 2001, Del Mar and Barry Cohen began planning for a new joint venture in Mexico (the "Mexico Joint Venture").  Barry Cohen and Plaintiff's president, Joe Cappuccio, intended to use the Vessel in connection with the Mexico Joint Venture.  Joe Cappuccio intended to purchase a 50% interest in the Vessel and Plaintiff advanced funds to Barry Cohen to upgrade the Vessel.  When Plaintiff decided not to purchase a 50% interest in the Vessel, the parties agreed to convert the funds contributed by Plaintiff to upgrade the Vessel, together with other sums, into a loan.

The Note and Mortgage

10.     The parties' agreement to convert the funds contributed by Plaintiff into a loan was formalized by the Note and Mortgage.

11.     Defendants Barry and Christene Cohen signed the Note, dated October 31 2003, for $215,000 in favor of Del Mar.  The Note is secured by the Mortgage, dated October 31, 2003, on the Vessel that both Barry and Christene Cohen signed.

12.     The Note and Mortgage are the only signed written agreements between Plaintiff and Defendants regarding money owed by Defendants.  There is no signed written amendment to the Note or the Mortgage.

DAVIS WRIGHT TREMAINE LLP

4

Payments by Defendants

13.     Defendants made a payment to Plaintiff in December, 2004 in the amount of $5,000.

14.     Defendants made a payment to Plaintiff in the amount of $175,000 by check dated November 10, 2005.  The terms of the Note and Mortgage did not require Defendants to make such a payment in that amount at that time.  In 2007, Defendants made additional payments on the Note in January ($2,000), February ($3,000) and March ($3,000).

15.     At the time of the arrest, Defendants had paid a total of $188,000 to Plaintiff.

16.     Defendants have admitted they owe a balance on the Note of $27,000.

The Arrest of the Vessel

17.     Plaintiff filed a verified complaint against Defendants asserting a right to foreclose on the Mortgage on June 7, 2007 and obtained an *ex parte* order of arrest of the Vessel the same day.

18.     The Court vacated the *ex parte* order of arrest of the Vessel on August 17, 2007 finding that Plaintiff lacked probable cause for the arrest.

## IV.     TRIABLE ISSUES OF FACT

The following factual issues are to be decided at trial:

1.     Whether the total amount owed under the Note and Mortgage was greater than $215,000:

    a.     Were there any subsequent oral modifications or modifications by actual performance of the terms of the Note and Mortgage:

        i.     Did the parties agree to include other obligations under the Note and Mortgage;

        ii.     Did the parties modify or otherwise agree to modify the timing of the monthly payments in exchange for Defendants making a payment in the amount of $175,000; and

        iii.     Did the parties agree to modify the payment of interest in exchange

1             for Defendants making a payment in the amount of $175,000.

2        b.     Did Plaintiff assign its rights to debts related to the Avila Beach Joint

3             Venture to Barry Cohen under the Assignment.

4     2.     Whether Defendants were in default under the terms of the Note and Mortgage at

5 the time of the arrest:

6        a.     Were any monthly payments on the Note due at the time of the arrest.

7        b.     Were Defendants in default as a result of their failure to name Del Mar as a

8             loss payee on the insurance policies covering the Vessel.

9     3.     Whether Plaintiff was entitled to foreclose its maritime lien against the Vessel;

10     4.     Were the Defendants in default under the terms of the Mortgage at the time of the

11        arrest;

12     5.     Did Plaintiff arrest the Vessel in bad faith, with malice, or gross negligence;

13     6.     At the time of the arrest, did the Defendants have an economic relationship with a

14        third party;

15     7.     If so, at the time of the arrest did Del Mar know of such relationship;

16     8.     If so, did Del Mar intentionally engage in conduct designed to interfere with or

17        disrupt this relationship;

18     9.     If so, did the arrest actually interfere with or disrupt such economic relationship;

19        and

20     10.     If so, did Del Mar's conduct that was designed to interfere with or disrupt such

21        relationship cause damage to Defendants and if so, how much; and

22     11.     The amount of Defendants' financial losses because of the arrest, if any.

23 **V.**    **EXHIBIT LIST**

24      The parties' joint exhibit list is attached as Exhibit A to the Proposed Order.

25 **VI.**    **WITNESS LIST**

26      Plaintiff's and Defendants' witness lists are attached as Exhibits B and C, respectively, to

27 the Proposed Order.

28

DAVIS WRIGHT TREMAINE LLP

1
2

Respectfully submitted this 28th day of April, 2008.

3
4

/s/ Gwen Fanger
James P. Walsh
Gwen Fanger
DAVIS WRIGHT TREMAINE LLP

5
6

Attorneys for Defendants BARRY COHEN,
CHRIS COHEN, F/V POINT LOMA and the
F/V POINT LOMA FISHING COMPANY,
INC.

7
8
9
10

/s/ Max L. Kelley
Gregory W. Poulos
Max L. Kelley
COX, WOOTTON, GRIFFIN, HANSEN &
POULOS

11
12
13

Attorneys for Plaintiff, DEL MAR
SEAFOODS, INC.

14
15
16
17

**IT IS SO ORDERED.**

18
19

Dated:  May _____, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

20
21
22
23
24
25
26
27
28

DAVIS WRIGHT TREMAINE LLP

PROPOSED JOINT FINAL PRETRIAL ORDER
Case No. C-07-02952-WHA

Appendix A

**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS LLP**
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com
Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN),
the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| | ) |
| v. | ) **JOINT EXHIBIT LIST** |
| | ) |
| BARRY COHEN, CHRIS COHEN (aka | ) |
| CHRISTENE COHEN), *in personam* and, | ) **Trial Date:   May 14, 2008** |
| F/V POINT LOMA, Official Number | ) |
| 515298, a 1968 steel-hulled, 126-gross ton, | ) **Pretrial Conference:  May 5, 2008** |
| 70.8 foot long fishing vessel, her engines, | ) **Time:         2:00 p.m.** |
| tackle, furniture apparel, etc., *in rem*, and | ) **Place:        Courtroom 9, 19th Floor** |
| Does 1-10, | ) |
| | ) |
| Defendants. | ) |

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil Bench

Trials before the Honorable William Alsup, the parties to the above-entitled action jointly submit

the following Joint Exhibit List.  The parties reserve the right to add any additional exhibits to

this list that may be necessary for rebuttal and/or impeachment during the course of trial.

1

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 1. | Color photograph of the F/V POINT LOMA | DMSI 0065 | | | |
| 2. | Color photograph of the F/V POINT LOMA | DMSI 0067 | | | |
| 3. | F/V POINT LOMA U.S.C.G. Certificate of Documentation | COHEN 00001 | | | |
| 4. | U.S. Groundfish Permit | COHEN 00002 | | | |
| 5. | F/V POINT LOMA Abstract of Title | DMSI 0057-0062 | | | |
| 6. | F/V POINT LOMA Bill of Sale | DMSI 0063-0064 | | | |
| 7. | Promissory Note | DMSI 0098-0100 | | | |
| 8. | First Preferred Mortgage. | DMSI 0101-0110 | | | |
| 9. | Cantrell Memorandum | DMSI 0235-0247 | | | |
| 10. | Asset balance sheets: 10/31/03, 12/31/03 | DMSI 0003-0004 | | | |
| 11. | Fax from D. Smith to J. Roggio: Asset Balance Sheet10/31/03 and Fisherman Advances ledger entries | DMSI 0002, 0008-0013 | | | |
| 12. | Del Mar Balance Sheet (same as 0002 but w/o writing) | DMSI 0176 | | | |
| 13. | Cohen cancelled checks | DMSI 0129-0171 | | | |
| 14. | Journal entry log 12/03 | DMSI 0178 | | | |
| 15. | Asset Balance Sheet 1/31/04 | DMSI 0179 | | | |
| 16. | Asset Balance Sheet 3/31/04 | DMSI 0181 | | | |

2

DAVIS WRIGHT TREMAINE LLP

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 17. | Asset Balance Sheet 5/31/04 | DMSI 0183 | | | |
| 18. | Accounts Payable Trial Balance 10/22/04 | DMSI 0005 | | | |
| 19. | General Ledger Detail Report 10/22/04 | DMSI 0189 | | | |
| 20. | Accounts Payable Aged Invoice Report 10/21/04 | DMSI 0190-0192 | | | |
| 21. | Accounts Payable Trial Balance 10/22/04 | DMSI 0193 | | | |
| 22. | Accounts Payable Trial Balance 12/31/04 | DMSI 0007 | | | |
| 23. | Accounts Receivable Trial Balance 12/31/04 | DMSI 0006 | | | |
| 24. | Olde Port Fisheries Inventory records 10/04 | DMSI 0014-0018 | | | |
| 25. | 12/22/04 Cohen check ($5,000) | COHEN 00004 | | | |
| 26. | Del Mar deposit slip 6/24/05 | DMSI 0270 | | | |
| 27. | Remittance Advice | DMSI 0296 | | | |
| 28. | Olde Port Fisheries check no. 1158 | DMSI 0271 | | | |
| 29. | 11/9/05 Cohen check ($175,000) | COHEN 00005 | | | |
| 30. | Olde Port Fisheries Account Inquiry | DMSI 0195 | | | |
| 31. | Del Mar credit memo: Olde Port Fisheries (Barry Cohen) | DMSI 0196 | | | |
| 32. | Del Mar invoices to Olde Port Fisheries | DMSI 0197-0203 | | | |
| 33. | F/V POINT LOMA Account Inquiry | DMSI 0194 | | | |

3

DAVIS WRIGHT TREMAINE LLP

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 34. | 1/30/07 Cohen check ($2,000) | COHEN 00007 | | | |
| 35. | 2/15/07 Cohen check ($3,000) | COHEN 00006 | | | |
| 36. | 4/23/07 Cohen check ($3,000) | COHEN 00008 | | | |
| 37. | 11/05 Schedule of Payments | COHEN 00009 | | | |
| 38. | 4/30/07 Schedule of Payments | DMSI 0111 | | | |
| 39. | 6/27/07 Schedule of Payments | DMSI 0001 | | | |
| 40. | 1/30/07 Cohen correspondence to Del Mar | DMSI 0078 | | | |
| 41. | Insurance policies covering the F/V POINT LOMA | COHEN 752-763 | | | |
| 42. | U.S. Marshal final invoice | DMSI 0272 | | | |
| 43. | Nat. Maritime Svcs. invoice | DMSI 0079 | | | |
| 44. | SugarDock LLC invoices | DMSI 0080-0084 | | | |
| 45. | Invoices for attorneys fees | * discuss at pretrial conference | | | |
| 46. | 12/15/05 Cappuccio Assignment | DMSI 0273 | | | |
| 47. | 10/22/04 JV Assignment | COHEN 00014-00015 | | | |
| 48. | Order Denying Atty. Fees | DMSI 0274-0280 | | | |
| 49. | 1/21/07 Cohen Declaration | DMSI 0281-0295 | | | |
| 50. | Cohen tax records 1999-2001 | DMSI 0054-0056 | | | |

JOINT EXHIBIT LIST
Case No. C-07-02952-WHA

SFO 406819v1 0084289-000001

DAVIS WRIGHT TREMAINE LLP

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 51. | Cohen tax records 2004-2005 | COHEN 927-934 | | | |
| 52. | F/V POINT LOMA monthly trip revenue | COHEN 00676-00677 | | | |
| 53. | F/V POINT LOMA trip breakdown | COHEN 00683-00684 | | | |
| 54. | Del Mar Income Statement summary 1999-2004 | DMSI 0019-0020 | | | |
| 55. | Olde Port Fisheries Income Statement 9/30/04 | DMSI 0021-0023 | | | |
| 56. | Olde Port Fisheries Balance Sheets 9/30/04 | DMSI 0024-0025 | | | |
| 57. | Olde Port Division, Operations spread sheet 2004 | DMSI 0026-0027 | | | |
| 58. | Olde Port Fisheries Income Statement 12/31/03 | DMSI 0028-0030 | | | |
| 59. | Olde Port Fisheries Balance Sheets 12/31/03 | DMSI 0031-0032 | | | |
| 60. | Olde Port Fisheries Income Statement 12/31/02 | DMSI 0033-0036 | | | |
| 61. | Olde Port Fisheries Balance Sheets 12/31/02 | DMSI 0037-0038 | | | |
| 62. | Olde Port Fisheries Income Statement 12/31/01 | DMSI 0039-0041 | | | |
| 63. | Olde Port Fisheries Balance Sheets 12/31/01 | DMSI 0042-0043 | | | |
| 64. | Olde Port Fisheries Income Statement 12/31/00 | DMSI 0044-0046 | | | |
| 65. | Olde Port Fisheries Balance Sheets 12/31/00 | DMSI 0047-0048 | | | |
| 66. | Olde Port Fisheries Income Statement 12/31/99 | DMSI 0049-0051 | | | |
| 67. | Olde Port Fisheries Balance Sheets 12/31/99 | DMSI 0052-0053 | | | |

DAVIS WRIGHT TREMAINE LLP

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 68. | Olde Port Fisheries Balance Sheet 7/31/03 | DMSI 0172 | | | |
| 69. | Olde Port Fisheries Balance Sheet 6/30/03 | DMSI 0173 | | | |
| 70. | Olde Port Fisheries Balance Sheet 8/31/03 | DMSI 0174 | | | |
| 71. | Olde Port Fisheries Balance Sheet 9/30/03 | DMSI 0175 | | | |
| 72. | Olde Port Fisheries Balance Sheet 11/30/03 | DMSI 0177 | | | |
| 73. | Olde Port Fisheries Balance Sheet 4/39/03 | DMSI 0182 | | | |
| 74. | Olde Port Fisheries Balance Sheet 6/30/03 | DMSI 0184 | | | |
| 75. | Olde Port Fisheries Balance Sheet 7/31/04 | DMSI 0185 | | | |
| 76. | Olde Port Fisheries Balance Sheet 8/31/04 | DMSI 0186 | | | |
| 77. | Olde Port Fisheries Balance Sheet 9/30/04 | DMSI 0187 | | | |
| 78. | Del Mar Journal Entry 10/25/04 | DMSI 0188 | | | |
| 78. | Declaration of Barry Cohen in Support of Defendants' Motion to Vacate Order of Arrest | | | | |
| 79. | Declaration of Barry Cohen in Support of Defendants' Reply to Plaintiff's Opposition to Motion to Vacate Order of Arrest | | | | |
| 80. | Declaration of Barry Cohen in Support of Defendants' Opposition to Plaintiff's Motion for Reconsideration, etc. | | | | |

6

DAVIS WRIGHT TREMAINE LLP

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 81. | Declaration of Barry Cohen in Support of Defendants' Motion for a Protective Order | | | | |
| 82. | Declaration of Christene Cohen in Support of Defendants' Motion for a Protective Order | | | | |
| 83-200 | *RESERVED* | | | | |
| 201. | NOAA letter, dated 7/3/07 | COHEN 00003 | | | |
| 202. | Certificate of Revivor, | COHEN 00010 | | | |
| 203. | Settlement Sheets | COHEN 000020, 22, 25, 28, 33, 36, 39, 41, 43, 47, 51, and 55 | | | |
| 204. | Receipts for income and expenses for trips prior to arrest, 13/31/06-6/4/07 | COHEN 00016-00055 | | | |
| 205. | Email | COHEN 00056-57 | | | |
| 206. | Calculation of net income by trip, pre and post arrest, | COHEN 00678-718 | | | |
| 207. | Log Trawl Book, 1/06-9/26/07 | COHEN 764-835 | | | |
| 208. | Log Trawl sheets, 10/8/07-12/12/07 | COHEN 836-842 | | | |
| 209. | Receipts for income and expenses for trip after arrest, 8/31/07-12/13/07 | COHEN 843-902 | | | |
| 210. | Travel Expenses to San Francisco, 8/07-1/08 | COHEN 903-917 | | | |

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 211. | Payments to captain and crew during arrest | COHEN 918; 920-926 | | | |
| 212. | Travel Expenses to San Francisco, 4/08 | COHEN 935 | | | |
| 213. | Plaintiff's Verified Admiralty and Maritime Complaint, C07-2952 WHA (June 7, 2007) | | | | |
| 214. | Warrant for the Arrest of the Vessel, C07-2952 WHA (June 7, 2007) | | | | |
| 215. | Order on Plaintiff Del Mar Seafoods, Inc.'s Ex Parte Application for Arrest of Vessel, C07-2952 WHA (June 7, 2007) | | | | |
| 216. | Order Granting Motion to Vacate Order of Arrest, C07-2952 (August 16, 2007) | | | | |
| 217. | Plaintiff's Responses to Defendants' Requests for Admissions, Set One | | | | |
| 218. | Plaintiff's Responses to Defendants' First Set of Interrogatories | | | | |
| 219. | Declaration of Joe Roggio in Support of Plaintiff's Motion for Summary Judgment or Alternatively, Partial Summary Judgment | | | | |
| 220. | Declaration of Joe Roggio in Support of Plaintiff's Opposition to Motion to Vacate Order of Arrest | | | | |
| 221. | Declaration of Joe Cappuccio in Support of Plaintiff's Opposition to Motion to Vacate Order of Arrest | | | | |

DAVIS WRIGHT TREMAINE LLP

JOINT EXHIBIT LIST
Case No. C-07-2952-WHA

SFO 406819v1 0084289-000001

| Exhibit No. | Description | Bates Range | Date Ident. | Date Admt. | Limitations |
|---|---|---|---|---|---|
| 222. | Schedule of Payments, Exhibit 27 to deposition of J. Roggio, taken December 13, 2007 | | | | |
| 223. | Schedule of Payments, Exhibit 28 to deposition of J. Roggio, taken December 13, 2007 | | | | |
| 224-400 | *RESERVED* | | | | |

Respectfully submitted this 28th day of April, 2008,

/s/ Gwen Fanger
_____
James P. Walsh
Gwen Fanger
DAVIS WRIGHT TREMAINE LLP

Attorneys for Defendants BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

/s/ Max L. Kelley
_____
Gregory W. Poulos
Max L. Kelley
COX, WOOTTON, GRIFFIN, HANSEN & POULOS

Attorneys for Plaintiff, DEL MAR SEAFOODS, INC.

DAVIS WRIGHT TREMAINE LLP

JOINT EXHIBIT LIST
Case No. C-07-02952-WHA

SFO 406819v1 0084289-000001

Appendix B

**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos  (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.:  415-438-4600
Facsimile No.:  415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile:  (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DEL MAR SEAFOODS, INC. | ) | Case No.: CV 07-02952 WHA |
| | ) | |
| Plaintiff, | ) | **JOINT PROPOSED FINAL** |
| | ) | **PRETRIAL ORDER** |
| vs. | ) | |
| | ) | **APPENDIX B** |
| BARRY COHEN, CHRIS COHEN (aka | ) | |
| CHRISTENE COHEN), *in personam* and | ) | **PLAINTIFF'S WITNESS LIST AND** |
| F/V POINT LOMA, Official Number | ) | **SUMMARY OF TESTIMONY** |
| 515298, a 1968 steel-hulled, 126-gross ton, | ) | |
| 70.8- foot long fishing vessel, her engines, | ) | |
| tackle, furniture, apparel, etc., *in rem*, and | ) | |
| Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| And Related Counterclaims | ) | |
| _____ | ) | |

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil

Bench Trials before the Honorable William Alsup, pg. 2, ¶ 2(a)(iv), Plaintiff Del Mar

Seafoods, Inc. submits the following witness list and summary of expected testimony.

1.    Joe Roggio

Mr. Roggio will testify, in summary, regarding the nature of the Plaintiff's business, its business dealings with Defendants, including the Mexico and Avila Beach joint ventures, the Cohens' employment with Del Mar, and circumstances surrounding the formation of the Note and Mortgage to formalize the Cohens debts. Mr. Roggio will also provide testimony explaining the history and events surrounding the history of the Note's principal balance and the accumulation of interest. He will also testify regarding Del Mar's state of mind regarding the Defendants' financial situation leading up to and at the time of the arrest, and Del Mar's knowledge, or lack of such knowledge, regarding the Defendants' dealings with other commercial fishing businesses.

2.    David Cantrell

Mr. Cantrell will provide testimony regarding the circumstances surrounding Del Mar and Barry Cohen's decision to form a joint venture for commercial fishing in Mexico, the circumstances surrounding the parties' decision to not form the joint venture and the amounts and sources of the debt forming the bases for the original balance of the Note for $215,000.

3.    Joe Cappuccio

Mr. Cappucio will provide testimony regarding Defendants' business dealings with Del Mar, the circumstances surrounding the formation of the Note and Mortgage, and the additions of debt to the principal balance and the payments made by Defendants. Mr. Cappuccio will also testify regarding Del Mar's state of mind regarding the Defendants' financial situation leading up to and at the time of the arrest, and Del Mar's knowledge, or lack of such knowledge, regarding the Defendants' dealings with other commercial fishing businesses.

4.    Barry Cohen

Mr. Cohen will provide testimony regarding the Note and Mortgage and the amount owed.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

5.    <u>Christene Cohen</u>

Ms. Cohen is expected to testify regarding her employment with the Plaintiff, their relationship through the present time, the Claimant F/V Point Loma Fishing Company, Inc.'s yearly profit or loss, and her separation from Barry Cohen.

6.    <u>Michael Cohen</u>

Michael Cohen will testify regarding the circumstances and events surrounding the debts he owed to Del Mar, and Barry Cohen's promise to assume those debts.

7.    <u>Leonard Cohen</u>

Leonard Cohen will testify regarding the circumstances and events surrounding the debts he owed to Del Mar, and Barry Cohen's promise to assume those debts.

8.    <u>Harriet Shields</u>

Ms. Shields will provide testimony regarding the accounting of the loans Del Mar made to Barry Cohen.

9.    <u>Dean Smith</u>

Mr. Smith will provide testimony regarding the accounting of the loans Del Mar made to Barry Cohen.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-3-    Case No.: CV 07-02952 WHA
APPENDIX B TO JOINT PROPOSED FINAL PRETRIAL ORDER: PLAINTIFF'S WITNESS LIST

Appendix C

James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant.
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) |
| Plaintiff, | ) No. C-07-2952-WHA |
| v. | ) **DEFENDANTS' WITNESS LIST** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, | ) **Appendix C to** ) **Proposed Joint Final Pretrial Order** ) ) **Trial Date:  May 14, 2008** ) ) **Pretrial Conference:  May 5, 2008** ) **Time:      2:00 p.m.** ) **Place:      Courtroom 9, 19th Floor** |
| Defendants. | ) ) ) |

Pursuant to Court's Guidelines for Trial and Final Pretrial Conference in Civil Bench

Trials before the Honorable William Alsup, Defendants Barry Cohen, Chris Cohen, and

counterclaimant F/V Point Loma, Inc. submit their list of Witnesses for Trial as follows:

1.  Barry A. Cohen:  Mr. Cohen will testify as to all subjects related to Plaintiff's claims

    and defenses and Defendants' defenses and counterclaims.

2.  Christene Cohen (by deposition):  Mrs. Cohen will testify to the relationship of the

    parties and the formation of the Note and Mortgage.

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVIS WRIGHT TREMAINE LLP

3.  Captain Dave Kobak:  Captain Kobak will testify as to the damages sustained by
    Defendants as a result of the arrest, including but not limited to the number of missed
    fishing trips.

4.  Joe Roggio:  Mr. Roggio will testify as to the formation of Note and Mortgage; any
    amendments to Note and Mortgage; the Plaintiff's basis for the arrest of the Vessel;
    and Plaintiff's knowledge of Defendants' fishing activities

5.  Joe Cappuccio:  Mr. Cappuccio will testify as to the formation of Note and Mortgage;
    any amendments to Note and Mortgage; the basis for arrest of the Vessel and
    Plaintiff's knowledge Defendants' fishing activities

6.  Dave Cantrell (by deposition):  Mr. Cantrell will testify as to the amount of the Note
    and the application of payments on the Note.

7.  Rebuttal witnesses will testify as needed.


DATED this 28th day of April, 2008.


                                        Respectfully submitted,


                                        _/s/  Gwen Fanger_____
                                        James P. Walsh
                                        Gwen Fanger

                                        DAVIS WRIGHT TREMAINE LLP
                                        Attorneys for Defendants, BARRY COHEN,
                                        CHRIS COHEN, F/V POINT LOMA and the
                                        F/V POINT LOMA FISHING COMPANY,
                                        INC.