James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant.
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DEL MAR SEAFOODS, INC.,                    )
                                           )
                    Plaintiff,             )    No. C-07-2952-WHA
                                           )
        v.                                 )    **DEFENDANTS' MOTION IN LIMINE**
                                           )    **NO. 1 TO EXCLUDE PAROL**
                                           )    **EVIDENCE REGARDING AMOUNT**
BARRY COHEN, CHRIS COHEN (aka              )    **OF DEBT UNDER PROMISSORY**
CHRISTENE COHEN), *in personam* and,       )    **NOTE AND POINTS AND**
F/V POINT LOMA, Official Number            )    **AUTHORITIES IN SUPPORT**
515298, a 1968 steel-hulled, 126-gross ton,)   **THEREOF**
70.8 foot long fishing vessel, her engines,)
tackle, furniture apparel, etc., *in rem*, and)  **Final Pretrial Conf.:  May 5, 2008**
Does 1-10,                                 )    **Time:        2:00 p.m.**
                                           )    **Place:       Courtroom 9, 19th Floor**
                    Defendants.            )
                                           )
                                           )
_____)

DAVIS WRIGHT TREMAINE LLP

    Pursuant to Local Rule 7-1 and the Court's Guidelines for Trial and Final Pretrial

Conference in Civil Bench Cases, Defendants Barry Cohen, Chris Cohen, and counterclaimant

F/V Point Loma, Inc. ("Defendants") respectfully move this Court for an order in limine to

exclude certain extrinsic evidence at trial regarding the amount of Defendants' debt allegedly

owed under a promissory note at the time the promissory note was signed ("Motion").  This

Motion is based on the following Points and Authorities, and all pleadings and other papers on file

1

1    in this action and on such other evidence and argument as may be received by the Court at or prior

2    to the hearing on this Motion.

3                    **MEMORANDUM OF POINTS AND AUTHORITIES**

4              **IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1**

5                              **I.    INTRODUCTION**

6          By this Motion, Defendants seek to exclude certain evidence that they believe Plaintiff

7    Del Mar Seafoods, Inc. ("Plaintiff") will proffer at trial.  Plaintiff is expected to offer oral

8    testimony at trial by its controller, Joe Roggio, and other evidence relating to Plaintiff's

9    contention that Defendants owed approximately $237,000 to Plaintiff at the time Defendants

10   signed the Promissory Note (the "Note") secured by a Preferred Mortgage on Defendants' fishing

11   vessel ("Mortgage") and not $215,000 that is expressly stated in the Note.

12         The evidence to be presented by Plaintiff directly contradicts the amount of the debt

13   clearly and expressly set forth in the written Note ($215,000) that was prepared by Plaintiff's own

14   controller and signed by the Cohens at Plaintiff's request.  Since evidence contradicting the

15   unambiguous, express term of the amount owed under the Note is inadmissible, testimony and

16   evidence on this subject must be excluded pursuant to the parol evidence rule.

17         Defendants respectfully request an order excluding any testimony or other evidence

18   proffered by Plaintiff that contradicts that the amount owed by Defendants under the Note at the

19   time it was signed is anything other than $215,000 as stated unequivocally in the Note.

20                         **II.    STATEMENT OF FACTS**

21         Barry and Chris Cohen entered into the Note with Plaintiff on October 31, 2003 secured

22   by the Mortgage on Defendants' fishing vessel, the F/V Point Loma (the "Vessel").  The Note

23   memorializes a loan arising from a contemplated joint venture between Plaintiff's president, Joe

24   Cappuccio and Mr. Cohen to fish in Mexico (the "Mexico Joint Venture").  In connection with

25   the Mexico Joint Venture, Joe Cappuccio, Plaintiff's president, intended to purchase a 50%

26   interest in the Vessel.  When Joe Cappuccio decided not to purchase the half interest in the

27   Vessel, the parties agreed to convert the money already spent on the Vessel into a loan under the

28   Note, secured by the Mortgage on the Vessel.

DAVIS WRIGHT TREMAINE LLP

2

Plaintiff's controller, Joe Roggio, prepared the Note. The parties agreed that the amount covered by the Note would be $215,000. Plaintiff prepared the Note to formalize the parties' agreement. The Note clearly sets forth in writing that the amount owed under the Note and Mortgage is $215,000. At all times, the only purpose of the Promissory Note was to formalize the loan associated with Joe Cappuccio's contemplated purchase of a 50% interest in the Vessel.

Plaintiff will likely seek to introduce evidence that the Note should have covered approximately $237,000 at the time it was signed and not $215,000. However, as explained below, such evidence is barred by the parol evidence rule because such evidence directly contradicts the express terms of the parties' final agreement as to the amount of the Note.

### III.    ARGUMENT

Extrinsic evidence contradicting the express terms of amount of the debt covered by the Note and Mortgage at the time they were signed is barred by the parol evidence rule. Cal. Civ. C. §1625; Cal. C. Civ. P. §1856(a). The parol evidence rule prohibits the introduction of extrinsic evidence "whether oral or written, to vary, alter, or add to the terms of an integrated written instrument." *Casa Herrera, Inc. v. Nasser Beydoun* (2004) 32 Cal. 4th 336, 343 (*quoting Alling v. Universal Mfg. Corp.* (1992) 5 Cal. App. 4th 1412, 1433). Extrinsic evidence may be offered to explain the terms of an agreement only when it is relevant to prove a meaning to which the language of the agreement is "reasonably susceptible." *250 LLC v. Photopoint Corp.* (2005) 131 Cal. App. 4th 703, 725. Extrinsic evidence is not relevant to contradict the terms of an agreement that is clear and unambiguous. *See e.g., BMW of N. Am., Inc. v. New Motor Vehicle Bd.* (1984) 162 Cal. App. 3d 980, 991.

The parol evidence rule is based on the premise that the written instrument represents the agreement of the parties. *Bionghi v. Metropolitan Water Dist.* (1999) 70 Cal. App. 4th 1358, 1364. Where the writing is intended to be an integration or "complete and final expression of the parties' agreement, then evidence varying the express terms is barred." *Id.* Here, the Note is the final, formalized expression of the loan agreement between the parties. Plaintiff's own controller prepared the Note and it was intended to formalize the loan arrangement between the parties

DAVIS WRIGHT TREMAINE LLP

1  related to Joe Cappuccio's contemplated purchase of a 50% interest in the Vessel in connection

2  with the Mexico Joint Venture. Plaintiff had access to the records regarding the amount spent in

3  connection with the Mexico Joint Venture. At the time the Note was signed, the parties had

4  agreed that the amount covered by the Note was $215,000 and reduced this agreement to writing.

5  As the Note memorializes the agreement between the parties as to the amount owed under the

6  Note, the Note therefore represents the final agreement between the parties. Thus, the parol

7  evidence rule applies.

8       Parol evidence is admissible only to explain *ambiguous* terms of the agreement and the

9  question is whether the terms in the Note regarding the amount covered by the Note are

10  "reasonably susceptible" to the meaning urged by Plaintiff. *See e.g., 250 LLC*, 131 Cal. App. 4th

11  at 725 (test of admissibility of extrinsic evidence to explain meaning of written instrument is

12  whether offered evidence is relevant to prove meaning to which language of instrument is

13  "reasonably susceptible"). It is difficult to see how, at the time the Note was signed, the amount

14  covered by the Note is anything other than $215,000 as expressly stated in both the Note and

15  Mortgage. The act of writing the Note superseded all negotiations or stipulations between

16  Plaintiff and Defendants that led to the agreement that the amount covered by the Note would be

17  $215,000. *See e.g., BMW of N. Am.,* 162 Cal. App. 3d 980, 990. Plaintiff's own controller

18  prepared the Note and set forth the agreed upon amount of the Note. Any extrinsic evidence

19  presented by Plaintiff contradicting the amount of the Note at the time it was signed is therefore

20  barred because, as a matter of law, the agreement is the writing itself. *Id.* The statement of the

21  amount covered by the Note is clear and therefore, Plaintiff may not introduce evidence that

22  Defendants owed anything other than $215,000 under the Note at the time it was signed.

23                      **IV.   CONCLUSION**

24       Based on the foregoing, Defendants respectfully request that this Court exclude all oral

25  and written evidence that Plaintiff may attempt to introduce at trial, which contradicts the

26  expressly stated amount of the debt in the Note allegedly owed by Defendants at the time the

27  Note was signed.

28

DAVIS WRIGHT TREMAINE LLP

4

1

2    DATED this 11th day of April, 2008.

3

4

5                                                    Respectfully submitted,

6                                                     _/s/  Gwen Fanger_
                                                     James P. Walsh
7                                                    Gwen Fanger

8                                                    **DAVIS WRIGHT TREMAINE LLP**
                                                     Attorneys for Defendants, BARRY COHEN,
9                                                    CHRIS COHEN, F/V POINT LOMA and the
                                                     F/V POINT LOMA FISHING COMPANY,
10                                                   INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' MOTION IN LIMINE NO. 1                                SFO 405155v2 0084289-000001
Case No. C-07-2952-WHA

# Proof of Service

I, Robin Huey, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111.

I caused to be served the following documents:

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PAROL EVIDENCE REGARDING AMOUNT OF DEBT UNDER PROMISSORY NOTE AND POINTS AND AUTHORITIES IN SUPPORT THEREOF; and**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PAROL EVIDENCE REGARDING AMOUNT OF DEBT UNDER PROMISSORY NOTE**

I caused the above documents to be served on each person on the attached list by the following means:

☑ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on **April 11, 2008,** following the ordinary business practice.
*(Indicated on the attached address list by an [M] next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.
*(Indicated on the attached address list by an [FD] next to the address.)*

☐ I consigned a true and correct copy of said document for facsimile transmission on _____.
*(Indicated on the attached address list by an [F] next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on _____.
*(Indicated on the attached address list by an [H] next to the address.)*

☐ A true and correct copy of said document was emailed on _____.
(Indicated on the attached address list by an [E] next to the address.)

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on **April 11, 2008,** at San Francisco, California.

_____
Robin Huey

DAVIS WRIGHT TREMAINE LLP

**Service List**

| Key: | **[M] Delivery by Mail** | [FD] | Delivery by Federal Express | [H] | Delivery by Hand |
|---|---|---|---|---|---|
| | [F]  Delivery by Facsimile | [FM] | Delivery by Facsimile and Mail | [E] | Delivery by Email |

[M]     Gregory W. Poulos                          Attorney for Plaintiff
        Max L. Kelley                              Del Mar Seafoods, Inc.
        Cox, Wootton, Griffin,
        Hansen & Poulos LLP
        190 The Embarcardero
        San Francisco, CA  94105

[M]     Richard P. Wagner
        The Law Offices of Richard P. Wagner
        400 Oceangate, Suite 700
        Long Beach, CA 90802

DAVIS WRIGHT TREMAINE LLP

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS LLP**
2  Gregory W. Poulos  (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA  94105
4  Telephone No.: 415-438-4600
   Facsimile No.:  415-438-4601
5
6  **LAW OFFICES OF RICHARD P. WAGNER**
   Richard P. Wagner (SBN 166792)
7  700 Oceangate, Suite 700
   Long Beach, CA 90802
8  Telephone: (562) 216-2946
   Facsimile:  (562) 216-2960
9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14  DEL MAR SEAFOODS, INC.          )  Case No.: CV 07-02952 WHA
                                    )
15            Plaintiff,            )  **PLAINTIFF'S OPPOSITION TO**
                                    )  **DEFENDANTS' MOTION IN LIMINE**
16       vs.                        )  **NO. 1 TO EXCLUDE PAROL**
                                    )  **EVIDENCE**
17  BARRY COHEN, CHRIS COHEN (aka   )
    CHRISTENE COHEN), *in personam* and )
18  F/V POINT LOMA, Official Number )
    515298, a 1968 steel-hulled, 126-gross ton, )
19  70.8- foot long fishing vessel, her engines, )
    tackle, furniture, apparel, etc., *in rem*, and )
20  Does 1-10,                      )
                                    )
21            Defendants.           )
                                    )  Final Pretrial Conference:  May 5, 2008
22  _____ )  Time:         2:00 p.m.
                                    )  Courtroom:  9, 19th Floor
23  And Related Counterclaims       )
    _____ )  Honorable William H. Alsup
24

25       Plaintiff DEL MAR SEAFOODS, INC. ("Del Mar") hereby submits this opposition

26  to Defendant's Motion in Limine No. 1.

27  I.    **BASIS FOR THIS OPPOSITION**

28       Defendants move to prohibit Del Mar from introducing evidence at trial to show that

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

-1-                    Case No.: CV 07-02952 WHA

DEL MAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1  the amount Defendants owed under the Promissory Note ("Note") and Preferred Ship

2  Mortgage ("Mortgage") was greater than the $215,000 principal stated in those written

3  instruments. The motion should be denied.

4       The terms of the note and mortgage expressly incorporate each other and must be read

5  as an integrated document. The Mortgage *expressly* and unambiguously provides, as does

6  the Note by incorporation and reference, that the amount of debt secured by those instruments

7  is "both the original principal sums and all future advances." Thus, the parties clearly

8  contemplated that additional sums might be added to the Note secured by the Mortgage.

9  Evidence presented by Del Mar relating to the increase in the amount of Defendants' debt

10  secured by the Note and Mortgage would be *consistent* with those instruments' terms and

11  would not be evidence of any prior or contemporaneous understandings or negotiations

12  offered by Del Mar to vary or contradict the express terms contained in the parties' contracts.

13  As a result, the parol evidence rule is inapplicable.

14  **II.    SUMMARY OF RELEVANT FACTS**

15       The Note and Mortgage were entered into on October 31, 2003, by Defendants Barry

16  and Christene Cohen. The principal amount of the Note at origination was $215,000. The

17  Mortgage also provides for future advances to be secured by the Mortgage.

18       **FUTURE ADVANCES.** This mortgage is executed for the purpose of
       securing not only the payment of the above described note but also to secure
19       all future advances made by the holder of said note to the mortgagor; and said
       mortgage shall remain in full force and effect to secure all future advances
20       and all renewals or extensions of the above described note.

21  Mortgage, Art. IX, pg. 8, last paragraph. **EXHIBIT 1.**

22       The Note expressly incorporates the Mortgage: "The terms of that Preferred Mortgage

23  are incorporated into this note by reference to the same effect as if set forth in this note in

24  their entirety." Note, page 1, paragraph 2. **EXHIBIT 2.** Both the Note and Mortgage were

25  fully executed by the Defendants, and their signatures on the Mortgage were also notarized.

26  / / /

27  / / /

28  / / /

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

DEL MAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

III.    **LEGAL ARGUMENT**

1.    **Applicable Law**

The Note and Mortgage are maritime contracts, therefore, this case is governed by the general maritime law. State law will apply only where there is no well-entrenched applicable maritime rule, and no need to create one. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.* (1955) 348 U.S. 310. In this case, there is a well-established federal parol evidence rule, therefore, California's parol evidence rule (C.C.P. § 1856) is inapplicable. *See, Battery Steamship Corp. v. Refineria Panama, S.A.*, 513 F.2d 735, 738-739 (2d Cir. 1975). Under admiralty law, the rule is generally stated as:

> When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

*Battery Steamship Corp., supra*, 513 F.2d at 738; *Harwin, Inc. v. Cons. Grain & Barge Co.*, 794 F.2d 985, 987 (5th Cir. 1986).[1]

2.    **Evidence Of Debts Added To The Original Principal Balance Of The Note Is Not Barred By The Parol Evidence Rule**

There is nothing unusual about the Future Advances clause contained in the Mortgage and it should be given its full effect. *See, e.g., Conard v. Atlantic Ins. Co.* (1828) 26 U.S. 386, 1828 U.S. LEXIS 416, *32; 46 USCS § 31321 (b)(3); H.R. Rep. No. 100-918, reprinted in 1988 U.S. Code & Cong. News at 6111 (definition of § 31321(b)(3) intended to included future financing); *Southland Financial Corp. v. Oil Screw Mary Evelyn*, 248 F. Supp. 520, 522 (E.D. La. 1965) (use of mortgage to secure future advances is a widely accepted commercial practice; regarding validity of future advances clause in Louisiana mortgage, instructive to look to state law); *Union Bank v. Wendland* (1976) 54 Cal.App.3d 393, 398 (future advance clauses valid in California); *Oaks v. Weingartner* (1951) 105 Cal.App.2d 598, 602 (if mortgage provides for future advances, the amounts need not be stated).

Defendants seek to invoke the parol evidence rule to prevent Del Mar from presenting

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP

190 THE EMBARCADERO SAN FRANCISCO, CA 94105 TEL 415-438-4600 FAX 415-438-4601

DelMarSeafoods/2504

---

[1] The legal analysis (and result) would be the same applying California's parol evidence rule. C.C.P. § 1856.

DEL MAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1    Case No.: CV 07-02952 WHA

1  evidence at trial that the original amount of $215,000 stated in the Note and secured by the

2  Mortgage increased over time as allowed by the Future Advances clause. The parol evidence

3  rule, however, is inapplicable.

4       Evidence to be presented by Del Mar showing that the original principal amount of

5  $215,000 owed by the Defendants increased over time due to additional debts owed to Del

6  Mar by Barry Cohen is not evidence of any "antecedent understanding" or "negotiation"

7  between the parties and should, therefore, not be barred by the rule. Such evidence is also

8  ***consistent*** with the express provision of the Mortgage and also consistent with the Note since

9  it incorporates the Mortgage's "Future Advances" provision. Nor would Del Mar be offering

10  evidence on the growth of the principal amount due under the Note and Mortgage to 'vary or

11  contradict' those contracts terms, therefore, such evidence should also not be barred by the

12  parol evidence rule.

13       Even if the Court finds that the Future Advances provision in the Mortgage (and

14  incorporated into the Note) may be inconsistent with the term providing for a principal

15  amount of $215,000, then evidence of what debts were added to the principal would be

16  admissible to resolve the issue. *Capt. Hartmut Rathje v. Scotia Prince Cruises*, 2002

17  U.S.LEXIS 4078, *39 (D.Me 2002) ("parol evidence has always been allowed, even in

18  admiralty cases, to explain ambiguous terms of a contract"), citing *Talen's Landing, Inc. v.*

19  *M/V Venture II*, 656 F.2d 1157, 1159 (5th Cir. Unit A Sept. 1981).

20  ## IV.    CONCLUSION

21       Del Mar will seek at trial to present oral and written evidence that the amount of the

22  original principal debt of $215,000 stated in the Note and Mortgage increased over time

23  through the addition of other sums borrowed by Mr. Cohen. Because the Mortgage expressly

24  allowed for such future advances, and the Note fully incorporated that provision, such

25  evidence would not be of any prior negotiation, understanding, or agreement between the

26  parties offered to vary or contradict the terms of the contracts and would be consistent with

27  the terms contained therein. Therefore, such evidence would not barred by the parol

28  evidence rule.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

Case No.: CV 07-02952 WHA

DEL MAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1    For these reasons, the Defendant's motion should be denied.

2    Dated: April 25, 2008                COX, WOOTTON, GRIFFIN,
                                          HANSEN & POULOS, LLP
3                                         Attorneys for Plaintiff
                                          DEL MAR SEAFOODS, INC.
4

5                                By: _____
6                                         Max L. Kelley
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COX, WOOTTON,
GRIFFIN, HANSEN     26
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA   27
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2104   28

# EXHIBIT 1



COPY

# FIRST PREFERRED MORTGAGE

NATIONAL VESSEL DOCUMENTATION CENTER
USCG
RECEIVED / FILED

Official No: _5/5-298_

20 APR '04        ' 10 : 08 AM

On the vessel:
POINT LOMA

RECORDED: BOOK _04-70_ PAGE _497_
DOCUMENTATION OFFICER

Dated: _10/31/03_

Amount of Mortgage $215,000.000

and made by BARRY COHEN And CHRIS COHEN a married couple

(Hereinafter called "Owner")

## WITNESSETH

Whereas, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term vessel means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by the promissory note dated _10/31/03_ in the principal amount of $215,000.00, payable to the order of Mortgagee as follows:

Per the Attached Promissory Note which shall become a part of this mortgage.

THE TOTAL AMOUNT OF THIS MORTGAGE IS TWO HUNDRED FIFTEEN THOUSAND

DOLLARS AND PERFORMANCE OF MORTGAGE COVENANTS.

And has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof.

NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof. Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Vessel named below and further described in her (their) last marine document(s) issued and identified as follows:

Name:   POINT LOMA

Home Port: Avila Beach, California

Official Number: 575 298

Together, with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and fishing and all other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed there from, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

TO HAVE AND TO HOLD all singular the above described vessel unto Mortgagee, it's successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

Nothing herein shall be deemed or construed to subject the lien hereof any property other than a vessel as the term issued in Title 46, Chapter 313, and Section 31322 of the United States Code. Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE I - PARTICULAR COVENANTS OF OWNER

Owner Covenants as follows:

1.      Owner is and shall continue to be a citizen of the United States entitled to own and operate said vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of the

good faith affidavit filed herewith and of said note has been taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of NOT APPLICABLE and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2.   Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may herein below be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee of this mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3.   Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, towers liability risks if the vessel performs towage, employees compensation and other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgage for account of Mortgage and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach or warranty or otherwise.

4.   Owner shall comply with and not permit the vessel to be operated contrary to any provision of the law, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof,

nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to, establish and maintain this Mortgage as First Preferred Mortgage on said vessel.

5.     Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6.     Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep proper copy hereof with the ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7.     Owner shall pay when due all taxes, assessments, government charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8.     If the vessel shall be libeled, attached, detained, seized or levied upon or taken Into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel there from and in any event within fifteen (15) days after such attachment, detention, seizure, levy or taking into custody.

9.     Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owners related accounts and records; and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10.     Owner shall not, without prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor,

if a corporation, to merge or consolidate with any other person, firm or corporation, or dissolve.

11.      From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject to vessel more effectual to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section 1 of Article 11.

### ARTICLE II - DEFAULT

1.      In any one or more of the following events, herein termed events of default:

(a)  Default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8 and 10 or Article I hereof, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in performance of any other covenant herein; or

(b)  Commission of any act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or to appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earning, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any part thereof, by delaying collecting thereof until the time above limited for the payment thereof, then, and in every such case, Mortgagee may:

(a)     Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith, after which they shall bear interest at the rate of 10% per annum;

(b)     Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder; and/or collect all earned charter hire and freight monies relating to services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and/or

(c)     Retake the vessel without legal process at any time wherever the same may be, and, without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at the Owner's premises or elsewhere at Owner's expense; and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by the law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2.     In the event that the vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of the Owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and/or discharge any lien.

3.      Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power, or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4.      The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST:      To the payment of all attorneys fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby, with interest on all such amounts at the rate of 10% per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND:  To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment of next of any or all matured installments of principal and then of any or all un-matured installments of principal in the inverse order of this maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

From: 7' ''361471    Page: 11/14    Date: 6/5/2007 6:53' PM
05/15/2007 11:55    562216  J    RICHARD F. WAGNER    PAGE 15/28

5.      All advances and expenditures which Mortgagee in its discretion may make any repairs, insurance, payment of liens or other claims, defense of suit, or for any other purpose whatsoever related hereto or said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at 10% per annum, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien thereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

### ARTICLE III - POSSESSION UNTIL DEFAULT

Until one or more of the events of default hereinbefore described, Owner shall be permitted to obtain actual possession and use of the vessel.

### ARTICLE IV - SUNDRY PROVISIONS

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignments hereof, any reference herein of "Mortgagee" shall be deemed to refer to the assignee. If one or more person is the Owner herein, "his" shall mean "their".

FUTURE ADVANCES. This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extensions of the above described note.

IN WITNESS WHEREOF, on the day and year above written, Owner has executed this Mortgage, or if a corporation, has caused this Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized or as required by State law.

# MIDSTATE BANK & TRUST

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of San Luis Obispo

On 10-31-03 before me, Nancy E. Martin, Notary Public, personally appeared Christene Layne Cohen and Barry A. Cohen,

☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*[Notary seal: NANCY E. MARTIN, COMM. #1428458, NOTARY PUBLIC-CALIFORNIA, SAN LUIS OBISPO COUNTY, My Comm. Expires August 8, 2007]*

*Nancy E. Martin*
_____
Signature of Notary

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ Individual
☐ Corporate Officer

Title

☐ Partner(s)      ☐ Limited
             ☐ General

☐ Attorney-in-Fact
☐ Trustee(s)
☐ Guardian/Conservator
☐ Other:

Absent Signer (Principal) is Representing:

DESCRIPTION OF ATTACHED DOCUMENT

First Preferred Mortgage

*Title or Type of Document*

11 plus attached acknowledgment

*Number of Pages*

10-31-03

*Date of Document*

None

*Signer(s) Other Than Name(s) Above*

ADM-005 (07/01)

# EXHIBIT 2

From   4361471   Page: 15/15   Date: 6/5/2007 6/   8 PM
05/15/2007  11:55   5622162960   RICHARD P WAGNER   PAGE  18/28

COPY

PROMISSORY NOTE

NATIONAL VESSEL DOCUMENTATION CE
USCG
RECEIVED / FILED

20 APR '04       10 : 08/

RECORDED: BOOK _____ PAGE ____
DOCUMENTATION OFFICER

For the value received, BARRY COHEN and CHRIS COHEN, an individual of 2028 Draydon Avenue, Cambria, California 93428, hereinafter referred to as maker, promises to pay to the order of DEL MAR SEAFOODS, INC., 331 Ford Street, Watsonville, California 95076, its successors and assigns, hereinafter referred to as holder, the sum of two hundred fifteen thousand ($215,000.00) dollars at the rate of seven (7) percent per annum, as follows:

Monthly payments of $3,000.00 or fifteen (15) percent of the gross landing receipts of each and every landing of seafood product made by the fishing vessel POINT LOMA, whichever is greater, commencing on _January '04_ and on the 15th day of each succeeding month until principal and interest are fully paid. Payments are to be applied to interest first.

1.   This promissory note is secured by a First Preferred Ship Mortgage on the vessel POINT LOMA, Official No. _C.L.A. 575298 Ard._  dated _10/31/03_

2.   Incorporation of Terms of First Preferred Mortgage.

This note is secured by a continuing security interest in the vessel described in a Preferred Mortgage, dated _10/31/03_, executed by maker in favor of holder. The terms of that Preferred Mortgage are incorporated into this note by reference to the same effect as if set forth in this note in their entirety. On default, under Preferred Mortgage or under this note, holder may exercise any of the remedies granted by the Preferred Mortgage. Maker acknowledges that holder rights are cumulative.

3.   Acceleration of Maturity.

In the event of default, in the payment of any of the installments or interest due as provided in this

note, time being of the essence, holder may, without notice or demand, declare the entire principal sum then unpaid immediately due and payable. Further, if maker should at any time fail in business or become insolvent, or commit an act of bankruptcy, or if any writ of execution, garnishment, attachment, or other legal process is issued against any deposit account or other property of maker, or if any assessment for taxes against maker, other than taxes on real property, is made by the federal or state government, or any department or agency of the federal or state government, or if maker fails to notify holder of any material change in their financial condition, all of the obligations of maker shall, at option of holder, become due and payable immediately without demand or notice.

### 4.  Modification of Terms.

Holder may, with or without notice to maker, cause additional parties to be added to this note, or release any party, or revise, extend, or renew the note, or extend the time for making any installment provided for in this note, or accept any installment in advance, all without affecting the liability of maker.

### 5.  Attorney's Fees.

If suit is commenced on this note, maker shall pay to holder a reasonable attorney's fee and all costs.

### 6.  Waiver of Rights by Maker.

Maker hereby waivers (a) presentment, demand, protest, notice of dishonor and/or protest, and notice of non-payment; (b) the right, if any, to the benefit of, or to direct the application of, any security hypothecated to holder until all indebtedness of maker to holder, however arising, shall have been paid; and (c) the right to require holder to proceed against any party to this note, or to pursue any other remedy in holder power. Holder may proceed against maker directly and independently of any other party to this note, and the cessation of the liability of any other party or

05/15/2007 11:58    5622162966    Fi    44361471    Page: 3/14    Date: 6/5/2007( ...J7 PM    PAGE 28/28
                                                              RICHARD P WAGNER    —

any reason other than full payment, or any revision, renewal, extension, forbearance, change of

rate of interest, or acceptance, release, or substitution of security, or any impairment or suspension

of holder's remedies or rights against any other party, shall not in any way affect the liability of

maker.

DATED: _10/31/02_

_____
             Barry Cohen

_____
             Chris Cohen

**PROOF OF SERVICE**

Case:      *Del Mar Seafoods, Inc. v. Barry Cohen, Chris Cohen and F/V Point Loma*

Case No.:    U.S. District Court, Northern Dist. Case No.: CV 07-02952 WHA

     I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

     On April 25, 2008, I served the attached document(s):

- **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PAROL EVIDENCE**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)**   By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)**   By Personal Service: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)**   By Messenger Service: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)**   By Federal Express: I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dmni.Point Loma/2504

**(E)**    By Facsimile:  I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | James P. Walsh<br>Gwen Fanger<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street<br>Suite 800<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Budwalsh@dwt.com | Counsel for Defendants and Claimant<br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant<br>F/V POINT LOMA Fishing Company, Inc. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on April 25, 2008 at San Francisco, California.

_____

Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

Dmtl.Point Loma/2504

PROOF OF SERVICE