James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:   (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., | ) No. C-07-2952-WHA |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DISCLOSURES** |
| BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, | ) **Final Pretrial Conference May 5, 2008; 7:45 a.m.** |
| Defendants. | ) |

Pursuant to Fed. R. Civ. P. 26(a)(3)(B), Defendants Barry Cohen, Chris Cohen, F/V Point Loma, *in rem*, and Counterclaimant, F/V Point Loma Fishing Company, Inc. (collectively, "Defendants") object on the following grounds to certain of Plaintiff's Pretrial Disclosures.

In addition to the specific objections set forth below, Defendants object to all of the following Pretrial Disclosures on the basis of lack of foundation.

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 1 | Color photograph of the F/V POINT LOMA | DMSI 0065 | Defendants object to this document on the grounds that it is irrelevant under Fed. R. Evid. 402 to the extent it is intended to show the condition of the vessel which is not at issue under Plaintiff's Verified Complaint. |
| 2 | Color photograph of the F/V POINT LOMA | DMSI 0067 | Defendants object to this document on the grounds that it is irrelevant under Fed. R. Evid. 402 to the extent it is intended to show the condition of the vessel which is not at issue under Plaintiff's Verified Complaint. |
| 9 | Cantrell Memorandum | DMSI 0235-0247 | Defendants object to this document on the grounds that it contains inadmissible hearsay under Fed. R. Evid. 801 and 802 to the extent it is being offered to prove the facts underlying to formation of the Mexico Joint Venture and the amounts underlying the formation of the Note and Mortgage.

Defendants object further on the grounds that it is irrelevant under Fed. R. Evid. 402 and 403 because the parties have agreed to stipulate that the parties agreed to convert the funds contributed by Plaintiff in connection with the Mexico Joint Venture into a loan that was formalized by the Note and Mortgage. (*see* Stipulated Facts paras. 9-10 in Proposed Joint Final Pretrial Order).

Any evidence in this document contradicting the express, written term of the Note and Mortgage that sets forth the amount of the loan is also barred by the parol evidence rule because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 10 | Asset balance sheets: 10/31/03, 12/31/03 | DMSI 0003-0004 | Defendants object on the grounds that this document is irrelevant under Fed. R. Evid. 402 and 403 because the parties have agreed to stipulate that the parties agreed to convert the funds contributed by Plaintiff in connection with the Mexico Joint Venture into a loan that was formalized by the Note and Mortgage effective October 31, 2003. (*see* Stipulated Facts paras. 9-10 in Proposed Joint Final Pretrial Order). The amount of the loan as of October 31, 2003 was $215,000 as set forth in the instruments themselves.<br><br>Defendants also object to any evidence in this document contradicting the express, written term of the Note and Mortgage that sets forth the amount of the loan is also barred by the parol evidence rule because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 11 | Fax from D. Smith to J. Roggio: Asset Balance Sheet10/31/03 and Fisherman Advances ledger entries | DMSI 0002, 0008-0013 | *See* objections above to Pretrial Disclosure No. 10.<br><br>Defendants object further that DMSI 0008, a fax dated July 11, 2003 from Plaintiff's bookkeeper to Joe Roggio is inadmissible hearsay under Fed. R. Evid. 801 and 802 to the extent it is being offered to prove the fact and amounts of debts allegedly owed by Defendants. |
| 12 | Del Mar Balance Sheet (same as 0002 but w/o writing) | DMSI 0176 | *See* objections above to Pretrial Disclosure No. 10.<br><br>Defendants object further on the grounds that this document is the same as DMSI 0002 and may be excluded under Fed. R. Evid. 403 as the needless presentation of cumulative evidence. |

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 13 | Cohen cancelled checks | DMSI 0129-0171 | Defendants object to this document on the grounds that these checks are irrelevant under Fed. R. Evid.  402 as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. |
|  |  |  | Defendants also object to the checks in this document dated prior to October 31, 2003 on the grounds that any evidence contradicting the express, written term of the Note and Mortgage that sets forth the amount of the loan is barred by the parol evidence rule because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 14 | Journal entry log 12/03 | DMSI 0178 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. |

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 15 | Asset Balance Sheet 1/31/04 | DMSI 0179 | Defendants object to this asset balance sheet for Old Port Fisheries on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments to Plaintiff, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant.<br><br>Defendants object further on the grounds that this document and Pretrial Disclosure Nos. 16 (DMSI 0181) and 17 (DMSI 0183) are allegedly monthly statements of the assets of Old Port Fisheries Division for certain months in 2004 and needlessly present cumulative evidence that may be excluded under Fed. R. Evid. 403. |
| 16 | Asset Balance Sheet 3/31/04 | DMSI 0181 | *See* objections above to Pretrial Disclosure No. 15. |
| 17 | Asset Balance Sheet 5/31/04 | DMSI 0183 | *See* objections above to Pretrial Disclosure No. 15. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 18 | Accounts Payable Trial Balance 10/22/04 | DMSI 0005 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.

Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant.

This document may also be excluded under Fed. R. Evid. 403 as the needless presentation of cumulative evidence because it contains entries identical to those in Pretrial Disclosure No. 21 (DMSI 0193) |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 19 | General Ledger Detail Report 10/22/04 | DMSI 0189 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant. |
| 20 | Accounts Payable Aged Invoice Report 10/21/04 | DMSI 0190-0192 | *See* objections above to Pretrial Disclosure No. 19. |
| 21 | Accounts Payable Trial Balance 10/22/04 | DMSI 0193 | *See* objections above to Pretrial Disclosure No. 18. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 22 | Accounts Payable Trial Balance 12/31/04 | DMSI 0007 | Defendants object to this document on the grounds that it is irrelevant under Fed. R. Evid. 402 because it purports to contain evidence of accounts receivable for Michael Cohen and Olde Port Inn, Inc. both of which are not parties to this lawsuit. |
| | | | Moreover, it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. |
| | | | Defendants' also never agreed to include the debts of Barry Cohen's sons under the Note and Mortgage and thus any evidence of their debts is irrelevant to the claims and parties identified in Plaintiff's Verified Complaint. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 23 | Accounts Receivable Trial Balance 12/31/04 | DMSI 0006 | Defendants object to this document on the grounds that it is irrelevant under Fed. R. Evid. 402 because it purports to contain evidence of accounts receivable for Olde Port Inn, Inc. which is not a party to this lawsuit.  Moreover, it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants' never agreed to include the debts of Old Port Inn under the Note and Mortgage and thus any evidence of its debts is irrelevant to the claims and parties identified in Plaintiff's Verified Complaint. |
| 24 | Olde Port Fisheries Inventory records 10/04 | DMSI 0014-0018 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 26 | Del Mar deposit slip 6/24/05 | DMSI 0270 | Defendants object on the grounds that Plaintiff failed to disclose this document in discovery or otherwise supplement its discovery responses in a timely manner as required by Fed. R. Civ. P. 26(a) and (e). This document is responsive to Defendants' Requests for Production of Documents Nos. 2 and 3 and was produced for the first time in connection with Plaintiff's Pretrial Disclosures.  Under Fed. R. Civ. P. 37(c)(1), Plaintiff should be barred from using this information at trial because of its failure to disclose this document as the basis for its claims and to supplement its responses to Defendants' discovery requests.

In addition, this document is inadmissible because it is irrelevant under Fed. R. Evid. 402 as to the amount owed under the express terms of the Note, the only signed agreement among the parties.  It is dated 2005 which is two years after the Note was signed.  It is also irrelevant to the extent it reflects any alleged payments or debts after the parties entered into the Assignment of Joint Venture Interest, effective October 22, 2004. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 27 | Olde Port Fisheries check no. 1158 | DMSI 0271 | Defendants object on the grounds that Plaintiff failed to disclose this document in discovery or otherwise supplement its discovery responses in a timely manner as required by Fed. R. Civ. P. 26(a) and (e). This document is responsive to Defendants' Requests for Production of Documents Nos. 2 and 3 and was produced for the first time in connection with Plaintiff's Pretrial Disclosures.  Under Fed. R. Civ. P. 37(c)(1), Plaintiff should be barred from using this information at trial because of its failure to disclose this document as the basis for its claims and to supplement its responses to Defendants' discovery requests. |
| 29 | Olde Port Fisheries Account Inquiry | DMSI 0195 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant. |
| 30 | Del Mar credit memo: Olde Port Fisheries (Barry Cohen) | DMSI 0196 | *See* objections above to Pretrial Disclosure No. 29. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 31 | Del Mar invoices to Olde Port Fisheries | DMSI 0197-0203 | *See* objections above to Pretrial Disclosure No. 29. |
| 32 | F/V POINT LOMA Account Inquiry | DMSI 0194 | *See* objections above to Pretrial Disclosure No. 29. |
| 41 | U.S. Marshal final invoice | DMSI 0272 | Defendants object on the grounds that Plaintiff failed to disclose this document in discovery or otherwise supplement its discovery responses in a timely manner as required by Fed. R. Civ. P. 26(a) and (e). This document is dated 6/7/07 well before discovery closed on January 11, 2008.  It is addressed to and signed by Plaintiff's counsel so it was undoubtedly within Plaintiff's possession well before the close of discovery.  Plaintiff produced this for the first time in connection with its Pretrial Disclosures and therefore, under Fed. R. Civ. P. 37(c)(1), Plaintiff should be barred from using this information at trial because of its failure to disclose until now. |
| 44 | Invoices for attorneys fees | * discuss at pretrial conference | Invoices for Plaintiff's attorneys' fees have not yet been produced.  Defendants reserve the right to object as appropriate upon review of these documents. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 45 | 12/15/05 Cappuccio Assignment | DMSI 0273 | Defendants object on the grounds that Plaintiff failed to disclose this document in discovery or otherwise supplement its discovery responses in a timely manner as required by Fed. R. Civ. P. 26(a) and (e). This document purports to be a letter signed by Del Mar's president, Joe Cappuccio, to Barry Cohen, dated December 15, 2005.  This document is responsive to Defendants' Requests for Production of Documents No. 10 and was produced for the first time in connection with Plaintiff's Pretrial Disclosures.  Under Fed. R. Civ. P. 37(c)(1), Plaintiff should be barred from using this information at trial because of its failure to disclose or supplement its responses to Defendants' discovery requests. This document is also inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint which contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. Moreover, this document may be excluded under Fed. R. Evid. 403 because it is cumulative evidence of the rights assigned to Barry Cohen under the Assignment of Joint Venture Interest.  The rights described in DMSI 0273 are included within the rights assigned to Barry Cohen under the Assignment of Joint Venture Interest (Plaintiff's Pretrial Disclosure No. 46 (Cohen 00014-00015)) effective October 22, 2004.. |

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 47 | Order Denying Atty. Fees | DMSI 0274-0280 | Defendants object on the grounds that this document is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. Plaintiff's Verified Complaint contains no allegations that the basis for the arrest was anything other than Defendants' alleged failure to make monthly payments. |
| 48 | 1/21/07 Cohen Declaration | DMSI 0281-0295 | *See* objections above to Pretrial Disclosure No. 47. |

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 53 | Del Mar Income Statement summary 1999-2004 | DMSI 0019-0020 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.<br><br>Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003.<br><br>Defendants also object under Fed. R. Evid. 403 to Pretrial Disclosures 53-77 because they contain cumulative evidence of the amount of the debt allegedly owed by Defendants. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 54 | Olde Port Fisheries Income Statement 9/30/04 | DMSI 0021-0023 | This document is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint. The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage.

Moreover, Defendants never agreed to include any other amounts to the Note and Mortgage and therefore any evidence of the *amount* of the debts that allegedly became included in the Note subsequent to the signing of the Note and Mortgage is irrelevant.

Defendants also object under Fed. R. Evid. 403 to Pretrial Disclosures 53-77 because they contain cumulative evidence of the amount of the debt allegedly owed by Defendants. |
| 55 | Olde Port Fisheries Balance Sheets 9/30/04 | DMSI 0024-0025 | *See* objection above to Pretrial Disclosure No. 54. |
| 56 | Olde Port Division, Operations spread sheet 2004 | DMSI 0026-0027 | *See* objection above to Pretrial Disclosure No. 54. |
| 57 | Olde Port Fisheries Income Statement 12/31/03 | DMSI 0028-0030 | *See* objection above to Pretrial Disclosure No. 54. |
| 58 | Olde Port Fisheries Balance Sheets 12/31/03 | DMSI 0031-0032 | *See* objection above to Pretrial Disclosure No. 54. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 59 | Olde Port Fisheries Income Statement 12/31/02 | DMSI 0033-0036 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 60 | Olde Port Fisheries Balance Sheets 12/31/02 | DMSI 0037-0038 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 61 | Olde Port Fisheries Income Statement 12/31/01 | DMSI 0039-0041 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 62 | Olde Port Fisheries Balance Sheets 12/31/01 | DMSI 0042-0043 | *See* objection above to Pretrial Disclosure No. 54. Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 63 | Olde Port Fisheries Income Statement 12/31/00 | DMSI 0044-0046 | *See* objection above to Pretrial Disclosure No. 57. Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 64 | Olde Port Fisheries Balance Sheets 12/31/00 | DMSI 0047-0048 | *See* objection above to Pretrial Disclosure No. 54. Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 65 | Olde Port Fisheries Income Statement 12/31/99 | DMSI 0049-0051 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 66 | Olde Port Fisheries Balance Sheets 12/31/99 | DMSI 0052-0053 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 67 | Olde Port Fisheries Balance Sheet 7/31/03 | DMSI 0172 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 68 | Olde Port Fisheries Balance Sheet 6/30/03 | DMSI 0173 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 69 | Olde Port Fisheries Balance Sheet 8/31/03 | DMSI 0174 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 70 | Olde Port Fisheries Balance Sheet 9/30/03 | DMSI 0175 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 71 | Olde Port Fisheries Balance Sheet 11/30/03 | DMSI 0177 | *See* objection above to Pretrial Disclosure No. 54. |

DAVIS WRIGHT TREMAINE LLP

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 72 | Olde Port Fisheries Balance Sheet 4/30/03 | DMSI 0182 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 73 | Olde Port Fisheries Balance Sheet 6/30/03 | DMSI 0184 | *See* objection above to Pretrial Disclosure No. 54.<br><br>Defendants also object under the parol evidence rule to evidence in this document contradicting the express, written term of the Note and Mortgage, which sets forth the amount of the loan because the Note and Mortgage are the final expressions of the agreed upon amount covered by these instruments at the time they were signed on October 31, 2003. |
| 74 | Olde Port Fisheries Balance Sheet 7/31/04 | DMSI 0185 | *See* objection above to Pretrial Disclosure No. 54. |
| 75 | Olde Port Fisheries Balance Sheet 8/31/04 | DMSI 0186 | *See* objection above to Pretrial Disclosure No. 54. |
| 76 | Olde Port Fisheries Balance Sheet 9/30/04 | DMSI 0187 | *See* objection above to Pretrial Disclosure No. 54. |

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| 77 | Del Mar Journal Entry 10/25/04 | DMSI 0188 | Defendants object to this document on the grounds that it is inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint.  The Verified Complaint contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. |

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Plaintiff's Pretrial Disclosure No. | Description | Bates Range | Objection |
|---|---|---|---|
| *No. 27 on the Joint Exhibit List (Appendix A to the Proposed Joint Final Pretrial Order) | Remittance Advice | DMSI 0296 | This document was produced for the first time by Plaintiff's to include in the parties' Joint Exhibit List prepared for the Proposed Joint Final Pretrial Order.  It was not identified in Plaintiff's Pretrial Disclosures, nor was it produced at any time during discovery or as a supplemental response to Plaintiff's initial disclosures or Defendants' discovery requests. <br><br> Defendants object on the grounds that Plaintiff failed to disclose this document under Fed. R. Civ. P. 26(a) and (e).  This document is responsive to Defendants' Requests for Production of Documents Nos. 2 and 3 and Interrogatory No. 3 but was only produced for the first time well after the close of discovery and after pretrial disclosures were due. <br><br> Plaintiff also failed to disclose this document in its Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3)(A)(iii) and 26(a)(4). <br><br> Under Fed. R. Civ. P. 37(c)(1), Plaintiff should be barred from using this information at trial because of its failure to disclose or supplement its responses to Defendants' discovery requests. <br><br> This document is also inadmissible under Fed. R. Evid. 402 because it is irrelevant as to the issues in this case, namely whether Defendants breached the Note and Mortgage for failure to make monthly payments, as set forth in Plaintiff's Verified Complaint which contains no allegations that Defendants owed any principal greater than the $215,000 set forth in the Note and Mortgage. |

DAVIS WRIGHT TREMAINE LLP

1

2

DATED this 2nd day of May, 2008.

3

4                                                    Respectfully submitted,

5                                                    DAVIS WRIGHT TREMAINE LLP

6                                                    By:    /s/ Gwen Fanger
7                                                           James P. Walsh
                                                           Gwen Fanger
8
                                                    Attorneys for Defendants
9                                                   BARRY COHEN, CHRIS COHEN (aka
                                                    CHRISTENE COHEN), the F/V POINT
10                                                  LOMA and Claimant, F/V POINT LOMA
                                                    FISHING COMPANY, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP