COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

LAW OFFICES OF RICHARD P. WAGNER
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants.<br><br>And Related Counterclaims | Case No.: CV 07-02952 WHA<br><br>**PLAINTIFF DEL MAR SEAFOODS, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COSTS INCURRED BY DEFENDANT TO ATTEND COURT PROCEEDINGS**<br><br>Time:<br>Courtroom: 9, 19th Floor<br><br>Honorable William H. Alsup |

Plaintiff DEL MAR SEAFOODS, INC. ("Del Mar") hereby moves this Court to prohibit defendant Barry Cohen from introducing evidence regarding costs incurred by him to attend court proceedings leading up to this trial.

# MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO.1

## I. Introduction

Pursuant to his counterclaim for wrongful arrest of the F/V Point Loma Defendant Barry Cohen is improperly attempting to claim as damages the travel, lodging, and food costs he incurred in the process of attending the court proceedings arising in this matter. Those costs are not a proper element of damages in a claim for wrongful arrest of a vessel. Defendant should be prevented from presenting evidence relevant to those costs because they are irrelevant.

## II. SUMMARY OF RELEVANT FACTS

Barry Cohen has requested to be compensated for the expenses he incurred in traveling to San Francisco to attend various court hearings related to the immediate action. To date these expenses submitted to Plaintiff's counsel total $3,733.50. (See Defendant's list and supporting documentation entitled "Expenses to San Francisco to Date" Trial Exhibit 210.) Defendant Barry Cohen includes on that list his travel to San Francisco on seven documented occasions: August 15-16, 2007; August 29-30, 2007; November 14-15, 2007; December 12-15, 2007; January 2-3, 2008; January 8-9, 2008; and May 5th, 2008.

## III. LEGAL ARGUMENT

### 1. Applicable Law

An action for the wrongful-arrest of a vessel is governed by federal maritime law. As this court has already recognized, "The arrest of a vessel in admiralty "is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff, and unless the attachment is mala fide, or by such gross negligence as to amount to bad faith, **no damages** can be recovered for detention caused by such arrest."" (*Stevens v. F/V Bonnie Doon*, 655 F.2d 206, 209 (9th Cir. 1981). emphasis added) Therefore the issue of whether Barry Cohen is entitled to **any** damages as a result of the alleged wrongful arrest of the F/V Point Loma hinges upon an initial finding by this court of malice, or gross negligence amounting to bad faith on the part of Del Mar Seafoods, Inc.

Assuming arguendo that malice or gross negligence amounting to bad faith on behalf of the Plaintiff is found, the damages recoverable by a plaintiff in Federal court are still limited to those pursuant to Federal Rule of Civil Procedure 54(d) and enumerated in 28 USC §1920 or otherwise specifically authorized by statute or contract. [*In re Cardizem CD Antitrust litig.* (6th Cir. 2007) 481 F 3d 355, 359. *Crawford v. Fitting Co.v. J.T. Gibbons, Inc.*, 482 US at 440.] The allowable costs under 28 USC §1920 are strictly limited to:

- Fees of the clerk and marshal;
- Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
- Fees and disbursements for printing and witnesses;
- Fees for exemplification and copies of papers necessarily obtained for use in the case;
- Docket fees under section 1923 of this title [28 USCS § 1923];
- Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

(Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE (The Rutter Group 2007).)

### 2. A Defendant's personal travel costs are not contemplated within Federal Rule of Civil Procedure 54(d) or 28 U.S.C.A. §1920.

Nowhere in the §1920 list are defendant's personal travel, lodging, or food costs for purposes of attending court proceedings leading to trial mentioned. In fact, the only section that addresses the issue of compensation to witnesses for travel, §1920(3) was interpreted in *Barber v. Ruth* to specifically exclude parties to the litigation. In *Barber v. Ruth* the court specifically stated that, "as a general rule, parties may not normally collect witness fees." *Barber v. Ruth* (7th Cir. 1993) 7 F 3d 636, 646.

In *Hodge v. Seiler*, while the court acknowledged that, "expenses incurred in traveling to the place of trial are in the nature of costs," however that court specifically noted that "although "fees and disbursements for...witnesses" are mentioned in (§1920(3)), the travel expenses of a party to the lawsuit are not included in the §1920 list." *Hodge v. Seiler*, 558 F.2d, 284, 288. The *Hodge* court emphasized "the preferred exercise of discretion being to

-3-    Case No.: CV 07-02952 WHA
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COSTS INCURRED BY DEFENDANT TO ATTEND COURT PROCEEDINGS

exclude form an award costs whose items are not specifically mentioned in the statute." *Hodge* at 288.

### 3. Several of Defendant Cohen's trips were undertaken voluntarily as he was adequately represented by counsel at the court hearings.

Further, Defendant Cohen cannot be allowed to recover as damages costs incurred on voluntary trips to San Francisco to attend court proceedings where his presence was not necessary nor required. On at least four of the occasions upon which defendant Barry Cohen elected to travel to San Francisco to attend court proceedings, his presence was neither mandatory nor necessary. Mr. Cohen is sufficiently represented by counsel and his personal appearance at several of the hearings was undertaken at his own election. Occasions upon which Mr. Cohen's travel was voluntarily undertaken include:

- August 15-16, 2007 to attend the Hearing regarding the Motion to Vacate the Order of Arrest
- August 29-30, 2007 to attend the initial Case Management Conference.
- December 12-15, 2007 to attend the Deposition of Joe Roggio.
- January 2-3, 2008 to attend the hearing regarding the Motion for a Protective Order limiting the Deposition of Christine Cohen.

Allowing a defendant to collect travel, food, and lodging expenses incurred in attending mandatory court proceedings would be contrary to a defendants' duty to mitigate costs and as a result should not be allowed. Defendant Cohen should not be permitted to include in his claim for damages costs that he voluntarily incurred.

## IV. CONCLUSION

Plaintiff's counsel hereby moves this Court to prevent Defendant from presenting evidence at trial regarding personal travel costs incurred as a result of attending Court

1  proceedings related to this action as there is no basis under the law to recover those costs as a
2  proper element of damages.

3

4  Dated: *May 21*, 2008                 COX, WOOTTON, GRIFFIN,
                                          HANSEN & POULOS, LLP
5                                         Attorneys for Plaintiff
                                          DEL MAR SEAFOODS, INC.
6

7
                                          By: _____/s/ Max L. Kelley_____
8                                                Max L. Kelley

-5-    Case No.: CV 07-02952 WHA

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COSTS INCURRED BY DEFENDANT TO ATTEND COURT PROCEEDINGS