COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

LAW OFFICES OF RICHARD P. WAGNER
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. <br><br> And Related Counterclaims | Case No.: CV 07-02952 WHA <br><br> **PLAINTIFF DEL MAR SEAFOODS, INC.'S TRIAL BRIEF ON THE APPLICATION OF THE CALIFORNIA STATUTE OF FRAUDS TO MARITIME CONTRACTS** <br><br> Date: May 20, 2008 <br> Time: 7:30AM <br> Courtroom: 9, 19th Floor <br><br> Honorable William H. Alsup |

### I.  INTRODUCTION

Plaintiff DEL MAR SEAFOODS, INC. ("Del Mar") hereby submits this brief in support of its position that the California Statute of Frauds, California Civil Code §1624, does not apply to bar the oral modifications to the Promissory Note ("Note") and Preferred

DEL MAR SEAFOODS, INC.'S TRIAL BRIEF ON THE APPLICATION OF THE
CALIFORNIA STATUTE OF FRAUDS TO MARITIME CONTRACTS

Ship Mortgage ("Mortgage") whereby defendant Barry Cohen agreed to assume the debts of his son's Michael and Leonard Cohen. Plaintiff expects Defendants to argue that the statute should prohibit those modifications. For the reasons set forth below, the California Statute of Frauds is inapplicable to those oral modifications. Even if the Statue of Frauds were found to apply, however, the oral modifications were sufficiently executed by the parties and should therefore be upheld.

## II. SUMMARY OF RELEVANT FACTS

Del Mar expects the Cohen's to argue that an agreement to be responsible for the debts of his two sons is unenforceable under the California Statute of Frauds, Cal. Civ. Code §1624(a). Such an assertion is wrong as a matter of law.

## III. APPLICABLE LAW

The Note and Mortgage at issue in this case are maritime contracts. *Norfolk Southern Ry. Co. v. James N. Kirby, Pty Ltd.* 542 U.S. 963. Defendant's have also stipulated that the Mortgage is a valid Preferred Ship Mortgage under 48 U.S.C. §31321. Therefore maritime law will apply. In the Ship Mortgage Act of 1920, subsequently re-titled "The Commercial Instruments and Maritime Liens Act ("CIMLA"), *46 U.S.C. §31301 et seq.* Congress expressed the importance of the uniform treatment of maritime law in general, and preferred ship mortgages in particular, by mandating that preferred ship mortgages be regulated exclusively under federal maritime law through the CIMLA. *46 U.S.C. §31325.*

## III. LEGAL ARGUMENT

### 1. California Statue of Frauds

The Statute of Frauds serves to "bar proof of certain agreements when there is **no** sufficient writing evidencing them." 1 Witkin, Summary of California Law (10th Edition 2005), Contracts, Section 349, page 395.

### 2. The California statue of Frauds is Not Applicable to Maritime Contracts

In *Union Fish Company v. Erickson*, 248 U.S. 308 (1919), the Supreme Court held that that the California Statute of Frauds does not apply to maritime contracts. In *Union Fish*

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

DEL MAR SEAFOODS, INC.'S TRIAL BRIEF ON THE APPLICATION OF THE CALIFORNIA STATUTE OF FRAUDS TO MARITIME CONTRACTS

*Company*, a ship master entered into an oral contract with the ship owner to serve as the ship's master. *Id.* at 308. The Court found that the California Statute of Frauds was inapplicable to the contract because the contract was based on maritime employment and was maritime in nature. In finding the statute inapplicable and upholding the principle of uniformity in admiralty law[1], the Court held:

> If one State may declare such contracts void for one reason, another may do likewise for another. Thus the local law of a State may deprive one of relief in a case brought in a court of admiralty of the United States upon a maritime contract, and the uniformity of rules governing such contracts may be destroyed by perhaps conflicting rules of the States.

*Id.* at 313. Because, the Note and Mortgage at issue in this case comprise a maritime contract, under the principle of uniformity the California Statute of Frauds cannot be allowed to invalidate the subsequent oral modifications by Barry Cohen to pay his son's debts.

Even if the Statute of Frauds were to apply to maritime contracts it would not apply to the contract at issue in this case. Here, there is an underlying written contract. Defendant Barry Cohen orally modified that existing contract when he said to Joe Roggio that he (Barry) would "be responsible for" paying Michael Cohen's debts and Leonard Cohen's debts.

In the alternative, even if California's statute of frauds were applicable to modify the contract it would not apply under the facts of this case. California Civil Code §1698 specifically provides that a "contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties." Whether a written contract has been modified by an executed oral agreement is a question of fact. *Eluschuk v. Chemical Engineers Termite Control, Inc.* (1966) 246 Cal App 2d 463. The obligation incurred by Mr. Cohen to pay Michael and Leonard's debts was memorialized in a spreadsheet that was

---

[1] In *The Lottawanna*, 88 U.S. 558, 575 (1875) the Court noted that "it certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several States." In the more recent case of *Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917), where applicable state legislation conflicted with the maritime law on point the Court declared the state legislation to be inapplicable because it led to "material prejudice to the characteristic features of the general maritime law (and) interfere(d) with the proper harmony and uniformity of that law in its international and interstate relations." (244 U.S. 216.)

DEL MAR SEAFOODS, INC.'S TRIAL BRIEF ON THE APPLICATION OF THE
CALIFORNIA STATUTE OF FRAUDS TO MARITIME CONTRACTS

1  presented to him between November 10th and November 15th, 2005. (Trial Exhibit 37) That
2  spreadsheet specifically depicts the amounts Barry Cohen owed to Del Mar Seafoods, Inc.,
3  and shows the portions of Michael and Leonard Cohen's debt as a part of the Mr. Cohen's
4  debt to Del Mar under the Note and Mortgage. Following receipt of that spreadsheet, Mr.
5  Cohen made payments to Del Mar on the outstanding balance on January 30, February 15,
6  and again on April 23, 2007. (Trial Exhibits 34, 35, & 36 respectively). Mr. Cohen's further
7  payments on his balance under the Note and the Mortgage, following his acknowledgement
8  and acceptance from Joe Roggio of the spreadsheet detailing the source of that debt served to
9  execute Cohen's agreement to pay his son's debts.

3. **CONCLUSION**

Applying the State's Statutes of Frauds to the facts of this case would contravene the well accepted principles establishing the uniformity of maritime law. Additionally, Cohen's promise to pay his son's debt are valid under Cal. C.C. §1698. Cal.. C.C. §1624 should not be applied to invalidate Barry Cohen's assumption of Michael and Leonard Cohens' debts and their addition to his balance under the Note and Mortgage.

Dated:  May 21, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
      Jody M. Taliaferro

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504

DEL MAR SEAFOODS, INC.'S TRIAL BRIEF ON THE APPLICATION OF THE CALIFORNIA STATUTE OF FRAUDS TO MARITIME CONTRACTS