1  COX, WOOTTON, GRIFFIN,
   HANSEN & POULOS LLP
2  Gregory W. Poulos (SBN 131428)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, CA 94105
4  Telephone No.: 415-438-4600
   Facsimile No.: 415-438-4601
5
   LAW OFFICES OF RICHARD P. WAGNER
6  Richard P. Wagner (SBN 166792)
   700 Oceangate, Suite 700
7  Long Beach, CA 90802
   Telephone: (562) 216-2946
8  Facsimile: (562) 216-2960

9  Attorneys for Plaintiff
   DEL MAR SEAFOODS, INC.
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14  DEL MAR SEAFOODS, INC.              ) Case No.: CV 07-02952 WHA
                                        )
15              Plaintiff,              ) **PLAINTIFF DEL MAR SEAFOODS,**
                                        ) **INC.'S MOTION IN LIMINE TO**
16        vs.                           ) **EXCLUDE EVIDENCE RE:**
                                        ) **PAYMENTS TO CAPTAIN AND**
17  BARRY COHEN, CHRIS COHEN (aka       ) **CREW**
    CHRISTENE COHEN), *in personam* and )
18  F/V POINT LOMA, Official Number     )
    515298, a 1968 steel-hulled, 126-gross ton, )
19  70.8- foot long fishing vessel, her engines, )
    tackle, furniture, apparel, etc., *in rem*, and )
20  Does 1-10,                          )
                                        )
21              Defendants.             )
                                        ) Date: May 20, 2008
22  _____     ) Time: 7:30 AM
                                        ) Courtroom: 9, 19th Floor
23  And Related Counterclaims           )
                                        ) Honorable William H. Alsup
24

25       Plaintiff DEL MAR SEAFOODS, INC. ("Del Mar") hereby moves this Court to

26  exclude defendant Barry Cohen's evidence of payments he made to the captain and crew of

27  the F/V Point Loma to keep them on retainer while the vessel was under arrest.

28  //

# MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 1

## I. Introduction and Relevant Facts

Defendant Barry Cohen argues that he is entitled to recover certain "out-of-pocket damages" pursuant to his counter-claim for wrongful arrest. Cohen claims "out-of-pocket" expenses of $8,000 paid to the captain and crew to keep them on retainer while the vessel was under arrest.[1] Assuming the Court ultimately finds the arrest was wrongful, those costs are still not recoverable and Cohen therefore should be precluded from presenting evidence on these expenses.

## II. Cohen can only recover damages if the arrest is wrongful.

An action for the wrongful arrest of a vessel is governed by federal maritime law. Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims Rule C. As the Ninth Circuit court held, "[t]he arrest of a vessel in admiralty 'is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff, and unless the attachment is *mala fide*, or by such gross negligence as to amount to bad faith, **no damages** can be recovered for . . . detention caused by such arrest.'" *Stevens v. F/V Bonnie Doon*, 655 F.2d 206, 209 (9th Cir. 1981) (emphasis added).

Cohen's evidence of damages claimed therefore should not be considered unless this Court finds that the arrest was done with malice or gross negligence amounting to bad faith.

## III. Federal Maritime Law – not the California Civil Code – governs the analysis of recoverable damages after wrongful arrest

Cohen cited to California Civil Code section 3333 for the proposition that he is entitled to be "fully compensated" for his out-of-pocket expenses. Cohen's reliance is misplaced. As stated above, arrest and attachment is an admiralty procedure, governed by admiralty law. *See also* 2 Thomas J. Schoenbaum, Admiralty and Maritime Law 21-2 at 505 (3d ed. 2001).

---

[1] See Defendant's list and supporting documentation entitled "Payments to Captain & Crew During Arrest" Trial Exhibit 211.

-2-   Case No.: CV 07-02952 WHA
PLAINTIFF DEL MAR SEAFOODS, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RE: PAYMENTS TO CAPTAIN AND CREW

**IV.    $8,000 paid to keep the Captain and crew on retainer is not a recoverable item of damages, *even if* wrongful arrest is found.**

The damages recoverable for wrongful arrest include sums reasonably expended in mitigating damages. *The Baltimore*, 75 U.S. 377, 387 (1869); *Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1007 (5th Cir. 1984). Cohen's payments to keep the captain and crew of the F/V/ Point Loma on retainer while the vessel was under arrest were neither reasonable nor did they mitigate his damages. The captain of the F/V Point Loma vessel, David Alan Kobak, testified that it would not have been difficult "at all" to find crew for the vessel following its arrest if the original crew of the vessel had not been retained throughout that period. (Kobak Depo, 01/08/2008 at 69:20-70:11). There is no evidence that Cohen would have been unable to locate a replacement captain once the vessel was released, if Captain Kobak had not been retained. These payments were made without any indication – and in fact, testimony to the contrary – that they were necessary to prevent Cohen from sustaining damage as a result of the arrest. These payments were therefore unreasonable and evidence of those payments should be excluded.

**VI.    CONCLUSION**

Evidence of Cohen's payments voluntarily made to the captain and crew during the period of the vessel's arrest should be excluded. These damages are not recoverable even if the Court finds the arrest was motivated by malice

Dated: May 21, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

By: _____
Max L. Kelley