James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599 budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DEFENDANTS' POST TRIAL BRIEF REGARDING ENTITLEMENT TO ATTORNEYS' FEES** |

Defendants Barry Cohen, Chris Cohen, the F/V Point Loma, *in rem*, and Counterclaimant F/V Point Loma Fishing Company, Inc. submit this Post Trial Brief Regarding Entitlement to Attorneys' Fees.

**I.    INTRODUCTION**

Defendants will be entitled to the attorneys' fees if they are the prevailing party on either their defense against Plaintiff's claims under the promissory note or Defendants' counterclaims for wrongful arrest. The courts define "prevailing party" broadly to include defendants who "have been awarded some relief by the court" or are otherwise the "successful party" who has prevailed on at least some of their claims. *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603-604 (2001). As explained below, the Court may award attorneys' fees to Defendants as the prevailing party based on a finding that either 1) Defendants were not in default or otherwise materially breached the terms of the Note or 2) Plaintiff acted in bad faith in arresting the F/V Point Loma in light of, among other things, Defendants' payments and Plaintiff's failure to disclose the fact of such payments, including the $175,000 lump sum payment, to the Court when it sought the *ex parte* order of arrest.

**II.    ARGUMENT**

A.    <u>The Cohens May be Awarded Attorneys' Fees Pursuant to the Terms of the Note.</u>

Defendants will be entitled to attorneys' fees under the terms of the Note as the prevailing party to the extent the Court finds that there has been no default or material breach of the Note and they are therefore the prevailing party under the Note. Federal law generally precludes the award of attorneys' fees unless the claim is brought pursuant to certain exceptions. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). However, under federal law, attorneys' fees may be awarded pursuant to a contract that provides for such award. *Id*. at 257; *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The present case is an action on the Note which is a contract between Plaintiff and Defendants for the repayment of money. The Note includes a provision for the payment of reasonable attorneys' fees for actions brought under the Note. Para. 5 (TE 7). Accordingly, Defendants are entitled to attorneys' fees under the Note itself where the Note provides for such award.

While the action in the present case falls within the Court's admiralty jurisdiction because it involves a maritime lien, the construction of the Note itself, including the attorneys' fees provision of the Note, may be governed by state law. *Robert E. Blake Inc. v. Excel*

1

DAVIS WRIGHT TREMAINE LLP

1  *Environmental*, 104 F.3d 1158, 1163 (9th Cir. 1997) (finding a complaint invoked admiralty
2  jurisdiction did not necessarily compel conclusion that admiralty law governed claim for action on
3  a contract); *see also e.g, In the Matter of Sheridan*, 105 F.3d 1164, 1167 (7th Cir. 1997) *citing In re*
4  *Mayer*, 51 F.3d 670, 677 (7th Cir. 1995) (state law relevant for purpose of assessing whether
5  contractual attorney's fee obligation in contract was valid and enforceable in dischargeability
6  action brought on a contract).  The Note is not inherently maritime in nature as its terms govern
7  only the repayment of money.  *See e.g., Crowley American Transport, Inc. v. Richard Sewing*
8  *Machine Co.*, 172 F.3d 781, 784 n.4 (9th Cir. 1999) (maritime contract concerns transportation by
9  sea, relates to navigable waters and concerns maritime employment); *Aqua Marine Constructors,*
10 *Inc. v. Banks*, 110 F.3d 663, 670-671 (9th Cir. 1997) (maritime contract relates to ship in its use or
11 to commerce or to navigation on navigable waters or to transportation by sea or to maritime
12 employment).  Where contracts are not inherently maritime in nature, the courts may look to state
13 law for interpretation.  *Ham Marine Inc. v. Dresser Indus. Inc.*, 72 F.3d 454, 459 (5th Cir. 1995)
14 (to extent not inconsistent with admiralty principles, state contract law may be applied to maritime
15 contracts).  Here, the Note relates only to a loan agreement between Plaintiff and Defendants and
16 the repayment terms for such loan.  Any issues of uniformity therefore do not arise if state law is
17 applied.  Therefore, the Court may apply California law to the construction of the attorneys' fee
18 provision in the Note.

19       In this case the Note specifically provides that the holder of the Note [Del Mar] may
20 recover reasonable attorneys' fees for a suit commenced on the Note.  Para. 5 (TE 7).  Under
21 California law, such provision must also be construed to provide for attorneys' fees to the maker
22 of the Note [the Cohens] in the event that the Cohens are deemed the prevailing party in this action
23 brought under the Note.  Cal. Civ. Code §1717(a).[1]  California Civil Code 1717(a) provides that:

---

[1] The cases cited by Plaintiff in its Supplemental Post Trial Brief Re Questions for Oral Argument do not support its argument that Defendants are not entitled to attorneys' fees under the terms of the Note.  Reciprocity of a contractual attorneys' fees provision was not an issue in *Crowley Am. Transport, Inc. v. Richard Sewing Machine Co.*, 172 F.3d 781 (11th Cir. 1999).  *Golden Pisces Inc. v. OneBeacon American Insur. Co.*, 495 F. 3d 1078 (9th Cir. 2007) did not reach the question of attorneys' fees because the court had found that there was no written, valid contract between the parties so there was no fee provision to enforce.  *Id.* at 1083-1084.  *Sosebee v. Rath*, 893 F.2d 54 (3rd Cir. 1990) found that there was no general award of attorneys' fees under a state attorneys' fees statute.  It did not involve an action on a contract that provided specifically for attorneys' fees.  Similarly the parties in both *Texas A&M Research*

2

DAVIS WRIGHT TREMAINE LLP

Case 3:07-cv-02952-WHA    Document 195    Filed 06/17/2008    Page 4 of 6

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Thus, contractual provisions regarding a party's right to attorneys' fees must be interpreted as awarding attorneys' fees to either party to the contract, whichever is the prevailing party. *See e.g., Santisas v. Goodin* (1998) 17 Cal. 4th 599, 614 (section 1717 applies to contracts containing reciprocal as well as unilateral attorney fee provisions); *Sears v. Baccaglio* (1998) 60 Cal. App. 4th 1136, 1149 (holding that section 1717 permits fees and costs to be awarded in contract actions where the contract provides for an award to the prevailing party, as well as in cases where the contract purports to permit fees only to a specified party). Where, as here, the Note and Mortgage specifically provide for attorney's fees to be awarded only to Del Mar in an action to enforce its rights under the Note and Mortgage, the provision must equally apply to the Cohens should they be deemed a prevailing party on the action under the Note.

A "prevailing party" is broadly interpreted and may include a defendant that successfully defends itself and receives a favorable judgment. *See e.g., Buckhannon*, 532 U.S. at 603 (quoting Black's Law Dictionary defining prevailing party as "a party in whose favor judgment is rendered, regardless of the amount of damages awarded…."). Similarly, under California law, the "prevailing party on the contract" is defined as "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code §1717(b)(2). To the extent the Court finds the Cohens were not in default under the Note, they may be deemed the prevailing party and recover the attorneys' fees they incurred in their defense of Plaintiff's claims under the Note. *See e.g., Santisas*, 17 Cal. 4th at 608 (contractual provision for attorneys' fees permitted prevailing party to recover fees for defense of contract claim).

---

*Foundation v. Magna Transportation Inc.*, 338 F.3d 394, 405-406 (5th Cir. 2003) and *Garan Inc. v. Insur. Co. of N. America*, 907 F. Supp. 397 sought attorneys' fees based on state statutes providing for the award of attorneys' fees and were not actions on a contract that provided for attorneys' fees. Lastly, *Nissan Fire and Marine Insur. Co. Ltd. v. Bax Global Inc.*, 2006 U.S. Dist. LEXIS 30555 (N.D. Ca. 2006) is not a maritime case but rather looked at whether attorneys' fees could be awarded under the Warsaw Convention for an action related to air freight transportation.

3

DEFS.' RESPONSES TO PL.'S AMENDED PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C-07-2952-WHA

DWT 11319522v1 0084289-000001

DAVIS WRIGHT TREMAINE LLP

### B. The Cohens May be Awarded Attorneys' Fees for Wrongful Arrest.

The Cohens may also recover attorneys' fees if the Court finds that they are the prevailing party on their counterclaims for wrongful arrest where the Plaintiff arrested the Vessel in bad faith. Federal law provides that attorneys' fees may be awarded when the losing party has acted in bad faith. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975). To the extent the Court finds that Plaintiff wrongfully arrested the F/V Point Loma in bad faith, with malice, or gross negligence, it may award attorneys' fees to the Cohens. *See e.g., Coastal Barge Corp. v. M/V Maritime Prosperity*, 901 F. Supp. 325, 329 (M.D. Fla. 1994).

In *Coastal Barge*, the Court awarded damages and attorneys fees in a case of wrongful arrest of a vessel where the plaintiff failed to disclose to the Court a "pertinent fact" of a promise plaintiff had made prior to the arrest of the ship that it would not rearrest the ship in pursuit of its claims that arose out of a collision. The Court likened the failure to disclose this fact to cases for malicious prosecution where the plaintiff exhibited a "reckless disregard" for the truth, regardless of the plaintiff's conviction that its selected course of action was correct. *Id*. The Court explained that the omission of the fact that plaintiff had promised not to rearrest the vessel amounted to a failure to disclose to the Court information that "may well have precluded the arrest" in the first place. *Id*. The Court held that the plaintiff may have had a good faith basis for believing its action was justified. However, the Court found that this belief could not translate into a good faith basis for causing the rearrest of the vessel in light of plaintiff's promise not to arrest the ship and by the omission of this pertinent fact. The Court therefore found that the plaintiff's actions in effecting the arrest resulted from bad faith. *Id*. As a result, the Court found that the plaintiff was liable for the defendant's attorney's fees and expenses. *Id*.

Similarly, Defendants may be deemed the prevailing party as to their counterclaims for wrongful arrest if the Court finds that Plaintiff Del Mar caused the arrest of the F/V Point Loma in bad faith by failing to disclose to the Court the fact that Defendants had paid $188,000 on the Note, including a $175,000 lump sum payment and by failing to establish that Defendants had materially breached the terms of the Note by being in default. *See e.g., Buckhannon*, 532 U.S. at

603 (prevailing party also deemed "successful party").  Thus, Defendants will be entitled to attorneys' fees based on their action for wrongful arrest.

### III.	CONCLUSION

To the extent the Court finds that Defendants are the prevailing party either as to their defense of Plaintiff's claims as set forth in the complaint for breach of the Note or as to their counterclaims for wrongful arrest, Defendants will be entitled to recover the attorneys' fees that they incurred.

DATED this 17th day of June, 2008.

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By: _____/s/ James P. Walsh_____
James P. Walsh
Gwen Fanger

Attorneys for Defendants and Claimant BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA FISHING COMPANY, INC.