**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Gregory W. Poulos (SBN 131428)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

**LAW OFFICES OF RICHARD P. WAGNER**
Richard P. Wagner (SBN 166792)
700 Oceangate, Suite 700
Long Beach, CA 90802
Telephone: (562) 216-2946
Facsimile: (562) 216-2960

Attorneys for Plaintiff
DEL MAR SEAFOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8- foot long fishing vessel, her engines, tackle, furniture, apparel, etc., *in rem*, and Does 1-10,<br><br>Defendants.<br><br>And Related Counterclaims | Case No.: CV 07-02952 WHA<br><br>**PLAINTIFF'S POST-TRIAL BRIEF RE ATTORNEYS' FEES**<br><br><br><br><br><br><br>Hearing Date:  June 16, 2008<br>Time: 3:00 p.m.<br>Courtroom 9, 19th Floor<br>Hon. William H. Alsup |

Plaintiff Del Mar Seafoods, Inc. hereby submits this brief addressing the issue of attorneys' fees raised by the Court.

## I. APPLICABLE LAW

This case involves the foreclosure of a preferred ship mortgage and by way of an *in rem* action against the defendant vessel, the F/V Point Loma as provided for under The Commercial Instruments and Maritime Liens Act ("CIMLA") (previously titled "The Ship Mortgage Act") 46 U.S.C. § 31301 *et seq.*, therefore maritime law applies. 46 U.S.C. § 31325. *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992) (maritime law controls the substantive law of maritime seizures). Defendant admits that federal maritime law applies and governs. (See, Defendant's Proposed Findings of Fact and Conclusions of Law, ¶47).

State laws do not apply to relative to the enforcement of a maritime contract. *Union Fish v. Erickson* (1919) 248 U.S. 308, 314. Applying state laws would disrupt the need for national uniformity. As the Court held:

> If one State may declare such contracts void for one reason, another may do likewise for another. Thus the local law of a State may deprive one of relief in a case brought in a court of admiralty of the United States upon a maritime contract, and the uniformity of rules governing such contracts may be destroyed by perhaps conflicting rules of the States.

### 1. Under federal maritime law, the attorneys' fees clause in the Note must be enforced.

The promissory note (T.E. 7) provides:

> If suit is commenced on this note, maker [Cohen] shall pay to holder [Del Mar] a reasonable attorney's fee and all costs.

Suit was commenced in by Del Mar on the promissory note and mortgage after defendants failure to make payments required by the promissory note and mortgage.

Defendants have admitted that they owe a balance under the note and most of the case related not to whether they owe plaintiff, but how much they owe. The evidence presented at trial proves that the defendants were in default under the Note and Mortgage. Under the express terms of the Note (T.E. 7, pg. 2, ¶ 5) Plaintiff is entitled to recover its reasonable attorneys' fees and all costs from the Defendants. As noted above, such contractual provisions are enforceable. *Crowley American Transport, Inc. v. Richard Sewing Machine*

*Co.*, 173 F.3d 781 (11th Cir. 1999).

### 2. Defendants Are Not Entitled To Any Recovery of Attorneys' Fees

If, as Del Mar asserts, it is the prevailing party in this matter the contract provides for Del Mar's right to recover its attorneys fees. Del Mar's recovery will, in the first instance, preclude an award of attorneys fees to defendants.

Even if, however, Del Mar is not the prevailing party, defendants are still not entitled to recover attorneys' fees on either the defense of plaintiff's action or on the cross-complaint for wrongful arrest.

### A. Defense of the Plaintiff's Action:

There is a well-established maritime law providing that contractual provisions for attorneys fees are to be strictly enforced, ***even if unilateral, and state statutes to the contrary are inapplicable***.

Defendants have asserted two basis for recovery of attorneys' fees. First, they have claimed that they should be found to be the prevailing party in the plaintiff's action, and that the Court should then look to State Law and apply California Civil Code §1717 to interpret the attorneys fees provision in the Promissory Note as reciprocal. This argument fails both because Del Mar, not defendants, should be the prevailing party and because the federal maritime law controls and precludes the application of California Civil Code §1717.

In *Crowley American Transport, Inc. v. Richard Sewing Machine Co.*, 173 F.3d 781, 785-786 (11th Cir. 1999), the appellate court, applying maritime law, held that a unilateral contractual provision for attorneys' fees would be enforced. In *Golden Pisces, Inc. v. OneBeacon America Ins. Co.*, 495 F.3d 1078 1081, 1083-1084 (9th Cir. 2007) The Ninth Circuit found that no maritime rule of reciprocity of attorneys' fees exists and declined to "announce a new equitable maritime exception to the [American] Rule on the basis of 'reciprocity'". *See also, Sosebee v. Rath*, 893 F.2d 54, 56-57 (3d Cir. 1990) (refusing to apply a state statute awarding attorneys' fees in a case governed by federal maritime law); *Texas A&M Research Foundation v. Versus Magna Transp., Inc.*, 338 F.3d 394, 405-406, (5th Cir. 2003) (same); *Garan, Inc. v. M/V Aivik*, 907 F.Supp. 397, 400-401 (S.D.Fla. 1995)

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-1600
FAX 415-438-4601

DelMarSeafoods/2501

(same); *see also, Nissan Fire & Marine Ins. Co., Ltd v. BAX Global Inc.*, 2006 U.S.Dist.LEXIS 30555, 16-19 (in case governed by federal law, refusing to apply Cal. Civ. Code § 1717 to a unilateral contractual provision for attorneys' fees).

B. The Alleged Wrongful Arrest

Defendants also argue that they are entitled to an award of attorneys fees based on the wrongful arrest of the vessel. An award of attorneys' fees for bad faith "requires a high degree of specificity in the factual findings of lower courts . . . on the basis of bad faith." *Kanematsu-Gosho Ltd. v. M/T Messiniaki Aigli*, 814 F.2d 115, 119 (2d. Cir. 1987) (citation omitted). Furthermore, there must "be 'clear evidence' that the claims are 'entirely without color and made for reasons of harassment or delay or for other improper purposes.'" *Id.* (citations omitted).

Del Mar contends that the arrest was not undertaken with malice or bad faith and therefore the Court should decline to find that the arrest was "wrongful." Moreover, even if the arrest was wrongful, the Court may in its discretion decline to award attorneys fees. If the Court finds that Plaintiff wrongfully arrested the vessel, (and Plaintiff strongly contends it did not), defendants should only be entitled to attorneys' fees directly expended to release the vessel and not for the entirety of the case.

Dated: June 17, 2008

                                           COX, WOOTTON, GRIFFIN,
                                           HANSEN & POULOS, LLP
                                           Attorneys for Plaintiff
                                           DEL MAR SEAFOODS, INC.


                               By:        /s/ Gregory Poulos
                                                    Gregory W. Poulos
                                                    Max L. Kelley

COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

DelMarSeafoods/2504