LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

GWEN FANGER
DIRECT (415) 276-6567
gwenfanger@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

July 2, 2008

**VIA E-FILING AND MESSENGER**
Honorable William H. Alsup
District Court Judge
Courtroom 9, 19th Floor
Phillip Burton Federal Building
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Del Mar Seafoods, Inc. v. Barry Cohen, et al.*
      Case No. C-07-02952 (WHA), Federal District Court, Northern District of California

Your Honor,

Defendants submit this letter brief to the Court regarding the issue of prejudgment interest on the award of damages to Defendants for Plaintiff's wrongful arrest of the fishing vessel, the F/V Point Loma in the above referenced case. Defendants and Plaintiff have jointly submitted a proposed Form of Judgment that does not include judgment for prejudgment interest because this issue, while raised with the Court in Defendants' Post Trial Findings of Fact and Conclusions of Law, was not addressed in the Court's Findings of Fact and Conclusions of Law issued on June 19, 2008 ("June 19 Findings").

Although the Court did not specifically address the issue of prejudgment interest in its June 19 Findings, Defendants respectfully request that the Court include in the Form of Judgment a judgment for Defendants for prejudgment interest in the amount of $1,651.50, calculated at a rate of 4.80% on the amount of damages awarded to Defendants for the wrongful arrest.[1] Prejudgment interest may be granted in cases in admiralty unless "peculiar circumstances justify its denial." *Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 795 (9th Cir. 1986) (internal citations omitted). Prejudgment interest is appropriate to "compensate the wronged party for

---

[1] Plaintiff and Defendants met and conferred, without resolution, as to bringing this issue to the Court's attention in the Proposed Form of Judgment. Defendants therefore submit this letter brief separately raising the issue with the Court.

Hon. William Alsup
July 2, 2008
Page 2



being deprived of the monetary value of the loss from the time of the loss to the payment of judgment." *Id*. Prejudgment interest on the award of damages for lost profits from the wrongful arrest is appropriate in this case to the extent Defendants were deprived of the value of these profits during the time of the arrest and throughout the litigation.

As to the rate of interest, Plaintiff conceded that 4.80% would be a "reasonable rate" for prejudgment interest in its Response to Defendants' Post Trial Findings of Fact and Conclusions of Law (Plaintiff's Response No. 75) although it disputed that prejudgment interest should be awarded. (Plaintiff's Response No. 74).

Accordingly, Defendants respectfully request that the Court include prejudgment interest for Defendants in the Form of Judgment.

Very truly yours,

Davis Wright Tremaine LLP

Gwen Fanger
Attorneys for Defendants Barry Cohen, Chris Cohen, and F/V Point Loma

cc:  James Walsh, Esq.
     Greg Poulos, Esq.
     Max Kelly, Esq.