1  James P. Walsh, CSB. No. 184620
2  Gwen Fanger, CSB No. 191161
   DAVIS WRIGHT TREMAINE LLP
3  505 Montgomery Street, Suite 800
   San Francisco, California 94111-3611
4  Telephone: (415) 276-6500
   Facsimile:   (415) 276-6599
5  budwalsh@dwt.com

6  Attorneys for Defendants and Claimant
   BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and
7  Claimant, F/V POINT LOMA Fishing Company, Inc.

8

9              UNITED STATES DISTRICT COURT

10       FOR THE NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12  DEL MAR SEAFOODS, INC.,                    )
                                               )
13                  Plaintiff,                 )   No. C-07-2952-WHA
                                               )
14        v.                                   )   **DEFENDANTS' APPLICATION FOR**
                                               )   **REASONABLE ATTORNEY'S FEES**
15  BARRY COHEN, CHRIS COHEN (aka              )   **AND COSTS; MEMORANDUM IN**
    CHRISTENE COHEN), *in personam* and,       )   **SUPPORT THEREOF**
16  F/V POINT LOMA, Official Number            )
    515298, a 1968 steel-hulled, 126-gross ton,)
17  70.8 foot long fishing vessel, her engines,)
    tackle, furniture apparel, etc., *in rem*, and)
18  Does 1-10,                                 )
                                               )
19                  Defendants.                )
                                               )

20       Defendants Barry Cohen, Chris Cohen, the F/V Point Loma and Counterclaimant F/V

21  Point Loma Fishing Company, Inc. (collectively, "Defendants"), submit this Application for

22  Reasonable Attorney's Fees and Costs ("Application") pursuant to Fed. R. Civ. P. 54(d)(2) and the

23  Judgment in this case entered July 3, 2008.  Defendants hereby seek approval of the Court for an

24  award of attorney's fees in the amount of $453,079.00 and costs in the amount of $21,205.91.

25  This Motion is based on this Memorandum of Points and Authorities, and accompanying

26  Declarations of James P. Walsh in Support of Defendants' Application for Attorney's Fees and

27  Costs ("Walsh Dec.") and the attached Exhibits, the Declaration of Martin Fineman in Support of

28

DAVIS WRIGHT TREMAINE LLP

                                    1
DEFS. APPLICATION FOR ATTORNEY'S FEES                        DWT 11420633v1 0084289-000001
Case No. C-07-2952-WHA

1    Defendants' Application for Reasonable Attorney's Fees and Costs ("Fineman Dec."), and the

2    Declaration of L. Keith Gorder, Jr. ("Gorder Dec.") in Support of Defendants' Application for

3    Reasonable Attorney's Fees and Costs.

## I. INTRODUCTION

5    In the Judgment entered on July 3, 2008, the Court found that Defendants are the

6    prevailing party and are therefore entitled to recover all reasonable attorneys' fees and costs

7    incurred in defending this litigation and prosecuting their counterclaim for wrongful arrest.  Para.

8    4, Ex.5 to Walsh Dec.  The Court based its award on its finding that Plaintiff launched the seizure

9    action in bad faith.  Findings of Fact and Conclusions of Law After Bench Trial, June 19, 2008.

10    The Judgment represents the culmination of over a year of litigation which began in June

11    2007 when Plaintiff filed its complaint and arrested Defendants' vessel, the F/V Point Loma.

12    Throughout the process, the work performed by counsel on behalf of Defendants has involved

13    everything from obtaining an order from the Court vacating the arrest, responding to full blown

14    discovery requests from Plaintiff, successfully opposing Plaintiff's motion for summary judgment,

15    conducting and defending depositions, conducting a three day trial, and preparing substantial post

16    trial briefings at the request of the Court.

17    From the very beginning of this case when Plaintiff arrested the vessel, Defendants made

18    every effort obtain a release of the vessel and resolve the conflict without further litigation.

19    Nevertheless, Plaintiff would not cooperate and no settlement was reached.  Even as the process

20    continued, Defendants tried to minimize the costs of the defense by limiting, where appropriate,

21    the discovery they propounded on Plaintiff, the depositions they took, and the motions they filed.

22    However, Plaintiff launched a full scale effort that necessitated Defendants seeking and obtaining

23    an order vacating the arrest, responding to voluminous discovery requests, defending six

24    depositions (compared to only two taken by Defendants), including the deposition of Mrs. Cohen

25    in Arizona, and successfully opposing a motion for summary judgment on nearly every issue in

26    the case.  *See* para. 6, Walsh Dec.

27    As a result, Defendants incurred a total of $474,284.91 in attorney's fees and costs, after

28

DAVIS WRIGHT TREMAINE LLP

2

1  fee discounts and adjustments, for which they should recover the full amount.

2  ## II. DESCRIPTION OF THE REQUESTED AWARD

3      The following summarizes the requested attorney's fees and costs for which this first

4  Motion is made.  Defendants seek reimbursement of attorney's fees for the period from June 7,

5  2007 (the date the vessel was arrested and complaint filed) through July 9, 2008 (the date of

6  preparation of this Motion) (the "Relevant Period").  Defendants' reserve their right to supplement

7  their request for any additional attorney's fees and costs may be incurred in presenting and

8  defending this Motion, resolving any disputed amounts with Plaintiff's counsel, meeting with a

9  special master, if necessary, and handling any appeal by Plaintiff.

10     A.    Attorney's Fees

11     Defendants seek an award of attorney's fees in the amount of $453,079.00, net of fee

12 discounts, for approximately 1200 hours of attorney time incurred by Defendants in defending

13 against Plaintiff's claims during the Relevant Period.  A detailed breakdown of the attorney's fees

14 by Attorney is contained in Exhibit 4 to the Walsh Dec.  The fees were billed as follows:

| Attorney | Hours | Rate | Total Value |
|----------|-------|------|-------------|
| J. Walsh | 345.8 | $490/hour[1] $520/hour | $175,589.00 |
| G. Fanger | 860.0 | $275/hour[2] $350/hour | $285,542.50 |
| *Subtotal:* | 1205.80 | | $461,131.50 |
| Less discounts/ adjustments[3] | | | $8052.50 |
| **TOTALS:** | **1205.80** | | **$453,079.00** |

[1] Mr. Walsh's billing rate increased effective January 1, 2008 from $490/hour to $520/hour.  The work he performed in 2007 of the Relevant Period was billed at $490/hour and at $520/hour in 2008.

[2] Ms. Fanger's billing rate increased effective January 1, 2008.  The work she performed in 2007 of the Relevant Period was billed at $275/hour and at $350/hour in 2008.

[3] Defendants applied courtesy discounts in the amount of $5,500.  Defendants also applied an adjustment of $2552.50 to account for a discrepancy between the total fees in Ex.1 and the total fees calculated by project in Ex. 2.

DAVIS WRIGHT TREMAINE LLP

3

DAVIS WRIGHT TREMAINE LLP

1    B.    Costs

2        Defendants also seek an award of costs in the amount of $21,205.91. The costs are for

3    expenses directly incurred by Defendants as a result of Plaintiff's claims and the resulting

4    litigation, including those for copy charges, messenger service, deposition and trial transcripts,

5    legal research, and various attorney travel. A detailed breakdown of the costs is contained in

6    Exhibit 3 to the Walsh Dec.

7                                **III. ARGUMENT**

8        The Court entered Judgment for Defendants that they are entitled to recover "all reasonable

9    attorney's fees and expenses" that they have expended in defending this case and prosecuting their

10   counterclaim for wrongful arrest. Para. 4, Ex. 5. Defendants submit that they are entitled to all of

11   their attorney's fees and costs, less any discounts, because the fees are reasonable as to the rate

12   charged by each attorney and the number of hours spent on defending themselves in this litigation.

13   In calculating reasonable attorney's fees, the court starts with the calculation of the lodestar

14   amount, which is the number of hours reasonably spent on the litigation multiplied by a reasonable

15   hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong

16   presumption that the lodestar represents a reasonable fee. *City of Burlington v. Dague*, 505 U.S.

17   557, 561 (1992). The court may decrease the amount of hours only if they are not adequately

18   substantiated or deduct any hours that are not reasonably expended. *See e.g., Sorenson v. Mink*,

19   239 F.3d 1140, 1146 (9th Cir. 2001).

20   A.    Billing Rate for Defense Counsel is Reasonable.

21       The court may look to prevailing rates in the community in determining a reasonable

22   hourly rate. Defendants seek to recover attorney's fees for the work performed by two attorneys at

23   Davis Wright Tremaine LLP, one partner (Mr. Walsh) and one associate (Ms. Fanger). They do

24   not seek to recover the fees of any other attorneys or law clerks who billed time to this matter.

25   During the time of this litigation, between 2007 and 2008, Mr. Walsh's hourly rate was $490 and

26   $520 respectively. Para. 7, Walsh Dec. Mr. Walsh's rates are reasonable for a partner at a large

27   law firm of Mr. Walsh's experience in the San Francisco Bay Area. Para. 6, Fineman Dec.; Para.

28

DEFS. APPLICATION FOR ATTORNEY'S FEES                                    DWT 11420633v1 0084289-000001
Case No. C-07-2952-WHA

1   3, Gorder Dec. In fact, Mr. Walsh's rates are lower than other partners of similar experience and

2   in similar size firms and fall within the bottom quartile of rates for peer firms. Para. 3, Gorder

3   Dec. Ms. Fanger's hourly rates for 2007 and 2008 were $275 and $350 respectively. Her rates are

4   reasonable for a litigation associate of her level of experience and fall within the average rates for

5   similar associates at large, San Francisco area law firms. Para. 8, Fineman Dec. Moreover, her

6   rates are ranked in the lower quartile of peer firms. Para. 3, Gorder Dec.

7        B.    The Hours Expended by Defendants are Reasonable.

8        Defendants seek to recover for all of their hours expended in defending themselves against

9   Plaintiff's claims and prosecuting their counterclaims for wrongful arrest because the number of

10  hours spent by Defendants is reasonable in light of the overall time and labor required to defend

11  themselves from the arrest of the vessel through a three day trial. *See e.g, Morales*, 96 F.3d at

12  370, n. 8 (citing time and labor required as one of the twelve *Kerr* factors bearing on

13  reasonableness). Plaintiff's wrongful arrest of the vessel and subsequent refusal to settle and

14  release the vessel without further litigation necessitated Defendants' responses throughout this

15  case. A majority of the work was done on projects in response to requests or motions filed by

16  Plaintiff, including for example, seeking and obtaining from the Court an order releasing the

17  vessel, responding to voluminous discovery, successfully opposing Plaintiff's summary judgment

18  motion, and defending several non-party depositions. Para. 6, Walsh Dec.; *see also* Ex. 2 (Project

19  Nos. 2, 8-10, 18-23, and 26). Moreover, Defendants took the lead on preparing nearly every joint

20  filing required by the Court. *Id.*, Ex. 2 (Projects Nos. 3, 28, 31, and 51). Defendants also limited

21  their own motions and discovery to necessary projects to limit the costs when possible. *Id.*

22       Accordingly, the hours sought to be recovered in this Motion are not excessive or

23  unreasonable.

24       C.    Defendants Should Recover 100% of the Lodestar Amount.

25       The lodestar here is $453,079.00, based on the amount of the fees incurred at both Mr.

26  Walsh's and Ms. Fanger's 2007 and 2008 hourly rates for a total of more than 1200 hours of work

27  performed less discounts and adjustments. This represents the number of hours reasonably spent

28

DEFS. APPLICATION FOR ATTORNEY'S FEES          DWT 11420633v1 0084289-000001
Case No. C-07-2952-WHA

DAVIS WRIGHT TREMAINE LLP

1   on the projects identified by Defendants in Exhibit 2 to the Walsh Dec. which includes time spent

2   on drafting and revising various pleadings, meeting with clients, and preparing the case for trial.

3   *Hensely v. Eckerhart*, 461 U.S. 424, 430 (1983). Attorney's fee awards generally also include the

4   time spent on preparing motions for attorney's fees. There is also a strong presumption that the

5   lodestar represents a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992). Only

6   on rare occasions should it be adjusted based on other considerations. *Harris v. Marhoefer*, 24

7   F.3d 16, 18 (9th Cir. 1994).

8          As described above, the hourly rates and number of hours sought is reasonable. Notably,

9   nearly 70% of the hours in this litigation were performed by Ms. Fanger (an associate), whose

10  billing rate is substantially lower than the lead partner, Mr. Walsh. *See* Ex. 4 to Walsh Dec.

11  (Summary of Fees by Attorney). Defendants have provided the Court with detailed billing data

12  (*see e.g.,* Exs. 1 and 2 to the Walsh Dec.) that reflect the amount of work performed by

13  Defendants in defending this case and in complying with certain procedural requirements pursuant

14  to both the Federal Rules of Civil Procedure and Court orders. *Ferland v. Conrad Credit Corp.*,

15  244 F.3d 1145, 1150-1151 (9th Cir. 2001) (explaining that compliance with certain procedural

16  requirements such as meet and confer sessions between counsel, early neutral evaluation

17  conferences, automatic disclosure requirements, written discovery plans, several step processes for

18  resolution of discovery disputes, pretrial conferences and proposed pretrial orders, case

19  management conferences, and expert reports can result in high attorney's fees that may seem high

20  after a first glance at the bottom line but after review of detailed billing entries, show that the

21  reason for the seemingly high fees was not inefficiency but "careful compliance with the

22  attorney's responsibilities"). Specific billing data in Exhibits 1 and 2 to the Walsh Dec. reflect

23  that the amount of work performed by Defendants is reasonable and therefore Defendants should

24  recover 100% of the lodestar amount.

25          D.      Defendants Should Recover 100% of the Costs Incurred.

26          Defendants seek to recover $21,205.91 in costs expended throughout the litigation of this

27  case. A detailed summary of the costs is set forth in Exhibit 3 to the Walsh Dec. The costs

28

*DAVIS WRIGHT TREMAINE LLP*

DEFS. APPLICATION FOR ATTORNEY'S FEES
Case No. C-07-2952-WHA

DWT 11420633v1 0084289-000001

1 include, among other things, charges for photocopying, deposition transcripts, daily trial

2 transcripts, and witness fees, all of which are recoverable under 28 U.S.C. §1920. *See Crawford*

3 *Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). The costs incurred are reasonable

4 and necessary to the litigation of this case. Davis Wright Tremaine LLP's policies regarding

5 which costs and expenses to pass onto clients are typical of other law firms in San Francisco, and

6 in some cases are more generous than such firms. Davis Wright Tremaine LLP typically charges

7 clients for copying expenses, travel expenses, expert fees, computerized research service, and in-

8 house messenger services. The prices that Davis Wright Tremaine LLP charges for those items

9 are typical compared to other San Francisco firms. Davis Wright Tremaine LLP, in contrast to

10 some other firms, does not bill clients for long distance phone calls, and Davis Wright Tremaine

11 LLP bills for computerized legal research at "cost" instead of marking up such expenses. Para. 4.

12 Gorder Dec.

13 **IV. CONCLUSION**

14     The final judgment ordering the payment of reasonable attorney's fees and costs.

15 Therefore, Defendants respectfully request that they recover their reasonably attorney's fees in

16 the amount of $453,079.00 and costs in the amount of $21,205.91.

17     DATED this /4th/ day of July, 2008.

18

19         Respectfully submitted,

20         DAVIS WRIGHT TREMAINE LLP

21

22         /s/ *James P. Walsh*

23         James P. Walsh (CSB No. 184620)

24         Attorneys for Defendants and
Counterclaimants, BARRY COHEN, CHRIS

25         COHEN, F/V POINT LOMA and the F/V
POINT LOMA FISHING COMPANY, INC.

26

27

28

DAVIS WRIGHT TREMAINE LLP