James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DECLARATION OF JAMES WALSH IN SUPPORT OF DEFENDANTS' APPLICATION FOR REASONABLE ATTORNEY'S FEES AND COSTS** |

I, James P. Walsh, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP and our firm serves as counsel to Defendants in this lawsuit. I make this declaration to support Defendants' Application for Attorney's Fees and Costs (the "Application"). The facts set forth in this declaration are personally known to me to be true and correct and, if called as a sworn witness, I would and would testify to the following:

2. Davis Wright Tremaine LLP has invested more than 1200 hours in this case to-

date. The value of this investment in attorney time at our billing rates in effect throughout this litigation is $461,131.50 in total. Defendants seek recovery of $453,079.00 in fees, after deducting discounts and making adjustments for discrepancies between the amounts described in Exhibits 1 and 2 (identified below). The majority of the time represents my personal effort and that of my associate, Gwen Fanger, on behalf of Defendants. Defendants submit this Declaration to recover all reasonable attorney's fees and costs awarded by the Court pursuant to its Judgment entered July 3, 2008. Attached as Exhibit 5 is a true and correct copy of the Judgment.

3. In 1970, I was admitted to the State Bar of Washington State and started practicing as an Assistant Attorney General for the State of Washington after receiving my LLM from the University of Washington. I was assigned to litigating some of the first National Environmental Policy Act cases filed in the United States. Thereafter, I was hired as a Staff Counsel for the U.S. Senate Committee on Commerce, Science and Transportation, where I was responsible for maritime, ocean resources, coastal management, oil spill liability, marine pollution, and national ocean policy matters. In 1976, I was named General Counsel to the Committee by its Chairman, Senator Warren G. Magnuson of Washington State. During my tenure, I was primarily responsible for drafting what is now known as the Magnuson-Stevens Fishery Conservation and Management Act. In 1978, I was nominated by President Jimmy Carter to be the second Deputy Administrator for the National Oceanic and Atmospheric Administration (NOAA) and served in that position until July 1981. I was also Acting Administrator of NOAA between January and July 1981. I began practicing law in Washington, D.C. in August 1981, which increasingly included litigation, primarily in Federal Courts, relating to the fishing industry and fishery management. I became a proctor in admiralty upon certification by the Maritime Law Association in 1984. I became a member of the California Bar in 1996. I have tried cases before judges and juries and handled cases on appeal, principally in the Ninth Circuit Court of Appeals. The majority of these cases have involved admiralty litigation, including oil spills from vessels, fishery management, vessel seizure and forfeiture by government authorities, and endangered species management. In 2001, my firm and I were awarded legal fees in an oil spill case under

1  Oregon law. *Clausen v. M/V NEW CARISSA*, 171 F.Supp.2d 1138 (D.Or.2001). My then current
2  billing rate ($325/$345) was determined to be not excessive.

3      4.    Ms. Fanger is an associate in the Litigation Department with Davis Wright
4  Tremaine LLP and has been with the firm since October 2006. Prior to joining the firm, she was
5  a staff attorney with the Federal Trade Commission for nearly eight years and has been practicing
6  as a member of the California Bar since 1997.

7      5.    As partner in charge of this matter, I have been responsible for all aspects of this
8  case from the time the vessel was arrested through the conclusion of the trial and post trial
9  briefings. Ms. Fanger has also worked on this matter since the time the vessel arrested and has
10 been involved in nearly all aspects of this case from the time of the arrest through the conclusion
11 of the trial and post trial briefings. As part of my responsibilities as the partner on this case, I
12 oversaw Ms. Fanger's work and delegated a substantial number of projects to Ms. Fanger whose
13 hourly billing rate is significantly lower than mine.

14     6.    The work in this case has spanned over a year since it began with Plaintiff's arrest
15 of Defendants' vessel on June 7, 2007. From the beginning of this case, Defendants made every
16 effort obtain a release of the vessel and resolve the conflict without further litigation.
17 Nevertheless, Plaintiff would not cooperate in releasing the vessel voluntarily and no settlement
18 was reached. Even as the process continued, Defendants tried to minimize the costs of the
19 defense by limiting, where appropriate, the discovery they propounded on Plaintiff, the
20 depositions they took, and the motions they filed. However, Plaintiff launched a full scale effort
21 that necessitated, among other things, Defendants seeking and obtaining an order vacating the
22 arrest, responding to voluminous discovery requests, defending six depositions (compared to only
23 two taken by Defendants), including the deposition of Mrs. Cohen in Arizona, and successfully
24 opposing a motion for summary judgment made by Plaintiff on nearly every issue in the case.
25 The degree of work in response to Plaintiff in this case is illustrated by Plaintiff's broad
26 discovery: Defendants responded to 43 requests for production of documents (compared to only
27 21 request propounded by Defendants), 33 requests for admissions (compared to only 7
28

3

propounded by Defendants), and over 30 interrogatories, including subparts (compared to Defendants' 13). The six depositions included not only Mr. and Mrs. Cohen, but four non-parties (Mr. Cohen's two sons, his accountant, and the captain of the vessel). Defendants also took the lead in preparing nearly every joint filing required in this case, including the joint case management statement, joint pretrial order, joint exhibit list, joint set of trial exhibits, and propose form of judgment. *See* Ex. 2 (*identified below in para. 9*) (Projects 3, 28, 31, and 51).

7. My hourly billing rate for each of the years of this litigation are as follows: 2007 ($490) and 2008 ($520). The hourly bill rate of my associate, Gwen Fanger, for each of the years of this litigation are: 2007 ($275) and 2008 ($350). I hereby attest that the fees and billing rates applied in this matter for both myself and Ms. Fanger are appropriate and reasonable, as well as necessary to conduct the litigation on behalf of Defendants.

8. Attached as Exhibit 1 is a summary of the fees billed per day, including an estimation of the time spent on each individual task, prepared to assist the Court in its review of Defendants' Application. The total time entered for each day and each attorney is derived from monthly pro-forma records and client bills prepared in the normal course of business for which each timekeeping attorney billed time. Time allocated to each specific task within a particular day is based on counsels' best estimate of the time spent on each task arrived at reviewing correspondence and documents, and applying their good faith estimation of the time actually spent on each specific task. Exhibit 1 also reflects adjustments to the total fees for courtesy discounts and billing judgment as it does not include time billed by attorneys other than Mr. Walsh and Ms. Fanger or law clerks who billed time to this case. I hereby attest that all fees reflected in Exhibit 1 were incurred as appropriate and necessary to conduct the litigation on behalf of Defendants, and are reasonable.

9. Attached as Exhibit 2 is a breakdown of attorney time billed to this matter by project prepared to assist the Court in its review of Defendants' Application. Each of these projects was necessary to the defense of the litigation and prosecution of Defendants' counterclaims. Data for Exhibit 2 is derived from monthly pro-formas and client bills for this

matter prepared in the normal course of business as well as counsels' best estimate of time spent for each task as reflected in Exhibit 1. The Grand Total in Exhibit 2 reflects adjustments for courtesy discounts. I hereby attest that all fees applied to each Project in Exhibit 2 were incurred as appropriate and necessary to conduct the litigation on behalf of Defendants, and are reasonable.

10. In addition to attorney's fees billed to this matter, Defendants have incurred costs related to their defense of the case. The total costs incurred as of the filing of this Application is 21,205.91. Attached as Exhibit 3 is a summary of the costs incurred through June 30, 2008 prepared to assist the Court in its review of Defendants' Application. Data in Exhibit 3 is derived from monthly pro-formas and client bills, as well as invoices and receipts, for this matter prepared in the normal course of business. I hereby attest that all such costs reflected in Exhibit 3 were incurred as appropriate and necessary to conduct the litigation on behalf of Defendants, and are reasonable.

11. Attached as Exhibit 4 is a summary of the total time and fees expended by timekeeper in this litigation. The data in Exhibit 4 is the same as in Exhibit 1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 11th day of July, 2008.

_____
James P. Walsh (CSB No. 184620)

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

DAVIS WRIGHT TREMAINE LLP