IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEL MAR SEAFOODS INC.,

    Plaintiff,

v.

BARRY COHEN, CHRIS COHEN (a/k/a CHRISTINE COHEN), *in personam*, and F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and DOES 1–10,

    Defendant.

No. C 07-02952 WHA

**JUDGMENT**

    This matter was tried before the Court on May 20, 22, and 23, 2008. Closing arguments were held on June 17, 2008. On June 19, 2008, the Court issued its Findings of Fact and Conclusions of Law After Bench Trial.

    The Court hereby enters judgment as follows:

1. Defendants are not in breach of their promissory note in favor of Plaintiff.

    a. The total amount unpaid under the note is $65,066.81, which amount is a debt secured by the ship mortgage given by Defendants to Plaintiff.

    b. No interest is due on the note; interest has been waived by Plaintiff.

    c. Because of previous payments, Defendants would be obligated to begin making monthly payments on the promissory note sometime in 2009. The amount remaining on the note, however, shall be paid by Defendants as an offset in accordance with paragraph 5 below.

Case 3:07-cv-02952-WHA    Document 202    Filed 07/03/2008    Page 2 of 3

2. Defendants are obligated to Plaintiff for unsecured debts in the amount of $63,681.26, which amount is due and owing and shall be paid by Defendants as an offset in accordance with paragraph 5 below.

3. Because Defendants are not in breach of the promissory note and Plaintiff acted in bad faith, Plaintiff's arrest of Defendants' fishing vessel POINT LOMA was wrongful.

    a. Plaintiff is liable for damages caused to Defendants in the amount of $34,400.

    b. Damages for the wrongful arrest shall be due and owing ten (10) days after this Court issues an order pursuant to paragraph 4, below.

4. Defendants, as the prevailing party in this case, are entitled to recover all reasonable attorney's fees and costs in defending this litigation and in prosecuting the counterclaim, in an amount to be subsequently determined by the Court. Such amount shall be paid by Plaintiff to Defendants within ten (10) days after this Court issues an order determining the amount to be paid.

5. All amounts owed by Defendants to Plaintiff as secured and unsecured debt shall be offset against the payment by Plaintiff of (a) the damages for the wrongful arrest; and (b) the amount of attorney's fees and costs awarded by the Court to Defendants.

6. Upon payment of (a) damages for the wrongful arrest and (b) attorney's fees and costs by Plaintiff to Defendants, as offset by Defendants' secured and unsecured debt to Plaintiff, all secured and unsecured debt shall be released and satisfied in full. The note and mortgage shall be discharged and Plaintiff shall cooperate with Defendants in preparing and submitting the necessary application for release of the ship mortgage to the United States Coast Guard.

7. After determination of the amount of attorney's fees and costs to be awarded, any unpaid amount of such attorney's fees and costs and any unpaid damages and interest for the wrongful arrest shall bear interest at 2.46% or the most current weekly average rate for the calendar week preceding the date of judgment.[1]

---

[1] The rate of 2.46% is derived from the weekly average of the 1-year constant Treasury yield for the week ending June 27, 2008 as set forth in Attachment 1.

8. This Court shall retain jurisdiction in this matter until final determination of the amount owed by Plaintiff for attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: July 3, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE