James P. Walsh, CSB. No. 184620
Gwen Fanger, CSB No. 191161
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
budwalsh@dwt.com

Attorneys for Defendants and Claimant
BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), the F/V POINT LOMA and Claimant, F/V POINT LOMA Fishing Company, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL MAR SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BARRY COHEN, CHRIS COHEN (aka CHRISTENE COHEN), *in personam* and, F/V POINT LOMA, Official Number 515298, a 1968 steel-hulled, 126-gross ton, 70.8 foot long fishing vessel, her engines, tackle, furniture apparel, etc., *in rem*, and Does 1-10, <br><br> Defendants. | No. C-07-2952-WHA <br><br> **DECLARATION OF JAMES WALSH REGARDING DEFENDANTS' AND PLAINTIFF'S COMPLIANCE WITH MEET AND CONFER REQUIREMENTS PURSUANT TO COURT'S ORDER RE MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, James P. Walsh, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP and our firm serves as counsel to Defendants in this lawsuit. I make this declaration to show compliance with Defendants' and Plaintiff's obligations to meet and confer regarding Defendants' Application for Attorney's Fees and Costs (the "Application") pursuant to the Court's Order Re Motion for Attorney's Fees and Costs dated June 19, 2008 (the "Order"). The facts set forth in this declaration are personally known to me to be true and correct and, if called as a sworn witness, I

would and would testify to the following:

2.   Defendants filed their Application on July 14, 2008 seeking attorney's fees in the amount of $453,079 and costs in the amount of $21,205.91. Defendants incurred these attorney's fees based on nearly 1200 hours of attorney time connected to defending this case and prosecuting their counterclaim.

3.   Plaintiff filed its Opposition on July 28, 2008, asserting that the award of attorney's fees must be "reasonable in relation to the success achieved," which Plaintiff submits should therefore be limited based on the recovery of $34,400 in damages by Defendants and offset by $128,748.07, the amount the Court calculated was owed by Defendants to Plaintiff. In addition, Plaintiff challenged approximately 241 hours as being either excessive, duplicative, or unnecessary. Defendants contest the reduction in their attorney's fees on any such basis.

4.   Pursuant to the Court's Order, counsel for Plaintiff and Defendants met in person on August 11, 2008 at the offices of Defendants' counsel, Davis Wright Tremaine LLP in San Francisco, California to discuss the Application for attorney's fees and costs. Plaintiff's counsel, Gregory Poulos, and Defendants' counsel, James Walsh and Gwen Fanger, attended the meet and confer which began at 11:00 a.m. and lasted for approximately 1.5 hours. Prior to the meeting, Defendants' prepared a letter to Plaintiff outlining the principal issues and their response to Plaintiff's opposition to serve as an outline for the discussion. A true and correct copy of the letter is attached hereto as Exhibit 1.

5.   I had full decision authority on behalf Defendants. At the meeting, Mr. Poulos asserted that he had full settlement authority on behalf of his client.

6.   Prior to the meeting, the parties reviewed each other's filings and supporting documentation, as well as each other's detailed billing records related to the attorney's fees and costs sought in this case.

7.   The parties agreed that Defendants taxable costs must be calculated under LR 54-3. Accordingly, Defendants submitted that their costs were therefore limited to $9,159.88.

8.   Defendants and Plaintiff each made settlement offers, which were rejected and the

parties were unable to reach an agreement regarding the amount of attorney's fees. The principal points of disagreement are:

    a. <u>Hourly rates and reasonableness of fees</u>. The parties disagree as to what hourly rates should apply and Defendants disagree that their hourly rates should be reduced. Specifically, the parties disagree as to what rates apply and should be deemed "reasonable" in this case. Plaintiff disputes that the parties' overall efforts in this case were similar to Defendants, although the parties billed approximately the same number of total hours. In addition, the parties could not agree on the application, weighting, and relevance of factors, including *Kerr* factors, used to determine reasonableness of rates and overall fees in this case.

    b. <u>Prevailing party</u>. Plaintiff disagrees that Defendants were the "prevailing party" in this case. Defendants claim they were the prevailing party, having successfully defeated Plaintiff's claims for default and arrest of the vessel. Plaintiff noted however, that the Court interpreted the contract to increase the amounts due and owing by Defendants and ordered an offset of any amounts awarded as legal fees as well as a final satisfaction of the ship mortgage.

    c. <u>Value for services rendered and outcome</u>. The parties disagree as to the value of the case and ultimate outcome. Defendants disagree with Plaintiff's assessment of what amount should be deemed reasonable and that the recovery of attorney's fees should be limited to $34,400, the amount of damages awarded to Defendants. Defendants submit that the value of the case and Defendants' success was much more as they were the prevailing party on both the issue of default and the wrongful arrest.

    d. <u>Excessive fees</u>. In addition, Plaintiff argued that some of Defendants' time spent on certain projects was excessive and/or unnecessary. Nevertheless, Defendants contend that while each party may have emphasized different projects to spend their time on, they spent roughly the same amount of total hours on the

case.

       e.    <u>Fee agreements</u>. Defendants have provided Plaintiff with copies of all engagement letters with defense counsel, which reflect the fee agreements between Defendants and their counsel. Nevertheless, Plaintiff contests whether Defendants have fully disclosed the fee agreements at issue.

9.    We discussed options for a special master, including Magistrate Judge Larson. If Judge Larson was appointed as special master, we would have no objection, assuming he would not be disqualified having served as a settlement judge in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 11th day of August, 2008.

/s/ James P. Walsh

James P. Walsh (CSB No. 184620)
DAVIS WRIGHT TREMAINE LLP

Attorneys for BARRY COHEN, CHRIS COHEN, F/V POINT LOMA and the F/V POINT LOMA FISHING COMPANY, INC.

# Exhibit 1

Document3

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

GWEN FANGER
DIRECT (415) 276-6567
gwenfanger@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

August 1, 2008

**By Email**

Greg Poulos
Max Kelley
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105

Re:   *Del Mar Seafoods, Inc. v. Barry Cohen, et al.*, Case No. C-07-02952 (WHA)

Dear Greg and Max:

   The following responds to issues you raised in Del Mar Seafood, Inc.'s opposition to Defendants' Application for Reasonable Attorney's Fees and Costs ("Application"). It intended to provide an outline of some points to consider in our meet and confer scheduled for 11:00 a.m. on August 11, 2008 at our offices.

   As a preliminary matter, pursuant to Judge Alsup's order on June 19, 2008 regarding Motion for Attorney's Fees and Costs, we would like to inspect your billing records supporting Del Mar's opposition. Could you please make them available to us on Monday, August 4, 2008 or alternatively, email or send us copies?

1. <u>Fees owing to the prevailing party.</u> The court was clear in its order that as the prevailing party Defendants are entitled to recover all reasonable fees and expenses incurred in defending against this case and in prosecuting the counterclaim. They are entitled to recover these amounts regardless of the outcome. This case was about more than the damages awarded to Defendants. It was also about recovering their fishing vessel, worth hundreds of thousands of dollars, that was seized, without notice or warning, because of Del Mar's wrongful arrest and misplaced allegations of default. The court clearly found that Defendants were not in default and prevailed on all issues. Therefore, they are entitled to be compensated for what they spent in attorney's fees and recover the full amount of reasonable fees. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (district court did not err in refusing to reduce fee amount for limited success of plaintiffs

DWT 11604875v1 0084289-000001

Mr. Greg Poulos
August 1, 2008
Page 2 of 5

    where they accomplished their "mission" and were awarded a fully compensatory fee). Defendants succeeded in both their defense and counterclaim and they should recover all reasonable attorneys' fees accordingly.

2. <u>Settlement Offers</u>. Your "settlement offer" made in mediation to "walk away" from the case was not meaningful or substantial. Defendants' business had been injured by the wrongful arrest of the vessel and they had incurred substantial attorney fees up to that time in succeeding in getting the vessel released. In stark contrast, had Del Mar accepted Defendants' offer of settlement the entire trial could have been avoided.

3. <u>Time and labor required</u>. We disagree that our fees should be reduced in any way as excessive or unreasonable. Fees were incurred as a result of our efforts to vacate the order of arrest, prepare pleadings, motions, and briefs in response to the litigation filed by your client, and conduct trial all in accordance with the procedural requirements and the court's rules. *See e.g., Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1150-1151 (9th Cir. 2001). It is our understanding that the cost of the trial is comparable to other trials of similar duration and issues. As the prevailing party, Defendants are entitled to recover for all reasonable attorneys fees and expenses spent in defending against the litigation.

4. <u>Customary Fee</u>. Del Mar's arguments that defense counsels' hourly rates are excessive is unavailing. Defense counsel's rates, as supported by declarations filed with their Application are in line with prevailing rates charged by attorneys of similar skill and experience. Attached for your reference is a declaration filed in an unrelated matter recently that outlines rates awarded by courts in California, including the Northern District, for various cases. As you will see from the cases listed that our fees are well within the range of what courts deem "reasonable".

5. <u>Fee arrangement</u>. We have disclosed the only engagement letter that we have.

6. <u>Award in similar cases</u>. We disagree. Defendants incurred fees in both defending against claims brought by Del Mar and in prosecuting the counterclaim. As the prevailing party on all counts, they are entitled to all reasonable fees regardless of the outcome of the award of damages.

7. <u>Calculation of excessive and duplicative hours</u>. We note that your estimation of the grand total of excessive, duplicative, and unnecessary hours in your filing, which we contest, double counts 16.1 duplicative hours. The 16.1 duplicative hours were also included in the subtotal for excessive hours and both were added together in the grand total.

8. <u>Excessive hours</u>: The mere fact that Defendants spent more time on projects than Del Mar's counsel is not necessarily reflective of unreasonably excessive hours.

Mr. Greg Poulos
August 1, 2008
Page 3 of 5

- Project 16, Defendants' deposition of Joe Cappuccio. Defendants took the deposition of Del Mar's president, Joe Cappuccio. The amount spent by Mr. Walsh in preparing to take that deposition is reasonable in light of the role Mr. Cappuccio played in the arrest of the vessel, as well as his history and involvement in the three joint ventures with Mr. Cohen. Mr. Walsh's preparation, including the review of previous depositions given by Mr. Cappuccio, in fact allowed Mr. Walsh to ultimately save additional time and costs by limiting the deposition to less than two hours.

- Project 24, Trial Brief. We disagree that the time spent was unreasonable or excessive. The trial brief addressed a substantial number of distinct issues, involving legal research and drafting. The fact that plaintiff only spent seven hours on this substantial project is not indicative that Defendants' efforts were unreasonable.

- Project 27, Defendants' Motion in Limine. Defendants should recover for their fees incurred in preparing the motion in limine regarding the parol evidence rule despite losing on this motion. Del Mar had raised the issue of including other payments in the original amount of the note, which it later changed the story at trial, and Defendants prepared the motion to counter this issue. Even though the motion was unsuccessful, it is nevertheless related to their overall success in this case.

- Project 33, Settlement Conference. Defendants were not obligated to simply adopt the statement they had prepared for the mediation to submit for the settlement conference. In fact, the hours spent preparing the settlement conference statement were reasonable in light of the fact that it addressed a number of new issues and arguments raised since the mediation as well as included information gained in discovery subsequent to the mediation.

- Project 34 and 35, subpoenas to Joe Roggio and Joe Cappuccio. You fail to acknowledge in your opposition that the service of the Roggio subpoena was necessitated by Mr. Poulos' attempt to make the acceptance of service on behalf of Roggio and Cappuccio contingent on defense counsel's acceptance of service of a trial subpoena on behalf of Mrs. Cohen after we informed plaintiff's counsel we were unauthorized to accept. Your opposition leaves out a copy of the email from Mr. Poulos asking defense counsel to reconsider and indicating that he would bring this matter to the court's attention if counsel did not agree to accept service on behalf of Mrs. Cohen. After receiving this email, we understood that there was no agreement to accept service on behalf of Roggio and Cappuccio absent an agreement to accept service on behalf of Mrs. Cohen. Accordingly, we prepared and served Mr. Roggio directly. In addition, the subpoenas for both Mr. Roggio and Mr. Cappuccio were prepared prior to any understanding among the parties as to who would accept service.

Mr. Greg Poulos
August 1, 2008
Page 4 of 5

- Project 41, damages analysis. Contrary to your claims that certain fees incurred in preparing a motion in limine to recover certain travel expenses, pursuing the claim for the lost fishing net, and responding to plaintiff's motion for summary judgment with respect to the issue of breach of the implied covenant of good faith and fair dealing should be reduced, Defendants' fees for these items are in fact reasonable. Even though Defendants lost their motion for travel expenses and the fishing net, they should nevertheless recover such fees where they were incurred in connection with recovering damages sustained by Defendants in connection with litigation and a wrongful arrest initiated by Del Mar. Moreover, any reduction in the amount of hours expended by Defendants' in responding to Del Mar's motion for summary judgment, and in particular the issue regarding action for breach of the covenant of good faith and fair dealing, is unlikely when it was part of a larger victory sustained by Defendants with respect to Del Mar's motion for summary judgment.

9. <u>Duplicative hours</u>: The work performed by both of defendants' counsel at the projects identified by Del Mar is not duplicative as both counsel performed distinct roles in those projects and Ms. Fanger's work was directly related to her involvement with the case. Defendants note that both of Del Mar's attorneys were also present at the summary judgment hearing, pretrial conference, and settlement conference.

10. <u>Unnecessary/unrelated legal work</u>. The opposition objects to fees charged for work performed in certain projects as unreasonable because it was unrelated to this case and the issues being litigated. However, the work was directly related to the litigation, notably which was initiated by Del Mar, and is reasonable for the following reasons:

    - Project 2, work performed for the revivor of the corporation. The opposition mischaracterizes the work performed by defense counsel. Defense counsel did not perform the work to revive the corporate status of the F/V Point Loma Fishing Company, Inc. Rather, the fees are for work performed to respond to Del Mar's request for such information and Del Mar's allegations regarding the corporate status.

    - Project 10, dispute regarding tax returns. The work performed to contest Del Mar's request for tax returns was directly related to the voluminous document production requests that Del Mar served on Defendants, which Defendants' contended that Del Mar was not entitled to. Even though Defendants ultimately submitted the tax returns, they did so to mitigate the further expense of bringing the issue to the court's attention. Therefore, the work they performed in this respect was reasonable.

    - Project 15, defendants' motion for protective order regarding Chris Cohen. Defendants note that they offered to have Mrs. Cohen answer written questions under oath to mitigate the expense of deposing her in light of her limited

Mr. Greg Poulos
August 1, 2008
Page 5 of 5

>    involvement and knowledge of the events at issue in the case, which was later confirmed in her deposition.
>
>    - Project 43, research for out of state subpoenas. The research regarding out of state subpoenas was directly related to Del Mar's request that defense counsel accept service on behalf of Mrs. Cohen, which counsel was not authorized to do.

11. <u>Costs.</u> Contrary to Del Mar's opposition, the Application includes a statement of the costs sought and supporting declaration by Mr. Walsh as to the costs incurred in litigating this case. We will prepare a supplemental letter for you prior to the meet and confer meeting clarifying the specific costs incurred in the litigation.

We have provided this letter so that you will know our position prior to our meeting on August 11, 2008 and to provide focus for a meaningful discussion. We look forward to meeting with you to discuss these issues further.

Very truly yours,

Davis Wright Tremaine LLP

*[signature]*

Gwen Fanger

cc:   James Walsh, Esq.
      Rich Wagner, Esq.